**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| THE DIOCESE OF ROCHESTER, | ) | Case No. 19-20905 (CGM) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**APPLICATION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO RETAIN AND EMPLOY
PACHULSKI STANG ZIEHL & JONES LLP
AS COUNSEL EFFECTIVE AS OF SEPTEMBER 24, 2019**

The Official Committee of Unsecured Creditors (the "**Committee**") of The Diocese of Rochester, the above-captioned debtor and debtor in possession hereby submits its application (the "**Application**") for entry of an order, pursuant to sections 327 and 1103(a) of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Western District of New York (the "**Local Rules**"), authorizing and approving the employment of Pachulski Stang Ziehl & Jones LLP ("**PSZJ**" or the "**Firm**") as counsel to the Committee in connection with the Debtor's chapter 11 case, effective as of September 24, 2019.  In support of the Application, the Committee submits the declaration of James I. Stang (the "**Stang Declaration**"), a partner of the Firm, attached hereto as **Exhibit A** and incorporated herein by reference for all purposes.  In further support of the Application, the Committee respectfully represents as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 327 and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

3. On September 12, 2019 (the "**Petition Date**"), the Debtor commenced a voluntary case (the "**Case**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and remain in possession of its property as a debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case.

4. On September 24, 2019, the United States Trustee for Region 2 appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee consists of nine individuals who were sexually abused as minors by perpetrators for whom the Debtor was responsible. *See Appointment of Official Committee of Unsecured Creditors* [Docket No. 68].

5. Following the Committee's appointment, the Committee elected two Co-Chairs and, subject to Court approval, hired PSZJ as its counsel.

6. The Firm's attorneys have comprehensive experience representing creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases. Attorneys of the Firm have unique and extensive experience representing committees of survivors of childhood sexual abuse in chapter 11 cases involving entities affiliated with the Roman Catholic Church, including: Diocese of Spokane (Washington); Diocese of Davenport (Iowa); Diocese of San Diego (California); Diocese of Fairbanks (Alaska); Diocese of Wilmington (Delaware); Society of Jesus, Oregon Province (a five state Province); Archdiocese of Milwaukee (Wisconsin); The Christian Brothers' Institute; The Christian Brothers of Ireland, Inc.; the Diocese of Gallup (New Mexico); the Roman Catholic Bishop of Helena (Montana); the

Roman Catholic Bishop of Stockton (California); the Roman Catholic Bishop of Great Falls-Billings (Montana); and Roman Catholic Church of the Archdiocese of Santa Fe (New Mexico). The Firm also has experience representing Committees comprised of, or including, survivors of childhood sexual abuse and adult survivors of sexual abuse and harassment, including USA Gymnastics and The Weinstein Companies.

## RELIEF REQUESTED

7. By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit B**, pursuant to sections 327 and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to employ and retain the Firm as its bankruptcy counsel in this case. The Committee seeks to retain the Firm effective as of September 24, 2019, the date on which the Committee hired the Firm.

## SERVICES TO BE RENDERED

8. The Committee desires to retain PSZJ, at the expense of the Debtor's estate, to render professional services as required by the Committee, including, but not limited to, the following:

   a. assisting, advising and representing the Committee in its consultations with the Debtor regarding the administration of this Case;

   b. assisting, advising and representing the Committee in analyzing the Debtor's assets and liabilities, investigating the extent and validity of liens or other interests in the Debtor's property and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

   c. reviewing and analyzing all applications, motions, orders, statements of operations and schedules filed with the Court by the Debtor or third parties, advising the Committee as to their propriety, and, after consultation with the Committee, taking appropriate action;

d.  preparing necessary applications, motions, answers, orders, reports and other legal papers on behalf of the Committee;

e.  representing the Committee at hearings held before the Court and communicate with the Committee regarding the issues raised, as well as the decisions of the Court;

f.  performing all other legal services for the Committee which may be necessary and proper in this Case and any related proceeding(s);

g.  representing the Committee in connection with any litigation, disputes or other matters that may arise in connection with this Case or any related proceeding(s);

h.  assisting, advising and representing the Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under leases and other executory contracts;

i.  assisting, advising and representing the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtor, the Debtor's operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to this Case;

j.  assisting, advising and representing the Committee in their participation in the negotiation, formulation and drafting of a plan of liquidation or reorganization;

k.  assisting, advising and representing the Committee on the issues concerning the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code;

l.  assisting, advising and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

m.  assisting, advising and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions; and

n.  providing such other services to the Committee as may be necessary in this Case or any related proceeding(s).

