UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 2-19-20905-PRW |
| The Diocese of Rochester, | Chapter 11 |
| Debtor. | |

### LONDON MARKET INSURERS' AND UNDERWRITERS' LIMITED OPPOSITION TO THE MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER APPROVING THE FORM AND MANNER OF FILING PROOFS OF CLAIM

The London Market Insurers[1] ("LMI") and Underwriters[2], hereby oppose, on a limited basis, the Motion of the Debtor for Entry of an Order Establishing a Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [ECF No. 376] ("Motion") filed by the debtor, the Diocese of Rochester ("Debtor") on January 17, 2020. As explained below, the form proof of claim ("Form POC") proposed by the Debtor fails to provide information necessary for LMI, and Underwriters, to estimate the scope of their insurance coverage with the Debtor.

---

[1] The term "London Market Insurers" refers, collectively to Certain Underwriters at Lloyd's, London, subscribing to Policy Nos. SL 3209, SL 3675 (unconfirmed), ISL 3090, SL 3556, SL 3693, SL 3830 and ISL 3092, Catalina Worthing Insurance Ltd f/k/a HFPI (as Part VII transferee of Excess Insurance Company Ltd), RiverStone Insurance (UK) Limited (as successor in interest to Terra Nova Insurance Company Ltd), RiverStone Insurance (UK) Limited (as successor in interest to Sphere Drake Insurance Ltd), Sompo Japan Nipponkoa Insurance Company of Europe Limited (formerly known as The Yasuda Fire & Marine Insurance Company), Dominion Insurance Company Ltd., and CX Reinsurance Company Ltd (formerly known as CNA Reinsurance of London Ltd).

[2] The term "Underwriters", refers, collectively, to Certain Underwriters at Lloyd's, London subscribing to Certificate Nos. 18W2012, 18XS133, 19W2012 and 19XS133 and HDI Global Specialty SE (formerly known as International Insurance Company of Hannover SE).

# ARGUMENT

## I. Distribution of Proof of Claim Forms

1. The Motion seeks to limit the distribution of Proofs of Claims to those insurers the Debtor reasonably believes to be liable on the claims and subject to redactions. Given how liability in the tort system, and an insurer's liability therefor, is determined, such limited distribution would be inadequate. All proofs of claim should be distributed, without redactions, to each entity whose representatives have signed a confidentiality agreement. On January 29, 2020, counsel for the Debtors consented to LMI receiving all the proofs of claim without redactions.

## II. Information Contained in the Proof of Claim

2. The Debtor's reorganization hinges on a consensual resolution of the abuse claims and any insurance covering such claims. LMI and Underwriters cannot estimate their liability and cannot resolve their insurance coverage issues without knowing the full scope of the Debtor's liability and the insurers' responsibility for such liability. The Debtor acknowledges these facts:

> [K]nowing the universe of claims asserted against the Debtor will be critically important to the Debtor's efforts to mediate, and ultimately to resolve, its insurance coverage issues as the Debtor's insurance carriers will likely require as a condition to any settlement some assurance that they will not have continuing exposure to additional claims.

Mot. ¶ 8.

3. The purpose of the Form POC should be to "facilitate the collection of information necessary to evaluate the claims asserted against it and the availability of insurance coverage to pay the claims[.]" *Id.* at ¶ 9. The proposed Form POC falls short of its purpose.

4. LMI and Underwriters comprise two groups of insurers subscribing policies issued to the Diocese of Rochester, New York, and certain of its related entities, such as parishes

DM3\6315773.2
DM1\10802002.1
DM3\6601261.1

and schools (collectively "Insured Entities"). LMI subscribed excess indemnity contracts of insurance from June 1, 1977 to July 1, 1986, which provided liability coverage for personal injuries arising out of an occurrence happening during the policy period. Underwriters subscribed separate contracts of insurance from July 1, 2018 to July 1, 2020, which provided claims made and reported sexual misconduct coverage. Both groups of policies require the Insured Entities to be legally liable. Both have definitions, exclusions and conditions that: (a) impose notice and cooperation conditions; (b) provide no coverage if the Insured was aware of an alleged perpetrator's deviant propensities or history of misconduct prior to or during the alleged abuse (and in the case of Underwriters, prior to the inception of their policies); (c) provide no coverage if there was a claim prior to the inception of coverage; and other requirements.

5. As LMI and Underwriters stated in their Response to the Diocese's Motion for an Order Referring the Adversary Proceeding to Mediation, they rely on information from both the Diocese and the claimants to evaluate the Debtor's liability and the insurance coverage therefor. Adversary Proceeding No.19-02021-PRW, ECF No. 23, ¶10.

