UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

```
------------------------------------------------------ x
                                                       :
In re                                                  :    Case No. 19-20905
                                                       :
The Diocese of Rochester,                              :    Chapter 11
                                                       :
                                        Debtor.        :
                                                       :
------------------------------------------------------ x
```

# MOTION OF UNITED STATES TRUSTEE FOR ORDER AUTHORIZING APPOINTMENT OF INDEPENDENT FEE EXAMINER

TO:  **THE HONORABLE JUDGE WARREN,
     UNITED STATES BANKRUPTCY JUDGE:**

Pursuant to 28 U.S.C. § 586 and 11 U.S.C. §§ 105(a) and 330, William K. Harrington, the United States Trustee for Region 2 ("**United States Trustee**"), respectfully moves for an Order authorizing the appointment of an Independent Fee Examiner and for related modifications to the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Members of Official Committees [ECF. Doc. No. 318]. In support thereof, the United States Trustee states as follows:

## PRELIMINARY STATEMENT

The United States Trustee respectfully requests that the Court authorize the appointment of an Independent Fee Examiner to provide substantive analysis of the fee requests filed by the many professionals whose retention has been authorized. Given the scale of this chapter 11 case and the number of retained professionals who are applying to this Court for compensation, scrutiny of professional fees will prove challenging. To meet these challenges and to ensure that all professional fee requests meet applicable Bankruptcy Code requirements, the Court should authorize the appointment of a fee examiner. Additionally, because the driving force behind this

case is to address misconduct for persons seeking remedies under the Child Victims Act and given the sensitive nature and public interest of the case, the appointment of a fee examiner will help ensure public confidence in the Bankruptcy system. Finally, prior to making this Motion, the United States Trustee called counsel for the committee and for the debtor in an effort to have the Independent Fee Examiner appointed consensually, but such efforts were unsuccessful.

## BACKGROUND

### General Background

1. The Diocese of Rochester (the "**Debtor**") commenced this voluntary case under chapter 11 of the Bankruptcy Code on September 12, 2019 (the "**Petition Date**").

2. The Debtor is authorized to continue to operate their businesses and manage their properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtor is a Latin Catholic Diocese which maintains a number of administrative offices and ministries, necessary to advance the mission of teaching, sanctifying and serving, including, the Bishop's Office, Chancery, Marriage Tribunal, Finance, Information Technology, Human Resources, Stewardship and Communications, Evangelization and Catechesis, Catholic Schools, Pastoral Services, Safe Environment, Victims Assistance, Clergy Services and Archives. *See* the Affidavit of Rev. Daniel J. Condon Regarding Structure and Pre-Filing History of the Debtor and in Support of the Chapter 11 Petition and First Day Pleadings. ECF Doc. No. 7 at ¶¶ 5 and 7.

4. On September 26, 2019, the United States Trustee formed an official committee of unsecured creditors. *See* ECF Doc. No. 68.

5. On November 16, 2019, the Court entered its Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Members of Official Committees ("**Compensation Order**") [Docket No. 318].

6. Following the filing, the Debtor has employed with Court approval the following professionals[1]:

   a. Bond, Schoeneck & King, PLLC, counsel for the Debtor (Order entered November 20, 2019, ECF Doc. No. 249);

   b. Harris Beach, PLLC, as special counsel for the Debtor (Order entered November 23, 2019, ECF Doc. No. 273);

   c. Blank Rome, LLP, as special insurance counsel for the Debtor (Order entered November 27, 2019, ECF Doc. 300);

   d. Pachulski Stang Ziehl & Jones LLP, as counsel to the Official Committee of Unsecured Creditors (Order entered November 1, 2019, ECF Doc. No. 160);

   e. Nixon Peabody, LLP as special corporate counsel (Order entered November 27, 2019, ECF Doc. No. 301;

   f. Bankruptcy Management Solutions, Inc. d/b/a Stretto as Claims and Noticing Agent for the Debtor (Order entered November 25, 2019, ECF Doc. No. 288); and

   g. Bonadio & Co., LLP, as Accountants for the Debtor (Order entered November 27, 2019, ECF Doc. No. 302).

