UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

   The Diocese of Rochester,                       Bankruptcy Case No. 19-20905-PRW
                                                                        Chapter 11

                      Debtor.
_____

**DECISION AND ORDER
DENYING MOTION REQUESTING
APPOINTMENT OF AN INDEPENDENT FEE EXAMINER**

PAUL R. WARREN, U.S.B.J.

The role of "independent fee examiner" is not provided for in the Bankruptcy Code, so the motion of the UST is unusual—but not unheard of. Pointing to other Chapter 11 cases where fee examiners were appointed—described in the motion as "significant and complex" (an understatement to be sure; "mega cases" would have been a more apt description) —coupled with the sensitive nature of the sexual abuse claims at the heart of this case and the public interest in this case, the UST has moved for the appointment of an independent fee examiner. The Diocese opposes the motion, arguing that the UST has failed to demonstrate why, on the facts in this case, the appointment of an independent fee examiner is necessary. For the reasons that follow, the motion of the UST is **DENIED**.

**I.**

**JURISDICTION**

The Court has jurisdiction under 28 U.S.C. §§ 158(a), (b)(1) and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## II.

## BACKGROUND

The Diocese filed this Chapter 11 case on September 12, 2019. (ECF No. 1). An Official Committee of Unsecured Creditors was appointed by the UST shortly thereafter, under § 1102 of the Code. (ECF No. 68). The Court has authorized the Diocese to employ 6 professionals: bankruptcy counsel (Bond Schoeneck) (ECF No. 249), special counsel (Harris Beach) (ECF No. 273), special insurance counsel (Blank Rome) (ECF No. 300), special corporate counsel (Nixon Peabody) (ECF No. 301), accountants (Bonadio) (ECF No. 302), and an administrative advisor (Stretto) (ECF No. 349). In addition, the Court has authorized the Committee to employ legal counsel (Pachulski Stang) (ECF No. 160). In total, 7 professional firms have been employed in this Chapter 11 case.

The Court entered an Order permitting the appointed professionals to file monthly statements for services rendered and expenses incurred, and requiring that professionals seeking monthly compensation also file interim fee applications every 4 months. (ECF No. 318). As permitted by that Order, 5 professionals have filed monthly fee statements.

On March 20, 2020, before any professional had filed the first required interim fee application, the UST filed this motion. (ECF No. 455). The UST does not claim that the UST lacks the ability or expertise to review the fee applications of the professionals serving in this case. Instead, the motion is couched in generalities and vagaries: "scrutiny of professional fees will prove challenging" (*Id.* at 1); "[g]iven the size and complexity of the chapter 11 case" (*Id.* at 5); "[f]ee examiners . . . have been appointed in many significant and complex bankruptcy cases" (*Id.* at 5); "a fee examiner will help ensure public confidence in the Bankruptcy system." (*Id.* at 6). The motion requests that the UST be granted authority to appoint the fee examiner, and that the

2

Case 2-19-20905-PRW, Doc 518, Filed 04/16/20, Entered 04/16/20 14:51:47, Description: Main Document , Page 2 of 6

examiner be authorized to retain attorneys, professionals, assistants or consultants as deemed necessary by the fee examiner. (ECF No. 455, Proposed Order ¶ 3).

Between April 3rd and 9th, 2020, five of the appointed professionals filed a "First Interim Request for Compensation." (ECF Nos. 489, 495, 496, 497, 499). By a Joint Notice, those interim fee applications have been set for a hearing to be held on May 13, 2020. (ECF Nos. 501, 503). As summarized in the Joint Notice, the professionals seeking interim compensation and the amounts requested are:

| Applicant | Fees Requested | Expenses Requested | Total | Application Period |
|---|---|---|---|---|
| Bond, Schoeneck & King, PLLC<br>*Counsel for the Diocese* | $726,230.60 | $14,044.79 | $740,275.39 | 9/12/2019 – 1/31/2020 |
| Harris Beach, PLLC<br>*Special Counsel for the Diocese* | $271,546.50 | $62,942.84 | $334,489.34 | 9/12/2019 – 2/29/2020 |
| Blank Rome, LLP<br>*Special Insurance Counsel for the Diocese* | $155,934.61 | $5,475.75 | $161,410.36 | 9/12/2019 – 1/31/2020 |
| Nixon Peabody, LLP<br>*Special Corporate Counsel for the Diocese* | $12,040.00 | $0.00 | $12,040.00 | 9/12/2019 – 1/31/2020 |
| Pachulski Stang Ziehl & Jones, LLP<br>*Counsel for the Committee* | $380,165.00 | $9.756.19 | $389,921.19 | 9/12/2019 – 2/29/2020 |

At this juncture, the question is not whether and to what extent the interim fee requests should be allowed. The question is whether, on the facts of this case, the Court should exercise its discretion and accede to the UST's request by appointing an independent fee examiner—together with the additional administrative layer (and cost) of the fee examiner and the other professionals the fee examiner will, most assuredly, seek to have appointed (as contemplated by the UST's motion).

