UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    The Diocese of Rochester,                Bankruptcy Case No. 19-20905-PRW
                                                                          Chapter 11

                      Debtor.

## SUPPLEMENT AND MODIFICATION
## TO ADMINISTRATIVE ORDER ESTABLISHING
## PROCEDURES FOR INTERIM COMPENSATION
## AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS
## AND MEMBERS OF OFFICIAL COMMITTEES

By Order entered December 5, 2019, this Court approved procedures for interim compensation and reimbursement of expenses for Professionals appointed in this case. (ECF No. 318). In granting the Diocese's motion (ECF No. 109) seeking approval of those procedures detailed in the Compensation Order, it was the Court's expectation, that by allowing monthly billing (and partial reimbursement of fees), the Diocese, creditors, the UST and the Court would be able to actively monitor the amount of legal fees and expenses being generated by the Professionals each month. While the Monthly Fee Statements filed by the Professionals did not meet with any formal objections, as permitted by the Compensation Order (ECF No. 318 ¶ 3(e)), the filing of the First Interim Applications for Compensation and Reimbursement of Expenses by each of the appointed Professionals has touched off a firestorm. (ECF Nos. 489, 490, 495, 496, 497, 499, 540, 541, 543). The spark for the firestorm was provided by an Omnibus Objection filed by the United States Trustee. (ECF No. 538).

The Omnibus Objection, and filing of angry responses by each Professional, have identified a fundamental flaw in the procedures established by the Compensation Order. It appears that, while no "formal objections" were filed, the UST was raising "informal concerns," described in excel

spreadsheets, provided to the Professionals by back channels. (ECF No. 538 ¶ 9). It further appears that the excel spreadsheets were generated by the UST using billing review software. And, while the UST and Professionals blame each other, it is clear to the Court that there was a complete breakdown in communication and a wholesale failure, on all sides, to attempt to promptly resolve billing issues informally, without burdening the Court. Instead, the take-it-or-leave-it posture adopted by ALL involved parties has forced the Court to expend over 60 hours (and counting) reviewing the UST's excel spreadsheets (produced in nearly microscopic font) and the corrections, edits, and explanations offered by each Professional in opposition to the UST objections.

The Compensation Order (ECF No. 318) is administrative, not substantive, and it establishes procedures for Professionals seeking interim compensation in this case. Of course, "the Court always retains the power to modify such a procedure if it later proves unworkable or improvident." *In re Mariner Post-Acute Network*, 257 B.R. 723, 731 (Bankr. D. Del. 2000). The current procedures are proving to be unworkable, because they fail to accommodate the handling of "informal" (but monthly) billing concerns identified by the UST, and fail to provide a mechanism for the prompt resolution of such concerns. The Administrative Order is, therefore, supplemented and modified as follows:

1. Contemporaneously with the filing of a Monthly Fee Statement (under ¶ 3(a) of the Administrative Order), the Professional must provide the UST with an electronic (.txt) file format of the billing data or billing statements, delivered in the manner requested by the UST previously in this case.

2. Within 14 days of receipt, the UST must provide the Professional, by email, with an excel spreadsheet (or other mark-up) detailing the objectionable entries for fees and expenses identified by the billing review software.

3. Within 5 days of receipt, the Professional must provide the UST with responses, corrections, or supplemental information in writing and placed on the excel spreadsheet (or other mark-up) below the corresponding objectionable entry. Such responses must correct "vague" entries with additional detail ("Good as is" is not acceptable) and "block billing" entries must be corrected by the separation of discrete tasks or explanations as to why the entry should be allowed to stand. Objectionable expense items must be fully explained. The Professional's

response must be filed with the Court and identify the Monthly Fee Statement to which it relates (by ECF number).

4. If the UST and Professional are not able to resolve the "informal objection" within 10 days of the filing of the response by the Professional, the objection shall be treated as a formal objection under the Administrative Order (¶ 3(e))—regardless of the deadlines set in the Administrative Order (¶ 3(d))—and *the Professional shall forego payment of the fees/expenses that are the subject of the unresolved UST objection until the next interim or final fee application hearing.* No payment shall be due the Professional for a Monthly Fee Statement until the time has passed, as described in this Order.

In the event that implementation of the Administrative Order, as modified by this Order, continues to place an unreasonable burden on the Court, the Administrative Order will be vacated, and Professionals will be required to seek interim compensation not sooner than every 120 days, under 11 U.S.C. § 331.

**IT IS SO ORDERED.**

DATED: May 12, 2020
        Rochester, New York

HON. PAUL R. WARREN
United States Bankruptcy Judge