UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    The Diocese of Rochester,          Bankruptcy Case No. 19-20905-PRW
                                                  Chapter 11

              Debtor.

**ORDER GRANTING
FIRST INTERIM APPLICATION FOR
ALLOWANCE OF COMPENSATION BY
NIXON PEABODY LLP,
SPECIAL CORPORATE COUNSEL TO THE DEBTOR
FOR THE PERIOD SEPTEMBER 12, 2019 THROUGH JANUARY 31, 2020**

This matter is before the Court on the First Interim Application for Allowance of Compensation by Nixon Peabody LLP, Special Corporate Counsel to the Debtor for the period September 12, 2019 through January 31, 2020. (ECF No. 497). In the Application, Nixon Peabody requests: (a) allowance of interim compensation for professional services performed by Nixon Peabody for the First Interim Compensation Period in the amount of $12,040.00; (b) reimbursement of its actual and necessary expenses in the amount of $0 incurred during the First Interim Compensation Period; and (c) directing the Debtor to pay Nixon Peabody the amount of $12,040.00 for the unpaid total.

The Court, having considered the Application and notice of the Application appearing adequate, and having convened a hearing on May 13, 2020, and the Court having considered the Omnibus Objection of the United States Trustee to the Application of Nixon Peabody (ECF No. 538), hereby overrules the objections as having been fully addressed, and the Court having found that all services rendered by Nixon Peabody and expenses incurred were reasonable, necessary, and beneficial to the estate under 11 U.S.C. § 330(a)(3), it is

**ORDERED**, that the Application is **GRANTED** in its entirety; and it is further

**ORDERED**, that Nixon Peabody's compensation for professional services rendered during the First Interim Compensation Period is allowed on an interim basis in the amount of $12,040.00, of which $12,040.00 remains unpaid (minus a reduction, on consent, of $500), for a remaining balance of $11,540.00; and it is further

**ORDERED**, that reimbursement of Nixon Peabody's expenses incurred during the First Interim Compensation Period is allowed on an interim basis in the amount of $0; and it is further

**ORDERED**, that the Debtor is directed to pay Nixon Peabody the amount of $11,540.00 for the unpaid amounts incurred during the First Interim Compensation Period; and it is further

**ORDERED**, that the compensation and reimbursement of expenses awarded in this Order shall be interim and subject to final approval pursuant to § 330(a)(5) of the Code; and it is further

**ORDERED**, that the allowance of interim compensation and reimbursement of expenses pursuant to this Order is without prejudice to Nixon Peabody's right to seek additional compensation for services performed and expenses incurred during the First Interim Compensation Period, which were not processed at the time of the Application; and it is further

**ORDERED**, that the Court retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

**IT IS SO ORDERED.**

DATED: May 13, 2020
Rochester, New York

_____
HON. PAUL R. WARREN
United States Bankruptcy Judge

Case 2-19-20905-PRW, Doc 560, Filed 05/13/20, Entered 05/13/20 16:05:16, Description: Main Document , Page 2 of 2