UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

   The Diocese of Rochester,                        Bankruptcy Case No. 19-20905-PRW
                                                                             Chapter 11

                              Debtor.
_____

**DECISION AND ORDER
DENYING MOTION TO EXTEND CLAIMS BAR DATE
AND CONFIRMING THAT AUGUST 13, 2020 AT 11:59 P.M. (EASTERN TIME)
IS THE LAST DAY FOR CREDITORS,
INCLUDING VICTIMS OF CHILDHOOD SEXUAL ABUSE,
TO FILE A PROOF OF CLAIM IN THIS CASE**

PAUL R. WARREN, U.S.B.J.

      COVID-19 has changed the way people socialize, the way business is conducted and the way courts function. Pointing to that changed landscape, the Committee has moved for an order extending the current "claims bar date," for victims of childhood sexual abuse, from August 13, 2020 to January 14, 2021. (ECF Nos. 658, 660, 661). The Diocese opposes a blanket five-month extension of the claims bar date, suggesting that if the Court is inclined to grant any blanket extension, it be limited to 30 days. (ECF No. 683).

      A decision denying an extension of the August 13, 2020 claims bar date may be seen, by some, as unfair to yet-unknown victims of childhood sexual abuse. But, how a decision may be received by the public or characterized on the 6 o'clock news is not a factor to be considered by the Court in ruling on the Committee's motion. The Court must balance the equities, after assessing the underlying facts, in deciding whether an extension of the deadline for abuse victims to file a proof of claim is appropriate in this case.

Having balanced the equities, including consideration of the procedural remedies available to a potential abuse victim that may file a proof of claim after August 13, 2020, the Court exercises its discretion and declines to grant a blanket extension of the claims bar date. For the reasons that follow, the motion of the Committee is **DENIED**.

I.

**JURISDICTION**

The Court has jurisdiction under 28 U.S.C. §§ 158(a), (b)(1) and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

II.

**ISSUE**

The question presented is whether sufficient cause has been demonstrated by the Committee, under Rule 3003(c)(3) FRBP, to justify the granting of a blanket extension of time for filing sexual abuse claims in this case. Because potential late-filed claims can (and should) be dealt with on a case-by-case basis, under Rule 3003(c)(3), the answer is no.

III.

**FACTS**

The Diocese filed this Chapter 11 case on September 12, 2019, in response to the numerous state court actions filed under the New York Child Victims Act ("CVA"). (ECF No. 7 ¶¶ 46-49). The United States Trustee promptly appointed an Official Committee to represent the interests of unsecured creditors, including victims of childhood sexual abuse. (ECF No. 68). After negotiations with the Committee and insurance carriers, the Diocese filed a motion on January 17, 2020, requesting that August 13, 2020 be set as the "claims bar date," and that the Court approve

both the process to widely disseminate notice of the claims bar date, as well as the proof of claim form to be used by victims of sexual abuse. (ECF No. 376).

The Court held a hearing on the motion on February 11, 2020, during which the Court set a claims bar date of August 13, 2020—the same date that the one-year window opened by the CVA was scheduled to close. (ECF Nos. 404, 425). During the hearing, the Court raised with parties the fact that, on January 8, 2020, a bill was introduced in the New York State Legislature seeking to extend the CVA window for an additional year. The Court expressed a disinclination to have the proof of claim process become a similarly shifting target, once a claims bar date was set and notice of the bar date was announced under the Court-approved noticing protocol. The parties subsequently submitted a consent order, including a revised proof of claim form for abuse survivors, with a notice protocol—revised by the Diocese to reflect the changes in scope requested by the Court and Committee. (ECF No. 424).

On or about Friday, March 13, 2020, the COVID-19 pandemic arrived in Western New York. Effective March 16, 2020, this Court shifted from holding in-person hearings to telephonic hearings. (ECF No. 444). To ensure ease of access for all parties in interest and for the public, and recognizing that not everyone may have the ability to utilize video conferencing, the Court made a conscious decision to conduct all hearings by telephone and not by video conference. For each motion or other request for judicial intervention, in every case pending before the Court—including this Chapter 11 case—a Case Management Order setting a telephonic hearing was entered on the docket immediately upon the scheduling of a hearing. Numerous motions were heard in this case, using telephonic hearings, during the period from March 16, 2020, through the present. (*See* ECF Nos. 457, 470, 485, 504, 537, 564, 598, 664, 678, 698).

The use of telephonic hearings is continuing in this Court, without an end date, to ensure the safety of both Court staff and the public, and to keep all cases moving without any interruption. So, despite the pandemic, this Court has remained fully operational and open for business—albeit virtually. And, because this Court has utilized electronic filing for over 17 years, papers can (and are) filed 24 hours a day, 7 days a week (holidays included). In this Chapter 11 case, that electronic filing capability includes the filing of proofs of claim with the Court-appointed Claims and Noticing Agent, Stretto. By comparison, on March 22, 2020, the state court system was shut down—accepting no papers for filing—except for a limited number of essential matters. *See Statewide Administrative Order of the Chief Administrative Judge of the Courts* (AO/78/20) (March 22, 2020). As a direct consequence of the temporary closure of the state court system, on May 8, 2020, Governor Cuomo extended the statute of limitations to file a CVA action in state court until January 14, 2021. *See* Executive Order No. 202.29, *Continuing Temporary Suspension and Modification of Laws Relating to the Disaster Emergency* (May 8, 2020).

