UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

The Diocese of Rochester,

        Debtor.

Case No. 19-20905

Chapter 11

**STATEMENT OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS IN SUPPORT OF FILING
CONFIDENTIAL INFORMATION UNDER SEAL**

      The Official Committee of Unsecured Creditors (the "**Committee**") of The Diocese of Rochester (the "**Diocese**" or, the "**Debtor**"), the debtor and debtor in possession in the above-captioned case, hereby submits its *Statement of the Official Committee of Unsecured Creditors in Support of Filing Confidential Information Under Seal* (the "**Statement**"). In support of the Statement, the Committee respectfully states as follows:

**RELEVANT FACTS**

      1.     On September 12, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Western District of New York (the "**Bankruptcy Court**") and is entitled *In re The Diocese of Rochester*, Case No. 19-20905 (PRW) (the "**Chapter 11 Case**"). No trustee or examiner has been appointed in this case, and the Debtor is managing its properties and businesses as a debtor-in-possession.

      2.     On September 25, 2019, the United States Trustee appointed the Committee. The Committee is comprised of nine sexual abuse survivors who asserted claims against the Debtor prior to the Petition Date. To date, approximately 475 claims asserting claims based on childhood sexual abuse ("**Sexual Abuse Claims**") have been filed against the Diocese. It is

1

critical that the identities of such claimants and any other survivor of sexual abuse known to the Diocese remain confidential.

3. On September 13, 2019, the Court entered *Order Authorizing the Debtor to File Portions of Schedule F and the Master Creditor Mailing Matrix, Under Seal*, Docket No. 29 (the "**Seal Order**"). The Seal Order authorized the Debtor to file under seal portions of Schedule F and the Master Creditor Matrix that "disclose or contain any identifying information relating to individuals who have either informally, formally, or through filing a lawsuit, notified the Debtor of allegations of abuse by clergy members or other persons employed by Catholic entities or otherwise subject to Diocesan supervision, (collectively, the "**Confidential Information**")." Seal Order, ¶ 2.

4. On February 25, 2020, the Debtor filed the *First Motion for Supplemental Relief Authorizing the Diocese to File Certain Confidential Information Under Seal*, Docket No. 892 (the "**Motion**"). In the Motion, the Diocese requested to file under seal any Confidential Information as well as "the name and address of any alleged abuse perpetrator," provided that the perpetrator is not listed on the Diocese's website (the "**Abuser Information**").

5. On April 19, 2021, the Debtor filed the *Amendment to the Motion*, Docket No. 953 (the "**Amendment**"). In the Amendment, the Debtor withdrew its request to file the Abuser Information under seal.

## STATEMENT

6. The Committee strongly supports the Debtor's request to file Confidential Information of sexual abuse survivors under seal. Maintaining the confidentiality of the identity of child sexual abuse survivors is of the utmost importance and the Committee appreciates that all parties to this bankruptcy have thus far strived to protect such information.

7. In deciding whether to protect the identity of litigants, courts must balance "the plaintiff's right to privacy and security against the dual concerns of (1) the public interest in identification of litigants and (2) the harm to the defendant stemming from suppression of plaintiff's name." *Doe v. Del Rio*, 241 F.R.D. 154, 157 (S.D.N.Y. 2006).

8. Child sexual abuse is a horrific crime that results in complex and lasting psychological trauma. The coping mechanisms survivors develop "can take any number of forms, including feelings of denial, shame, and guilt, and repression of memories of the abuse." *D.M.S. v. Barber*, 645 N.W.2d 383, 387 (Minn. 2002). Historically, "a regrettable inclination to blame the victim for sexual assaults, along with society's general respect for sexual privacy, have resulted in an atmosphere in which victims of sexual assault may experience shame or damage to reputation." *Del Rio*, 241 F.R.D. at 159; *see also Doe v. Colgate Univ.*, No. 5:15-cv-1069 (LEK/DEP), 2016 U.S. Dist. LEXIS 48787, at *7 (N.D.N.Y. Apr. 12, 2016) (collecting cases regarding the right to privacy for college sexual assault survivors); *Doe v. Hobart & William Smith Colls.*, No. 6:20-CV-06338 EAW, 2021 U.S. Dist. LEXIS 52371, at *6 (W.D.N.Y. Mar. 19, 2021) (holding that sexual assault survivors have a right to protect their identities). Child sexual abuse survivors therefore have a significant interest in keep their identities private and will potentially suffer significant harm if their identities are exposed publically.

9. In addition to the societal and psychological harm of public disclosure for sexual abuse survivors, that the survivors in this case were minors at the time of their abuse "further amplify[s their] right to privacy." *Doe v. Nygard*, No. 20 Civ 6501 (ER), 2020 U.S. Dist. LEXIS 151186, at *7 (S.D.N.Y. Aug. 20, 2020)

10. In contrast to the substantial injury that disclosure of the Confidential Information would cause survivors, no party with an economic interest will suffer any harm from the

3

Diocese's request to file the Confidential Information under seal. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006) ("Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers.").

11. Additionally, "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Id.* at 195. Moreover, if a lawsuit relates to many similarly situated individuals, "the identities of the particular parties bringing the suit may be largely irrelevant to the public concern with the nature of the process." *Del Rio*, 241 F.R.D. at 158.

12. Here, the survivors all filed claims based on an assurance that their names and other identifying information would be kept strictly confidential. Although certain survivors may have chosen to file state court complaints using their actual names, that action alone does not waive those individuals' right to privacy and confidentiality in these proceedings. While the Committee supports any survivors who wish to publically acknowledge and speak out regarding their experiences, the decision of how and when those survivors' names are provided to the public belongs with those survivors alone.

4

**WHEREFORE,** the Committee respectfully requests that the Court (i) enter an order, substantially in the form of Exhibit A to the Amendment, and (ii) grant such other and further relief as the Court deems just and proper.

Dated: April 12, 2021

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ Ilan D. Scharf*
James I. Stang (admitted *pro hac vice*)
Ilan D. Scharf
Brittany M. Michael
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: jstang@pszjlaw.com
ischarf@pszjlaw.com
bmichael@pszjlaw.com

Attorneys for the Official Committee of Unsecured Creditors