# Cover Sheet
## 362(d) Relief From Stay
(To summarize information set forth in the motion)

Debtor __Diocese of Rochester__   Chapter __11__
 Case No. __19-20905__

Date debtor(s) petition filed: __September 12, 2019__

Trustee __N/A__

## Equity Analysis

1. (a) Collateral __N/A__

   (b) Owned by __N/A__

2. Market value of property and basis __N/A__
   ☐ Schedules  ☐ Appraisal  ☐ Tax Assessment  ☐ NADA (for auto)
   ☐ Other

3. Amount of mortgages and liens __N/A__

4. Estimated cost of sale __N/A__

5. Total equity __N/A__

6. Is this the debtor's residence  ☐ yes  ☐ no

## Payment Information

a) Number of missed payments __N/A__

b) Total arrearages __N/A__


**Please Note the Following:**

1. This cover sheet must accompany every 362(d) motion served and filed with this court for the purpose of assisting the court in its review of your papers. Failure to do so will result in your papers being returned to you unprocessed.

2. Copies of mortgage or lien documents and proof of lien perfection must be attached to every 362(d) motion involving secured property. Failure to do so will result in the motion being denied.

3. Every motion must be accompanied by the following: a) A proposed order which is an exhibit to the motion to be served on all parties. b) An original order to be submitted to the court for determination and subsequent entry.

UNITED STATES BANKRUPCY COURT
WESTERN DISTRICT OF NEW YORK

In re: : NO. 19-20905-PRW
Diocese of Rochester, :
    Debtor. : CHAPTER 11

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY ON BEHALF OF CREDITOR TDA 74

TDA 74 ("**Movant**") brought a claim against The Diocese of Rochester (the "**Debtor**" or the "**Diocese**") and St. Patrick Parish (the "**Parish**") in the Monroe County Supreme Court, Index No. E2019007874 ("**Clergy Abuse Action**"). The Movant, a child sexual abuse claimant in the above-captioned Chapter 11, hereby moves (this "**Motion**") this Court for an Order granting relief from the automatic stay to allow the Movant to proceed to judgment on the grounds in the Clergy Abuse Action on the ground set forth below:

1. The Diocese of Rochester filed a petition for relief under Chapter 11 on September 12, 2019 (the "**Petition Date**").

2. On or about July 2, 2020, Movant filed Sexual Abuse Proof of Claim number 74 against the Diocese.

3. The Clergy Abuse Action seeks damages against the Debtor and Parish related to Movant's clergy child sexual abuse by Al Cason, a cleric for whom the Debtor and Parish were responsible.

4. The Clergy Abuse Action is pending in Monroe County Supreme Court, subject to the automatic stay and the *Agreed Stipulation and Order Pursuant to 11 U.S.C. §105(a) Staying Continued Prosecution of Certain Lawsuits* [Docket No. 452]. The claims set forth in the Clergy Abuse Action are unliquidated.

## Relief Requested

5. The Movant respectfully requests relief from the automatic stay for cause pursuant to 11 U.S.C. § 362(d) to prosecute the Clergy Abuse Action against the Diocese and all other defendants to such action. The Movant seeks stay relief to prosecute the Clergy Abuse Action and obtain a judgment therein. However, the Movant will not seek to enforce such judgment, subject to further order of the Court.

## Basis for Relief Requested

6. Relief from the automatic stay should be granted because cause exists as set forth in the Official Committee of Unsecured Creditors' Joinder of the Official Committee of Unsecured Creditors ("**Joinder**") and *Memorandum of Points and Authorities in Support of Motion* ("**MOL**") filed concurrently with this Motion, and any related declaration or reply pleadings and such other arguments or evidence as may be adduced at the hearing hereon. The Joinder and MOL, and all exhibits and/or attachments thereto, are incorporated herein.

7. The Movant hereby waives his right to an automatic termination of the stay that would otherwise be granted pursuant to 11 U.S.C. § 362 (e) after the expiration of thirty (30) days from the date of his request for relief under 11 U.S.C. § 362 (e).

WHEREFORE, Movant requests this Court issue an Order granting the following:

(a) Relief as requested.

