# Cover Sheet
## 362(d) Relief From Stay
### (To summarize information set forth in the motion)

Debtor: Diocese of Rochester          Chapter: 11
                                      Case No. 19-20905

Date debtor(s) petition filed: September 12, 2019

Trustee: N/A

## Equity Analysis

1. (a) Collateral  N/A

   (b) Owned by  N/A

2. Market value of property and basis  N/A
   - ☐ Schedules   ☐ Appraisal   ☐ Tax Assessment   ☐ NADA (for auto)
   - ☐ Other

3. Amount of mortgages and liens  N/A

4. Estimated cost of sale  N/A

5. Total equity  N/A

6. Is this the debtor's residence   ☐ yes   ☐ no

## Payment Information

a) Number of missed payments  N/A

b) Total arrearages  N/A

**Please Note the Following:**

**1.** This cover sheet must accompany every 362(d) motion served and filed with this court for the purpose of assisting the court in its review of your papers. Failure to do so will result in your papers being returned to you unprocessed.

**2.** Copies of mortgage or lien documents and proof of lien perfection must be attached to every 362(d) motion involving secured property. Failure to do so will result in the motion being denied.

**3.** Every motion must be accompanied by the following: a) A proposed order which is an exhibit to the motion to be served on all parties. b) An original order to be submitted to the court for determination and subsequent entry.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

The Diocese of Rochester,

        Debtor.

Case No. 19-20905

Chapter 11

# MOTION OF SHC-MG-2 DOE FOR RELIEF FROM THE AUTOMATIC STAY

SHC-MG-2 Doe (the "**Movant**") filed a Sexual Abuse Claim against The Diocese of Rochester (the "**Debtor**" or the "**Diocese**") and brought claims against other defendants in a separate lawsuit filed in the Supreme Court of the State of New York, in the County of Monroe (the "**Clergy Abuse Action**"). The Movant, a child sexual abuse claimant in the above-captioned Chapter 11 case, by and through his undersigned counsel, hereby moves (this "**Motion**") this Court for an Order granting relief from the automatic stay pursuant to section 362 of the Bankruptcy Code to allow the Movant to proceed to judgment on the grounds set forth below:

## Background Facts

1. The Diocese of Rochester filed a petition for relief under Chapter 11 on September 12, 2019 (the "**Petition Date**").

2. The Petition Date was less than one month after the New York Child Victims Act opened a window period for child sexual abuse survivors to file claims. Therefore, the Movant did not have an opportunity to file a claim against the Diocese prior to the Petition Date. The Movant filed the Clergy Abuse Action against the other defendants and filed a related proof of claim in the Debtor's bankruptcy case.

3. On or about August 7, 2020, the Movant filed Sexual Abuse Proof of Claim number 354 against the Diocese.

4. The Clergy Abuse Action and the related Sexual Abuse Claim seek damages against the Debtor and other parties on account of clergy child sexual abuse by an individual for whom the Diocese and the other parties were responsible.

5. The Clergy Abuse Action is pending in the Supreme Court of the State of New York, in the County of Monroe, subject to the *Agreed Stipulation and Order Pursuant to 11 U.S.C. §105(a) Staying Continued Prosecution of Certain Lawsuits* [Docket No. 452]. The claim set forth in the Clergy Abuse Action is unliquidated.

**Relief Requested**

6. The Movant respectfully requests relief from the automatic stay for cause pursuant to 11 U.S.C. § 362(d) to prosecute the Clergy Abuse Action against the Diocese and all other defendants to such action. The Movant will amend the complaint in the Clergy Abuse Action to include the Diocese as a defendant if this Motion is granted. The Movant seeks stay relief to prosecute the Clergy Abuse Action and obtain a judgment therein. However, the Movant will not seek to enforce such judgment, subject to further order of the Court.

**Basis for Relief Requested**

7. Relief from the automatic stay should be granted because cause exists as set forth in (a) the *Joinder of the Official Committee of Unsecured Creditors in Motions for Relief from Automatic Stay* (the "**Joinder**") and (b) the *Memorandum of Law in Support of Motions for Relief from Automatic Stay* (the "**MOL**"), filed concurrently with this Motion, and any related declaration or reply pleadings and such other arguments or evidence as may be adduced at the

hearing hereon. The Joinder, the MOL and all exhibits and/or attachments thereto are incorporated herein by reference for all purposes as though set forth fully herein.

8. The Movant hereby waives his right to an automatic termination of the stay that would otherwise be granted pursuant to 11 U.S.C. § 362 (e) after the expiration of thirty (30) days from the date of his request for relief under 11 U.S.C. § 362 (e).

