## Cover Sheet
## 362(d) Relief From Stay
### (To summarize information set forth in the motion)

Debtor: Diocese of Rochester                  Chapter: 11
                                              Case No. 19-20905

Date debtor(s) petition filed: September 12, 2019

Trustee: N/A

### Equity Analysis

1. (a) Collateral N/A

   (b) Owned by N/A

2. Market value of property and basis N/A
   ☐ Schedules   ☐ Appraisal   ☐ Tax Assessment   ☐ NADA (for auto)
   ☐ Other

3. Amount of mortgages and liens N/A

4. Estimated cost of sale N/A

5. Total equity N/A

6. Is this the debtor's residence   ☐ yes   ☐ no

### Payment Information

a) Number of missed payments N/A

b) Total arrearages N/A

**Please Note the Following:**

1. This cover sheet must accompany every 362(d) motion served and filed with this court for the purpose of assisting the court in its review of your papers. Failure to do so will result in your papers being returned to you unprocessed.

2. Copies of mortgage or lien documents and proof of lien perfection must be attached to every 362(d) motion involving secured property. Failure to do so will result in the motion being denied.

3. Every motion must be accompanied by the following: a) A proposed order which is an exhibit to the motion to be served on all parties. b) An original order to be submitted to the court for determination and subsequent entry.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re:

The Diocese of Rochester,

        Debtor.

Case No. 19-20905

Chapter 11

---

## MOTION OF M.G. 133 FOR

## RELIEF FROM THE AUTOMATIC STAY

M.G.133 (the "**Movant**") filed a Sexual Abuse Claim against The Diocese of Rochester (the "**Debtor**" or the "**Diocese**") and brought a claim against other defendants in a separate lawsuit filed in the Supreme Court of the State of New York, County of Monroe, *M.G.133 v. The Church of St. Margaret Mary of the Town of Irondequoit, N.Y. n/k/a Kateri Tekakwitha Roman Catholic Parish, Monroe County, NY; Atlantic-Midwest Province of the School Sisters of Notre Dame, Inc.; and Janice Nadeau,* (the "**Clergy Abuse Action**"). A true and correct redacted copy of M.G.133's state court complaint has been filed concurrently with this Motion as an exhibit to the *Joinder of the Official Committee of Unsecured Creditors in Motions for Relief from Automatic Stay*. The Movant, a child sexual abuse claimant in the above-captioned Chapter 11 case, by and through his undersigned counsel, hereby moves (this "**Motion**") this Court for an Order granting relief from the automatic stay pursuant to section 362 of the Bankruptcy Code to allow the Movant to proceed to judgment on the grounds set forth below:

### Background Facts

1.      The Diocese of Rochester filed a petition for relief under Chapter 11 on September 12, 2019 (the "**Petition Date**").

2. The Petition Date was less than one month after the New York Child Victims Act opened a window period for child sexual abuse survivors to file claims. The short period of time between the CVA window opening and the Petition Date did not provide Movant sufficient opportunity to file a claim against the Diocese prior to the Petition Date. The Movant therefore filed a related proof of claim in the Debtor's bankruptcy case and a Clergy Abuse Action against the other defendants.

3. On or about July 18, 2020, the Movant filed Sexual Abuse Proof of Claim number 133 against the Diocese.

4. The Clergy Abuse Action and the related Sexual Abuse Claim seek damages against the Debtor and other parties on account of clergy child sexual abuse by an individual for whom the Diocese and the other parties were responsible.

5. The Clergy Abuse Action is pending in Supreme Court of the State of New York, County of Monroe, subject to the *Agreed Stipulation and Order Pursuant to 11 U.S.C. §105(a) Staying Continued Prosecution of Certain Lawsuits* [Docket No. 452]. The claim set forth in the Clergy Abuse Action is unliquidated.

### Relief Requested

6. The Movant respectfully requests relief from the automatic stay for cause pursuant to 11 U.S.C. § 362(d) to prosecute the Clergy Abuse Action against the Diocese and all other defendants to such action. The Movant will amend the complaint in the Clergy Abuse Action to include the Diocese as a defendant if this Motion is granted. The Movant seeks stay relief to prosecute the Clergy Abuse Action and obtain a judgment therein. However, the Movant will not seek to enforce such judgment, subject to further order of the Court.

## Basis for Relief Requested

7. Relief from the automatic stay should be granted because cause exists as set forth in (a) the *Joinder of the Official Committee of Unsecured Creditors in Motions for Relief from Automatic Stay* (the "**Joinder**") and (b) the *Memorandum of Law in Support of Motions for Relief from Automatic Stay* (the "**MOL**"), filed concurrently with this Motion, and any related declaration, reply pleadings, and such other arguments or evidence as may be adduced at the hearing hereon. The Joinder, the MOL, proposed Order, and all exhibits or attachments thereto are incorporated herein by reference for all purposes as though set forth fully herein.

8. The Movant hereby waives his right to an automatic termination of the stay that would otherwise be granted pursuant to 11 U.S.C. § 362 (e) after the expiration of thirty (30) days from the date of his request for relief under 11 U.S.C. § 362 (e).

WHEREFORE, Movant requests that this Court issue an Order (a) granting relief from the automatic stay as requested herein and in the Joinder and (b) such other and further relief as the Court deems just and proper.

Dated: June 8, 2021               JAMES, VERNON & WEEKS, P.A.

 

By:       /s/ Leander L. James
      Leander James, ljames@jvwlaw.net
      Craig Vernon, cvernon@jvwlaw.net
      NY Office: 2 State Street, Ste. 1000
      Rochester, NY 14614

      ID Office: 1626 Lincoln Way
      Coeur d'Alene, ID 83815
      (888) 667-0683

      Patrick Noaker, patrick@noakerlaw.com
      1600 Utica Ave. S, 9th Fl.
      St. Louis Park, MN 55416
      (952) 491-6798

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

The Diocese of Rochester,

Debtor.

