# Cover Sheet
## 362(d) Relief From Stay
(To summarize information set forth in the motion)

Debtor  Diocese of Rochester

Chapter  11
Case No. 19-20905

Date debtor(s) petition filed:  September 12, 2019

Trustee  N/A

## Equity Analysis

1. (a) Collateral  N/A

   (b) Owned by  N/A

2. Market value of property and basis  N/A
   - ☐ Schedules
   - ☐ Appraisal
   - ☐ Tax Assessment
   - ☐ NADA (for auto)
   - ☐ Other

3. Amount of mortgages and liens  N/A

4. Estimated cost of sale  N/A

5. Total equity  N/A

6. Is this the debtor's residence   ☐ yes   ☐ no

## Payment Information

a) Number of missed payments  N/A

b) Total arrearages  N/A

**Please Note the Following:**

1. This cover sheet must accompany every 362(d) motion served and filed with this court for the purpose of assisting the court in its review of your papers. Failure to do so will result in your papers being returned to you unprocessed.

2. Copies of mortgage or lien documents and proof of lien perfection must be attached to every 362(d) motion involving secured property. Failure to do so will result in the motion being denied.

3. Every motion must be accompanied by the following: a) A proposed order which is an exhibit to the motion to be served on all parties. b) An original order to be submitted to the court for determination and subsequent entry.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

The Diocese of Rochester,

Debtor.

Case No. 19-20905

Chapter 11

## **MOTION OF LCVAWCR-DOE FOR RELIEF FROM THE AUTOMATIC STAY**

LCVAWCR-DOE (the "**Movant**") filed a Sexual Abuse Claim against The Diocese of Rochester (the "**Debtor**" or the "**Diocese**") and brought a claim against other defendants in a separate lawsuit filed in the Supreme Court, Westchester County (LCVAWCR-DOE v. THE CATHOLIC YOUTH ORGANIZATION OF CATHOLIC CHARITIES OF THE DIOCESE OF ROCHESTER et al., Index # 63236/2020) (the "**Clergy Abuse Action**"). The Movant, a child sexual abuse claimant in the above-captioned Chapter 11 case, by and through his undersigned counsel, hereby moves (this "**Motion**") this Court for an Order granting relief from the automatic stay pursuant to section 362 of the Bankruptcy Code to allow the Movant to proceed to judgment on the grounds set forth below:

### **Background Facts**

1. The Diocese of Rochester filed a petition for relief under Chapter 11 on September 12, 2019 (the "**Petition Date**").

2. The Petition Date was less than one month after the New York Child Victims Act opened a window period for child sexual abuse survivors to file claims. Therefore, the Movant did not have an opportunity to file a claim against the Diocese prior to the Petition Date. The Movant filed the Clergy Abuse Action against the other defendants and filed a related proof of claim in the Debtor's bankruptcy case.

3. On or about June 30, 2020, the Movant filed Sexual Abuse Proof of Claim number 65 against the Diocese.

4. The Clergy Abuse Action and the related Sexual Abuse Claim seek damages against the Debtor and other parties on account of clergy child sexual abuse by an individual for whom the Diocese and the other parties were responsible.

5. The Clergy Abuse Action is pending in Westchester Supreme Court, subject to the *Agreed Stipulation and Order Pursuant to 11 U.S.C. §105(a) Staying Continued Prosecution of Certain Lawsuits* [Docket No. 452]. The claim set forth in the Clergy Abuse Action is unliquidated.

## Relief Requested

6. The Movant respectfully requests relief from the automatic stay for cause pursuant to 11 U.S.C. § 362(d) to prosecute the Clergy Abuse Action against the Diocese and all other defendants to such action. The Movant will amend the complaint in the Clergy Abuse Action to include the Diocese as a defendant if this Motion s granted. The Movant seeks stay relief to prosecute the Clergy Abuse Action and obtain a judgment therein. However, the Movant will not seek to enforce such judgment, subject to further order of the Court.

## Basis for Relief Requested

7. Relief from the automatic stay should be granted because cause exists as'set forth in (a) the *Joinder of the Official Committee of Unsecured Creditors in Motions for Relief from Automatic Stay* (the "**Joinder**") and (b) the *Memorandum of Law in Support of Motions for Relief from Automatic Stay* (the "**MOL**"), filed concurrently with this Motion, and any related declaration or reply pleadings and such other arguments or evidence as may be adduced at the

hearing hereon. The Joinder Motion, the Memorandum of Law and all exhibits or attachments thereto are incorporated herein by reference for all purposes as though set forth fully herein.

