UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

The Diocese of Rochester,

Debtor.

Case No. 19-20905

Chapter 11

# **DECLARATION OF JAMES R. MARSH IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Pursuant to 28 U.S.C. § 1746, I, James R. Marsh, hereby submit this declaration (the "**Declaration**") under penalty of perjury:

1. I am counsel of record for S.B. in the pending lawsuits filed in Monroe County Supreme Court (Index No. E2019007694 and Index No. E2020006594), and on his related proof of claim #197.

2. In total, I represent 31 child sexual abuse survivors who filed proofs of claim in the above-captioned chapter 11 case.

3. I am a partner at the Marsh Law Firm PLLC. Our practice focuses on representing survivors of sexual abuse. I earned a Bachelor of Arts from the University of Michigan in 1987. I earned my Juris Doctor degree from the University of Michigan Law School in 1990. I was admitted to the State Bar of New York in 1991. I have been licensed to practice law in New York and the District of Columbia for almost thirty years. I represent survivors of sex abuse in religious, educational, governmental, and military institutions, campus sexual assault and rape, and online sexual exploitation. My case on compensation for survivors of child pornography in federal criminal restitution proceedings was decided by the United States Supreme Court in 2014. That case, *United States v.*

*Paroline*, led to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 which passed the House and Senate by unanimous consent and was signed into law on December 7, 2018.

4. I attended the Court-ordered mediation sessions that have occurred from October 2020 through March 2021 on behalf of a member of the Official Committee of Unsecured Creditors and my other clients. I have personal knowledge of the facts set forth herein and can competently testify thereto.

5. The following summarizes the prepetition status of the action pertinent to this motion:

    a. S.B. is a survivor of child sexual abuse by Brother John Walsh. The Diocese has liability insurance for S.B.'s claim. The parties need to proceed with litigating S.B.'s claims in state court, including commencing discovery. A true and correct redacted copy of S.B.'s state court complaints have been filed concurrently with this Motion, with redaction, as an exhibit to the Joinder. A proposed order granting the relief requested in this Motion and in the Joinder has been filed concurrently with this Motion as Exhibit 1 to the Joinder.

6. The Debtor, Official Committee of Unsecured Creditors, and the Debtor's insurers have failed to reach a mediated settlement of this case. I believe that the mediation has failed thus far, in large part, because the Debtor and its insurers, on the one hand, and the Committee and counsel to Sexual Abuse Survivors, on the other hand, have a substantial disagreement about the amount of proper compensation for holders of Sexual Abuse Claims.

7. The stay relief the Movant seeks is limited to the entry of a judgment, if any, and does not include collection actions against the Debtor or its insurers, subject to further order of the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of knowledge and belief.

New York, New York
June 7, 2021

By _____
James R. Marsh