**EXHIBIT 8**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

| | |
|---|---|
| AB 110 DOE, | Index No. _____ |
| Plaintiff, | COMPLAINT |
| v. | |
| THE DIOCESE OF ROCHESTER; ST. JOHN THE EVANGELIST CHURCH OF GREECE A/K/A ST. JOHN THE EVANGELIST A/K/A ST. JOHN EVANGELIST; and DOES 1-5 whose identities are unknown to Plaintiff, | DEMAND FOR JURY TRIAL[1] |
| Defendants. | |

Plaintiff, by and through Plaintiff's attorneys, states and alleges as follows:

## PARTIES

1. At all times material to this Complaint, Plaintiff resided in the State of New York.

2. Plaintiff brings this action under a pseudonym with leave of Court.

3. Whenever reference is made to any Defendant entity, such reference includes that entity, its parent companies, subsidiaries, affiliates, predecessors, and successors. In addition, whenever reference is made to any act, deed, or transaction of any entity, the allegation means that the entity engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or representatives while they were actively engaged in the management, direction, control, or transaction of the entity's business or affairs.

4. At all times material, Defendant The Diocese of Rochester ("Diocese") was and continues to be an organization or entity which includes, but is not limited to, civil corporations,

---

[1] Pursuant to §4 of the New York Child Victims Act, Plaintiff is entitled to a trial preference.

decision making entities, officials, and employees, authorized to conduct business and conducting business in the State of New York with its principal place of business at 1150 Buffalo Road, Rochester, New York 14624.

5. The Diocese of Rochester was created in approximately 1868. Later, the Diocese created a corporation called The Diocese of Rochester to conduct some of its affairs. The Diocese operates its affairs as both a corporate entity and as the organization known as The Diocese of Rochester. The Diocese functions as a business by engaging in numerous revenue-producing activities and soliciting money from its members in exchange for its services.

6. The Diocese has several programs that seek out the participation of children, including but not limited to schools and other educational programs. The Diocese, through its officials, has complete control over those activities and programs involving children. The Diocese has the power to appoint, train, supervise, monitor, remove and terminate each and every person working with children within the Diocese.

7. At all times material, Defendant St. John the Evangelist Church of Greece a/k/a St. John the Evangelist a/k/a St. John Evangelist ("St. John") was and continues to be an organization authorized to conduct business and conducting business in the State of New York, with its principal place of business at 2400 West Ridge Road, Rochester, New York 14626. St. John includes, but is not limited to, the St. John corporation and any other organizations and/or entities operating under the same or similar name with the same or similar principal place of business.

8. At all times material, St. John was and continues to be under the direct authority, control, and province of Defendant Diocese and the Bishop of the Diocese of Rochester. Defendant St. John includes any school affiliated with St. John. At all times material, St. John was under the direct authority, control, and province of Defendant St. John and the Bishop of the Diocese of

4

Rochester. At all times material, Defendants St. John and Diocese owned, operated, managed, maintained, and controlled St. John School.

9. Defendants Does 1 through 5 are unknown agents whose identities will be provided when they become known pursuant to C.P.L.R. § 1024.

## JURISDICTION

10. This Court has jurisdiction pursuant to C.P.L.R. § 301 as Defendants' principal place of business is in New York and because the unlawful conduct complained of herein occurred in New York.

11. Venue is proper pursuant to C.P.L.R. § 503 in that Monroe County is the principal place of business of Defendant Diocese of Rochester and Defendant St John. In addition, many of the events giving rise to this action occurred in Monroe County.

## FACTS

12. At all times material, Fr. Joseph Larrabee ("Fr. Larrabee") was a Roman Catholic priest employed by the Diocese of Rochester and St. John. Fr. Larrabee remained under the direct supervision, employ, and control of Defendants.

13. Defendants placed Fr. Larrabee in positions where he had access to and worked with children as an integral part of his work.

14. Defendants held their leaders and agents out as people of high morals, as possessing immense power, teaching families and children to obey these leaders and agents, teaching families and children to respect and revere these leaders and agents, soliciting youth and families to their programs, marketing to youth and families, recruiting youth and families, and holding out the people that worked in the programs as safe.

