# EXHIBIT 15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF LIVINGSTON

|  |  |
|---|---|
| ▮▮▮▮<br><br>*Plaintiff,*<br><br>v.<br><br>JOSEPH E. LARRABEE, f/k/a, FATHER JOSEPH E. LARRABEE; ST. AGNES OF AVON, NY; SAINT AGNES, PAUL AND ROSE CATHOLIC PARISH; ST. MARY'S CATHOLIC CHURCH GERMAN OF DANSVILLE, NY; and HOLY FAMILY CATHOLIC COMMUNITY, INC.,<br><br>*Defendants.* | Index No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff ▮▮▮▮ by his attorneys Simmons Hanly Conroy LLC and the Law Offices of Mitchell Garabedian, brings this action against Joseph E. Larrabee, formerly known as Father Joseph E. Larrabee; St. Agnes of Avon, NY; Saint Agnes, Paul and Rose Catholic Parish; St. Mary's Catholic Church German of Dansville, NY; and Holy Family Catholic Community, Inc., and alleges, on personal knowledge as to himself and on information and belief as to all other matters, as follows:

### JURISDICTION AND VENUE

1. This Court has personal jurisdiction over the Defendants pursuant to CPLR 301 and 302, in that the Defendants reside in New York.

2. This Court has jurisdiction over this action because the amount of damages Plaintiff seeks exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

3. Venue for this action is proper in the County of Livingston pursuant to CPLR 503 in that one or more of the Defendants reside in this County and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this County.

## PARTIES

4. Plaintiff ▇▇▇▇▇▇▇ ("Plaintiff") is an individual residing in ▇▇▇▇▇▇▇.

5. Defendant Joseph E. Larrabee, formerly known as Father Joseph E. Larrabee ("Father Larrabee") is an individual with a residential address at 61 Adirondack Road, Hadley, Saratoga County, New York. At all relevant times, Defendant Father Larrabee served as a Roman Catholic priest under the supervision of the Roman Catholic Bishop of Rochester, New York.

6. Defendant St. Agnes of Avon, NY ("St. Agnes") was a Roman Catholic parish within and under the authority of the Bishop of Rochester and was a religious corporation organized pursuant to the Religious Corporations Law with its principal office at 96 Prospect Street, Avon, Livingston County, New York. At relevant and material times, the Roman Catholic Bishop of Rochester, New York was the President of St. Agnes, and the Roman Catholic Vicar General of Rochester, New York was the Vice-President of St. Agnes.

7. Defendant Saint Agnes, Paul and Rose Catholic Parish ("St. Agnes Parish") is a Roman Catholic parish within and under the authority of the Bishop of Rochester and is a religious corporation organized pursuant to the Religious Corporations Law with its principal office at 96 Prospect Street, Avon, Livingston County, New York. As a result of a corporate merger, Defendant St. Agnes Parish is the legal successor to Defendant St. Agnes.

8. Defendant St. Mary's Catholic Church German of Dansville, NY ("St. Mary's") was a Roman Catholic parish within and under the authority of the Bishop of Rochester and was a religious corporation organized pursuant to the Religious Corporations Law with its principal office formerly at 40 Elizabeth Street, Dansville, Livingston County, New York, and now at 206 Fremont Street, Wayland, Steuben County, New York. At relevant and material times, the Roman Catholic Bishop of

Rochester, New York was the President of St. Mary's, and the Roman Catholic Vicar General of Rochester, New York was the Vice-President of St. Mary's.

9. Defendant Holy Family Catholic Community, Inc. ("Holy Family") is a Roman Catholic parish within and under the authority of the Bishop of Rochester and is a New York domestic not-for-profit corporation with its principal office at 206 Fremont Street, Wayland, Steuben County, New York. As a result of a corporate merger, Defendant Holy Family is the legal successor to Defendant St. Mary's.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff and his family were parishioners of and attended St. Agnes when Plaintiff was a minor child. Plaintiff also attended the parochial elementary school affiliated with St. Agnes, and served as an altar boy at St. Agnes when Plaintiff was a minor child.

11. Defendant Father Larrabee was ordained a Roman Catholic priest in approximately 1980. From approximately 1980 to approximately 1981, Defendant Father Larrabee served as a priest at Defendant St. Mary's. From approximately 1982 to approximately 1983, Defendant Father Larrabee served as a priest at Defendant St. Agnes.

