**Exhibit 19**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

| | |
|---|---|
| SHC-MG-2 DOE, | Index No. |
| *Plaintiff*, | |
| v. | **COMPLAINT** |
| SACRED HEART CHURCH OF AUBURN, N.Y.; and CAMP STELLA MARIS OF LIVONIA, N.Y., | **JURY TRIAL DEMANDED** |
| *Defendants.* | |

Plaintiff SHC-MG-2 Doe, by his attorneys Simmons Hanly Conroy LLC and the Law Offices of Mitchell Garabedian, brings this action against Sacred Heart Church of Auburn, N.Y.; and Camp Stella Maris of Livonia, N.Y., and alleges, on personal knowledge as to himself and on information and belief as to all other matters, as follows:

### JURISDICTION AND VENUE

1. This Court has personal jurisdiction over the Defendants pursuant to CPLR 301 and 302, in that the Defendants resides in New York.

2. This Court has jurisdiction over this action because the amount of damages Plaintiff seeks exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

3. Venue for this action is proper in the County of Monroe pursuant to CPLR 503 in that one or more of the Defendants reside in this County and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this County.

### PARTIES

4. Plaintiff SHC-MG-2 Doe ("Plaintiff") is an individual residing in ████████ ████████

5. Defendant Sacred Heart Church of Auburn, N.Y. ("Sacred Heart") is a Roman Catholic parish within and under the authority of the Bishop of Rochester and is

a religious corporation organized pursuant to the Religious Corporations Law with its principal office at 90 Melrose Road, Auburn, Cayuga County, New York.

6. Defendant Camp Stella Maris of Livonia, N.Y. ("Stella Maris") is a New York domestic not-for-profit corporation with its principal office located at 50 Chestnut Plaza, Rochester, Monroe County, New York. At all relevant times, Stella Maris created, oversaw, supervised, managed, controlled, directed and operated a Roman Catholic youth summer camp located in Livonia, Livingston County, New York. At all relevant times, Stella Maris oversaw, managed, supervised, controlled, and directed priests and other employees who worked at the Stella Maris camp.

## FACTS COMMON TO ALL CLAIMS

7. Plaintiff and his family were parishioners of and attended Sacred Heart when Plaintiff was a minor child. Plaintiff also served as an altar boy at Sacred Heart for approximately three years when Plaintiff was a minor child. Plaintiff also attended Sacred Heart School, the parochial elementary school affiliated with Sacred Heart, from approximately 1957 to approximately 1966, when Plaintiff was approximately five to approximately fourteen years of age.

8. Father Albert H. Cason ("Father Cason") was ordained a Roman Catholic priest in approximately 1962. From approximately 1959 until his ordination in approximately 1962, Father Cason was a Roman Catholic seminarian and/or deacon supervised and/or employed by Defendant Stella Maris. After Father Cason's ordination, from approximately 1962 to approximately 1968, Father Cason served as a priest at Defendant Sacred Heart, where Plaintiff and Plaintiff's family were parishioners when Plaintiff was a minor child. Father Cason died in 1996.

9. Through his positions at, within, or for Defendant Sacred Heart, Father Cason was put in direct contact with members of the Plaintiff's family, including Plaintiff, a minor parishioner of Defendant Sacred Heart.

10. From approximately 1962 when Plaintiff was approximately ten years of

2

age, to approximately 1968 when Plaintiff was approximately sixteen years of age, Father Cason would drive Plaintiff home after altar boy activities, bingo nights organized through Sacred Heart, and Catholic Youth Organization ("CYO") basketball games and practices.

11. Father Cason used such encounters, gained through his position at Sacred Heart which granted him access to Plaintiff when Plaintiff was approximately ten to approximately sixteen years of age, to sexually assault, sexually abuse, and/or have sexual contact with the Plaintiff on at least fifty occasions in violation of the laws of the State of New York.

