UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>THE DIOCESE OF ROCHESTER,<br><br>　　　　　　　　　　Debtor. | )<br>)  Chapter 11<br>)<br>)  Case No. 19-20905 (CGM)<br>)<br>)<br>)<br>) |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 1103(a) AND 328(a) AND FED. R. BANKR. P. 2014(a) AUTHORIZING RETENTION OF THE CLARO GROUP, LLC AS VALUATION EXPERT EFFECTIVE AS OF AS OF JUNE 16, 2021 AND PROVIDING THE CLARO GROUP, LLC WITH ACCESS TO THE SEXUAL ABUSE PROOFS OF CLAIM**

The Official Committee of Unsecured Creditors (the "**Committee**") of The Diocese of Rochester, the above-captioned debtor and debtor in possession (the "**Debtor**"), hereby files this Application (the "**Application**"), authorizing the Committee to employ The Claro Group, LLC ("**Claro**") as valuation expert effective as of June 16, 2021, pursuant to Sections 328(a), 1103 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Western District of New York (the "**Local Rules**"). The Committee also requests that Claro be added as an Authorized Party, as that term is used in the *Order Establishing a Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "**Bar Date Order**") [Docket No. 425]. In support of this Application, which is further supported by the declaration of Katie McNally (the "**McNally Declaration**"), attached hereto as **Exhibit A** and incorporated herein by reference for all purposes, the Committee represents as follows:

## PRELIMINARY STATEMENT

1. The Committee requires the services of a valuation expert in order to effectively respond to the Debtor's *Motion for Entry of an Order Approving Settlement Agreement with Certain Underwriters at Lloyd's, London, Certain London Market Companies, Interstate Fire & Casualty Company and National Surety Corporation* (the "**9019 Motion**") [Docket No. 1101]. One of the central issues in the 9019 Motions is whether the Settling Insurers[1] are paying a sufficient amount with respect to the Sexual Abuse Claims that are covered by insurance policies written by the Settling Insurers. The proposed settlement does not provide adequate funding by the Settling Insurers given the amount of available insurance and the amount of the Diocese's and other insured entities' liability on account of the claims. In order to prove its case at trial, the Committee will require Claro's expertise. Claro has advised clients with respect to valuation of sexual abuse claims in recent cases, including Michigan State University, and other entities. The need for Claro's expertise is demonstrated by the recent motion filed by the Settling Insurers seeking to grant access to Sexual Abuse Proofs of Claim to an expert witness to be retained by the Settling Insurers.[2] As such, the Committee respectfully requests entry of an order approving the retention.

2. In addition, in order to effectively undertake its role as expert witness to assess the adequate amount of compensation for Sexual Abuse Claims, Claro needs access to the

---

[1] The "**Settling Insurers**" are Certain Underwriters at Lloyd's, London, Certain London Market Companies, Interstate Fire & Casualty Company and National Surety Corporation (as described in the 9019 Motion).

[2] *See Ex Parte Motion of London Market Insurers and Interstate Fire & Casualty Company for an Order Permitting (I) the Filing of Pleadings Containing Certain Information and; (II) Permitting Movants to Provide the Abuse Survivors' Proofs of Claim to an Expert Witness* [Docket No. 1102].

Sexual Abuse Proof of Claim Forms. The Committee requests the Court enter an order authorizing such access pursuant to the terms of the Bar Date Order.[3]

## JURISDICTION AND VENUE

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are sections 328 and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

5. On September 19, 2019 (the "**Petition Date**"), the Debtor commenced a voluntary case (the "**Case**") under chapter 11 of title 11 of the Bankruptcy Code. The Debtor is authorized to continue to operate its business and remain in possession of its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Case.

6. On September 24, 2019, the United States Trustee for Region 2 appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee consists of nine individuals who were sexually abused as minors by perpetrators for whom the Debtor was responsible. *See Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 68].

---

[3] *Order Establishing a Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "**Bar Date Order**") [ Docket No. 425].

## RELIEF REQUESTED

7.  By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit B**, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to employ and retain Claro as its valuation expert in relation to the Debtor's motion to settle with LMI/Interstate as well as other possible events in the case, effective as of June 16, in accordance with the terms and conditions set forth herein. Claro is well-qualified to provide the services in a cost effective, efficient, and timely manner. *See McNally Declaration*. The Committee proposes to retain Claro for the purpose of providing the expert consulting and testimony services described below.

8.  In order for Claro to perform its work for the Committee, the Committee also seeks for Claro to be an Authorized Party under the Bar Date Order.

9.  For the reasons set forth herein, the Committee submits that the relief requested in this Application is in the best interests of the Committee, survivors of childhood sexual abuse, and the Debtor's estate, and, therefore, should be granted.

