# EXHIBIT A

**Declaration of Katie McNally**

DOCS_LA: 338194.1 18491/002

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

THE DIOCESE OF ROCHESTER,

               Debtor.

)
)  Chapter 11
)
)  Case No. 19-20905 (CGM)
)
)
)
)

**DECLARATION OF KATIE MCNALLY
IN SUPPORT OF APPLICATION OF THE COMMITTEE FOR AN ORDER
AUTHORIZING IT TO RETAIN AND EMPLOY THE CLARO GROUP, LLC AS
VALUATION EXPERT**

Pursuant to 28 U.S.C. § 1746, I, John Cadarette, hereby submit this declaration (this "**Declaration**") under penalty of perjury:

1. I am a Managing Director with The Claro Group, LLC ("**Claro**"). My business address is 123 N. Wacker Dr. Suite 2100, Chicago IL 60606. I am authorized to make this declaration (the "**Declaration**") on behalf of Claro and the Declaration is submitted pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure in support of the *Application of the Official Committee of Unsecured Creditors to Employ Claro Group, LLC as Valuation Expert* (the "**Application**"),[4] as a valuation expert for the Official Committee of Unsecured Creditors (the "**Committee**").

2. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information supplied to me by other Claro professionals or paraprofessionals, or learned from my review of relevant documents. To the extent any information disclosed herein requires amendment or modification as additional party in interest information

---

[4] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Application.

14

becomes available to Claro, a supplemental declaration will be submitted to this Court reflecting such amended or modified information.

## CLARO'S QUALIFICATIONS

3. Claro is well-qualified to serve as the Committee's valuation expert in this Case. Claro has vast experience in valuation. Claro's valuation practice is built on academics and practitioners whose experience is broad and deep. They include individuals with advanced degrees (Ph.D.'s and MBA's), as well as those with professional designations, such as CPA's, CFA's, and ASA's. Each valuation professional is highly skilled at analyzing companies and industries in a variety of settings, and each has extensive experience documenting and supporting those analyses in reports, presentations, and recommendations. Claro's experts have testified to their findings in depositions, trials, arbitrations, and regulatory proceedings.

4. Claro's valuation experts are frequently retained by companies, individuals, and their representatives, including private and public corporations, transactional attorneys, litigators and investment bankers. Claro has extensive experience advising and working in concert with interested stakeholders with respect to valuation of sexual abuse claims and allocating survivors' claims across decades worth of historical insurance policies.

5. Specifically, Claro has assisted several major universities, including Michigan State University in connection with the Dr. Larry Nassar molestation/abuse claims, as the retained valuation consultants. In this role, Claro developed individual claim values for each claimant and assisted in the settlement of the Nassar claims and hundreds of sexual abuse claims against other defendants. Claro also worked closely with counsel and performed numerous allocations of such claims across decades worth of available coverages to support insurance recovery efforts.

15

Case 2-19-20905-PRW, Doc 1119-1, Filed 06/24/21, Entered 06/24/21 21:34:42, Description: Exhibit Exhibit A - Declaration of Katie McNally, Page 3 of 16
DOCS_NY:43464.5

6. McNally is a Managing Director and member of the Board of Managers of Claro. She has an MBA from the University of Chicago Booth School of Business with concentrations in Finance, Economics, and Statistics & Econometrics (among others). She currently serves as an Adjunct Lecturer of Statistics and Economics at Northwestern University and previously served as the CFO of a litigation funder, Juridica Asset Management Limited, where she developed models to price litigation risk. She has provided claim valuation services for mass tort claims and related insurance recovery support for the duration of her career and has served as the valuation and insurance recovery consultant on several high-profile sexual abuse matters. McNally has a deep understanding of the factors that drive settlement outcomes for sexual abuse claims specifically, including the nature of allegations, verdicts and settlements in potentially comparable matters, and availability and strength of legal defenses to such claims.

