# **EXHIBIT B**

DOCS_NY:43464.5
Case 2-19-20905-PRW, Doc 1119-2, Filed 06/24/21, Entered 06/24/21 21:34:42, Description: Exhibit Exhibit B - Proposed Order, Page 1 of 4

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE DIOCESE OF ROCHESTER,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 19-20905 (CGM) |

**ORDER AUTHORIZING AND APPROVING
THE EMPLOYMENT OF THE CLARO GROUP, LLC AS VALUATION EXPERT TO
THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS EFFECTIVE AS OF JUNE 16, 2021 AND PROVIDING THE CLARO
GROUP, LLC WITH ACCESS TO THE SEXUAL ABUSE PROOFS OF CLAIM**

Upon consideration of the *Application of the Official Committee of Unsecured Creditors for an Order Authorizing it to Retain and Employ The Claro Group, LLC as Valuation Expert to the Official Committee of Unsecured Creditors Effective as of June 16, 2021 and Providing The Claro Group, LLC With Access to the Sexual Abuse Proofs of Claim* (the "**Application**"),[1] pursuant to sections 327 and 1103(a) Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Western District of New York (the "**Local Rules**"); and upon consideration of the declaration of Katie McNally in support of the Application filed by the Committee; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

and 1409; and it appearing that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors and other parties in interest; and the Committee having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

26. The Application is **GRANTED**.

27. The Committee is authorized to retain and employ Claro as valuation expert to the Committee effective as of June 16, 2021. In the alternative, to the extent retention of Claro as of June 16, 2021 is not permitted under applicable law, Claro shall be retained as of the earliest date permitted under law; provided, however, that Claro may seek compensation for work performed and expenses incurred as of and after June 16, 2021 even where the effective date of its retention occurs thereafter. Subject to Court approval, Claro may be compensated for services rendered and reimbursed for expenses incurred beginning on June 16, 2021.

28. Claro shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Case as set forth in the Application and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

29. Prior to any increases in Claro's rates, as set forth in the Application, for any individual retained by Claro and providing services in this case, Claro shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and the Committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether

2

DOCS_NY:43464.5

Case 2-19-20905-PRW, Doc 1119-2, Filed 06/24/21, Entered 06/24/21 21:34:42, Description: Exhibit Exhibit B - Proposed Order, Page 3 of 4

Claro's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

30. The Committee and Claro are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

31. Claro is authorized to access the Sexual Abuse Proofs of Claim and shall be considered an Authorized Party under the *Order Establishing a Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 425].

32. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

33. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

Dated: _____, 2021
      Rochester, New York

                                       THE HONORABLE PAUL R. WARREN
                                       U.S. BANKRUPTCY JUDGE