UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

THE DIOCESE OF ROCHESTER,

Debtor.

Chapter 11

Case No. 19-20905 (PRW)

**JOINT NOTICE OF HEARING TO CONSIDER
PROFESSIONAL FEE APPLICATIONS**

**PLEASE TAKE NOTICE** that (i) Pachulski Stang Ziehl & Jones LLP ("**PSZJ**"), counsel to the Official Committee of Unsecured Creditors (the "**Committee**"); and (ii) Berkeley Research Group, LLC ("**BRG**"), financial advisor to the Committee, have filed applications (each, an "**Application**") for interim allowance and payment of professional fees and expenses incurred in the above-captioned case. The amounts of fees and expenses requested by PSZJ and BRG on an interim basis pursuant to the Applications are as follows:

| Applicant | Fees Requested | Expenses Requested | Total | Application Period |
|---|---|---|---|---|
| Pachulski Stang Ziehl & Jones LLP *Counsel to the Committee* | $609,925.00 | $8,616.11 | $618,541.11 | 09/01/20 – 05/31/21 |
| Berkeley Research Group, LLC *Financial Advisor to the Committee* | $100,202.00 | $0.00 | $100,202.00 | 07/08/20 – 05/31/21 |

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Applications will be held before the Honorable Paul R. Warren, United States Bankruptcy Judge for the Western District of New York, at the United States Courthouse, 100 State Street, Rochester, New York on **September 23, 2021 at 9:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that responses in opposition to the relief requested in the Applications, if any, must be filed with the United States Bankruptcy Court Clerk's Office in Rochester, New York and served upon (i) counsel to the Official Committee of Unsecured Creditors, Pachulski, Stang, Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067-4003, Attn: James I. Stang; (ii) Berkeley Research Group, LLC, 70 W. Madison St., Suite 5000, Chicago, Illinois 60602; (iii) counsel for the Debtor, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202 (Attn: Stephen A. Donato and Charles J. Sullivan); and (iv) the Office of the United States Trustee, Federal Office Building, 100 State Street, Rochester, New York 14614 (Attn: Kathleen D. Schmitt), in accordance with the Local Rules of Bankruptcy Procedure for the Western District of New York.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

Dated: August 25, 2021

*s/ Ilan D. Scharf*
James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq.
Brittany M. Michael, Esq.
780 Third Ave., 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

E-mail: jstang@pszjlaw.com
 isharf@pszjlaw.com
 bmichael@pszjlaw.com

Counsel for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 19-20905 (CGM) |
| THE DIOCESE OF ROCHESTER, | Chapter 11 |
| Debtor.[1] | |

**COVER SHEET TO FIRST INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES BY BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISOR FOR THE PERIOD FROM JULY 8, 2020 THROUGH MAY 31, 2021**

| Name of Applicant: | Berkeley Research Group, LLC |
|---|---|
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | Effective as of July 8, 2020 by order signed on or about September 11, 2020 [Docket No. 761] |
| Period for which Compensation and Reimbursement is Sought: | July 8, 2020 through May 31, 2021[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $100,202.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $0.00 |

This is a:   __ Monthly   _x_ Interim   __ Final Application.

---

[1] The Debtor in this chapter 11 case is The Diocese of Rochester, the last for digits of its federal tax identification number are 5765, and its mailing address is 1150 Buffalo Road, Rochester, NY 14624.

[2] The applicant reserves the right to include any time expended and expenses incurred in the period indicated above in future application(s) if it is not included herein.

# Schedule 1

## Prior Applications Filed

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A | N/A |

## Timekeeper Summary

| Professional | Position | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| David Judd | Managing Director | $660 | 0.2 | $132.00 |
| Paul Shields | Managing Director | $620 | 0.3 | $186.00 |
| Ray Strong | Managing Director | $565 | 38.0 | $21,470.00 |
| Ray Strong | Managing Director | $590 | 21.3 | $12,567.00 |
| Matthew Babcock | Associate Director | $515 | 37.0 | $19,055.00 |
| Matthew Babcock | Associate Director | $540 | 2.5 | $1,350.00 |
| Jeffrey Shaw | Senior Managing Consultant | $475 | 41.3 | $19,617.50 |
| Sarita Bhattacharya | Consultant | $325 | 0.1 | $32.50 |
| Christina Tergevorkian | Senior Associate | $270 | 32.2 | $8,694.00 |
| Shelby Chaffos | Associate | $235 | 0.1 | $23.50 |
| Caroline Bates | Associate | $225 | 54.7 | $12,307.50 |
| Victoria Calder | Case Assistant | $105 | 45.4 | $4,767.00 |
| **Total** | | | **273.1** | **$100,202.00** |
| **Blended Rate** | | **$366.90** | | |

