UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| THE DIOCESE OF ROCHESTER, | Case No. 19-20905 (PRW) |
| Debtor. |  |

## AMENDED JOINT NOTICE OF HEARING TO
## CONSIDER PROFESSIONAL FEE APPLICATIONS

**PLEASE TAKE NOTICE** that (i) Pachulski Stang Ziehl & Jones LLP ("**PSZJ**"),

counsel to the Official Committee of Unsecured Creditors (the "**Committee**"); and (ii) Berkeley

Research Group, LLC ("**BRG**"), financial advisor to the Committee, have filed applications

(each, an "**Application**") for interim allowance and payment of professional fees and expenses

incurred in the above-captioned case.  The amounts of fees and expenses requested by PSZJ and

BRG on an interim basis pursuant to the Applications are as follows:

| Applicant | Fees Requested | Expenses Requested | Total | Application Period |
|---|---|---|---|---|
| Pachulski Stang Ziehl & Jones LLP<br>*Counsel to the Committee* | $609,925.00 | $8,616.11 | $618,541.11 | 09/01/20 – 05/31/21 |
| Berkeley Research Group, LLC<br>*Financial Advisor to the Committee* | $100,202.00 | $0.00 | $100,202.00 | 07/08/20 – 05/31/21 |

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Applications will

be held before the Honorable Paul R. Warren, United States Bankruptcy Judge for the Western

District of New York, at the United States Courthouse, 100 State Street, Rochester, New York on

**September 23, 2021 at 11:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel

may be heard.

**PLEASE TAKE FURTHER NOTICE** that responses in opposition to the relief

requested in the Applications, if any, must be filed with the United States Bankruptcy Court

Clerk's Office in Rochester, New York and served upon (i) counsel to the Official Committee of

Unsecured Creditors, Pachulski, Stang, Ziehl & Jones LLP, 10100 Santa Monica Boulevard,

13th Floor, Los Angeles, California 90067-4003, Attn: James I. Stang; (ii) Berkeley Research

Group, LLC, 70 W. Madison St., Suite 5000, Chicago, Illinois 60602; (iii) counsel for the

Debtor, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202

(Attn: Stephen A. Donato and Charles J. Sullivan); and (iv) the Office of the United States

Trustee, Federal Office Building, 100 State Street, Rochester, New York 14614 (Attn: Kathleen

D. Schmitt), in accordance with the Local Rules of Bankruptcy Procedure for the Western

District of New York.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

Dated:   August 26, 2021   *s/ Ilan D. Scharf*
James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq.
Brittany M. Michael, Esq.
780 Third Ave., 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

E-mail:  jstang@pszjlaw.com
         isharf@pszjlaw.com
         bmichael@pszjlaw.com

Counsel for the Official Committee of Unsecured Creditors

2

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NEW YORK

In re:

THE DIOCESE OF ROCHESTER,

Debtor.

Chapter 11

Case No. 19-20905 (PRW)

**COVER SHEET TO AMENDED THIRD INTERIM FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTOR FOR THE PERIOD SEPTEMBER 1, 2020 THROUGH MAY 31, 2021**

Name of Applicant:      Pachulski Stang Ziehl & Jones LLP ("PSZJ")

Authorized to Provide Professional Services to:      The Official Committee of Unsecured Creditors of the Debtor

Date of Order Authorizing Employment:      Order entered November 1, 2019 [Doc 160] *nunc pro tunc* to September 24, 2019

Period for Which Compensation is Sought:      September 1, 2020 – May 31, 2021 (the "Third Compensation Period")

Amount of Fees Sought:      $609,925.00

Amount of Expense Reimbursement Sought:      $   8,616.11

This is PSZJ's Third Interim fee application.

| | |
|---|---|
| Blended Rate in this Application for All Attorneys: | $691.97 |
| Blended Rate in this Application for All Timekeepers: | $687.24 |
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed: | $0.00 |
| Compensation Sought in this Application Not Paid Pursuant to a Monthly Compensation Order: | $609,925.00 |
| Expenses Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed: | $0.00 |

| Expenses Sought in this Application Not Paid Pursuant to a Monthly Compensation Order: | $8,616.11 |
|---|---|