## **TERMS OF RETENTION**

9.  Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable Orders of this Court, compensation will be payable to PSZJ on an

4

DOCS_NY:39634.4 18489/001
Case 2-19-20905-PRW, Doc 102, Filed 10/18/19, Entered 10/18/19 21:47:07, Description: Main Document , Page 4 of 20

hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ. Due to the unique circumstances of this Case, the Firm proposes charging hourly rates which are substantially below its regular hourly rates. The Firm proposes to charge $700 per hour for professionals working on the Case and regular hourly rates of $175-$395 for paralegals. Any travel time will written off.

10. It is PSZJ's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's Case. The expenses charged to clients include, among other things, telephone charges, mail and express mail charges, fax charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZJ to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZJ will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to PSZJ's other clients, and all amendments and supplemental standing orders of the Court. PSZJ believes that it is more appropriate to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

11. During this Case, individual Committee members may pay out of pocket for certain expenses related to their service as Committee members (any such expenses "**Committee Members' Expenses**"). To alleviate any problems that may arise for Committee' members on account of any delay in seeking and obtaining reimbursement for such expenses, PSZJ proposes to pay such expenses directly or reimburse the Committee members for any such expenses and

5

then add such expenses to the Firm's invoices in this Case. Such expenses shall be allowable to the Firm on the same basis as other expenses incurred by the Firm in this Case

## **NO ADVERSE INTEREST AND DISCLOSURE OF CONNECTIONS**

12. The Committee believes that PSZJ does not hold or represent any interest that is adverse to the Committee and the Debtor's estate and does not hold or represent any interest adverse to and has no connection with the Committee, the Debtor, its creditors or any party in interest herein in the matters upon which PSZJ is to be retained, except as set forth in the Declaration. Therefore, to the best of the Committee's knowledge, PSZJ is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

13. The Declaration attached as **Exhibit A** to this Application, verifies that neither PSZJ nor any of its attorneys has any connection with any party in interest, or their attorneys or accountants, other than as set forth in the Declaration.

14. Except as provided in the Declaration, to the best of the Committee's knowledge, neither PSZJ, nor any of its attorneys, hold or represent any interest adverse to the Committee or the Debtor's estate in the matters on which they are to be retained. The Committee submits that its proposed employment of PSZJ is in the best interests of the Committee, the Debtor, and its estate and creditors.

15. To the best of the Committee's knowledge, and except as disclosed in the Declaration, PSZJ has had no other prior connection with the Debtor, its creditors or any other party in interest. The Declaration sets forth PSZJ's prepetition consultation with attorneys representing abuse survivors with prepetition claims against the Debtor and states PSZJ did not receive or seek any compensation from any source for those consultations. Upon information

6

and belief, PSZJ does not hold or represent any interest adverse to the Debtor's estate or the Committee in the matters upon which it has been and is to be engaged.

16. PSZJ may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtor that are unrelated to this case. However, those matters do not present a conflict in this case.

17. The Firm has represented, represents, and in the future will likely represent creditors, creditors' committees and settlement trustee in cases unrelated to the Debtor and this case wherein one or more of the firms representing the members of the Committee or other parties in interest serve as or will serve as counsel to creditors.

## **NOTICE**

18. Notice of this Application has been provided to: (i) the Debtor, The Diocese of Rochester, 1150 Buffalo Road, Rochester, NY 14624; (ii) proposed counsel to the Debtor, Bond, Schoeneck & King, PLLC, 350 Linden Oaks, Suite 310, Rochester, NY 14625 (Attn: Ingrid S. Palermo), Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, NY 13202-1355 (Attn: Stephen A. Donato); (iii) the United States Trustee, 100 State Street, Room 6090, Rochester, NY 14614 (Attn: Kathleen Dunivin Schmitt); and (iv) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

19. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit B**, authorizing the Committee to employ and retain PSZJ as counsel effective September 24, 2019 in this case and granting such other and further relief as is just and proper.

Date: October 17, 2019

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DIOCESE OF ROCHESTER

*/s/ James Cali*

James Cali

Solely in his capacity as Chair of the Official Committee of Unsecured Creditors of The Diocese of Rochester, and not in any other capacity

Filed By:

PACHULSKI STANG ZIEHL & JONES LLP

/s/ *James I. Stang*

James I. Stang (*pro hac vice* admission pending)
Ilan D. Scharf
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:   jstang@pszjlaw.com
         ischarf@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

# EXHIBIT A

# Declaration of James I. Stang

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| IN RE: | ) | Chapter 11 |
|  | ) |  |
| THE DIOCESE OF ROCHESTER, | ) | Case No. 19-20905 (CGM) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**DECLARATION OF JAMES I. STANG IN SUPPORT OF
APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF THE DEBTOR TO RETAIN AND EMPLOY PACHULSKI
STANG ZIEHL & JONES LLP AS COUNSEL EFFECTIVE SEPTEMBER 24, 2019**