6. The Diocese has information about: (a) the alleged perpetrator's assignments; (b) if there were prior or other complaints or concerns about the alleged perpetrator; (c) if it met with a claimant (or family member or counsel) to address a complaint or concern; (d) if it conducted an internal investigation involving a claimant or an alleged perpetrator (e) if there was a law enforcement investigation or proceeding involving a particular claimant or alleged perpetrator (f) if it has information about a claimant or an alleged perpetrator from a voluntary compensation program; (g) if it has information about a claimant's parish or Catholic school activities; and (h) if a claimant previously asserted a claim and if that claim was reported to an insurer. LMI and

Underwriters have asked for this and other information from the Diocese. The Diocese acknowledged during the January 14, 2020 hearing before this court that it would provide this information. *See* Transcript of Hearing Held on January 14, 2020 at 10:24-11:7, *In re Diocese of Rochester* (No. 2-19-20905-PRW).

7. However, the claimants must also provide pertinent information. The claimants have information about (a) the alleged abuse, including who the perpetrator is; (b) what happened; (c) where it happened; (d) when it happened; and (e) the claimed damages. The claimants also have information on why they believe the Diocese is liable.[3] They know if they previously reported the alleged abuse to the Diocese and/or others and if there was follow-up, including offers of counselling, involvement of law enforcement, a settlement or other. They can explain how they became acquainted with the alleged perpetrator and their involvement with any Diocesan entities prior to and during the alleged abuse. In addition, they can identify witnesses. While LMI and Underwriters reserve all rights to seek any necessary discovery, the below proposed changes are designed to obtain some of this information from claimants in the POCs.

8. The proposed POC form submitted by the Debtor in its Motion for Entry of an Order Establishing a Deadline for Filing Proofs of Claim and Approving the Form and manner of Notice Thereof ("Bar Date Motion") does not seek sufficient information from which LMI and Underwriters can evaluate liability and coverage for the claims in order to participate

---

[3] Some of the legal theories and defenses to CVA claims are set forth in the Memorandum of Law in Support of Motion to Dismiss filed in the CVA lawsuit titled *Encizo v Diocese of Rockville Centre,* Index No. 615733/2019, Supreme Court of the State of New York, County of Suffolk. This memorandum was attached to the LMI and Underwriters' Response to the Diocese's Motion for an Order Referring the Adversary Proceeding to Mediation, Adversary Proceeding No. 19-02021-PRW, ECF No. 23.

4

meaningfully in the court-ordered mediation.[4] Counsel for LMI and Underwriters have had meetings and discussions with counsel for the Diocese and for the Creditors' Committee and asked to have the following additional questions added to the proposed POC Form submitted to this Court:

    a. Did you ever write to or contact the Diocese, your parish, your school or anyone else about the abuse? If so, and you have copies of any correspondence; please attach copies of the correspondence.

    b. Identify any church or religious organization to which you have belonged or with which you have been affiliated. With respect to each church or religious organization, please also provide the dates when you were a member of such church or religious organization.

    c. Were you an altar server or involved in other parish / church / school activities?

    d. Do you know personally or have any reason to believe that the Diocese knew that your abuser was abusing you or others before or during the period when such abuse occurred? If "Yes", please provide all information that supports your conclusion, including:

        i. Who at the Diocese knew that your abuser was abusing you or others?
        ii. How did such person(s) at the Diocese learn this information?
        iii. When did such person(s) at the Diocese learn this information?
        iv. What was the person(s) from the Diocese told or observe?
        v. How did you come to have the information provided in response to the questions above?

9. The Debtor's insurers cannot resolve their coverage issues without such information. Hence, in addition to inserting the above-questions into the Form POC, the Debtor must distribute all proofs of claims to the insurer representatives and counsel who execute Confidentiality Agreements, and without redactions.

---

[4] The information sought from LMI and Underwriters is consistent with the information sought from parties in other CVA cases. *See In re Ninth and Tenth Judicial Districts Child Victims Act Litigation*, Case Management Order No. 1, Index No. 900011/2019, Supreme Court of the State of New York, County of Nassau (filed Nov. 21, 2019) (with attached standard discovery requests used for cases filed under CPLR 214-g where the Diocese of Rockville Centre is a Defendant).

5

## **CONCLUSION**

For the foregoing reasons, LMI and Underwriters respectfully oppose the Motion.

Dated: February 6, 2020

Respectfully submitted,

By: */s/ Russell W. Roten*
Russell W. Roten
Jeff D. Kahane
Mohammad Tehrani
Duane Morris LLP
865 S. Figueroa Street, Suite 3100
Los Angeles, CA 90017-5450
Telephone: (213) 689-7400
Facsimile: (213) 689-7401
Email: RWRoten@duanemorris.com

*Attorneys for London Market Insurers*

By: */s/ Catalina J. Sugayan*
Catalina J. Sugayan
Peter Garthwaite
Clyde & Co
55 West Monroe Street, Suite 3000
Chicago, IL 60603
Telephone: (312) 635-7000
Facsimile: (312) 635-6950
Email: catalina.sugayan@clydeco.us

*Attorneys for London Market Insurers and Underwriters*