7. The United States Trustee called counsel to the Debtor and the Official Committee of Unsecured Creditors to discuss and seek consent of the appointment of an

---

[1] As of the date of this Motion, the United States Trustee has been reviewing the monthly fee applications as they have been filed and has communicated with the professionals any issues or concerns with billing entries and expenses. To date, there has been sparse resolution to the United States Trustee's concerns.

Independent Fee Examiner, however, as of the date of this motion, no consensual agreement for the appointment has developed.

## AUTHORITY FOR THE APPOINTMENT OF AN INDEPENDENT FEE EXAMINER

Section 330(a)(3) of Title 11 sets forth the standards for authorizing compensation to professionals retained in bankruptcy cases:

> In determining the amount of reasonable compensation to be awarded ... the court shall consider the nature, the extent, and the value of such services, taking into account all factors, including–
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person … has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). It is the Court's responsibility to review applications for compensation and reimbursement of expenses and to enter appropriate Orders on them. The United States Trustee also is charged with reviewing fee applications and commenting when appropriate. 28 U.S.C. § 586(a)(3)(A).

In complex cases a number of bankruptcy courts have appointed independent fee examiners pursuant to Section 105 of the Bankruptcy Code. The role of a fee examiner is different from that of an examiner appointed under 11 U.S.C. § 1104(c) who is charged with

conducting "an investigation of the debtor as is appropriate." 11 U.S.C. § 1104; *see also In re Collins & Aikman Corp.*, 368 B.R. 623, 625-627 (Bankr. E.D. Mich. 2007).

Fee examiners or fee review committees have been appointed in many significant and complex bankruptcy cases, including but not limited to *Energy Future Holdings*, Docket No. 1896, Case No. 14-10979-CSS (Bankr. Del.), *Budd Company*, Docket No. 346, Case No. 14-11873-JBS (Bankr. N.D.IL.), *Lehman Brothers Holdings*, Docket No. 3651, Case No. 08-13555-scc (Bankr. S.D.N.Y.), *Motors Liquidation (f/k/a General Motors)*, Docket No. 4708, Case No. 09-50026-reg (Bankr. S.D.N.Y.), *AMR Corp.*, Docket No. 2897, Case No. 11-15463-shl (Bankr. S.D.N.Y.), *Exide Technologies*, Docket No. 1283, Case No. 13-11482-KJC (Bankr. Del.), and *Mineral Park*, Docket No. 274, Case No. 14-11996-KJC (Bankr. Del.).

The Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and guidelines issued by the bankruptcy courts and the Executive Office for U.S. Trustees impose fairly rigorous and detailed timekeeping and reporting standards on professionals.

> Even with electronic data and filing now widely in use, those detailed reporting requirements impose a significant burden on the courts: daily narrative time records for hundreds and, in some proceedings, thousands of timekeepers fill thousands of pages and hundreds of thousands of lines. On occasion, usually by stipulation, the bankruptcy courts have utilized fee auditors, fee examiners, and fee committees to provide quantitative and qualitative analysis and recommendations.

*Baker Botts L.L.P.* v. *Asarco, LLC*, 2014 WL 6984132 (Supreme Court December 10, 2014) (*Amicus Brief of Neutral Fee Examiners Supporting Neither Party*).

**ARGUMENT**

A.    **The Court Should Authorize the Appointment of an Independent Fee Examiner.**

Given the size and complexity of the chapter 11 case, the United States Trustee requests that the Court authorize the appointment of an Independent Fee Examiner to review and report on

as appropriate the monthly invoices submitted in accordance with the Compensation Order and all interim and final applications for allowance of compensation and reimbursement of expenses filed by professionals retained under sections 105, 327, or 1103 of the Bankruptcy Code or similar authority (the "**Retained Professionals**"), in accordance with sections 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order (collectively, the "**Applications**").