3

# III.

# DISCUSSION

The Court is charged with the duty to review requests for fees and reimbursement of expenses by professionals whose employment has been approved by the Court. 11 U.S.C. § 330. The Court must ensure that the fees awarded are "reasonable compensation for actual, necessary services" and costs allowed are "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A)-(B). The methodology to be used by the Court is spelled out in §§ 330(a)(3)(A-F) and (a)(4). The ability to request and authority to award interim compensation is provided for by § 331 of the Code.

The Court is assisted in carrying out its statutory obligation to review requests for professional fees and expense reimbursement by the UST—the "watchdog over the bankruptcy process." *See* www.justice.gov/UST/about-program (last accessed Apr. 16, 2020). Among the specific responsibilities of the UST, is the duty to "[ensure] that bankruptcy estates are administered promptly and efficiently, *and that professional fees are reasonable*." *Id.* (emphasis added).

Nowhere in the motion does the UST allege that it lacks the resources and expertise to review the fee requests in this case. In fact, as the Diocese observes, the UST is assisted in its task of reviewing fees and expenses by billing analysis software. (ECF No. 505 at 15, n.5). Having the resources, expertise and electronic review tools to deploy in reviewing requests for professional fees and expense reimbursement makes the UST a valuable (and cost-efficient) resource, to assist the Court in performing its duties under § 330 of the Code. And, the task of reviewing the fee applications of only 7 Court-appointed professionals is not such a daunting task as to justify the extraordinary relief sought by the UST. It goes without saying that, the UST is expected to use its

resources and expertise to assist the Court in reviewing the fee applications in this case—and to object to any fees or expenses that appear to be excessive, duplicative, or unreasonable.

The UST is correct in asserting that "[f]ee examiners . . . have been appointed in many *significant and complex bankruptcy cases*." (ECF No. 455 at 5 (emphasis added)). The cases cited by the UST in support of that proposition would be fairly described as "mega cases." Among the handful of cases cited in the motion are *Lehman Brothers* and *General Motors*. (*Id.*). This is not such a case.[1] And, despite the UST's assertion, this case is not so "complex" as to justify piling on an additional layer of administrative expense (multiplied by the expenses generated by the many other professionals a fee examiner is likely to seek to have appointed), with the potential to negatively impact the amount of recovery otherwise available for each sexual abuse claimant. As the Diocese observes, in 21 previously-filed diocesan or religious Chapter 11 cases, a fee examiner was appointed in only one, and that was by the Delaware Bankruptcy Court in *In re The Catholic Diocese of Wilmington, Inc.*, Case No. 09-13560 (Bankr. D. Del. 2009). (ECF No. 505 ¶ 31).

The UST has not persuaded the Court to exercise its discretion, under § 105(a) of the Code, and appoint an independent fee examiner. Perhaps, at some point, the various factions involved in this case may jointly suggest the desirability of appointing a fee review committee—a less drastic (and less costly) alternative to an independent fee examiner. However, no such request is before the Court. And, in the Court's view, this case has not yet progressed to the point where even a fee review committee appears to be necessary. The Court, therefore, in the exercise of its discretion, declines to appoint an independent fee examiner.

---

[1] There is no doubt that this case is "significant." It was filed by the Diocese in order to deal with the hundreds of claims made by the victims of childhood sexual abuse by priests, other members of religious orders, and lay personnel. The significance of this case to these abuse victims cannot be overstated.

## IV.

## CONCLUSION

The motion seeking the appointment of an independent fee examiner is **DENIED**. This Decision is without prejudice to a request, by a party-in-interest, for the formation of a fee review committee in the future, should the case progress to a point where that relief may become appropriate.

**IT IS SO ORDERED.**

DATED: April 16, 2020 _____/s/_____
Rochester, New York HON. PAUL R. WARREN
United States Bankruptcy Judge