During the period from March 16, 2020 through the present, while COVID-19 continued to disrupt daily life in the United States, 172 of the 175 sexual abuse proofs of claim in this Chapter 11 case were filed with the Claims Agent. And, nearly 250 entries were made on the case docket, reflecting brisk and on-going activity in this case, during the same period of time. The Diocese provided extensive notice of the August 13, 2020 claims bar date, in keeping with this Court's Order. And, as the claims bar date approaches, it has become commonplace to see commercials, nightly during the local news, reminding victims of sexual abuse that the deadline for filing a proof of claim in this Chapter 11 case is August 13, 2020. Those nightly television commercials have been running for a number of weeks—serving to reinforce the fact that, in this Chapter 11 case, the claims bar date for victims of childhood sexual abuse is August 13, 2020.

4

Against that backdrop, the Committee argues that potential abuse victims may be confused about whether Governor Cuomo's Executive Order, changing the CVA statute of limitations for state court actions to January 14, 2021, changed the bar date in this case. (ECF No. 658 ¶ 22). Alternatively, the Committee argues that the COVID-19 pandemic may have caused childhood abuse victims, many of whom are now elderly, to lose focus on the need to file a proof of claim. (*Id.* ¶¶ 23-25). Finally, the Committee asserts that the insurance carriers may refuse to begin negotiations with the Diocese, until the CVA statute of limitations expires for actions to be commenced in state court against Catholic parishes and schools within the Diocese. (*Id.* ¶¶ 27-28).

The Diocese has vigorously opposed the Committee's motion on a variety of grounds, ranging from hyper-technical procedural considerations to practical considerations. (ECF No. 683). Continental Insurance has responded to the motion, not in opposition, but to emphasize that an extension of the claims bar date will necessarily cause a delay in beginning the process of exploring a resolution of the issues concerning insurance coverage. (ECF No. 682). Continental also seems to suggest that the Diocese has been slow to turn over documents required by the Stipulation and Agreed Order of April 3, 2020. (*Id.* (referring to ECF No. 531)).

## IV.

## DISCUSSION

While the Committee and Diocese don't seem to agree on much in their submissions, they do agree on one thing: the determination of whether cause exists to extend a claims bar date, under Rule 3003(c)(3) FRBP, is left to the sound discretion of the bankruptcy court. (ECF No. 658 ¶ 18; ECF No. 683 ¶ 33). Typically, the request to allow a late-filed claim to be treated as timely-filed, under Rule 3003(c)(3), is made by a creditor, acting alone. Here, the Committee seeks a blanket

extension of the claims bar date for victims of sexual abuse, arguing that existence of the COVID-19 crisis provides the "cause" to justify the extension, as required by Rule 3003(c)(3). And, the Committee points to the five-month extension of the CVA deadline by Governor Cuomo as having the potential to cause confusion for sexual abuse victims, who (as the Committee imagines it) may (mistakenly) believe that the Governor's extension of the CVA deadline (to bring an action in state court) applies to this Court's claims bar date too. (ECF No. 658 ¶ 22).

The Court is not persuaded that the COVID-19 pandemic, even with all of the tragedy, mayhem and upheaval caused by the virus, is cause to support a blanket extension of the claims bar date here. First, this case was filed on September 12, 2019. The August 13, 2020 claims bar date will arrive nearly one year after this case was filed.[1] Second, the Court granted the motion to set a bar date on February 11, 2020, at which time the Court announced and established a claims bar date of August 13, 2020. (ECF No. 404). On February 25, 2020, the *Order Establishing a Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* was entered (ECF No. 425)—affording abuse victims a period of 170 days to file a proof of claim form approved by the Court. Third, the noticing protocol approved by this Court—by which the Diocese was tasked with widely and repeatedly broadcasting notice of the claims bar date, in a manner designed to reach known and unknown abuse victims—was negotiated and carefully crafted by the Diocese, the Committee and the insurance carriers to maximize the reach of notice of the claims

---

[1] The nearly one-year period, between the filing of this Chapter 11 case and the claims bar date set by this Court, is extremely generous as compared to other Diocesan bankruptcy cases. For instance, in *The Roman Catholic Church for the Archdiocese of New Orleans*, Case No. 20-10486 (E.D. La. 2020), the Archdiocese of New Orleans filed its Chapter 11 petition on May 1, 2020. By that date, the State of Louisiana found itself firmly in the teeth of the COVID-19 pandemic. On July 1, 2020, exactly two months after filing for bankruptcy protection, the Archdiocese filed a motion requesting that the court set a bar date of September 29, 2020. (ECF No. 200). The motion is scheduled to be heard on August 20, 2020.

bar date. Immediately after the claims bar date was set and the noticing protocol was approved, the Diocese began repeatedly broadcasting notice of the claims bar date—together with information describing the mechanism by which sexual abuse victims can file proofs of claim either electronically or by mail. Of the 175 proofs of claim filed in this case by victims of sexual abuse, 172 of those claims were filed with the Claims Agent *after* the pandemic hit Western New York. Neither the Court nor the Claims Agent shuttered daily operations because of the pandemic.