(b) Such other relief as the Court deems just.

ANDREOZZI + FOOTE

By:*/s/ Nathaniel L. Foote*
   Nathaniel L. Foote, Esq.
   4503 N. Front Street
   Harrisburg, PA 17110
   *Attorney for Movant*

UNITED STATES BANKRUPCY COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | NO. 19-20905-PRW |
| Diocese of Rochester, | : | |
| Debtor. | : | CHAPTER 11 |

# DECLARATION OF NATHANIEL L. FOOTE IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Pursuant to 28 U.S.C. § 1746, I, Nathaniel L. Foote, Esq., hereby submit this declaration (the "Declaration") under penalty of perjury:

1. I am counsel for Movant TDA 74 in *T.A., et. al. v. Diocese of Rochester, et. al.*, Monroe County Supreme Court, No. E2019007874, and on his related proof of claim (Claim No. CC074).

2. In total, I represent thirteen (13) child sexual abuse survivors who filed proofs of claim in the above-captioned chapter 11 case.

3. I am a partner at Andreozzi + Foote. The firm's focus is institutional child sexual abuse claims and litigation. Many of our clients were abused by Catholic clergy.

4. I earned a Bachelor of Arts from James Madison University in Harrisonburg, Virginia in 2008. I earned my Juris Doctor from Penn State Dickinson School of Law in 2014.

5. Immediately after finishing law school, I joined my present firm (then called Andreozzi & Associates, P.C.). The firm's focus has been representation of child sexual abuse survivors since before I arrived. I have represented sexual abuse survivors during the entirely of my legal career and have handled hundreds of

such cases across multiple jurisdictions, including Pennsylvania, New Jersey, and New York.

6. I was admitted to the Pennsylvania Bar in 2014. I was admitted to the New York Bar in 2020. I was admitted to the New Jersey Bar in 2021. I am also admitted to practice in the US District Courts for the Eastern, Middle, and Western Districts of Pennsylvania, as well as the US Court of Appeals for the Third Circuit and US Supreme Court. I have been admitted *pro hac vice* in multiple other state and federal courts in civil child sexual abuse matters.

7. I attended the Court-ordered mediation sessions that have occurred from October 2020 through March 2021 on behalf of a member of the Official Committee of Unsecured Creditors and my other clients. I have personal knowledge of the facts set forth herein and can competently testify thereto.

8. The following summarizes the prepetition status of the actions pertinent to this motion:

   a. *T.A., et. al. v. Diocese of Rochester, et. al*., Monroe County Supreme Court, No. E2019007874.

      i. Movant TDA 74 is a survivor of child sexual abuse by Al Cason, a former Diocese priest (deceased). The Debtor admits Cason is a credibly accused abuser. Indeed, Cason was accused of abuse by multiple individuals throughout his tenure with the Diocese. Cason is, in fact, named in multiple other sexual abuse claims in the above-captioned bankruptcy. The Diocese has liability insurance for Movant's claim.

ii. At the time Debtor's Petition was filed, Movant's action had been filed against the Diocese and St. Patrick Parish, and service effectuated against both Defendants. No further progress was made pre-petition.

iii. A true and correct redacted copy of TDA 74's state court complaint has been filed concurrently with this Motion, with redaction, as an exhibit to the Joinder. A proposed order granting the relief requested in this Motion and in the Joinder has been filed concurrently with this Motion as Exhibit 1 to the Joinder.

9. The Debtor, Official Committee of Unsecured Creditors, and the Debtor's insurers have failed to reach a mediated settlement of this case. I believe that the mediation has failed thus far because the Debtor and its insurance carriers did not conduct a fair, independent claims evaluation.

10. The Committee worked closely with me and other state court counsel representing childhood sexual abuse survivors to value the filed proofs of claims.

11. The stay relief the Movant seeks is limited to the entry of a judgment, if any, and does not include collection actions against the Debtor or its insurers.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of knowledge and belief. I executed this Declaration on June 8, 2021 at Harrisburg, Pennsylvania.

By: *s/ Nathaniel L. Foote*