WHEREFORE, Movant requests that this Court issue an Order (a) granting relief from the automatic stay as requested herein and in the Joinder and (b) such other and further relief as the Court deems just and proper.

Dated: June 8, 2021

Respectfully Submitted,

By: /s/*Mitchell Garabedian*
Mitchell Garabedian
mgarabedian@garabedianlaw.com
William H. Gordon
wgordon@garabedianlaw.com
LAW OFFICES OF MITCHELL GARABEDIAN
100 State Street, 6th Floor
Boston, MA 02109
Phone: (617) 523-6250

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

The Diocese of Rochester,

Debtor.

Case No. 19-20905

Chapter 11

# DECLARATION OF ATTORNEY MITCHELL GARABEDIAN IN SUPPORT OF SHC-MG-2 DOE'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Pursuant to 28 U.S.C. § 1746, I, Mitchell Garabedian, hereby submit this declaration (the "**Declaration**") under penalty of perjury:

1. I am of counsel for SHC-MG-2 Doe in the Clergy Abuse Action and on his related Sexual Abuse Proof of Claim number 354. I am associated in the above-named matter with Paul J. Hanly, Jr., Esq., and Brendan Smith, Esq., each of whom is a member in good standing of the New York bar, a member of Simmons Hanly Conroy, LLC and an attorney of record in the above-named matter.

2. In total, I represent ninety-five child sexual abuse survivors who filed proofs of claim in the above-captioned chapter 11 case.

3. I am the proprietor and managing attorney of the Law Offices of Mitchell Garabedian. I earned a Bachelor of Arts from Boston University in 1973, and a Master of Arts from Northeastern University in 1975. I earned my Juris Doctor degree from New England School of Law in 1979. I was admitted to the Bar of the Supreme Judicial Court of Massachusetts, the highest court of Massachusetts, in 1979. I was admitted to the United States District Court for the District of Massachusetts in 1980. This matter involves an area of the law, clerical sexual abuse litigation, in which I have considerable professional experience. Sexual

abuse cases involving Catholic priests are complex and require specialized knowledge of the Catholic Church's management structure, recordkeeping practices and protocols for handling accused abuser priests; as well as an understanding of the myriad symptoms of damages victims experience as a result of being an adult survivor of childhood clerical sexual abuse. I have represented plaintiffs in hundreds of these cases in courts in Massachusetts, Maine, Connecticut, New Jersey, and elsewhere.

4. I attended the Court-ordered mediation sessions that have occurred from October 2020 through March 2021 on behalf of two members of the Official Committee of Unsecured Creditors, and my other clients. I have personal knowledge of the facts set forth herein and can competently testify thereto.

5. The following summarizes the prepetition status of the action pertinent to this motion:

   a. SHC-MG-2 Doe is a survivor of child sexual abuse by Father Albert H. Cason (deceased). The Debtor has not denied that Father Cason is a credibly accused abuser. Father Cason in fact is named in at least nineteen other sexual abuse proofs of claim in the above-captioned bankruptcy. The Diocese has liability insurance for SHC-MG-2 Doe's claim. SHC-MG-2 Doe's state court complaint was filed post-petition, and therefore no other action has been taken in the state court litigation aside from the filing of the complaint. A true and correct copy of SHC-MG-2 Doe's state court complaint has been filed concurrently with this Motion as an exhibit to the Joinder.

6. The Debtor, Official Committee of Unsecured Creditors, and the Debtor's insurers have failed to reach a mediated settlement of this case. I believe that the mediation has failed thus far, in large part, because the Debtor and its insurers, on the one hand, and the Committee and counsel to Sexual Abuse Survivors, on the other hand, have a substantial disagreement about the amount of proper compensation for holders of Sexual Abuse Claims.

7. The stay relief the Movant seeks is limited to the entry of a judgment, if any, and does not include collection actions against the Debtor or its insurers, subject to further order of the Court.

8. A proposed order granting the relief requested in this Motion and in the Joinder has been filed concurrently with this Motion as Exhibit 1 to the Joinder.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of knowledge and belief. I executed this Declaration on June 8, 2021 at 100 State Street, 6th Floor, Boston, MA 02109.

By: /s/*Mitchell Garabedian*
Mitchell Garabedian
mgarabedian@garabedianlaw.com
LAW OFFICES OF MITCHELL GARABEDIAN
100 State Street, 6th Floor
Boston, MA 02109
Phone: (617) 523-6250