Case No. 19-20905

Chapter 11

# **DECLARATION OF LEANDER JAMES IN SUPPORT OF MOTION OF M.G. 133 FOR RELIEF FROM THE AUTOMATIC STAY**

Pursuant to 28 U.S.C. § 1746, I, Leander James, hereby submit this declaration (the "**Declaration**") under penalty of perjury:

1. I am counsel of record for M.G.133 in *M.G.133 v. The Church of St. Margaret Mary of the Town of Irondequoit, N.Y. n/k/a Kateri Tekakwitha Roman Catholic Parish, Monroe County, NY; Atlantic-Midwest Province of the School Sisters of Notre Dame, Inc.; and Janice Nadeau*; and on his related Proof of Claim No. 133.

2. In total, I represent 43 child sexual abuse survivors who filed proofs of claim in the above-captioned chapter 11 case.

3. I am a founding Shareholder of James, Vernon & Weeks, P.A. Since 2008 I have focused my practice on representation of child sexual abuse survivors throughout the United States. At the request of a New York non-profit, I assisted in drafting New York's Child Victims Act and provided information to the New York Senate regarding the same. I earned a Bachelor of Arts from the University of Santa Clara in 1983 with B.A. in English. I earned my Juris Doctor degree from The University of Idaho in 1993. I am admitted to the following bars:

- New York State, 2018
- Minnesota, 2016
- Washington State, 1994
- Idaho, 1993
- U.S. District Court, Southern District of Texas, 2015
- U.S. Supreme Court, 2012
- U.S. District Court for the District of Columbia, 2012
- U.S. Court of Appeals 9th Circuit, 2011
- U.S. Court of Appeals 5th Circuit, 2021
- U.S. District Court Eastern District of New York, 2020
- U.S. District Court Western District of New York, 2019
- U.S. District Court Eastern District of Wisconsin, 2011
- U.S. District Court Western District of Washington, 2010
- U.S. District Court Eastern District of Washington, 1994
- U.S. District Court District of Idaho, 1993

I have been a civil litigator and trial attorney since 1993. My practice initially focused on complex tort and some property litigation. By 2008, my practice had shifted to primarily helping child sexual abuse survivors. I continue to handle some complex Multi-District and class action litigation. I was one of three claimant attorneys nominated (among many) to negotiate the plan of reorganization and settlement in the case of *In re Society of Jesus, Oregon Province*, No. 09-30938-elp11, Bankr. D. Or. (2009). That settlement included monetary and non-monetary terms for the protection of children and has formed a framework for subsequent Catholic Bankruptcy settlements and plans of reorganization. I have represented hundreds of child sexual abuse survivors in Hawaii, Montana, Idaho, Washington, New Mexico, Minnesota, New York and other states. My cases include numerous state court cases as well as the following Catholic bankruptcy cases I played a significant role in resolving:

- *In re Society of Jesus, Oregon Province*, No. 09-30938-elp11, Bankr. D. Or. (2009)
- *In Re: The Archdiocese of Saint Paul and Minneapolis*, No. 15-30125, Bankr. D. MN (2015).

5

- *In Re: Roman Catholic Bishop of Helena, Montana*, No. 14-60074-11, Bankr. D. MT (2014

- *In Re: Roman Catholic Bishop of Great Falls, Montana*, No. 17-60271, Bankr. D. MT (2017)

4. I attended the Court-ordered mediation sessions that have occurred from October 2020 through March 2021 on behalf of two members of the Official Committee of Unsecured Creditors and my other clients. I have personal knowledge of the facts set forth herein and can competently testify thereto.

5. The following summarizes the status of the action pertinent to this motion:

   a. *M.G. 133 v. The Church of St. Margaret Mary of the Town of Irondequoit, N.Y. n/k/a Kateri Tekakwitha Roman Catholic Parish, Monroe County, NY; Atlantic-Midwest Province of the School Sisters of Notre Dame, Inc.; and Janice Nadeau.* M.G.133 is a survivor of child sexual abuse by Sister Janice Nadeau. The Debtor has not denied that Sister Janice Nadeau is a credibly accused abuser. The Diocese has liability insurance for M.G.133's claim. A complaint has been filed and all Corporate Defendants have been served. I have information that Ms. Nadeau has dementia and is in a retirement home at an unknown location, possibly in Connecticut. If stay is lifted, Plaintiff may amend the complaint to remove Ms. Nadeau as a defendant or, if necessary, move for extension of time to locate and serve her. No answers have yet been filed. The parties have not engaged in discovery and motion practice. A true and correct copy of M.G.133's filed and redacted state court complaint and proof of claim have been filed concurrently with this Motion, as an exhibit to

proposed Order granting the relief requested in this Motion and in the Joinder has been filed concurrently with this Motion as Exhibit 1 to the Joinder.

6. The Debtor, Official Committee of Unsecured Creditors, and the Debtor's insurers have failed to reach a mediated settlement of this case. I believe that the mediation has failed thus far, in large part, because the Debtor and its insurers, on the one hand, and the Committee and counsel to Sexual Abuse Survivors, on the other hand, have a substantial disagreement about the amount of proper compensation for holders of Sexual Abuse Claims.

7. The stay relief the Movant seeks is limited to the entry of a judgment, if any, and does not include collection actions against the Debtor or its insurers, subject to further order of the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of knowledge and belief.

I executed this Declaration on June 8, 2021 at Coeur d'Alene, Idaho.

By: */s/ Leander L. James*
Leander L. James