8. The Movant hereby waives his right to an automatic termination of the stay that would otherwise be granted pursuant to 11 U.S.C. § 362 (e) after the expiration of thirty (30) days from the date of his request for relief under 11 U.S.C. § 362 (e).

WHEREFORE, Movant requests that this Court issue an Order (a) granting relief from the automatic stay as requested herein and in the Joinder and (b) such other and further relief as the Court deems just and proper.

New York, NY

June 8, 2021

                                               Steven J. Phillips
                                               PHILLIPS & PAOLICELLI LLP
                                               747 Third Avenue, Sixth Floor
                                               New York NY 10017
                                               (212) 388-5100
                                               sphillips@p2law.com
                                               *Counsel for Plaintiff*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

Case No. 19-20905

The Diocese of Rochester,

Chapter 11

Debtor.

## DECLARATION OF STEVEN J. PHILLIPS IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Pursuant to 28 U.S.C. § 1746, I, Steven J. Phillips hereby submit this declaration (the "**Declaration**") under penalty of perjury:

1. I am counsel of record for LCVAWCR-DOE[1] in the case of LCVAWCR-DOE v. THE CATHOLIC YOUTH ORGANIZATION OF CATHOLIC CHARITIES OF THE DIOCESE OF ROCHESTER et al., Index # 63236/2020, and on his related proof of claim 65.

2. In total, I represent two child sexual abuse survivors who filed proofs of claim in the above-captioned chapter 11 case.

3. I am a founding partner at Phillips & Paolicelli LLP. Our practice focuses on complex personal injury and mass tort cases, including representing many victims of childhood sexual abuse. I earned a Bachelor of Arts from Williams College in 1968. I earned my Juris Doctor degree from Columbia Law School in 1971. I was admitted to the State Bar of New York in 1971. For decades, I have represented plaintiffs in complex tort litigation in federal and state trial and appellate courts across the country.

---

[1] Plaintiff's original pseudonym PC-32 Doe was changed to LCVAWCR-DOE by the Court on February 11, 2021.

{00062432}  DOCS_NY:42661.3 18489/002

4. My partner Diane Paolicelli attended the Court-ordered mediation sessions that have occurred from October 2020 through March 2021 on behalf of a member of the Official Committee of Unsecured Creditors and my other clients. I have personal knowledge of the facts set forth herein and can competently testify thereto.

5. The following summarizes the prepetition status of the action pertinent to this motion:

   a. In LCVAWCR-DOE v. THE CATHOLIC YOUTH ORGANIZATION OF CATHOLIC CHARITIES OF THE DIOCESE OF ROCHESTER et al., Westchester County Index # 63236/2020, the Plaintiff LCVAWCR-DOE is a survivor of profound and repeated child sexual abuse by Father Paul Schnacky (deceased). The Debtor has not denied that Schnacky is a credibly accused abuser. On information and belief, Schnacky is named in at least six other sexual abuse proof of claim in the above-captioned bankruptcy, and the Diocese has liability insurance for LCVAWCR-DOE's claim. State court proceedings would include motion practice, discovery, and trial if necessary. For the Court's convenience, a true and correct copy of LCVAWCR-DOE's state court complaint has been filed concurrently with this Motion, with any personal identifying information redacted, as an exhibit to the Joinder. A proposed order granting the relief requested in this Motion and in the Joinder has been filed concurrently with this Motion as Exhibit 1 to the Joinder.

6. The Debtor, Official Committee of Unsecured Creditors, and the Debtor's insurers have failed to reach a mediated settlement of this case. I believe that the

mediation has failed thus far, in large part, because the Debtor and its insurers, on the one hand, and the Committee and counsel to Sexual Abuse Survivors, on the other hand, have a substantial disagreement about the amount of proper compensation for holders of Sexual Abuse Claims.

7. The stay relief the Movant seeks is limited to the entry of a judgment, if any, and does not include collection actions against the Debtor or its insurers, subject to further order of the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of knowledge and belief. I executed this Declaration on June 8, 2021 at New York, NY.

By: June 8, 2021

Steven J. Phillips
PHILLIPS & PAOLICELLI LLP
747 Third Avenue, Sixth Floor
New York NY 10017
(212) 388-5100
sphillips@p2law.com
*Counsel for Plaintiff*