15. Plaintiff was raised in a devout Roman Catholic family and attended St. John in

Rochester, in the Diocese of Rochester. Plaintiff and Plaintiff's family came in contact with Fr. Larrabee as an agent and representative of Defendants, and at St. John.

16. Plaintiff participated in church activities at St. John. Plaintiff, therefore, developed great admiration, trust, reverence, and respect for the Roman Catholic Church, including Defendants and their agents, including Fr. Larrabee.

17. During and through these activities, Plaintiff, as a minor and vulnerable child, was dependent on Defendants and Fr. Larrabee. Defendants had custody of Plaintiff and accepted the entrustment of Plaintiff and, therefore, had responsibility for Plaintiff and authority over Plaintiff.

18. From approximately 1984 to 1985, when Plaintiff was approximately 15 to 16 years old, Fr. Larrabee engaged in unpermitted sexual contact with Plaintiff.

19. Plaintiff's relationship to Defendants and Fr. Larrabee, as a vulnerable child, parishioner, student and participant in church activities, was one in which Plaintiff was subject to the ongoing influence of Defendants and Fr. Larrabee.

20. The culture of the Catholic Church over Plaintiff created pressure on Plaintiff not to report the abuse Plaintiff suffered.

21. Defendants knew or should have known that Fr. Larrabee was a danger to children before Fr. Larrabee sexually assaulted Plaintiff.

22. Prior to the sexual abuse of Plaintiff, Defendants learned or should have learned that Fr. Larrabee was not fit to work with children. Defendants, by and through their agents, servants and/or employees, became aware, or should have become aware of Fr. Larrabee's propensity to commit sexual abuse and of the risk to Plaintiff's safety. At the very least, Defendants knew or should have known that they did not have sufficient information about whether or not their leaders and people working at Catholic institutions within the Diocese were

safe.

23. Defendants knew or should have known that there was a risk of child sex abuse for children participating in Catholic programs and activities within the Diocese. At the very least, Defendants knew or should have known that they did not have sufficient information about whether or not there was a risk of child sex abuse for children participating in Catholic programs and activities within the Diocese.

24. Defendants knew or should have known that Defendants had numerous agents who had sexually molested children. Defendants knew or should have known that child molesters have a high rate of recidivism. Defendants knew or should have known that some of the leaders and people working in Catholic institutions within the Diocese were not safe and that there was a specific danger of child sex abuse for children participating in their youth programs.

25. Instead, Defendants negligently deemed that Fr. Larrabee was fit to work with children and/or that any previous problems were fixed or cured and/or that Fr. Larrabee would not sexually assault children and/or that Fr. Larrabee would not injure children.

26. Defendants owed Plaintiff a duty of reasonable care because they had superior knowledge about the risk that Fr. Larrabee posed to Plaintiff, the risk of abuse in general in their programs and/or the risks that their facilities posed to minor children.

27. Defendants owed a duty to Plaintiff to protect Plaintiff from harm because Defendants' actions created a foreseeable risk of harm to Plaintiff. As a vulnerable child participating in the programs and activities Defendants offered to minors, Plaintiff was a foreseeable victim. As a vulnerable child who Fr. Larrabee had access to through Defendants' facilities and programs, Plaintiff was a foreseeable victim.

28. Defendants also breached their duty to Plaintiff by actively maintaining and

7

employing Fr. Larrabee in a position of power and authority through which Fr. Larrabee had access to children, including Plaintiff, and power and control over children, including Plaintiff.

29. Each Defendant breached its duties to Plaintiff. Defendants failed to use ordinary care in determining whether their facilities were safe and/or determining whether they had sufficient information to represent their facilities as safe. Defendants' breach of their duties include, but are not limited to: failure to protect Plaintiff from a known danger, failure to have sufficient policies and procedures to prevent child sex abuse, failure to properly implement policies and procedures to prevent child sex abuse, failure to take reasonable measures to make sure that policies and procedures to prevent child sex abuse were working, failure to adequately inform families and children of the risks of child sex abuse, failure to investigate risks of child sex abuse, failure to properly train the employees at institutions and programs within Defendants' geographical confines, failure to train parishioners within Defendants' geographical confines about the risk of sexual abuse; failure to have any outside agency test their safety procedures, failure to protect the children in their programs from child sex abuse, failure to adhere to the applicable standard of care for child safety, failure to investigate the amount and type of information necessary to represent the institutions, programs, leaders and people as safe, failure to train their employees properly to identify signs of child sexual abuse by fellow employees, failure by relying upon mental health professionals, and/or failure by relying on people who claimed that they could treat child molesters.