12. Prior to Defendant Father Larrabee being assigned to Defendant St. Agnes, Defendant St. Mary's and its respective executive officers knew or should have known it was not safe to allow Father Larrabee to have unsupervised contact with minor children, in that Father Larrabee posed a sexual danger to minor children. The Roman Catholic Bishop and Vicar General of Rochester concealed the information about the danger Father Larrabee posed to minor children, in order that the Roman Catholic Bishop and Vicar General of Rochester could assign Father Larrabee to work at parishes, including St. Agnes. Defendant St. Mary's aided and abetted the Roman Catholic Bishop and Vicar General of Rochester in concealing the information about the danger Father Larrabee posed to minor children.

13. Through his positions at, within, or for Defendant St. Agnes, Defendant

3

Father Larrabee was put in contact with Plaintiff, a minor child in Avon, Livingston County, New York.

14. From approximately 1982 when Plaintiff was approximately twelve years of age, to approximately 1983 when Plaintiff was approximately fourteen years of age, Defendant Father Larrabee would invite Plaintiff to spend time with Father Larrabee at the St. Agnes rectory.

15. Defendant Father Larrabee used these encounters, gained through his position at St. Agnes which granted him access to Plaintiff when Plaintiff was approximately twelve to approximately fourteen years of age, to sexually assault, sexually abuse, and/or have sexual contact with the Plaintiff on at least four occasions in violation of the laws of the State of New York.

**Supervisory Defendants' Responsibility for the Abuse Committed by Father Larrabee**

16. At all times material hereto, Father Larrabee was under the management, supervision, employ, direction and/or control of Defendants St. Agnes and St. Mary's.

17. Through his positions at, within, or for Defendant St. Agnes, Father Larrabee was put in contact with Plaintiff.

18. Defendant Father Larrabee used his position at, within, or for Defendant St. Agnes, and the implicit representations made by Defendant St. Agnes about Father Larrabee's character that accompanied that position, to gain Plaintiff's trust and confidence and to create an opportunity to be alone with, and to sexually touch, Plaintiff.

19. Defendant St. Agnes had the duty to reasonably manage, supervise, control and/or direct priests who served at St. Agnes, and specifically, had a duty not to aid pedophiles such as Father Larrabee by assigning, maintaining, and/or appointing them to positions with access to minors.

20. Defendant St. Mary's had a duty to reasonably supervise, direct, manage, and control Defendant Father Larrabee when Father Larrabee was assigned to St. Mary's.

Defendant St. Mary's had a duty not to assist, aid, and abet the Roman Catholic Bishop and Vicar General of Rochester in concealing information which would have disclosed that Father Larrabee posed a danger to minor children when he had contact with such minors, especially when Defendant St. Mary's knew or should have known that Father Larrabee posed such a danger and Father Larrabee was being transferred to other parishes where he would have unsupervised contact with minors. Defendant St. Mary's assisted, aided, and abetted the Roman Catholic Bishop and Vicar General of Rochester in concealing information showing that Father Larrabee posed a danger to minor children from parishes to which Father Larrabee was subsequently assigned.

21. As a result of Defendant St. Mary's assisting, aiding, and abetting the Roman Catholic Bishop and Vicar General of Rochester in concealing information which would have disclosed that Father Larrabee posed a danger to minor children, Father Larrabee was assigned to St. Agnes without any notice to the residents of Avon about the danger Father Larrabee posed to minor children. As a result, Father Larrabee had unsupervised access to Plaintiff, a minor child, who Father Larrabee sexually abused.

22. Defendants St. Agnes and St. Mary's knew and/or reasonably should have known, and/or knowingly condoned, and/or covered up, the inappropriate and unlawful sexual activities of Father Larrabee, who sexually abused Plaintiff.

23. Defendant St. Agnes had a duty to the Plaintiff to properly supervise St. Agnes priests to ensure that priests did not use their positions with St. Agnes as a tool for grooming and assaulting vulnerable children. Defendant St. Agnes knew or should have known that Father Larrabee used his positions with St. Agnes to sexually abuse minor children, including the Plaintiff.

**Consequences of the Abuse**

24. Plaintiff suffered personal physical and psychological injuries and damages as a result of Father Larrabee's actions, as well as other damages related thereto, as a result of the childhood sexual abuse Plaintiff sustained.