**Defendants' Responsibility for the Abuse Committed by Father Cason**

12. At all times material hereto, Father Cason was under the management, supervision, employ, direction and/or control of Defendants Sacred Heart and Stella Maris.

13. Through his positions at, within, or for Defendant Sacred Heart, Father Cason was put in direct contact with Plaintiff.

14. Father Cason used his position at, within, or for Defendant Sacred Heart and the implicit representations made by Sacred Heart about Father Cason's character that accompanied that position, to gain Plaintiff's trust and confidence and to create an opportunity to be alone with, and to sexually touch, Plaintiff.

15. Defendant Sacred Heart had the duty to reasonably manage, supervise, control and/or direct priests who served at Sacred Heart, and specifically, had a duty not to aid pedophiles such as Father Cason by assigning, maintaining, and/or appointing them to positions with access to minors.

16. Defendant Stella Maris had a duty to reasonably supervise, direct, manage, and control Father Cason when Father Cason was supervised and/or employed by Stella Maris. Defendant Stella Maris had a duty not to assist, aid, and abet the Roman Catholic Bishop and Vicar General of Rochester in concealing information which would have

disclosed that Father Cason posed a danger to minor children when he had contact with such minors, especially when Defendant Stella Maris knew or should have known that Father Cason posed such a danger and Father Cason was being assigned to parishes where he would have unsupervised contact with minors. Defendant Stella Maris assisted, aided, and abetted the Roman Catholic Bishop and Vicar General of Rochester in concealing information showing that Father Cason posed a danger to minor children from parishes to which Father Cason was subsequently assigned.

17. As a result of Defendant Stella Maris assisting, aiding, and abetting the Roman Catholic Bishop and Vicar General of Rochester in concealing information which would have disclosed that Father Cason posed a danger to minor children, Father Cason was assigned to Sacred Heart without any notice to the parishioners of Sacred Heart about the danger Father Cason posed to minor children. As a result, Father Cason had unsupervised access to Plaintiff, a minor child, who Father Cason sexually abused.

18. The Defendants knew and/or reasonably should have known, and/or knowingly condoned, and/or covered up, the inappropriate and unlawful sexual activities of Father Cason, who sexually abused Plaintiff.

19. Defendant Sacred Heart had a duty to the Plaintiff to properly supervise Sacred Heart priests to ensure that priests did not use their positions with Sacred Heart as a tool for grooming and assaulting vulnerable children. Defendant Sacred Heart knew or should have known that Father Cason used his positions with Sacred Heart to sexually abuse minor children, including the Plaintiff.

### Consequences of the Abuse

20. Plaintiff suffered personal physical and psychological injuries and damages as a result of Father Cason's actions, as well as other damages related thereto, as a result of the childhood sexual abuse Plaintiff sustained.

21. As a direct result of the Defendants' conduct described herein, Plaintiff suffered and will continue to suffer great pain of mind and body, severe and permanent

emotional distress, and physical manifestations of emotional distress. Plaintiff was prevented from obtaining the full enjoyment of life; has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and has incurred and will continue to incur loss of income and/or loss of earning capacity. As a victim of Father Cason's sexual abuse, Plaintiff is unable at this time to fully describe all of the details of that abuse and the extent of the harm he suffered as a result.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Negligent Hiring/Retention/Supervision/Direction

22. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 21 as if fully set forth herein.

23. Defendant Sacred Heart owed a duty of care to all minor persons, including Plaintiff, who were likely to come within the influence or supervision of Father Cason in his role as priest, counselor, trustee, director, officer, employee, agent, servant and/or volunteer, to insure that Father Cason did not use his assigned position to injure minors by sexual assault, sexual abuse, or sexual contact in violation of the laws of the State of New York.

24. Defendant Sacred Heart at all relevant times represented that its facilities were safe places for minors to attend, and that its priests were individuals to whom it was safe to entrust the care of minor children. Defendant Sacred Heart entered into an express and/or implied duty to safely treat Plaintiff and assumed the duty to protect and care for him.