## SERVICES TO BE PROVIDED

10. The Committee desires to retain Claro, at the expense of the Debtor's estate, to render professional services as required by the Committee with respect to issues arising from the Diocese's settlement in relation to LMI/Interstate as well as other possible events in the case. The Committee anticipates that Claro will render services including, but not limited to, the following:

    a.  Expert consulting services and expert testimony regarding the appropriate value of claims of sexual abuse victims in this Case;

    b.  Expert consulting services and expert testimony in connection with the 9019 Motion and any contested matters and/or litigation arising in this Case as reasonably requested by the Committee, including without

> limitation any additional settlements with insurers and any plan of reorganization proposed without Committee consent in this Case;
>
> c. Expert consulting services and expert testimony in the review and evaluation of reports prepared by the Debtor, its professionals, the Debtor's insurers, and their professionals;
>
> d. As may be requested by the Committee, assisting with the preparation of affidavits/declarations, depositions, and briefing in this Case concerning the issues for which Claro is providing expert consulting services and expert testimony;
>
> e. Preparing for and providing both deposition and court testimony in this Case regarding the issues for which Claro is providing expert consulting services and expert testimony; and
>
> f. Such other consulting and advisory services as may be requested by the Committee.

In addition to services related to these areas, Claro understands that it may be requested to render other services and to participate in meetings and discussions with the Committee, the Debtor, and other parties-in-interest and their respective professionals.

11. Claro will coordinate all tasks to achieve case efficiencies and avoid duplication of efforts. The Committee believes it is necessary to employ Claro as its valuation expert to render the foregoing professional services. In light of Claro's experience and expertise, the Committee believes that Claro is well-qualified to provide advice in this case.

## **CLARO'S QUALIFICATIONS**

12. Claro is well-qualified to serve as the Committee's valuation expert in this Case. Claro has vast experience in valuation. Claro's valuation practice is built on academics and practitioners whose experience is broad and deep. They include individuals with advanced degrees (Ph.D.'s and MBA's), as well as those with professional designations, such as CPA's, CFA's, and ASA's. Each valuation professional is highly skilled at analyzing companies and industries in a variety of settings, and each has extensive experience documenting and supporting those analyses

in reports, presentations, and recommendations. Claro's experts have testified to their findings in depositions, trials, arbitrations, and regulatory proceedings.

13. Claro's valuation experts are frequently retained by companies, individuals, and their representatives, including private and public corporations, transactional attorneys, litigators and investment bankers. Claro has extensive experience advising and working in concert with interested stakeholders with respect to valuation of sexual abuse claims and allocating survivors' claims across decades worth of historical insurance policies.

14. Specifically, Claro has assisted several major universities, including Michigan State University in connection with the Dr. Larry Nassar molestation/abuse claims, as the retained valuation consultants. In this role, Claro developed individual claim values for each claimant and assisted in the settlement of the Nassar claims and hundreds of sexual abuse claims against other defendants. Claro also worked closely with counsel to perform numerous allocations of such claims across decades worth of available coverages to support insurance recovery efforts.

15. McNally is a Managing Director and member of the Board of Managers of Claro. She has an MBA from the University of Chicago Booth School of Business with concentrations in Finance, Economics, and Statistics & Econometrics (among others). She currently serves as an Adjunct Lecturer of Statistics and Economics at Northwestern University and previously served as the CFO of a litigation funder, Juridica Asset Management Limited, where she developed models to price litigation risk. She has provided claim valuation services for mass tort claims and related insurance recovery support for the duration of her career and has served as the valuation and insurance recovery consultant on several high-profile sexual abuse matters. McNally has a deep understanding of the factors that drive settlement outcomes for sexual abuse claims

specifically, including the nature of allegations, verdicts and settlements in potentially comparable matters, and availability and strength of legal defenses to such claims.

## DISINTERESTEDNESS

16. To the best of the Committee's knowledge, as set forth in the McNally Declaration, Claro does not have a conflict with parties in interest in this Case and Claro has no connection to the Debtor, its creditors, or any other parties in interest herein, or their respective attorneys and accountants, the U.S. Trustee, any person employed in the Office of the U.S. Trustee, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court in this District except as set forth in the McNally Declaration. As set forth in the McNally Declaration, to the extent that any new relevant facts or relationships bearing on the matters described herein arise, Claro will use reasonable efforts to promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## TERMS OF RETENTION

17. Claro has advised the Committee that it intends to charge hourly rates for professional services rendered, plus reimbursement of actual and necessary expenses incurred by Claro. The professional fees shall be calculated by multiplying the hours worked by the hourly billing rates in effect for specific personnel involved. The hourly rates charged by Claro for services provided by its personnel differ based upon, among other things, each professional's level of experience and types of services being provided. In the ordinary course of business, Claro periodically revises its hourly rates to reflect promotions and other changes in personnel responsibilities, increases in experience and increases in the cost of doing business.

18. Claro will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Case in compliance with §§ 330 and

331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, the U.S. Trustee Guidelines, and any other applicable procedures and orders of the Court.

19. Claro has advised the Committee that its fees will be commensurate with the fees charged to its other clients and in other cases of this size (provided such clients are billed hourly). Claro has also advised the Committee that it intends to make application to this Court for allowance of its compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the terms of any order establishing procedures for interim compensation that may be entered in this Case. The Firm's compensation for services rendered on behalf of the Committee shall be fixed by the Court after due application.