## **SERVICES TO BE PROVIDED**

7. The Committee has requested that Claro render professional services as required by the Committee, including, *inter alia*:

   a. Expert consulting services and expert testimony regarding the appropriate value of claims of sexual abuse victims in this Case;

   b. Expert consulting services and expert testimony in connection with the 9019 Motion and any contested matters and/or litigation arising in this Case as reasonably requested by the Committee, including without limitation any additional settlements with insurers and any plan of reorganization proposed without Committee consent in this Case;

   c. Expert consulting services and expert testimony in the review and evaluation of reports prepared by the Debtor, its professionals, the Debtor's insurers, and their professionals;

   d. As may be requested by the Committee, assisting with the preparation of affidavits/declarations, depositions, and briefing in this Case concerning the issues for which Claro Group is providing expert consulting services and expert testimony;

16

DOCS_NY:43464.5
Case 2-19-20905-PRW, Doc 1119-1, Filed 06/24/21, Entered 06/24/21 21:34:42, Description: Exhibit Exhibit A - Declaration of Katie McNally, Page 4 of 16

e. Preparing for and providing both deposition and court testimony in this Case regarding the issues for which Claro Group is providing expert consulting services and expert testimony; and

f. Such other consulting and advisory services as may be requested by the Committee.

8. Subject to this Court's approval of the Application, Claro is willing to serve as the Committee's valuation expert and to perform the services described above.

## **DISINTERESTEDNESS**

9. Neither I, Claro, nor any member or associate thereof, insofar as I have been able to ascertain, has any connection with the Committee, the Debtor, its creditors or any other parties in interest herein, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as set forth herein.

10. Claro has made the following investigation of disinterestedness prior to submitting this Declaration. Claro has undertaken a full and thorough review of its computer database, which contains the names of clients and other parties interested in particular matters. Claro requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Firm's database and to enter conflict information regarding new clients or new matters into that database. Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation. In particular, an employee of Claro, under my supervision, entered the names of the Debtor, associated non-Debtors, the insurers, and counsel for the insurers through the Firm's database. See **Schedule A** attached hereto, listing potential parties in interest searched.

11. Based on the best of my information and belief, Claro is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. Claro is not a creditor, an equity

17

DOCS_NY:43464.5
Case 2-19-20905-PRW, Doc 1119-1, Filed 06/24/21, Entered 06/24/21 21:34:42, Description: Exhibit Exhibit A - Declaration of Katie McNally, Page 5 of 16

security holder, or a pre-petition insider of the Debtor. Claro is not and was not, within two years prior to the Petition Date, a director, officer or employee of the Debtor. Lastly, Claro does not have any direct or indirect relationship to, connection with, or interest in, the Debtor that would make its interests materially adverse to the interests of the estate or of any class of creditors or equity holders.

12. To the best of my knowledge and belief, except as noted in **Schedule B**, (a) Claro has no connection with the Debtor's creditors, any other party-in-interest, or their respective attorneys and accountants, and (b) Claro and its professionals working on this matter are not relatives of the United States Trustee of the Western District of New York or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Western District of New York.

13. Claro may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtor that are unrelated to this Case. However, those matters do not present a conflict in this Case.

14. Claro has represented, represents, and in the future will likely represent debtors and creditors' committees in cases unrelated to the Debtor and this Case wherein one or more of the firms representing the members of the Committee or other parties in interest serve as or will serve as professionals to committee members.

15. I understand there is a continuing duty to disclose any adverse interest and change of disinterestedness.

16. I agree to immediately disclose any actual conflict of which I become aware during the course of the Firm's representation as a valuation expert to the Committee.

18

DOCS_NY:43464.5

Case 2-19-20905-PRW, Doc 1119-1, Filed 06/24/21, Entered 06/24/21 21:34:42, Description: Exhibit Exhibit A - Declaration of Katie McNally, Page 6 of 16

## **TERMS OF RETENTION**

17. Claro intends to charge hourly rates for professional services rendered, plus reimbursement of actual and necessary expenses incurred by Claro. The professional fees shall be calculated by multiplying the hours worked by the hourly billing rates in effect for specific personnel involved. The hourly rates charged by Claro for services provided by its personnel differ based upon, among other things, each professional's level of experience and types of services being provided. In the ordinary course of business, Claro periodically revises its hourly rates to reflect promotions and other changes in personnel responsibilities, increases in experience and increases in the cost of doing business.