## Compensation by Category

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Document / Data Analysis (Production Requests) | 18.1 | $5,205.00 |
| Debtors Operations / Monitoring (Monthly Operating Reports / Periodic Reporting) | 1.6 | $837.50 |
| Asset Analysis (General – Debtors) | 17.6 | $5,859.00 |
| Asset Analysis (General – Related Non-Debtors) | 198.3 | $68,710.50 |
| Claims/Liability Analysis (General) | 0.8 | $400.00 |
| Employment Application | 1.9 | $1,073.50 |
| Meeting Preparation and Attendance | 19.2 | $10,633.00 |
| Fee Application Preparation & Hearing | 15.6 | $7,483.50 |
| **Total** | **273.1** | **$100,202.00** |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:                                    ) Case No. 19-20905 (CGM)
                                          )
THE DIOCESE OF ROCHESTER,                 ) Chapter 11
                                          )
                        Debtor.[1]        )
                                          )

**FIRST INTERIM APPLICATION FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES BY
BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISOR
FOR THE PERIOD FROM JULY 8, 2020 THROUGH MAY 31, 2021**

Berkeley Research Group, LLC ("BRG"), financial advisor to the Official Committee of Unsecured Creditors (the "Committee") of the Debtor in the above-captioned case (the "Debtor"), hereby submits this first interim fee application (the "Fee Application") hereby submits its third interim fee application, pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, for (a) allowance of interim compensation for professional services performed by BRG for the period commencing July 8, 2020, 2020 through May 31, 2021 (the "Interim Compensation Period") in the amount of $100,202.00, and (b) reimbursement of its actual and necessary expenses in the amount of $0 incurred during the Compensation Period, on the following grounds:

**Preliminary Statement**

1.      During the Interim Compensation Period, BRG advised and assisted the Committee in fulfilling its statutory obligations and duties to unsecured creditors and rendered services to the Committee in accordance with its instructions and directions. By this Fee Application, BRG requests that the Court authorize the interim allowance and payment of fees

---

[1] The Debtor in this chapter 11 case is The Diocese of Rochester, the last for digits of its federal tax identification number are 5765, and its mailing address is 1150 Buffalo Road, Rochester, NY 14624.

incurred by BRG during the Interim Compensation Period in the total amount of $100,202.00 as compensation for services rendered to the Committee.

2. To date, BRG has not received compensation or reimbursement of expenses since its retention effective as of July 8, 2020. By this Fee Application, BRG seeks interim allowance and payment of all compensation for services rendered during the Interim Compensation Period.

**Background**

3. On September 12, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court for the Western District of New York. The Debtor is operating its business and managing its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

4. On September 24, 2019, the Office of the United States Trustee (the "UST") appointed the Committee pursuant to Section 1102 of the Bankruptcy Code. The Committee consists of nine individuals who were sexually abused as minors by perpetrators for whom the Debtor was responsible.

5. Following the Committee's appointment, the Committee determined it needed a financial advisor and, subject to Court approval, hired BRG on July 8, 2020.

6. On August 5, 2020, the Committee filed The Official Committee of Unsecured Creditors' Application to Retain and Employ Berkeley Research Group, LLC as Financial Advisor Effective as of July 8, 2020 (the "Retention Application"). As set forth in the Retention Application, the Committee selected BRG to provide the following services to the Committee:

i. assisting the Committee in investigating the assets, liabilities and financial condition of the Debtor or the Debtor's operations and the desirability of the continuance of any portion of those operations, including a review of any donor restrictions on the Debtor's assets;

ii. assisting the Committee in the review of financial related disclosures required by the Court and/or Bankruptcy Code, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs, and Monthly Operating Reports;

iii. analyzing the Debtor's accounting reports and financial statements to assess the reasonableness of the Debtor's financial disclosures;

iv. providing forensic accounting and investigations with respect to transfers of the Debtor's assets and recovery of property of the estate;

v. assisting the Committee in evaluating the Debtor's ownership interests of property alleged to be held in trust by the Debtor for the benefit of third parties and/or property alleged to be owned by non-debtor entities;

vi. assisting the Committee in reviewing and evaluating any proposed asset sales and / or and other asset dispositions;

vii. assisting the Committee in the evaluation of the Debtors' organizational structure, including its relationship with the related Catholic non-debtor organizations and parishes that may hold or have received property of the estate;