## PRIOR STATEMENTS AND APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 12/17/19 | 09/24/19 – 11/30/19 | $157,522.50 | $3,790.46 | $157,522.50 | $3,790.46 |
| 03/30/20 | 12/01/19 – 12/31/19 | $ 56,445.00 | $3,377.86 | $ 56,445.00 | $3,377.86 |
| 03/30/20 | 01/20/20 – 01/31/20 | $ 93,707.50 | $1,482.24 | $ 93,707.50 | $1,482.24 |
| 03/30/20 | 02/01/20 – 02/29/20 | $ 72,490.00 | $1,105.63 | $ 72,490.00 | $1,105.63 |
| | First Interim Fee Application Covering First Compensation Period September 24, 2019 – February 29, 2020[1] | | | | |
| 06/05/20 | 03/01/20 – 03/31/20 | $ 58,445.00 | $5,707.02 | $ 58,445.00 | $5,707.02 |
| 08/12/20 | 04/01/20 – 04/30/20 | $ 34,249.50 | $ 537.00 | $ 34,249.50 | $ 537.00 |
| 10/09/20 | 05/01/20 – 05/31/20 | $ 39,062.50 | $ 611.96 | $ 39,062.50 | $ 611.96 |
| 10/09/20 | 06/01/20 – 06/30/20 | $ 29,470.00 | $ 509.50 | $ 29,470.00 | $ 509.50 |
| 10/09/20 | 07/01/20 – 07/31/20 | $ 33,628.50 | $ 762.92 | $ 33,628.50 | $ 762.92 |
| 10/09/20 | 08/01/20 – 08/31/20 | $ 83,003.00 | $ 844.40 | $ 83,003.00 | $ 844.40 |
| | Second Interim Fee Application Covering First Compensation Period March 1, 2020 – August 31, 2020[2] | | | | |

---

[1] PSZJ previously filed a First interim fee application requesting interim allowance of $380,165.00 in fees and $9,756.19 in expenses for the First Compensation Period of September 24, 2019 through February 29, 2020 [Doc 489]. By Order dated May 13, 2020, the Court allowed interim fees of $380,165.00 and reimbursement of costs in the amount of $9,756.19, for a total interim allowance of $389,921.19 [Doc 556]. PSZJ has been paid, on an interim basis, $380,165.00 in fees and $9,756.19 in costs reimbursement for the First Compensation Period.

[2] PSZJ filed a Second interim fee application requesting interim allowance of $277,858.50 in fees and $8,972.80 in expenses for the Second Compensation Period of March 1, 2020 through August 31, 2020 [Doc 813]. By Order dated November 19, 2020, the Court allowed interim fees of $277,838.50 and reimbursement of costs in the amount of $8,972.80, for a total interim allowance of $286,831.30 on the Second interim fee application [Doc 838]. PSZJ has been paid, on an interim basis, $46,756.00 in fees and $5,707.02 in costs reimbursement for the Second Compensation Period.

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) (Rates capped at $700/hour) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $700.00 | 24.10 | $ 16,870.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $700.00 | 111.20 | $ 77,840.00 |
| Ilan D. Scharf | Partner 2010; Member of NY Bar since 2002 | $700.00 | 470.80 | $329,560.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $700.00 | 6.20 | $ 4,340.00 |
| Erin E. Gray | Of Counsel 1997; Member of CA Bar since 1992; Member of SC Bar since 2018 | $700.00 | 11.10 | $ 7,770.00 |
| Brittany M. Michael | Of Counsel 2020; Member of MN Bar since 2015; Member of NY Bar since 2019 | $695.00 $650.00 | 125.00 128.40 | $ 86,875.00 $ 83,460.00 |
| Cheryl A. Knotts | Paralegal | $300.00 | 2.40 | $ 720.00 |
| La Asia Canty | Paralegal | $300.00 | 4.90 | $ 1,470.00 |
| Nancy P F Lockwood | Legal Assistant | $300.00 | 2.40 | $ 720.00 |
| Sophia L. Lee | Legal Assistant | $300.00 | 1.00 | $ 300.00 |