I, James I. Stang, declare under penalty of perjury as follows:

1. I am a partner of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), and maintain an office at 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067. I am duly admitted to practice law in the State of California and the United States District Courts for the Southern, Eastern, Central and Northern Districts of California. I am authorized to submit this declaration (the "Declaration") in support of the *Application of the Official Committee Of Unsecured Creditors of the Debtor to Retain and Employ Pachulski Stang Ziehl & Jones LLP as Counsel Effective September 24, 2019* (the "**Application**").[1]

2. Neither I, the Firm, nor any partner, of counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the Committee, the Debtor, its creditors or any other parties in interest herein, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as set forth herein.

3. The Firm has made the following investigation of disinterestedness prior to submitting this Declaration. The Firm has undertaken a full and thorough review of its computer

---

[1] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Application.

DOCS_NY:39634.4 18489/001

database, which contains the names of clients and other parties interested in particular matters. The Firm requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Firm's database and to enter conflict information regarding new clients or new matters into that database. Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation. In particular, an employee of the Firm, under my supervision, entered the name of the Debtor, the creditors of the Debtor as disclosed by it in filings with the Court, counsel to the creditors of the Debtor as disclosed by the Debtor's in Court filings, and the U.S. Trustee through the Firm's database

4. Based on the results of the Firm's search of its database, it appears that PSZJ does not hold or represent any interest adverse to and has no connection, subject to the disclosures set forth below, with the Debtor herein, its creditors, the Committee, the U.S. Trustee or any party in interest herein in the matters upon which PSZJ is to be retained, and is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

5. PSZJ and certain of its partners, of counsel, and associates represented, represent and in the future may represent creditors of the Debtor in connection with matters unrelated to the Debtor and this case. At this time, the Firm is not aware of any such representations except as noted herein. If the Firm identifies any further such representations, the Firm shall make further disclosures as may be appropriate at that time.

6. The Firm has represented, represents, and in the future will likely represent debtors and creditors' committees in cases unrelated to the Debtor and this case wherein one or more of the firms representing the members of the Committee or other parties in interest serve as or will serve professionals.

2

7. Since 2004, the Firm has represented creditors committees in chapter 11 cases involving the following entities affiliated with the Roman Catholic Church: Diocese of Spokane (Washington); Diocese of Davenport (Iowa); Diocese of San Diego (California); Diocese of Fairbanks (Alaska); Diocese of Wilmington (Delaware); Society of Jesus, Oregon Province (a five state Province); Archdiocese of Milwaukee (Wisconsin); The Christian Brothers' Institute, The Christian Brothers of Ireland, Inc.; the Diocese of Gallup (New Mexico); the Roman Catholic Bishop of Helena (Montana); the Roman Catholic Bishop of Stockton (California); the Roman Catholic Bishop of Great Falls-Billings (Montana); and Roman Catholic Church of the Archdiocese of Santa Fe (New Mexico). The Firm also represents an official committee of sexual abuse survivors in the chapter 11 case of USA Gymnastics, as well as an official committee of unsecured creditors that includes sexual abuse survivors and commercial creditors in the chapter 11 case of The Weinstein Companies.

8. Certain Committee members are represented by attorneys who represented committee members or creditors in several of the Catholic Church-related cases enumerated above. Except for the pending chapter 11 case of the Roman Catholic Church of the Archdiocese of Santa Fe and the Diocese of San Diego, which dismissed its chapter 11 case, all of the enumerated Catholic Church-related cases have confirmed and effective plans. In those cases, the committees were dissolved on the effective dates of the plan and PSZJ in many cases represents/represented the trustee of settlement trusts under those plans.

9. The law firm of James, Vernon & Weeks, PA represents two Committee members and represents creditors in the chapter 11 case of the Roman Catholic Church of the Archdiocese of Santa Fe (none of whom are members of the committee in that case).

10. Prior to the commencement of this case, the Firm consulted from time to time with attorneys representing abuse survivors with claims against the Debtor regarding general bankruptcy concepts. The Firm also consulted with the law firm of James, Vernon & Weeks, PA regarding the impact of a potential bankruptcy by the Debtor on a settlement agreement between an abuse survivor and the prepetition Debtor and had one brief conversation with Debtor's counsel regarding that agreement. Based on information from James, Vernon & Weeks, PA and Debtor's counsel, the Firm is informed and believes that the settlement was consummated more than 90 days before the filing of the Case. The Firm did not receive and did not seek any compensation from any source for the consultations set forth in this paragraph.