The appointment of a fee examiner will promote consistency, predictability, and transparency when the Retained Professionals file their Applications. In addition, all parties will maintain their rights to review and contest any of the Applications. Moreover, the driving force behind this case is to address misconduct for persons seeking remedies under the Child Victims Act and given the sensitive nature and public interest of the case, the appointment of a fee examiner will help ensure public confidence in the Bankruptcy system. *Cf., In re Ionosphere Clubs, Inc.,* 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990) (where debtor's business affects a large segment of the general public, consideration of public interest becomes a factor in deciding to appoint trustee).

The United States Trustee will identify a candidate to serve as an Independent Fee Examiner and present such candidate to the Court on notice to all interested parties.

**B.     Duties of Independent Fee Examiner**

The United States Trustee requests that any Order authorizing the appointment of an Independent Fee Examiner impose upon the Independent Fee Examiner the duty to review and assess all Applications filed by Retained Professionals, and the fees and reimbursement of expenses for which allowance is sought pursuant to the Applications, for compliance with the following:

    a.    Bankruptcy Code Sections 328, 329, 330, and 331, as applicable;

    b.    Rule 2016 of the Federal Rules of Bankruptcy Procedure;

  c.  The Compensation Order;

  d.  Local Bankruptcy Rule 2016-1; and

  e.  United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses, 28 C.F.R. Part 58, Appendix A and Appendix B.

**C. Authority of Independent Fee Examiner**

The United States Trustee also requests that any Court Order appointing an Independent Fee Examiner also authorize the Fee Examiner to:

  a.  File comments on the public docket of the Court regarding any Application by a Retained Professional;

  b.  Communicate his concerns regarding any Application to the Retained Professionals to whom such Application pertains, and to request further information as appropriate;

  c.  Request Retained Professionals to provide budgets, staffing plans, or other information to the Independent Fee Examiner;

  d.  Establish procedures for the resolution of disputes with Retained Professionals;

  e.  Recommend procedures to facilitate the preparation and review of Applications;

  f.  Appear and be heard on any matter before the Court;

  g.  File and litigate objections to the allowance of any Application;

  h.  Take, defend, or appear in any appeal regarding an Application;

  i.  Conduct discovery; and

j. Retain, subject to Court approval, professionals (including attorneys and auditors) to represent or assist the Independent Fee Examiner in connection with any of the foregoing.

The United States Trustee further requests that any Order appointing an Independent Fee Examiner provide that the Debtor, the Committee, the United States Trustee, and all Retained Professionals shall cooperate with the Independent Fee Examiner in the discharge of the Independent Fee Examiner's duties and shall promptly respond to any reasonable requests for information or communications from the Independent Fee Examiner.

### D. Compensation of Fee Examiner

The United States Trustee requests that any Order appointing an Independent Fee Examiner provide that the Fee Examiner and any Professionals retained by the Independent Fee Examiner shall be entitled to reasonable compensation from the estate for their reasonable fees and expenses. Any such requests for compensation shall be made by application to the Court and shall be allowed according to the same standards and procedures that apply to Retained Professionals.

### E. Immunity of Independent Fee Examiner

Finally, the United States Trustee requests that any Order authorizing the appointment of an Independent Fee Examiner provide that the Independent Fee Examiner is appointed as an Officer of the Court with respect to the performance of the duties set forth herein and given immunity permitted by law from civil actions for all acts taken or omitted in the performance of his duties.

## VI. PROPOSED MODIFICATIONS TO THE COMPENSATION ORDER

Should the Court find that the appointment of an Independent Fee Examiner is warranted under the circumstances, the United States Trustee requests entry of an Order modifying the existing Compensation Order. A proposed modified Order is submitted herewith.

WHEREFORE, the United States Trustee respectfully requests that the Court consider the foregoing and authorize the appointment of an Independent Fee Examiner subject to the terms herein and grant such further relief as may be just.

Dated: Rochester, New York
March 19, 2020

Respectfully submitted,
WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2

By: */s/ Kathleen Schmitt*
Kathleen Schmitt
Assistant United States Trustee
100 State Street, Room 4180
Rochester, NY 14614
Tel. (585) 263-5706