The Court is convinced that the claims bar date noticing protocol is having its intended effect—reaching far and wide to give potential abuse victims notice of the claims bar date. The Court is also convinced that the COVID-19 pandemic has not adversely affected the proof of claim filing process. And, the attorneys specializing in representing victims of childhood sexual abuse, through their many daily television advertisements, have assisted in making it clear, to yet-unknown victims of childhood sexual abuse, that the claims bar date for this Chapter 11 case is August 13, 2020. Rather than relying on the extended CVA deadlines that either the Governor or NYS Legislature have suggested, those same attorneys are urging abuse victims to take action by the original CVA deadline—which happens to be August 13, 2020. So, instead of causing confusion, the suggested CVA extension dates are being ignored by careful practitioners.[2] Additionally, the Court has not received a single inquiry, by or on behalf of an abuse victim, concerning the proof of claim bar date or the impact of Governor Cuomo's Executive Order extending the CVA deadline for filing an action in the state courts.

---

[2] *See* Steve Orr and Sean Lahman, *Hundreds of new child sex abuse lawsuits flood in due to deadline uncertainty*, Democrat & Chronicle, July 27, 2020, https://www.democratandchronicle.com/story/sports/2020/07/27/child-victims-act-hundreds-suits-filed-due-deadline-uncertainty/5494090002/.

The Court has balanced the potential harm to unknown victims of childhood sexual abuse, if the claims bar date remains unchanged, against the harm to the Estate (by requiring additional noticing, with the additional attendant costs) and the harm to those abuse victims who have already filed proofs of claim (adding unnecessary delay to the ultimate resolution of their claims). The balancing of harms weighs in favor of not extending the claims bar date beyond August 13, 2020 at 11:59 P.M. (prevailing Eastern time). An abuse victim (or other creditor) filing a proof of claim after the claims bar date will need to demonstrate "cause" to permit their late-filed claim to be treated as timely, under Rule 3003(c)(3) FRBP. In the exercise of the Court's discretion, the motion of the Committee is **DENIED**.

## V.

## END NOTE

The Court has no doubt that the decision to come forward and file a proof of claim, recounting horrific incidents of childhood sexual abuse suffered at the hands of a catholic priest, nun or layperson working at a church, school or camp is unimaginably difficult and takes tremendous courage. Thus far, 175 abuse victims have filed claims in this case, demonstrating both extraordinary courage and a willingness to trust in this process. Be assured that all proofs of claim alleging sexual abuse in this case are restricted from public access by the Diocese's Claims Agent—unless public disclosure is specifically requested by a claimant.

**In order to participate in this case, and perhaps find some measure of justice, if you are a sexual abuse victim, you must file a proof of claim with the Claims Agent by August 13, 2020 at 11:59 P.M. (prevailing Eastern time).** As this Court directed in its Order of February 25, 2020:

> All claimants asserting Sexual Abuse Claims shall submit their proof of claim using the Sexual Abuse Proof of Claim Form . . . . In order to be considered valid, each

Sexual Abuse Proof of Claim must: (a) be written in English, (b) contain responses to all requests for information set forth therein to the best of the Sexual Abuse Claimant's knowledge at the time the form is signed, (c) be signed by the Sexual Abuse Claimant (or if such Sexual Abuse Claimant is a minor, legally incapacitated, or deceased, by such Sexual Abuse Claimant's parent, legal guardian or executor), **and (d) be actually received by Stretto, the Debtor's Claims and Noticing Agent, [by August 13, 2020 at 11:59 P.M. (prevailing Eastern time)]** either (i) electronically using the interface available on Stretto's website at *https://case.stretto.com/rochesterdiocese* or (ii) by delivering an original copy by hand delivery, first class mail or overnight courier to The Diocese of Rochester, Claims Processing c/o Stretto, 8269 E. 23rd Avenue, Suite 275, Denver, Colorado 80238. Proofs of claim sent by facsimile, telecopy, or e-mail will not be accepted.

(ECF No. 425 ¶ 10 (emphasis added)).

## VI.

## CONCLUSION

The motion of the Committee to extend the claims bar date is, in the exercise of the Court's discretion, **DENIED**. *The bar date, by which a proof of claim must be received in this case, from a victim of childhood sexual abuse, is (and remains) August 13, 2020 at 11:59 P.M. (prevailing Eastern time).*

To ensure that notice of this Decision is widely and promptly disseminated, the Diocese is directed to issue and circulate a press release summarizing this Decision (including a web address with a link to an electronic copy of this Decision), which press release is to be issued by the Diocese not later than 3:00 P.M. (Eastern) on July 30, 2020.

**IT IS SO ORDERED.**

DATED: July 29, 2020 _____/s/_____
    Rochester, New York     HON. PAUL R. WARREN
                                               United States Bankruptcy Judge