30. Defendants also breached their duty to Plaintiff by failing to warn Plaintiff and Plaintiff's family of the risk that Fr. Larrabee posed and the risks of child sexual abuse in Catholic institutions. They also failed to warn them about any of the knowledge that Defendants had about child sexual abuse.

8

9 of 15

31. Defendants additionally violated a legal duty by failing to report known and/or suspected abuse of children by Fr. Larrabee and/or its other agents to the police and law enforcement.

32. Defendants were negligent and/or made representations to Plaintiff and Plaintiff's family during each and every year of Plaintiff's minority.

33. As a direct result of Defendants' negligence as described herein, Plaintiff has suffered, and will continue to suffer, great pain of mind and body, severe and permanent emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, humiliation, physical, personal and psychological injuries. Plaintiff was prevented, and will continue to be prevented, from performing normal daily activities and obtaining the full enjoyment of life; and/or has incurred and will continue to incur expenses for psychological treatment, therapy, and counseling, and, on information and belief has and/or will incur loss of income and/or loss of earning capacity.

## AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE

34. Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth under this count.

35. Each Defendant owed Plaintiff a duty of reasonable care to protect the Plaintiff from injury.

36. Each Defendant owed Plaintiff a duty of reasonable care because each Defendant had a special relationship with Plaintiff.

37. Each Defendant also had a duty arising from their special relationship with Plaintiff, Plaintiff's parents, and other parents of young, vulnerable children, to properly train and supervise its priests. The special relationship arose because of the high degree of vulnerability of the children

entrusted to Defendants' care. As a result of the high degree of vulnerability and risk of sexual abuse inherent in such a special relationship, Defendants had a duty to establish measures of protection not necessary for persons who are older or better able to safeguard themselves.

38. Each Defendant owed Plaintiff a duty to protect Plaintiff from harm because each Defendant had a special relationship with Fr. Larrabee.

39. Each Defendant owed Plaintiff a duty of reasonable care because each Defendant solicited youth and parents for participation in its youth programs; encouraged youth and parents to have the youth participate in their programs; undertook custody of minor children, including Plaintiff; promoted their facilities and programs as being safe for children; held their agents, including Fr. Larrabee, out as safe to work with children; encouraged parents and children to spend time with their agents; and/or encouraged their agents, including Fr. Larrabee, to spend time with, interact with, and recruit children.

40. By holding Fr. Larrabee out as safe to work with children, and by undertaking the custody, supervision of, and/or care of the minor Plaintiff, each Defendant entered into a fiduciary relationship with the minor Plaintiff. As a result of Plaintiff being a minor, and by Defendants undertaking the care and guidance of the then vulnerable minor Plaintiff, each Defendant held a position of empowerment over Plaintiff.

41. Further, Defendants, by holding themselves out as being able to provide a safe environment for children, solicited and/or accepted this position of empowerment. Defendants thus entered into a fiduciary relationship with Plaintiff. Defendants exploited their position of empowerment, putting Plaintiff at risk to be sexually assaulted.

42. By accepting custody of the minor Plaintiff, each Defendant established an *in loco parentis* relationship with Plaintiff and in so doing, owed Plaintiff a duty to protect Plaintiff from

injury.

43. By establishing and/or operating the Diocese of Rochester and St. John, accepting the minor Plaintiff as a participant in their programs, holding their facilities and programs out to be a safe environment for Plaintiff, accepting custody of the minor Plaintiff *in loco parentis*, and by establishing a fiduciary relationship with Plaintiff, each Defendant entered into an express and/or implied duty to properly supervise Plaintiff and provide a reasonably safe environment for children, who participated in their programs. Defendants also owed Plaintiff a duty to properly supervise Plaintiff to prevent harm from foreseeable dangers. Defendants had the duty to exercise the same degree of care over young parishioners under their control as a reasonably prudent person would have exercised under similar circumstances.