25. As a direct result of the Defendants Father Larrabee's, St. Agnes', and St. Mary's conduct described herein, Plaintiff suffered and will continue to suffer great pain of mind and body, severe and permanent emotional distress, and physical manifestations of emotional distress. Plaintiff was prevented from obtaining the full enjoyment of life; has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and has incurred and will continue to incur loss of income and/or loss of earning capacity. As a victim of Defendant Father Larrabee's sexual abuse, Plaintiff is unable at this time to fully describe all of the details of that abuse and the extent of the harm he suffered as a result.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
#### Assault

26. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 25 as if fully set forth herein.

27. From approximately 1982 to approximately 1983 when Plaintiff was approximately twelve to approximately fourteen years of age, Defendant Father Larrabee intentionally touched Plaintiff's body when Father Larrabee engaged in the sexual behavior and lewd and lascivious conduct described above. Such conduct placed Plaintiff in imminent apprehension of harmful contact, including apprehension of further sexual contact.

28. As a direct and proximate result of Defendant Father Larrabee's actions, which included but were not limited to placing the Plaintiff in imminent and reasonable apprehension of harmful and offensive contact, Plaintiff suffered and will continue to suffer the severe injuries and damages described herein, including but not limited to, mental and emotional distress.

29. By reason of the foregoing, Defendant Father Larrabee is liable to Plaintiff for compensatory damages and for punitive damages, together with interest and costs.

## SECOND CAUSE OF ACTION
### Battery

30. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 25 as if fully set forth herein.

31. From approximately 1982 to approximately 1983 when Plaintiff was approximately twelve to approximately fourteen years of age, Defendant Father Larrabee intentionally touched Plaintiff's body when Father Larrabee engaged in the sexual behavior and lewd and lascivious conduct described above. Such bodily contact was offensive and without consent.

32. As a direct and proximate result of Defendant Father Larrabee's actions, which included but were not limited to unjustified harmful and offensive physical contact and touching, Plaintiff suffered and will continue to suffer the severe injuries and damages described herein, including but not limited to, mental and emotional distress.

33. By reason of the foregoing, Defendant Father Larrabee is liable to Plaintiff for compensatory damages and for punitive damages, together with interest and costs.

## THIRD CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

34. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 25 as if fully set forth herein.

35. By engaging in the explicit sexual behavior and lewd and lascivious conduct described above, either Defendant Father Larrabee intended to inflict emotional distress upon Plaintiff, or Defendant Father Larrabee knew or should have known and recklessly disregarded the substantial likelihood that severe emotional distress would be the likely result of his conduct.

36. The conduct of Defendant Father Larrabee in engaging in the explicit sexual behavior and lewd and lascivious conduct described above is extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized

society.

37. The mental distress and emotional injuries Plaintiff suffered and will continue to suffer were and are lasting and severe.

38. As a direct and proximate result of Defendant Father Larrabee engaging in the explicit sexual behavior and lewd and lascivious conduct described above, Plaintiff suffered and will continue to suffer the severe injuries described herein.

39. By reason of the foregoing, Defendant Father Larrabee is liable to Plaintiff for compensatory damages and for punitive damages, together with interest and costs.

## FOURTH CAUSE OF ACTION
### Negligent Hiring/Retention/Supervision/Direction

40. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 25 as if fully set forth herein.

41. Defendant St. Agnes owed a duty of care to all minor persons, including Plaintiff, who were likely to come within the influence or supervision of Father Larrabee in his role as priest, counselor, trustee, director, officer, employee, agent, servant and/or volunteer, to insure that Father Larrabee did not use his assigned position to injure minors by sexual assault, sexual abuse, or sexual contact in violation of the laws of the State of New York.

42. Defendant St. Agnes at all relevant times represented that its facilities were safe places for minors to attend or visit, and that its priests and residents were individuals to whom it was safe to entrust the care of minor children. Defendant St. Agnes entered into an express and/or implied duty to provide that when Plaintiff was a minor left in the presence of a priest assigned to, hired by, retained by, directed by, and/or under the supervision of Defendant St. Agnes, Plaintiff would be kept reasonably safe and that that priest would not sexually abuse Plaintiff.

43. Father Larrabee sexually assaulted, sexually abused, and/or had sexual contact with Plaintiff in the St. Agnes rectory.

44. Defendant St. Agnes negligently hired, retained, directed, and supervised Father Larrabee, though they knew or should have known that Father Larrabee posed a threat of sexual abuse to minors.