25. Father Cason sexually assaulted, sexually abused, and/or had sexual contact with Plaintiff when Plaintiff was a minor, while driving the Plaintiff home from Sacred Heart activities.

26. Defendant Sacred Heart negligently hired, retained, directed, and supervised Father Cason, though it knew or should have known that Father Cason posed

a threat of sexual abuse to minors.

27. Defendant Sacred Heart knew or should have known of Father Cason's propensity for the conduct which caused Plaintiff's injuries prior to, or at the time of, the injuries' occurrence.

28. Defendant Sacred Heart was negligent in failing to properly supervise Father Cason.

29. The sexual abuse of children by adults, including priests, is a foreseeable result of negligence.

30. At all times material hereto, Defendant Sacred Heart's actions were willful, wanton, malicious, reckless, negligent and/or outrageous in their disregard for the rights and safety of Plaintiff.

31. As a direct and proximate result, Plaintiff has suffered and will continue to suffer the injuries described herein.

32. By reason of the foregoing, Defendant Sacred Heart is liable to the Plaintiff for compensatory damages and for punitive damages, together with interest and costs.

## SECOND CAUSE OF ACTION
### Negligence/Gross Negligence

33. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 21 as if fully set forth herein.

34. Defendants Sacred Heart and Stella Maris knew, or were negligent in not knowing, that Father Cason posed a threat of sexual abuse to children.

35. The acts of Father Cason described hereinabove were undertaken, and/or enabled by, and/or during the course, and/or within the scope of his respective employment, appointment, assignment, and/or agency with Defendant Sacred Heart.

36. Defendant Sacred Heart owed Plaintiff, a minor at the relevant times of abuse, a duty to protect him from Father Cason's sexual deviancy and the consequential damages, both prior to and/or subsequent to Father Cason's misconduct.

6

37. Defendant Stella Maris had a duty not to assist, aid, and abet the Roman Catholic Bishop and Vicar General of Rochester in concealing the danger Father Cason posed to minor children.

38. Defendants' willful, wanton, grossly negligent and/or negligent act(s) of commission and/or omission, resulted directly and/or proximately in the damage set forth herein at length.

39. Defendant Sacred Heart:
    a. gave improper or ambiguous orders or failed to make proper regulations, and/or employed improper persons or instrumentalities in work involving risk of harm to others;
    b. failed adequately to supervise the activities of Father Cason;
    c. permitted, and/or intentionally failed and/or neglected to prevent, negligent and/or grossly negligent conduct and/or allowed other tortious conduct by persons, whether or not its servants and/or agents and/or employees, upon premises or with instrumentalities under its control; and
    d. allowed the acts of omission and/or commission and/or any or all of the allegations set forth in this Complaint to occur.

40. At all times material hereto, with regard to the allegations contained herein, Father Cason was under the supervision, employ, direction and/or control of the Defendants.

41. At all times material hereto, Defendants' actions were willful, wanton, malicious, reckless, negligent and outrageous in their disregard for the rights and safety of Plaintiff, which amounted to conduct equivalent to criminality.

42. As a direct and/or indirect result of said conduct, Plaintiff has suffered and will continue to suffer the injuries and damages described herein.

43. By reason of the foregoing, the Defendants are liable to the Plaintiff, jointly,

severally and/or in the alternative liable to the Plaintiff for compensatory damages and for punitive damages, together with interest and costs.

### THIRD CAUSE OF ACTION
### Breach of Fiduciary Duty

44. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 21 as if fully set forth herein.

45. There exists a fiduciary relationship of trust, confidence, and reliance between Plaintiff and Defendant Sacred Heart. This relationship is based on the entrustment of the Plaintiff while he was a minor child to the care and supervision of the agent or servant of Defendant Sacred Heart. This entrustment of the Plaintiff to the care and supervision of Defendant Sacred Heart, while the Plaintiff was a minor child, required Sacred Heart to assume a fiduciary relationship and to act in the best interests of the Plaintiff, as well as to protect him while he was a minor and vulnerable child.