20. For professional services, fees are based on the Firm's hourly rates. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the professionals and paraprofessionals who provide services to the Committee. The hourly rates for Claro personnel that will work on this engagement are as follows:

| Billing Category | US Range |
| --- | --- |
| Managing Director | $605 to $675 |
| Director | $495 |
| Managers/Senior Managers | $350 to $395 |
| Analysts/Consultants/Senior Consultants | $265 to $305 |

These hourly rates are subject to periodic adjustment, which shall be noted on the invoices

for the first time period in which the revised rates become effective. The hourly rates for Claro's professionals anticipated to be assigned to this engagement are as follows: Katie McNally ($625) and John Cadarette ($675). Claro will use its best efforts to staff and supervise the engagement with appropriate personnel utilizing rates at the lower-end of the hourly rate ranges stated above; however, there may be requirements and circumstances of the Case that require specialized expertise or time sensitive assignments where certain personnel may be required at the higher-end of the stated range.

21. Consistent with the Firm's policy with respect to its other clients, Claro will charge for all services provided and for other charges and disbursements incurred in rendering services to the Committee. These customary items include, among other things, travel and lodging expenses, business meals, costs of reproduction, research, communications, legal counsel costs, applicable sales or excise taxes and other direct expenses. Internal costs or overhead costs and document production services (including regular secretarial and word processing time) will not be charged for separately. Claro has acknowledged that the Committee, its constituents, its advisors or professionals shall not be liable for the fees, expenses or other amounts payable to Claro.

## **APPLICABLE AUTHORITY**

21. To assist a committee with its statutory rights and duties under section 1103(c) of the Bankruptcy Code, a committee may retain experts and consultants. *See* 11 U.S.C. §§ 328(a) and 1103(a); *see also In re Motors Liquidation Co.*, Case No. 09-50026 (Apr. 30, 2010) [Dkt. No. 5683] (authorizing the official committee of unsecured creditors to retain a consultant for valuation of asbestos liabilities under sections 328 and 1103 of the Bankruptcy Code); *In re SFX Entertainment, Inc.*, Case No. 16-10238 (Sept. 27, 2016) [Dkt. No. 1068] (authorizing the

official committee of unsecured creditors to retain a consultant for valuation of the business pursuant to a plan of reorganization).

22. Bankruptcy Rule 2014 requires that an application for retention of a professional person include:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

23. Based on the foregoing and as further supported by the McNally Declaration, the Committee believes that the retention of Claro to provide expert consulting and witness services is necessary and appropriate, and in the best interests of the Committee, the estate, and its creditors.

## **AUTHORIZED PARTY**

24. The Bar Date Order establishes which parties are allowed to access the Sexual Abuse Proofs of Claim. *See* Bar Date Order, para. 12(c). Paragraph 12(c)(ix) of the Bar Date Order provides that Authorized Persons may include "Such other persons as the Court may authorize to access to one or more of the Sexual Abuse Proofs of Claim pursuant to a subsequent order; *provided, however*, that any such determination shall be made on no less than 7 days' notice to the affected Sexual Abuse Claimant(s), the Committee, and the Debtor." *Id.* In order for Claro to assist the Committee, it must have access to the Sexual Abuse Proofs of Claim. The Committee is therefore requesting that the Court authorize Claro to have such access.

## NOTICE

25. Notice of this Application has been provided to: (i) all Sexual Abuse Claimants; (ii) the Debtor, The Diocese of Rochester, 1150 Buffalo Road, Rochester, NY 14624; (iii) counsel to the Debtor, Bond, Schoeneck & King, PLLC, 350 Linden Oaks, Suite 310, Rochester, NY 14625 (Attn: Ingrid S. Palermo), Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, NY 13202-1355 (Attn: Stephen A. Donato); (iv) the United States Trustee, 100 State Street, Room 6090, Rochester, NY 14614 (Attn: Kathleen Dunivin Schmitt); and (v) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

28. No previous request for the relief sought herein has been made by the Committee to this or any other court.

[Remainder of Page Intentionally Blank]

**WHEREFORE,** the Official Committee of Unsecured Creditors respectfully requests that the Court enter the proposed order submitted herewith: (a) granting this Application, (b) authorizing it to retain and employ The Claro Group, LLC as valuation expert, effective as of June 16, 2021, (c) granting The Claro Group, LLC access to the Sexual Abuse Proofs of Claim and including them as Authorized Parties, as that term is defined in the Bar Date Order; and (d) for such other relief as this Court may deem just and proper.

Date: June 24, 2021

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DIOCESE OF ROCHESTER**

*/s/ James Cali*
James Cali
Solely in his capacity as Chair of the Official Committee of Unsecured Creditors of The Diocese of Rochester, and not in any other capacity

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Ilan D. Scharf*
James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq.
Brittany M. Michael, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone:   (212) 561-7700
Facsimile:    (212) 561-7777
Email:        jstang@pszjlaw.com
              ischarf@pszjlaw.com
              bmichael@pszjlaw.com

*Counsel for the Official Committee of Unsecured Creditors of The Diocese of Rochester*