18. Claro will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Case in compliance with §§ 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, the U.S. Trustee Guidelines, and any other applicable procedures and orders of the Court.

19. Claro's fees will be commensurate with the fees charged to its other clients and in other cases of this size (provided such clients are billed hourly). Claro has also advised the Committee that it intends to make application to this Court for allowance of its compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the terms of any order establishing procedures for interim compensation that may be entered in this Case. The Firm's compensation for services rendered on behalf of the Committee shall be fixed by the Court after due application.

20. For professional services, fees are based on the Firm's hourly rates. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the professionals and paraprofessionals who provide services to

19

DOCS_NY:43464.5
Case 2-19-20905-PRW, Doc 1119-1, Filed 06/24/21, Entered 06/24/21 21:34:42, Description: Exhibit Exhibit A - Declaration of Katie McNally, Page 7 of 16

the Committee.  The hourly rates for Claro personnel that will work on this engagement are as follows:

| Billing Category | US Range |
|---|---|
| Managing Director | $605 to $675 |
| Director | $495 |
| Managers/Senior Managers | $350 to $395 |
| Analysts/Consultants/Senior Consultants | $265 to $305 |

These hourly rates are subject to periodic adjustment, which shall be noted on the invoices for the first time period in which the revised rates become effective.  The hourly rates for Claro professionals anticipated to be assigned this engagement are as follows:  Katie McNally ($625) and John Cadarette ($675).  Claro will use its best efforts to staff and supervise the engagement with appropriate personnel utilizing rates at the lower-end of the hourly rate ranges stated above; however, there may be requirements and circumstances of the Case that require specialized expertise or time sensitive assignments where certain personnel may be required at the higher-end of the stated range.

21.     Consistent with the Firm's policy with respect to its other clients, Claro will charge for all services provided and for other charges and disbursements incurred in rendering services to the Committee.  These customary items include, among other things, travel and lodging expenses, business meals, costs of reproduction, research, communications, legal counsel costs, applicable sales or excise taxes and other direct expenses.  Internal costs or overhead costs and document production services (including regular secretarial and word processing time) will not be charged

20
DOCS_NY:43464.5
Case 2-19-20905-PRW,    Doc 1119-1,    Filed 06/24/21,    Entered 06/24/21 21:34:42,    Description: Exhibit Exhibit A  - Declaration of Katie McNally, Page 8 of 16

for separately. Claro has acknowledged that the Committee, its constituents, its advisors or professionals shall not be liable for the fees, expenses or other amounts payable to Claro.

22. I understand that the Court's approval of the Application is not approval of any proposed terms of compensation and under § 328(a) the Court may allow compensation on terms different from those proposed.

23. Claro has not received any retainer from the Debtor, the Committee, or any member of the Committee, nor has Claro received any payment or promise of payment. No compensation has been paid or promised to be paid from a source other than the Debtor's estate in this case. No promises have been received by the Firm nor by any partners, of counsel or associate thereof as to compensation in connection with this Case other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this Case, except among the partners, of counsel, and associates of the Firm. Neither the Committee nor any of its representatives are or will be liable for fees or costs incurred by the Firm in its representation of the Committee.

24. Claro further states pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure that it has not agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel and associates of Claro, or (b) any compensation another person or party has received or may receive.

25. I am not aware of anyone who objects to Claro's employment.

21

DOCS_NY:43464.5

Case 2-19-20905-PRW, Doc 1119-1, Filed 06/24/21, Entered 06/24/21 21:34:42, Description: Exhibit Exhibit A - Declaration of Katie McNally, Page 9 of 16

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief, and that this Declaration was executed on

June 24, 2021 at Chicago IL

By: /s/ Katie McNally
Katie McNally
Managing Director
The Claro Group, LLC
123 N. Wacker Dr. Suite 2100
Chicago, IL 60606

22

DOCS_NY:43464.4

Case 2-19-20905-PRW, Doc 1119-1, Filed 06/24/21, Entered 06/24/21 21:34:42,
Description: Exhibit Exhibit A - Declaration of Katie McNally, Page 10 of 16