viii. assisting the Committee in evaluating the Debtor's cash management system, including unrestricted and restricted funds, deposit and loan programs, and pooled income or investment funds;

ix. assisting the Committee in the review of financial information that the Debtor may distribute to creditors and others, including, but not limited to, cash flow projections and budgets, cash receipt and disbursement analyses, analyses of various asset and liability accounts, and analyses of proposed transactions for which Court approval is sought;

x. attendance at meetings and assistance in discussions with the Debtor, the Committee, the U.S. Trustee, and other parties in interest and professionals hired by the above-noted parties as requested;

xi. assisting in the review and/or preparation of information and analyses necessary for the confirmation of a plan, or for the objection to any plan filed in this Case which the Committee opposes;

xii. assisting the Committee in its evaluation of the Debtor's solvency;

xiii. assisting the Committee with the evaluation and analysis of claims, and on any litigation matters, including, but not limited to, avoidance actions for fraudulent conveyances and preferential transfers, and declaratory relief actions concerning the property of the Debtor's estate;

xiv. analyzing the flow of funds in and out of accounts the Debtor contends contain assets held in trust for others, to determine whether the funds were commingled with non-trust funds and lost their character as trust funds, under applicable legal and accounting principles

xv. assisting the Committee with respect to any adversary proceedings that may be filed in the Debtor's Case and providing such other services to the Committee as may be necessary in this Case.

7. On September 11, 2020, the Court entered the Order Authorizing and Approving the Employment of Berkeley Research Group, LLC as Financial Advisor Effective as of July 8, 2020 (the "Retention Order"). The Retention Order provides that all compensation and reimbursement of costs and expenses incurred during BRG's employment be paid only after appropriate application and approval of this Court.

## Jurisdiction and Venue

8. This Court has jurisdiction to hear and determine this Fee Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. Sections 328(a), 330, and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014 are the statutory predicates for the relief sought by this Fee Application.

## Billing Practices

9. BRG is applying for compensation for professional services rendered in accordance with its customary practices and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rules, any order establishing procedures for interim compensation and reimbursement of expenses of this Court, entered in these cases, and any other applicable orders of this Court and guidelines established by the United States Trustee.

10. BRG charges for its services based on standard hourly rates established, subject to periodic adjustments to reflect economic and other conditions. Billing rates are discounted from BRG's customary rates for services of this kind and are competitive with other financial advisors.

11. In addition, BRG bills for its actual, out-of-pocket expenses reasonably incurred in connection with this engagement including, but not limited to, travel expenses incurred in connection with the client's engagement that would not have been otherwise incurred, and industry or company specific research as requested. BRG does not charge for telephone calls (except the cost of specifically identified conference call charges), faxes, copies, and other administrative expenses.

12. BRG maintains contemporaneous records of the time expended and actual, necessary expenses incurred in support of its billings. Time entries are recorded in six-minute increments. A full accounting of all services rendered on behalf of the Committee during the Interim Compensation Period is contained in its time records, attached hereto as **Exhibit A**.

## No Prior Applications

13. This Fee Application is BRG's first interim fee application and seeks payment of interim compensation for services rendered to the Committee in amounts that have been applied for covering the Interim Compensation Period of July 8, 2020 through May 31, 2021.

14. This Fee Application requests that the Court approve interim fees in the total amount of $100,202.00 for services rendered in the Chapter 11 case during the Interim Compensation Period and reasonable and necessary out-of-pocket expenses in the total amount of $0.00 incurred by BRG for services rendered in the Chapter 11 case during the Interim Compensation Period.

15. The fees requested are reasonable, and all amounts requested were for actual and necessary services rendered on behalf of the Committee.

16. BRG has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases. No compensation will be paid to BRG or any member thereof in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

**Summary of Professional Services Rendered**

17. The following summaries are intended to highlight key services rendered by BRG during the Interim Compensation Period in certain task categories in which BRG has expended a considerable number of hours of behalf of the Committee and are not meant to be a detailed description of all work performed.

   A. **Document / Data Analysis**

18. BRG analyzed and assisted the Committee in the preparation of its initial document requests. Additionally, BRG assisted in monitoring the status of document requests, as well as resolving or clarifying any issues resulting from document requests. BRG also examined and evaluated documents produced by the Debtor in response to said requests. BRG participated in various meetings / calls with Committee Counsel regarding document productions and requests.

   B. **Debtor's Operations / Monitoring (MORs / Periodic Reporting)**

19. BRG reviewed, discussed and followed-up with the Debtor regarding the evaluation of the Debtor's monthly operating reports in order to review receipts and disbursements activity, obtain an understanding of the Debtor's statement of operations and balance sheet, as well as to prepare comparative financial information.