**Grand Total:**    $609,925.00
**Total Hours:**      887.50
**Blended Rate:**    $687.24

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 88.50 | $ 59,633.00 |
| Bankruptcy Litigation | 20.90 | $ 14,275.00 |
| Case Administration | 12.10 | $ 8,397.50 |
| Claims Admin./Objections | 96.60 | $ 66,699.50 |
| Compensation of Professional | 17.00 | $ 9,100.00 |
| Compensation of Prof./Others | 0.50 | $ 150.00 |
| General Creditors Comm. | 116.60 | $ 80,552.00 |
| Hearing | 12.60 | $ 8,809.50 |

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Insurance Coverage | 166.30 | $116,052.00 |
| Mediation | 218.40 | $150,282.50 |
| Plan & Disclosure Statement | 4.80 | $ 3,250.00 |
| Retention of Professional | 6.70 | $ 4,570.00 |
| Stay litigation | 126.50 | $ 88,154.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[3] | Total Expenses |
|---|---|---|
| Attorney Service | Nationwide Legal | $ 133.20 |
| Conference Call | Loop Up; AT&T Conference Call; CourtSolutions | $ 644.58 |
| Filing Fee | USDC | $ 50.00 |
| Legal Research | Lexis/Nexis | $ 152.77 |
| Outside Services | Everlaw; Mobile Parcel Carriers | $2,112.00 |
| Court Research | Pacer | $ 23.90 |
| Postage | US Mail | $ 559.36 |
| Reproduction Expense | | $2,137.00 |
| Reproduction/Scan Copy | | $ 191.40 |
| Research | Everlaw | $2,611.90 |

The total time expended in connection with the preparation of this application is not included herein, as additional time was expended after the Third Compensation Period.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

Dated:   August 26, 2021

*s/ Ilan D. Scharf*
James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq.
Brittany M. Michael, Esq.
780 Third Ave., 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

E-mail:  jstang@pszjlaw.com
            isharf@pszjlaw.com
            bmichael@pszjlaw.com

Counsel for the Official Committee of Unsecured Creditors

---

[3] PSZ&J may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| THE DIOCESE OF ROCHESTER, | Case No. 19-20905 (PRW) |
| Debtor. | |

### AMENDED THIRD INTERIM FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTOR FOR THE PERIOD SEPTEMBER 1, 2020 THROUGH MAY 31, 2021

Pachulski Stang Ziehl & Jones LLP. ("**PSZJ**" or the "**Firm**"), counsel to the Official Committee of Unsecured Creditors (the "**Committee**") of The Diocese of Rochester (the "**Debtor**"), hereby submits its amended third interim fee application, pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, for (a) allowance of interim compensation for professional services performed by PSZJ for the period commencing September 1, 2020 through May 31, 2021 (the "**Third Compensation Period**") in the amount of $609,925.00, and (b) reimbursement of its actual and necessary expenses in the amount of $8,616,11 incurred during the Third Compensation Period, on the following grounds:

### JURISDICTION

1.      The Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for relief requested are sections 330 and 331 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

4.      On September 12, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor remains in possession of its property and continues to operate and maintain its organization as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On September 24, 2019, the United States Trustee appointed the Committee, pursuant to section 1102 of the Bankruptcy Code.

6.      On or about October 18, 2019, PSZJ filed its application seeking to be employed in this case ("**Retention Application**").  As set forth in the declaration of James I. Stang in support of the Retention Application, due to the unique circumstances of this case, PSZJ proposed to charge hourly rates which are below its regular hourly rates, specifically, to charge its normal and customary hourly rates, subject to a cap of $700 per hour and not to charge for travel time.  On November 1, 2019, the Court entered its *Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors of the Debtor Effective as of September 24, 2019* (the "**Retention Order**") [Doc 160], authorizing the employment of PSZJ as counsel to the Committee effective as of September 24, 2019.  The Retention Order authorized PSZJ to apply for compensation for professional services rendered and reimbursement of expenses as set forth in the Retention

Application, subject to the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court.