11. The Firm and some of its partners and/or attorneys periodically donate funds to organizations that advocate on behalf of sexual abuse victims and crime victims.

12. Based on the foregoing, PSZJ believes that it can represent the Committee in all of the matters for which the Committee seeks to retain the Firm.

13. PSZJ is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, of counsel and associates:

- are not creditors, equity security holders or insiders of the Debtor;

- are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtor;

- are not and were not, within three (3) years before the Petition Date, an investment banker for a security of the Debtor, or an attorney for such investment banker in connection with the offer, sale or issuance of any security of the Debtor; and

- do not have an interest materially adverse to the interests of the Debtor's estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, except as disclosed herein.

14. The Firm has not received any retainer from the Debtor, the Committee, or any member of the Committee, nor has the Firm received any payment or promise of payment, during the one-year period prior to the Petition Date. No compensation has been paid or promised to be paid from a source other than the Debtor's estate in this Case. No promises have been received by the Firm nor by any partners, of counsel or associate thereof as to compensation in connection with this Case other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this Case, except among the partners, of counsel, and associates of the Firm. Neither the Committee nor any of its representatives are or will be liable for fees or costs incurred by the Firm in its representation of the Committee.

15. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable Orders of this Court, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ. Due to the unique circumstances of this Case, the Firm proposes charging hourly rates which are below its regular hourly rates. The Firm proposes to charge its normal and customary hourly rates, subject to a cap at $700 per hour and travel time will be written off.

16. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's Case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail

charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses (air fare at coach rates), expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients as set forth in the attached "Summary of Rates of Reimbursement for Expenses of Pachulski Stang Ziehl & Jones LLP Effective January 1, 2019" and all supplemental standing orders of the Court. The Firm believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

17. During this Case, individual Committee members incur out of pocket for expenses related to their service as Committee members (any such expenses "Committee Members' Expenses"). To alleviate any problems that may arise for Committee members on account of any delay in seeking and obtaining reimbursement for such expenses, PSZJ proposes to pay such expenses directly or reimburse Committee members for any such expenses and then add such expenses to the Firm's invoices in this Case and it shall seek allowance of such expenses on the same basis as other expenses incurred by the Firm in this Case.

6
DOCS_NY:39634.4 18489/001
Case 2-19-20905-PRW, Doc 102, Filed 10/18/19, Entered 10/18/19 21:47:07, Description: Main Document , Page 15 of 20

18. Subject to Court approval, the Committee may seek to retain various professionals during the pendency of this Case. PSZJ intends to work closely with any such professionals retained by the Committee, to ensure that there is no unnecessary duplication of services performed on behalf of the Committee or charged to the Debtor's estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Los Angeles, California
October __, 2019

/s/ *James I. Stang*
James I. Stang

# EXHIBIT B

# Proposed Order

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: | Chapter 11 |
| THE DIOCESE OF ROCHESTER, | Case No. 19-20905 (CGM) |
| Debtor. |  |

**ORDER AUTHORIZING AND APPROVING
THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES
LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF THE DEBTOR EFFECTIVE AS OF SEPTEMBER 24, 2019**

Upon consideration of the *Application of the Official Committee of Unsecured Creditors of the Debtor to Retain and Employ Pachulski Stang Ziehl & Jones LLP as Counsel Effective as of September 24, 2019* (the "**Application**"),[1] pursuant to sections 327 and 1103(a) Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Western District of New York (the "**Local Rules**"), for an order authorizing and approving the retention and employment of Pachulski Stang Ziehl & Jones LLP ("**PSZJ**") as counsel for the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtor (the "**Debtor**") in this chapter 11 case; and upon consideration of the declaration of James I. Stang in support of the Application filed by the Committee; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors and other

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

parties in interest; and the Committee having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Application is **GRANTED**.

2. The Committee is authorized to retain and employ PSZJ as counsel to the Committee effective as of September 24, 2019. Subject to Court approval, PSZJ may be compensated for services rendered and reimbursed for expenses incurred beginning on September 24, 2019.

3. PSZJ shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's case as set forth in the Application and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

4. The Committee and PSZJ are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. PSZJ is authorized to sign and file electronically all notices, orders, motions, applications and other requests for relief, all briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such documents and all objections and responses related to any such documents filed by any party in this chapter 11 case.

6. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

7. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

Dated: _____, 2019
     Rochester, New York

                                  THE HONORABLE PAUL R. WARREN
                                  U.S. BANKRUPTCY JUDGE