44. By establishing and operating the Diocese of Rochester and St. John, which offered educational programs to children and which may have included a school, and by accepting the enrollment and participation of the minor Plaintiff as a participant in those educational programs, Defendants owed Plaintiff a duty to properly supervise Plaintiff to prevent harm from generally foreseeable dangers.

45. Each Defendant owed Plaintiff a duty to protect Plaintiff from harm because Defendants invited Plaintiff onto their property and Fr. Larrabee posed a dangerous condition on Defendants' property.

46. Each Defendant breached its duties to Plaintiff by failing to use reasonable care. Each Defendant's failures include, but are not limited to, failing to properly supervise Fr. Larrabee, failing to properly supervise Plaintiff and failing to protect Plaintiff from a known danger.

47. As a direct result of the foregoing, Plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

11

## AS AND FOR A SECOND CAUSE OF ACTION: NEGLIGENT TRAINING AND SUPERVISION

48. Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth under this count.

49. At all times material, Fr. Larrabee was employed by Defendants and was under each Defendant's direct supervision, employ, and control when he committed the wrongful acts alleged herein. Fr. Larrabee engaged in the wrongful conduct while acting in the course and scope of his employment with Defendants and/or accomplished the sexual abuse by virtue of his job-created authority.

50. Defendants had a duty, arising from their employment of Fr. Larrabee, to ensure that Fr. Larrabee did not sexually molest children.

51. Further, Defendants had a duty to train and educate employees and administrators and establish adequate and effective policies and procedures calculated to detect, prevent, and address inappropriate behavior and conduct between clerics and children.

52. Defendants were negligent in the training, supervision, and instruction of their employees. Defendants failed to timely and properly educate, train, supervise, and/or monitor their agents or employees with regard to policies and procedures that should be followed when sexual abuse of a child is suspected or observed.

53. Defendants were additionally negligent in failing to supervise, monitor, chaperone, and/or investigate Fr. Larrabee and/or in failing to create, institute, and/or enforce rules, policies, procedures, and/or regulations to prevent Fr. Larrabee's sexual abuse of Plaintiff.

54. In failing to properly supervise Fr. Larrabee, and in failing to establish such training procedures for employees and administrators, Defendants failed to exercise the care that a reasonably prudent person would have exercised under similar circumstances.

55. As a direct result of the foregoing, Plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

### AS AND FOR A THIRD CAUSE OF ACTION:
### NEGLIGENT RETENTION

56. Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth under this count.

57. Defendants became aware or should have become aware of Fr. Larrabee's propensity for child sexual abuse, and failed to take any further action to remedy the problem and failed to investigate or remove Fr. Larrabee from working with children.

58. Defendants negligently and/or recklessly retained Fr. Larrabee with knowledge of Fr. Larrabee's propensity for the type of behavior which resulted in Plaintiff's injuries in this action.

59. Defendants negligently and/or recklessly retained Fr. Larrabee in a position where he had access to children and could foreseeably cause harm which Plaintiff would not have been subjected to had Defendants acted reasonably.

60. In failing to timely remove Fr. Larrabee from working with children or terminate the employment of Fr. Larrabee, Defendants negligently and/or recklessly failed to exercise the degree of care that a reasonably prudent person would have exercised under similar circumstances.

61. As a direct result of the foregoing, Plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

### PRAYER FOR RELIEF

WHEREFORE, based on the foregoing causes of action, Plaintiff prays for judgment against Defendants in an amount that will fully and fairly compensate Plaintiff for Plaintiff's injuries and damages and for any other relief the Court deems appropriate. The amount of damages

sought in this Complaint exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

DATED: August 14, 2019

                                      *[signature]*

Jeffrey R. Anderson
J. Michael Reck
JEFF ANDERSON & ASSOCIATES, P.A.
52 Duane Street, 7th Floor
New York, NY 10007
Telephone: (646) 759-2551
jeff@andersonadvocates.com
mreck@andersonadvocates.com

Stephen Boyd, Esq.
STEVE BOYD, PC
40 North Forest Road
Williamsville, NY 14221
Telephone: (716) 400-0000
Sboyd@steveboyd.com

*Counsel for Plaintiff*