45. Defendant St. Agnes knew or should have known of Father Larrabee's propensity for the conduct which caused Plaintiff's injuries prior to, or at the time of, the injuries' occurrence.

46. Defendant St. Agnes was negligent in failing to properly supervise Father Larrabee.

47. The sexual abuse of children by adults, including priests, is a foreseeable result of negligence.

48. At all times material hereto, Defendant St. Agnes' actions were willful, wanton, malicious, reckless, negligent and/or outrageous in their disregard for the rights and safety of Plaintiff.

49. As a direct and proximate result, Plaintiff has suffered and will continue to suffer the injuries described herein.

50. Liabilities of Defendant St. Agnes were transferred to, or assumed by, Defendant St. Agnes Parish. As a result, Defendant St. Agnes Parish is liable to the Plaintiff for the damages caused by Defendant St. Agnes stated in this cause of action.

51. By reason of the foregoing, Defendants St. Agnes and St. Agnes Parish are liable to the Plaintiff, jointly, severally and/or in the alternative liable to the Plaintiff for compensatory damages and for punitive damages, together with interest and costs.

### FIFTH CAUSE OF ACTION
### Negligence/Gross Negligence

52. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 25 as if fully set forth herein.

53. Defendants St. Agnes and St. Mary's knew, or were negligent in not knowing, that Father Larrabee posed a threat of sexual abuse to children.

54. The acts of Father Larrabee described hereinabove were undertaken, and/or enabled by, and/or during the course, and/or within the scope of his respective employment, appointment, assignment, and/or agency with Defendants St. Agnes and St. Mary's.

55. Defendant St. Agnes owed Plaintiff, a minor at the relevant times of abuse, a duty to protect him from Father Larrabee's sexual deviancy and the consequential damages, both prior to and/or subsequent to Father Larrabee's misconduct.

56. Defendant St. Mary's had a duty not to assist, aid, and abet the Roman Catholic Bishop and Vicar General of Rochester in concealing the danger Father Larrabee posed to minor children.

57. Defendants St. Agnes' and St. Mary's willful, wanton, grossly negligent and/or negligent act(s) of commission and/or omission, resulted directly and/or proximately in the damage set forth herein at length.

58. Defendants St. Agnes and St. Mary's:
   a. gave improper or ambiguous orders or failed to make proper regulations, and/or employed improper persons or instrumentalities in work involving risk of harm to others;
   b. failed adequately to supervise the activities of Father Larrabee;
   c. permitted, and/or intentionally failed and/or neglected to prevent, negligent and/or grossly negligent conduct and/or allowed other tortious conduct by persons, whether or not their servants and/or agents and/or employees, upon premises or with instrumentalities under their control; and
   d. allowed the acts of omission and/or commission and/or any or all of the allegations set forth in this Complaint to occur.

59. At all times material hereto, with regard to the allegations contained herein, Father Larrabee was under the supervision, employ, direction and/or control of

10

Defendants St. Agnes and St. Mary's.

60. At all times material hereto, Defendants St. Agnes' and St. Mary's actions were willful, wanton, malicious, reckless, negligent and outrageous in their disregard for the rights and safety of Plaintiff, which amounted to conduct equivalent to criminality.

61. As a direct and/or indirect result of said conduct, Plaintiff has suffered and will continue to suffer the injuries and damages described herein.

62. Liabilities of Defendant St. Agnes were transferred to, or assumed by, Defendant St. Agnes Parish. As a result, Defendant St. Agnes Parish is liable to the Plaintiff for the damages caused by Defendant St. Agnes stated in this cause of action.

63. Liabilities of Defendant St. Mary's were transferred to, or assumed by, Defendant Holy Family. As a result, Defendant Holy Family is liable to the Plaintiff for the damages caused by Defendant St. Mary's stated in this cause of action.

64. By reason of the foregoing, Defendants St. Agnes, St. Agnes Parish, St. Mary's, and Holy Family are liable to the Plaintiff, jointly, severally and/or in the alternative liable to the Plaintiff for compensatory damages and for punitive damages, together with interest and costs.

### SIXTH CAUSE OF ACTION
### Breach of Fiduciary Duty

65. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 25 as if fully set forth herein.