46. Pursuant to their fiduciary relationship, Defendant Sacred Heart was entrusted with the well-being, care, and safety of Plaintiff.

47. Pursuant to their fiduciary relationship, Defendant Sacred Heart assumed a duty to act in the best interests of Plaintiff.

48. Defendant Sacred Heart breached its fiduciary duty to Plaintiff.

49. At all times material hereto, the actions and/or inactions of Defendant Sacred Heart were willful, wanton, malicious, reckless, negligent and outrageous in their disregard for the rights and safety of Plaintiff.

50. As a direct result of said conduct, Plaintiff has suffered and will continue to suffer the injuries and damages described herein.

51. By reason of the foregoing, Defendant Sacred Heart is liable to the Plaintiff for compensatory damages and for punitive damages, together with interest and costs.

8

## FOURTH CAUSE OF ACTION
### Aiding and Abetting Fraud

52. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 21 as if fully set forth herein.

53. The Roman Catholic Bishop and Vicar General of Rochester fraudulently concealed from the parishioners of Sacred Heart information that would have shown Father Cason was a danger to minor children.

54. Defendant Stella Maris had information that would have shown Father Cason was a danger to minor children. Defendant Stella Maris assisted the Roman Catholic Bishop and Vicar General of Rochester in fraudulently concealing information from the parishioners about the danger Father Cason posed to parishioners.

55. If the information about the danger Father Cason posed to minors had not been concealed from parishioners, Father Cason would not have been assigned to Sacred Heart where Father Cason sexually assaulted, sexually abused, and/or had sexual contact with the Plaintiff.

56. To assist Rochester's Roman Catholic Bishop and Vicar General in fraudulently concealing the information about Father Cason, Defendant Stella Maris failed to disclose Father Cason's propensity to sexually abuse minors, and intentionally concealed knowledge of Father Cason's inappropriate and unlawful sexual activities, knowing that minor children, including Plaintiff, in other parishes where Father Cason was assigned would rely upon this material omission.

57. As a direct and/or indirect result of said conduct, Plaintiff has suffered and will continue to suffer the injuries and damages described herein.

58. By reason of the foregoing, Defendant Stella Maris is liable to the Plaintiff for compensatory damages and for punitive damages, together with interest and costs.

WHEREFORE Plaintiff, demands judgment against the Defendants on each cause of action as follows:

FILED: MONROE COUNTY CLERK 08/06/2020 12:15 PM          INDEX NO. E2020005828
NYSCEF DOC. NO. 1                                       RECEIVED NYSCEF: 08/06/2020

A. Awarding compensatory damages in an amount to be proved at trial, but in any event in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

B. Awarding punitive damages to the extent permitted by law;

C. Awarding prejudgment interest to the extent permitted by law;

D. Awarding costs and fees of this action, including attorneys' fees, to the extent permitted by law; and

E. Awarding such other and further relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 6, 2020
New York, New York

Respectfully Submitted,

/s/ Paul J. Hanly, Jr.
Paul J. Hanly, Jr.
phanly@simmonsfirm.com
Jayne Conroy
jconroy@simmonsfirm.com
Trent B. Miracle
tmiracle@simmonsfirm.com
SIMMONS HANLY CONROY LLC
112 Madison Avenue
New York, NY 10016
(212) 784-6401 Telephone
(212) 213-5949 Facsimile

*Attorneys for Plaintiff*

Of counsel:
Mitchell Garabedian

mgarabedian@garabedianlaw.com
William H. Gordon
wgordon@garabedianlaw.com
LAW OFFICES OF MITCHELL GARABEDIAN
100 State Street, 6th Floor
Boston, MA 02109
Phone: (617) 523-6250