## Schedule A

## Potential Parties-in-Interest

Roman Catholic Diocese of Rochester
Reverend Daniel J. Condon
Reverend Paul J. Tomasso
Reverend Salvator R. Matano
Lisa M. Passero
Diocese of Rochester Pastoral Center
Siena Catholic Academy
Communis Fund of the Diocese of Rochester, Inc.
Saint Bernard's School of Theology & Ministry
Rochester Catholic Press Association, Inc.
Mary's Place Refugee Outreach
Nativity Preparatory Academy
Catholic Charities of the Diocese of Rochester, Inc.
Providence Housing Development Corporation
Camp Stella Maris of Livonia, Inc.
Holy Cross Parish
St. Jude the Apostle Church
The Parish of the Holy Family
All Saints Parish
Catholic Charities of the Finger Lakes
Catholic Charities Southern Tier Division
Mary Mother of Mercy
Nativity B.V.M. C Brockport
St. Luke the Evangelist
Peace of Christ Roman Catholic Parish
Our Lady of Peace RC Church of Geneva
St. Benedict Roman Catholic Parish
St. Charles Borromeo
St. Peter's Roman Catholic Parish
The Cathedral Community Church
The Most Holy Name of Jesus
Manufacturers and Traders Trust Company
Keidel's Inc.

Debtor's Counsel
Bond, Schoeneck & King, PLLC

Associated Non-Debtors
The Cathedral Community of Rochester NY
Roman Catholic Parish of St. Frances Xavier Cabrini
Peace of Christ Roman Catholic Parish of Rochester, NY
The Church of the Holy Apostles, Rochester, N.Y.
St. Monica Church of Rochester, N.Y.

23

St. Anne's Church of Rochester
The Church of the Blessed Sacrament, Rochester, N.Y.
St. Boniface Church, Rochester, N.Y.
St. Stanislaus Church of Rochester, N.Y.
Immaculate Conception/St. Bridget, Rochester
Kateri Tekakwitha Roman Catholic Parish
Church of St. Charles Borromeo
Emmanuel Church of the Deaf of the Diocese of Rochester
St. George Roman Catholic Lithuanian Church, Inc.
The Parish of the Holy Family, Gates, NY
Holy Cross Church of Rochester, NY
St. John the Evangelist Church Corp.
St. Lawrence Church of Rochester, N.Y.
St. Mark's Church of Rochester, New York
St. Mary's Church Society, Inc.
Our Lady of Lourdes Church of Brighton
Our Mother of Sorrows Church
St. Mary's French Church Society (a/k/a Our Lady of Victory)
Church of Our Lady Queen of Peace of Rochester, N.Y.
St. Pius Tenth Church of Rochester, N.Y.
St. Theodore's Church of Gates, N.Y.
St. Thomas More Church of Rochester, N.Y.
The Catholic Parish of Saints Isidore and Maria Torriba
St. Alphonsus Catholic German Church
St. Aloysius Church, Auburn, NY
The Catholic Church of the Holy Family, Auburn, N.Y.
St. Mary's Catholic Church, Auburn, N.Y.
Saints Mary and Martha Roman Catholic Parish Cayuga County, NY
Sacred Heart Church of Auburn, N.Y.
St. Ann's Church, Owasco, Cayuga County, N.Y.
Good Shepherd Catholic Community, Aurora
St. Agnes Church Society, Avon, N.Y.
St. John Vianney Roman Catholic Parish, Steuben County, NY
Church of the Nativity of the Blessed Virgin Mary, Brockport, N.Y.
St. Martin De Porres
St. Benedict Roman Catholic Parish Ontario County, NY
St. Peter's Roman Catholic Parish, Ontario County
St. Joseph the Worker Roman Catholic Parish, Wayne County
St. Margaret's Church of Conesus Lake, Livonia, N.Y.
The Church of St. John Fisher of the Town of Huron, New York
Church of St. Jerome, East Rochester, N.Y.
Saint Cecilia's Roman Catholic Church Society
St. John the Baptist Catholic Church, Elmira, N.Y.
Parish of the Most Holy Name of Jesus
Church of the Assumption, Fairport, N.Y.
Church of the Resurrection, Perinton, New York