### C. Asset Analysis

20. BRG analyzed financial statements and activity for the Debtor's Pastoral Center and Communis Fund for fiscal years 2010 – 2019. Additionally, BRG analyzed financial statements or trial balances produced for 72 non-debtor parishes for the fiscal years 2010 – 2019 and prepared preliminary summaries of parish financial statements. BRG met with Committee Counsel regarding preliminary evaluation of parish assets. BRG's preliminary asset analysis will assist in its overall identification and evaluation of assets (including cash, investments, real estate, receivables, fraudulent transfers, and other potential recoveries) that are potential assets available to the Debtor's creditors.

### D. Claims Analysis

21. BRG analyzed available unsecured claims information of the Debtor.

### E. Employment Application

22. BRG coordinated issues related to the engagement, including the preparation and review of the retention application, related declaration and underlying conflicts check.

### F. Meeting Preparation & Attendance

23. BRG prepared for and participated in conference calls with Counsel, Debtors' counsel, Debtors' accounting personnel, Committee Counsel, and other BRG personnel regarding various case issues and assignments.

### G. Fee Application Preparation & Hearing

24. BRG began its preparation of the First Interim Fee Application for the period covering July 8, 2020 through December 31, 2020.

## Allowance of Compensation

25. Section 330(a)(1)(A) of the Bankruptcy Code provides that the Court may award to a professional person, "reasonable compensation for actual, necessary services rendered." 11 U.S.C. § 330(a)(1)(A). Section 330(a)(3)(A), in turn, provides that in determining the amount of reasonable compensation to be awarded, the Court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

  i. The time spent on such services;

  ii. The rates charges for such services;

  iii. Whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;

  iv. Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

  v. Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A).

26. The congressional policy expressed above provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. BRG respectfully submits that the consideration of these factors should result in this Court's allowance of the full compensation sought.

## Time and Labor Required

27. During the Interim Compensation Period, the Committee relied heavily on the experience and expertise of BRG when dealing with the matters described herein. As a result, BRG devoted significant time and effort to perform properly and expeditiously the required

8

professional services. During the Interim Compensation Period, BRG expended 273.1 hours in providing the requested professional services. BRG's hourly billing rates are discounted from BRG's customary billing rates for services of this kind and are competitive with other financial advisors.

## Necessity of BRG's Services

28. This bankruptcy case addresses issues that raise complex questions and requires a high level of skill and expertise to efficiently and accurately address. The professional services described herein were performed by BRG to, among other things, analyze and evaluate the Debtor's financial position and guide the Committee through the Debtor's Chapter 11 case.

## Experience and Ability of the Professionals

29. BRG has extensive experience in the areas of reorganization, workouts, insolvency, and accounting. The professionals engaged in these cases have also worked in several Catholic diocese bankruptcy cases.

## Notice

30. Notice of this application is being given to (a) the Debtor, (b) the Debtor's counsel, (c) the U.S. Trustee, and (d) those parties who have appeared in this case or have requested notice pursuant to Bankruptcy Rule 2002.

## Conclusion

31. BRG respectfully requests that the Court enter an order, in the form attached hereto as **Exhibit B**, (a) granting the relief requested in this Fee Application; (b) approve interim fees in the total amount of $100,202.00 for services rendered and actual and necessary expenses incurred in the Chapter 11 case during the Interim Compensation Period; and (c) granting such further relief as is just and proper.

9

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP.

Dated: August 25, 2021  /s/ *Ilan D. Scharf*
James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq.
Brittany M. Michael, Esq.
780 Third Ave., 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

E-mail: jstang@pszjlaw.com
 isharf@pszjlaw.com
 bmichael@pszjlaw.com

Counsel for the Official Committee of Unsecured Creditors

## Certification

The undersigned, a Principal of BRG, certifies that except as otherwise noted elsewhere:

1. He has read this Fee Application.

2. This Fee Application complies with the mandatory provisions of the Guidelines;

3. The fees are billed in accordance with the billing practices described herein, and except as otherwise indicated fall within the Guidelines; and

4. Except to the extent prohibited by the Guidelines, the fees sought herein have been billed at discounted rates and in accordance with practices customarily employed by BRG and accepted by BRG's clients.

5. BRG submits that this Fee Application is in compliance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Interim Compensation Order, and the Guidelines.

Dated:  August 25, 2021
        Salt Lake City, UT                                                /s/ Matthew K. Babcock
                                                                                    Matthew K. Babcock