7.      PSZJ did not receive a retainer in connection with its employment and, to date, has only received compensation for services and reimbursement of expenses pursuant to the *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Members of Official Committees* (the "**Interim Compensation Order**") [Doc 318].

8.      PSZJ previously filed a first interim fee application requesting interim allowance of $380,165.00 in fees and $9,756.19 in expenses for the First Compensation Period of September 24, 2019 through February 29, 2020 [Doc 489]. By Order dated May 13, 2020, the Court allowed interim fees of $380,165.00 and reimbursement of costs in the amount of $9,756.19, for a total interim allowance of $389,921.19 [Doc 556]. PSZJ has been paid, on an interim basis, $380,165.00 in fees and $9,756.19 in reimbursement of costs for the First Compensation Period.

9.      PSZJ previously filed a second interim fee application requesting interim allowance of $277,858.50 in fees and $8,972.80 in expenses for the Second Compensation Period of March 1, 2020 through August 31, 2020 [Doc 813]. By Order dated November 19, 2020, the Court allowed interim fees of $277,858.50 and reimbursement of costs in the amount of $8,972.80, for a total interim allowance of $286,831.30 [Doc 838]. PSZJ has been paid, on an interim basis, $46,756.00 in fees and $5,707.02 in reimbursement of costs for the Second Compensation Period.

**Summary of Services Rendered by PSZJ During the Third Compensation Period**

10.　During the Third Compensation Period, PSZJ has rendered numerous, varied and substantial services to the Committee in connection with this case, including but not limited to:

**A.　Asset Analysis and Recovery**

11.　This category relates to work regarding asset analysis and recovery issues. Services related to asset analysis are of utmost importance in this case because the extent, nature and value of assets available to compensate creditors were unknown at the beginning of this case. During the Third Compensation Period, the Firm, among other things: (1) reviewed and analyzed issues regarding the number of occurrences under insurance policies in abuse cases; (2) reviewed and analyzed the Debtor's document production; (3) performed work regarding the BRG confidentiality agreement; (4) reviewed and analyzed issues regarding parish and Diocese asset analysis; (5) performed research regarding delayed insurer notice issues; (6) reviewed and analyzed issues regarding the Fidelis transaction; (7) reviewed and analyzed issues regarding asset restrictions; (8) performed work regarding a financial documents analysis; (9) prepared for and participated in a meeting with BRG and the Diocese's CFO, and performed work regarding requests for documents from the Debtor following the meeting; (10) reviewed and analyzed monthly operating reports; (11) prepared for and attended telephonic conferences with Debtor's counsel regarding document production issues; (12) reviewed and analyzed issues regarding parish mergers; (13) reviewed and analyzed issues regarding parish finances; and (14) conferred and corresponded regarding asset analysis and recovery issues.

Fees:  $59,633.00;　　Hours:  88.50

DOCS_DE:235588.3 18489/002

**B.     Bankruptcy Litigation**

12.     This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court.  During the Third Compensation Period, the Firm, among other things: (1) performed work regarding a stipulation to extend answer deadline; (2) reviewed and analyzed issues regarding a motion to seal documents; (3) performed work regarding a statement in support of the motion to file under seal; (4) reviewed and analyzed bad faith filing issues; (5) reviewed and analyzed objections to sealing motion and performed work regarding a reply; and (6) corresponded and conferred regarding bankruptcy litigation issues.

Fees:  $14,275.00;     Hours:  20.90

**C.     Case Administration**

13.     This category relates to work regarding administration of this case. During the Third Compensation Period, the Firm, among other things:  (1) performed work regarding a letter related to Diocese audit; (2) reviewed and analyzed issues regarding out-of-state claims; (3) prepared for and attended teleconferences with the Debtor's counsel regarding case issues; (4) attended to notice issues; and (5) conferred and corresponded regarding case administration issues.