66. There exists a fiduciary relationship of trust, confidence, and reliance between Plaintiff and Defendant St. Agnes. This relationship is based on the entrustment of the Plaintiff while he was a minor child to the care and supervision of the agent or servant of the Defendant St. Agnes. This entrustment of the Plaintiff to the care and supervision of the Defendant St. Agnes, while the Plaintiff was a minor child, required Defendant St. Agnes to assume a fiduciary relationship and to act in the best interests of the Plaintiff, as well as to protect him while he was a minor and vulnerable child.

67. Pursuant to their fiduciary relationship, Defendant St. Agnes was entrusted with the well-being, care, and safety of Plaintiff.

68. Pursuant to their fiduciary relationship, Defendant St. Agnes assumed a duty to act in the best interests of Plaintiff.

69. Defendant St. Agnes breached its fiduciary duty to Plaintiff.

70. At all times material hereto, the actions and/or inactions of Defendant St. Agnes were willful, wanton, malicious, reckless, negligent and outrageous in their disregard for the rights and safety of Plaintiff.

71. As a direct result of said conduct, Plaintiff has suffered and will continue to suffer the injuries and damages described herein.

72. Liabilities of Defendant St. Agnes were transferred to, or assumed by, Defendant St. Agnes Parish. As a result, Defendant St. Agnes Parish is liable to the Plaintiff for the damages caused by Defendant St. Agnes stated in this cause of action.

73. By reason of the foregoing, Defendants St. Agnes and St. Agnes Parish are liable to the Plaintiff, jointly, severally and/or in the alternative liable to the Plaintiff for compensatory damages and for punitive damages, together with interest and costs.

### SEVENTH CAUSE OF ACTION
### Aiding and Abetting Fraud

74. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 25 as if fully set forth herein.

75. The Roman Catholic Bishop and Vicar General of Rochester fraudulently concealed information that would have shown Father Larrabee was a danger to minor children.

76. Defendant St. Mary's had information that would have shown Father Larrabee was a danger to minor children. Defendant St. Mary's assisted the Roman Catholic Bishop and Vicar General of Rochester in fraudulently concealing information about the danger Father Larrabee posed to minor children.

12

77. If the information about the danger Father Larrabee posed to minors had not been concealed, Father Larrabee would not have been assigned to St. Agnes where Father Larrabee sexually assaulted, sexually abused, and/or had sexual contact with the Plaintiff.

78. To assist Rochester's Roman Catholic Bishop and Vicar General in fraudulently concealing the information about Father Larrabee, Defendant St. Mary's failed to disclose Father Larrabee's propensity to sexually abuse minors, and intentionally concealed knowledge of Father Larrabee's inappropriate and unlawful sexual activities, knowing that minor children, including Plaintiff, in other parishes and towns where Father Larrabee was assigned would rely upon this material omission.

79. As a direct and/or indirect result of said conduct, Plaintiff has suffered and will continue to suffer the injuries and damages described herein.

80. Liabilities of Defendant St. Mary's were transferred to, or assumed by, Defendant Holy Family. As a result, Defendant Holy Family is liable to the Plaintiff for the damages caused by Defendant St. Mary's stated in this cause of action.

81. By reason of the foregoing, Defendants St. Mary's and Holy Family are liable to the Plaintiff, jointly, severally and/or in the alternative liable to the Plaintiff for compensatory damages and for punitive damages, together with interest and costs.

WHEREFORE Plaintiff, demands judgment against the Defendants on each cause of action as follows:

- A. Awarding compensatory damages in an amount to be proved at trial, but in any event in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction;
- B. Awarding punitive damages to the extent permitted by law;
- C. Awarding prejudgment interest to the extent permitted by law;
- D. Awarding costs and fees of this action, including attorneys' fees, to the extent permitted by law; and

E. Awarding such other and further relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 28, 2020
New York, New York

Respectfully Submitted,

/s/ *Paul J. Hanly, Jr.*
Paul J. Hanly, Jr.
phanly@simmonsfirm.com
Jayne Conroy
jconroy@simmonsfirm.com
Trent B. Miracle
tmiracle@simmonsfirm.com
SIMMONS HANLY CONROY LLC
112 Madison Avenue
New York, NY 10016
(212) 784-6401 Telephone
(212) 213-5949 Facsimile

*Attorneys for Plaintiff*

Of counsel:
Mitchell Garabedian
mgarabedian@garabedianlaw.com
William H. Gordon
wgordon@garabedianlaw.com
LAW OFFICES OF MITCHELL GARABEDIAN
100 State Street, 6th Floor
Boston, MA 02109
Phone: (617) 523-6250