Church of St. John of Rochester of Perinton, New York
The Church of the Holy Cross of Dryden, New York
St. Luke the Evangelist Roman Catholic Church Society of Livingston County
Our Lady of Peace Roman Catholic Church of Geneva, NY
St. Hilary's Catholic Church, Genoa, N.Y.
St. Anthony's Catholic Church of Groton, N.Y.
Church of the Holy Name, Groveland, N.Y.
The Church of St. Elizabeth Ann Seton, The Diocese of Rochester, N.Y.
Marianne Cope Roman Catholic Parish, Monroe County NY
Church of St. Leo, Hilton, N.Y.
St. Mary's Church of Honeoye Flats, N.Y (St. Mary - Our Lady of the Hills)
St. Paul of the Cross Church, Honeoye Falls, N.Y.
Our Lady of the Valley
Church of St. Mary Our Mother, Horseheads, N.Y.
St. Catherine of Siena Church
The Immaculate Conception Church, Ithaca, N.Y.
All Saints Church Corporation, Ludlowville, NY
St. Rose Roman Catholic Church
St. Matthew Catholic Church Society
St. Michael's Church Society, Livonia Center, N.Y.
Parish of St. Katharine Drexel, Palmyra
St. Catherine's Roman Catholic Church, Mendon, NY
St. Michael's Church, Montezuma, N.Y.
St. Michael's Church, Newark, N.Y.
St. Christopher of Chili, New York
St. Benedict's Mission Church of Odessa, New York
St. Maximilian Kolbe Catholic Church Society of Wayne County
The Parish of Mary, Mother of Mercy, Tompkins County, New York
Blessed Trinity, Owego
St. Patrick's Roman Catholic Church Society of Owego, N.Y.
St. Joseph's Catholic Church of Penfield, NY
Our Lady of the Lakes Catholic Community
St. Raphael's Church, Piffard, N.Y.
Church of the Transfiguration, Diocese of Rochester, New York
St. Louis Church of Pittsford, N.Y
St. John the Evangelist Church Society, Spencerport, N.Y.
St. Patrick's Church of Victor,  N.Y.
St. Frances & St. Clare Roman Catholic Parish, Seneca County, NY
St. Mary's of the Lake Roman Catholic Church Society
Holy Family Catholic Community
The Roman Catholic Church of the Most Holy Trinity at Webster, N.Y.
St. Paul's Roman Catholic Church of Webster, N.Y.
Church of the Holy Spirit of Penfield, N.Y.
Our Lady of the Snow, Weedsport
St. Joseph's Church of West Bloomfield
St. Rita's Church of West Webster, N.Y.

25

Catholic Community of the Blessed Trinity of Wolcott, NY
Catholic Charities of the Diocese of Rochester
Rochester Catholic Press Association, Inc.
DePaul Community Services, Inc., the successor to DePaul Mental Health Services, Inc. (f/k/a DePaul Clinic)
The Corporate Board of Education, Diocese of Rochester
Bishop Sheen Ecumenical Housing Foundation, Inc.
Charles Settlement House, Inc.
St. Bernard's School of Theology and Ministry
Camp Stella Maris of Livonia, N.Y.

Banking Institution
M&T Bank

U.S. Trustee
William K. Harrington

Assistant U.S. Trustee
Kathleen Dunivin Schmitt

Committee
*Members have been searched, but are not listed herein.*

Insurers
The Continental Insurance Company
Certain Underwriters at Lloyd's, London
Certain London Market Companies
The Dominion Insurance Company Limited
Stronghold Insurance Company Limited
CX Reinsurance Company Limited
Markel International Insurance Company Limited
Tenecom Limited
National Surety Corporation
Interstate Fire & Casualty Company
Colonial Penn Insurance Company
HDI Global Specialty SE

Counsel for Insurers
Tressler LLP
Barclay Damon LLP
Clyde & Co. US LLP
Moss & Barnett, a Professional Association
Rivkin Radler LLP
Troutman Sanders LLP
Walker Wilcox Matousek LLP
Kenney Shelton Liptak Nowak LLP

26
Case 2-19-20905-PRW, Doc 1119-1, Filed 06/24/21, Entered 06/24/21 21:34:42, Description: Exhibit Exhibit A - Declaration of Katie McNally, Page 14 of 16