Fees:  $8,397.50;     Hours:  12.10

**D.     Claims Administration and Objections**

14.     This category relates to work regarding claims administration and claims objections, including work related to bar date issues, claim forms and notice process.  During the Third Compensation Period, the Firm, among other things:  (1) reviewed and analyzed claim-

related insurance issues; (2) reviewed and analyzed claims; (3) performed work regarding a claims spreadsheet; (4) reviewed and analyzed issues regarding liability for non-Diocesan entities; (5) reviewed and analyzed duplicate claim issues; (6) reviewed and analyzed issues regarding late claims; (7) reviewed and analyzed claim valuation issues; (8) reviewed and analyzed the Gannett objection to Committee motion to seal and performed work regarding a reply; and (9) corresponded and conferred regarding claim issues.

Fees:  $66,699.50;      Hours:  96.60

**E.      Compensation of Professionals**

15.      This category relates to issues regarding the compensation of the Firm. During the Third Compensation Period, the Firm, among other things:  (1) reviewed and analyzed fee statements; (2) performed work regarding the Firm's Second interim fee application; and (3) corresponded regarding compensation issues.

Fees:  $9,100.00;      Hours:  17.00

**F.      Compensation of Professionals—Others**

16.      This category relates to issues regarding the compensation of professionals, other than the Firm.   During the Third Compensation Period, the Firm, among other things Review, revise, finalize, and file fee statements.

Fees:  $150.00;         Hours:  0.50

**G.      General Creditors Committee**

17.      This category relates to work performed with respect to the Committee and correspondence and discussion with Committee members and their individual counsel

regarding the chapter 11 case. During the Third Compensation Period, the Firm, among other things: (1) prepared for and participated in conferences with the Committee regarding case issues; (2) reviewed and analyzed case issues with the Committee and State Court Counsel; (3) conferred with State Court counsel regarding case issues; (4) drafted and revised meeting minutes; (5) reviewed and analyzed issues regarding Committee meeting protocols; (6) reviewed and analyzed issues regarding a Section 341 meeting of creditors; (7) reviewed and analyzed issues regarding insurer requests for additional claim information; (8) prepared document productions for Committee review; and (9) conferred and corresponded regarding Committee issues.

Fees: $80,552.00; Hours: 116.60

## H. Hearings

18. This category relates to preparation for and attendance at hearings. During the Third Compensation Period, the Firm, among other things, prepared for and attended hearings on April 15 and May 28, 2021 regarding a motion to seal.

Fees: $8,809.50; Hours: 12.60

## I. Insurance Coverage

19. This category relates to insurance coverage issues. During the Third Compensation Period, the Firm, among other things: (1) reviewed and analyzed claim-related insurance issues; (2) performed work regarding insurance issues in a mediation brief; (3) reviewed and analyzed issues regarding an insurance coverage chart; (4) reviewed and analyzed insurance structure issues; (5) reviewed and analyzed insurance policy information; (6) reviewed

and analyzed Diocese of Brooklyn insurance cases; (7) reviewed and analyzed issues regarding insurance policies; (8) performed work regarding number of occurrence analysis under New York law; (9) reviewed and analyzed statute of limitations and notice issues; (10) reviewed and analyzed policies regarding drop down and layer issues; (11) reviewed and analyzed revised coverage charts; (12) reviewed and analyzed insurance defenses; (13) prepared for and participated in telephonic conference with representatives of LMI re policy interpretation; (14) reviewed and analyzed requests for information from LMI and Interstate; (15) reviewed and analyzed issues regarding the Diocese settlement with Interstate and LMI; (16) reviewed and analyzed objection issues regarding settlement; (17) reviewed and analyzed documents regarding the LMI settlement; and (18) corresponded and conferred regarding insurance issues.