# SCHEDULE B

## Disclosures Regarding Relationship with Potential Parties-in-Interest

In connection with the proposed retention of Claro as valuation expert for the Committee, Claro has been provided a list of the Debtor's creditors and other persons identified as parties-in-interest in the Debtor's bankruptcy case. Claro's conflicts check is done by searching a computer database maintained by Claro for the specific names listed in Schedule A. Claro has not been provided, nor has it searched the names of any parents, subsidiaries, or affiliates of the entities listed in Schedule A, and it is possible that Claro has been engaged by some of these entities in matters unrelated to the Debtor or this bankruptcy. If the information provided by the Debtor for use in the search of Claro's database contains a misspelling, a connection could be missed. However, no known misspellings are believed to exist. Additionally, due to the magnitude of the aforementioned Claro computer database, many common names (for example, those of common individual surnames, etc.) appear repetitively.

Claro has identified and included in the list below the persons/entities to whom/which Claro currently has a relationship or a connection in matters unrelated to this bankruptcy case.

| INDIVIDUAL OR ENTITY | RELATION TO DEBTOR | CONNECTION TO CLARO |
|---|---|---|
| Certain London Market Companies | Insurer | • Numerous matters in which insurer held interest adverse to Claro client; unrelated to Debtor, the Committee, and this Case |
| Certain Underwriters at Lloyds of London | Insurer | • Numerous matters in which insurer held interest adverse to Claro client; unrelated to Debtor, the Committee, and this Case |
| Continental Insurance Company | Insurer | • Numerous matters in which insurer held interest adverse to Claro client; unrelated to Debtor, the Committee, and this Case |
| CX Reinsurance Company Limited | Insurer | • Insurer was a client of Claro in a matter unrelated to the Debtor, the Committee, and this Case; matter unrelated to sexual abuse claims; matter closed |
| HDI Global Specialty SE | Insurer | • Numerous matters in which insurer held interest adverse to Claro client; unrelated to Debtor, the Committee, and this Case |
| Interstate Fire and Casualty Company | Insurer | • Numerous matters in which insurer held interest adverse to Claro client; unrelated to Debtor, the Committee, and this Case |
| M&T Bank Corporation | Party in Interest | • Claro served as an expert in financial/regulatory dispute on behalf of client adverse to M&T |

27

DOCS_NY:43464.5

Case 2-19-20905-PRW, Doc 1119-1, Filed 06/24/21, Entered 06/24/21 21:34:42, Description: Exhibit Exhibit A - Declaration of Katie McNally, Page 15 of 16

| | | |
|---|---|---|
| | | Bank; unrelated to Debtor, the Committee, and this Case |
| National Surety Corporation | Insurer | • Numerous matters in which insurer held interest adverse to Claro client; unrelated to Debtor, the Committee, and this Case |
| Stronghold Insurance Company Limited | Insurer | • Numerous instances in which insurer held interest adverse to Claro client; unrelated to Debtor, the Committee, and this Case |
| Clyde & Co. US LLP | Counsel for Insurers | • Counsel to client in one matter in which Claro served as an expert in a personal injury case; unrelated to Debtor, the Committee, and this Case<br>• Numerous matters in which counsel represented insurers who were adverse to Claro clients; unrelated to Debtor, the Committee, and this Case |
| Tressler LLP | Counsel for Insurers | • Counsel to client in one matter in connection with a commercial dispute; unrelated to Debtor, the Committee, and this Case<br>• One matter in which counsel represented insurers who were adverse to Claro clients; unrelated to Debtor, the Committee, and this Case |
| Troutman Sanders LLP | Counsel for Insurers | • Numerous matters in which counsel represented insurers who were adverse to Claro clients; unrelated to Debtor, the Committee, and this Case |
| Walker Wilcox Matousek | Counsel for Insurers | • One matter in which counsel represented insurers who were adverse to Claro clients; unrelated to Debtor, the Committee, and this Case |

Where a connection listed above was a client, matter revenues represented less than 2% of Claro revenue in any given year. The connections of Claro to these identified entities are unrelated to the Debtor, the Committee, and this Case.