Fees: $116,052.00; Hours: 116.30

**J.  Mediation**

20.  This category relates to mediation issues.  During the Third Compensation Period, the Firm, among other things:  (1) performed work regarding a mediation statement; (2) attended to mediation strategy issues; (3) reviewed and analyzed insurance demand issues; (4) prepared for and participated in a telephonic conferences with Committee and State Court Counsel regarding mediation issues; (5) reviewed and analyzed insurance defenses; (6) performed work regarding a presentation to the Committee concerning mediation and insurance issues; (7) prepared for and attended mediation sessions; (8) reviewed and analyzed issues regarding questions for mediators; (9) reviewed and analyzed questions from LMI and

Interstate; (10) analyzed insurer requests and communicated requests to State Court counsel; and (11) corresponded and conferred regarding mediation issues.

Fees: $150,282.50; Hours: 218.40

**K. Plan and Disclosure Statement**

21. This category relates to issues regarding a Plan of Reorganization ("Plan") and Disclosure Statement. During the Third Compensation Period, the Firm, among other things: (1) reviewed and analyzed mediation issues; (2) reviewed and analyzed non-monetary issues related to the Plan; and (3) conferred and corresponded regarding Plan issues.

Fees: $3,250.00; Hours: 4.80

**L. Retention of Professionals**

22. This category relates to issues regarding retention of professionals. During the Third Compensation Period, the Firm, among other things: (1) performed work regarding the BRG retention application; (2) prepared for and attended a hearing on the BRG retention; (3) reviewed and analyzed issues regarding Trevet Cristo; and (4) conferred and corresponded regarding retention issues.

Fees: $4,570.00; Hours: 6.70

**M. Stay Litigation**

23. This category relates to work regarding the automatic stay and relief from stay motions. During the Third Compensation Period, the Firm, among other things: (1) prepared for and attended a hearing on the Roy motion for relief from stay; (2) reviewed and analyzed parish stay issues; (3) performed work regarding a stay extension stipulation; (4)

performed work regarding a chart of potential relief from stay cases; (5) reviewed and analyzed insurance issues; (6) performed work regarding a memorandum of law in support of relief from stay motions; (7) performed work regarding a relief from stay joinder; (8) reviewed and analyzed issues regarding motion to seal standard; (9) drafted a motion to seal; (10) reviewed and analyzed abuse claims selected for relief from stay; (11) performed work regarding a reply in support of motion to file under seal; (12) performed work regarding a parish stay stipulation; and (13) corresponded and conferred regarding stay litigation issues.

Fees: $88,154.00;    Hours: 126.50

24.     The above-referenced description of services is not intended to be exhaustive of the scope of PSZJ's services rendered on behalf of the Committee.  A full accounting of all services rendered on behalf of the Committee during the Third Compensation Period is contained in related time records (including any notice of invoices), attached hereto as Exhibits A to I.

25.     As contained in the attached time records, PSZJ has expended a total of 887.50 hours during the Third Compensation Period representing the Committee in this case. The value of the services rendered to the Committee by PSZJ is $609,925.00 and PSZJ has incurred actual and necessary out-of-pocket expenses in the amount of $8,616.11 during the Third Compensation Period in connection with such professional services.

**<u>RELIEF REQUESTED</u>**

26.     By this application, PSZJ requests entry of an order, substantially in the form attached as Exhibit J:  (a) allowing, on an interim basis, $609,925.00 as compensation for

professional services rendered and $8,616.11 as reimbursement of actual and necessary out-of-pocket expenses incurred during the Third Compensation Period in connection with such professional services, and (b) directing the Debtor to pay PSZJ the amount of $618,541.11 for the total unpaid portion of the Third Compensation Period.

**Professional Services Rendered During Third Compensation Period**

27.     The value of the professional services rendered to the Committee during the Third Compensation Period has been billed at rates normally charged by PSZJ for comparable services performed for other clients, subject to a $700/hour cap.  The requested fees in the amount of $609,925.00 are reasonable under the circumstances, and reflect the expertise of counsel in representing the Committee in this case.

28.     PSZJ has attempted to avoid any duplication of services by its professionals in rendering services.  When more than one professional participated in any conference or hearing, such joint participation was necessary because of the complexity of the legal issues involved, the various legal disciplines required, or the need to familiarize the professional with such matters so that he or she could independently perform further essential services in connection with this case.

29.     Each entry itemized in PSZJ's time records includes (a) use of a project category (each a "Project Category"), (b) a description of each activity or service that an individual performed, and (c) the number of hours (in increments of one-tenth of an hour) spent by an individual performing the activity or providing service.  Attached as Exhibit K is a list of the aggregate recorded hours, blended rate and fees incurred for each Project Category.

**Actual and Necessary Expenses Incurred During Third Compensation Period**

30. During the Third Compensation Period, PSZJ has incurred actual and necessary out-of-pocket expenses in the total amount of $8,616.11.

31. PSZJ seeks reimbursement for, among other things, the following types of expenses: (a) copy expenses; (b) conference calls; (c) online research; (d) delivery services and couriers; (e) postage; (f) trial transcript costs; (g) travel expenses; and (g) miscellaneous expenses. Below is a summary of the actual and necessary out-of-pocket expenses incurred on behalf of the Committee during the Third Compensation Period:

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| **Copy Expense** | $2,328.40 |
| **Conference Call** | $ 644.58 |
| **Online Research** | |
| PACER Research | $ 35.80 |
| Everlaw | $4,700.00 |
| Lexis/Nexis | $ 152.77 |
| **Postage** | $ 559.36 |
| **Miscellaneous Expenses** | |
| Attorney Service | $ 133.20 |
| Filing Fee | $ 50.00 |
| Mobile Parcel Carrier | $ 12.00 |
| **Total:** | $8,616.11 |

All expense entries detailed in PSZJ's time records include an itemization of the expenses by category, the date the expense was incurred, and the amount of the expense. The requested expenses are of the kind customarily charged by PSZJ for similar items in other similar matters. All expenses were incurred on behalf of the Committee, and all expenses paid to outside vendors were billed in this case by PSZJ at the rate charged to PSZJ.

## GROUNDS FOR GRANTING RELIEF REQUESTED

32.     All of the services for which compensation is requested by PSZJ were performed for, or on behalf of, the Committee, and not on behalf of the Debtor, any creditor, examiner, trustee or any other entity.  In addition, PSZJ has not entered into any agreements to fix fees or share compensation as prohibited by 18 U.S.C. § 155 and 11 U.S.C. § 504.

33.     This interim application is made at this time due to the substantial amount of time devoted on behalf of the Committee during the Third Compensation Period and the impact that the expenditure of such an amount of time without further compensation will have upon PSZJ finances if compensation were delayed to a later time.  Thus, Applicant respectfully submits that, pursuant to Local Rule 2016-1 and the Interim Compensation Order, Applicant should not be required to await the conclusion of this case to request the relief sought in this interim fee application.

34.     As this Application demonstrates, the services that PSZJ has rendered on behalf of the Committee have been beneficial to the Committee and the Debtor's estate in that the services have been utilized to assist the Committee with those matters outlined above.

35.     The attorneys primarily responsible for representing the Committee in connection with this case—James I. Stang, Ilan D. Scharf, and Brittany M. Michael—have extensive experience in representing creditors' committees, and in cases similar to this one.

36.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code that govern the Court's award of such compensation.  See 11 U.S.C. § 331.  Section 330 of the

Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1)(A)-(B).  Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded … the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)  the time spent on such services;
>
> (B)  the rates charged for such services;
>
> (C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

37.     PSZJ has reviewed the requirements of each of the foregoing and believes that this application is in compliance with such requirements, as applicable.

38.     In addition to the foregoing specified services, PSZJ believes that it has performed further services which are not reflected in the time records.  It is impossible to record the detail of each letter, telephone call, conference time or research.  Many such hours have been

performed to date, but PSZJ is not requesting compensation for them. Further, as set forth above, PSZJ has capped its hourly rate and is not charging for travel time.

39. All services for which PSZJ seeks compensation, and expenses for which it seeks reimbursement, were performed on behalf of the Committee and were necessary and beneficial to the Committee. PSZJ worked diligently to anticipate or respond to the Committee's needs and assist in the navigation of this very complex chapter 11 case. The compensation requested herein is reasonable in light of the nature, extent, and value of such services rendered to the Committee.

40. In connection with the matters covered by this application, PSZJ received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtor's bankruptcy estate. There is no agreement or understanding between PSZJ and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this case.

## VALUATION OF SERVICES

41. Attorneys and paraprofessionals of PSZ&J expended a total 887.50 hours in connection with their representation of the Committee during the Third Compensation Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) (Rates capped at $700/hour) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $700.00 | 24.10 | $ 16,870.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $700.00 | 111.20 | $ 77,840.00 |
| Ilan D. Scharf | Partner 2010; Member of NY Bar since 2002 | $700.00 | 470.80 | $329,560.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $700.00 | 6.20 | $ 4,340.00 |
| Erin E. Gray | Of Counsel 1997; Member of CA Bar since 1992; Member of SC Bar since 2018 | $700.00 | 11.10 | $ 7,770.00 |
| Brittany M. Michael | Of Counsel 2020; Member of MN Bar since 2015; Member of NY Bar since 2019 | $695.00 $650.00 | 125.00 128.40 | $ 86,875.00 $ 83,460.00 |
| Cheryl A. Knotts | Paralegal | $300.00 | 2.40 | $ 720.00 |
| La Asia Canty | Paralegal | $300.00 | 4.90 | $ 1,470.00 |
| Nancy P F Lockwood | Legal Assistant | $300.00 | 2.40 | $ 720.00 |
| Sophia L. Lee | Legal Assistant | $300.00 | 1.00 | $ 300.00 |

**Grand Total:**     **$609,925.00**
**Total Hours:**     **887.50**
**Blended Rate:**     **$687.24**

42. To the extent time or disbursement charges for services rendered or expenses incurred relate to the Third Compensation Period but were not processed prior to the preparation of this application or PSZJ has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Third Compensation Period, PSZJ reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

43.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZJ is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZJ has reviewed the requirements of Local Rule 2016 and the Interim Compensation Order and believes that this Application complies with such Rule and Order.

## **NOTICE**

44.     Notice of this application is being given to (a) the Debtor, (b) the Debtor's counsel, (c) the U.S. Trustee, and (d) those parties who have appeared in this case or have requested notice pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, PSZJ respectfully requests the Court enter an order, substantially in the form attached as Exhibit J:  (i) allowing, on an interim basis, $609,925.00 as compensation for professional services rendered and $8,616.11 as reimbursement of actual and necessary out-of-pocket expenses incurred during the Third Compensation Period in connection with such professional services; (ii) directing the Debtor to pay PSZJ the amount of $618,541.11 for the unpaid amounts incurred during the Third Compensation Period; (iii) allowing such compensation for professional services rendered and reimbursement of actual and necessary out-of-pocket expenses incurred without prejudice to PSZJ's right to seek additional compensation for services performed and expenses incurred during the Third Compensation Period, which

were not processed at the time of this application; and (iv) granting PSZJ all other just and

proper relief.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP.

Dated:  August 26, 2021        _/s/ Ilan D. Scharf_
James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq.
Brittany M. Michael, Esq.
780 Third Ave., 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

E-mail:  jstang@pszjlaw.com
        isharf@pszjlaw.com
        bmichael@pszjlaw.com

Counsel for the Official Committee of Unsecured Creditors

DOCS_DE:235588.3 18489/002

**CERTIFICATION**

Ilan D. Scharf, hereby declares under penalty of perjury:

a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP ("**PSZJ**"), and am admitted to appear before this Court.

b)      I am familiar with the work performed on behalf of the Committee by the lawyers and paraprofessionals of PSZJ.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Local Rule 2016 and the Interim Compensation Order and believe that this Application substantially complies with such Rule and Order.


 _/s/ Ilan D. Scharf_
 Ilan D. Scharf