UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re:

THE DIOCESE OF ROCHESTER,

                Debtor.

Chapter 11

Case No. 19-20905-PW

---

**THE UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTOR'S APPLICATION TO EMPLOY GELLERT SCALI BUSENKELL & BROWN LLC AS SPECIAL COUNSEL TO THE DIOCESE**

TO: THE HONORABLE JUDGE WARREN,
      UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby submits this objection to the *Application for Order Appointing Gellert Scali Busenkill & Brown ("GSBB") as Special Counsel to the Diocese* (the "Application") filed by the Diocese of Rochester (the "Debtor" or the "Diocese"). [Doc. No. 1246]. In support of the Objection, the United States Trustee respectfully represents and alleges as follows:

**BACKGROUND**

1. On September 12, 2019, the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

2. On September 26, 2019, the United States Trustee filed his Appointment of Committee of Unsecured Creditors [Doc. No. 68].

3. No trustee or examiner has been appointed in this case. The Debtor is authorized to continue to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Application requests authority for the Diocese to employ GSBB, *nunc pro tunc* as of July 22, 2021, as special counsel to assist it in connection with the *Boy Scouts of America and Delaware BSA, LLC* ("*BSA*") bankruptcy case pending in the Unites States Bankruptcy Court for the District of Delaware. The Application includes the Declaration of Attorney Charles J. Brown ("Brown Declaration"), a partner in GSBB.

5. As GSBB did not provide services to the Diocese prior to its bankruptcy filing, the Debtor relies on section 327(a) of the Bankruptcy Code to seek approval to retain GSBB for this matter. The Debtor submits that GSBB does not hold any interest adverse to the Debtor on the matters for which it will be retained. Further, as set forth in the Brown Declaration, the Application states that GSBB is "disinterested". *See* Brown Declaration, ¶ 5.

6. The Brown Declaration provides that, subject to approval of the Court based on an application and contemporaneous time records, GSBB will be compensated at hourly rates ranging from $275 for junior associates' time, to $395 for senior partners' time. *Id*. at ¶ 10. In addition, the employment contemplates reimbursement by the Debtor for all disbursements incurred in their representation. *Id*. at ¶ 11.

## APPLICABLE AUTHORITY

7. The employment of professionals by a bankruptcy estate is permitted under 11 U.S.C. § 327(a) which provides as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a)

[2]
Case 2-19-20905-PRW, Doc 1282, Filed 09/20/21, Entered 09/20/21 10:38:32, Description: Main Document , Page 2 of 5

8. "[A]pproval under Section 327 establishes only that [a professional] may be employed by the debtor-in-possession, and not that his employment will therefore or thereafter be compensated from estate funds." *In re Engel*, 124 F.3d 567, 572 (3d Cir. 1997); *see also In re Johns-Manville Corp.*, 32 B.R. 728, 731 (S.D.N.Y. 1983) ("section 327 approvals are merely preliminary 'go aheads' rather than conclusive determinations [of fees and expenses]"). Therefore, Section 327 establishes no guaranteed right to payment of fees. Rather, this provision simply sets the guideposts for retention, such as requiring that the professional be disinterested and lack any materially adverse interest.

## ARGUMENT

9. The United States Trustee objects to the Application on the basis that the Application lacks sufficient information to make a determination whether the retention is necessary and appropriate. Moreover, as set forth more fully below, the scope of the proposed retention is unclear based on the little information provided in the Application and Brown Declaration.

10. The Application refers generally to sexual abuse claims asserted against the BSA and implicate certain partner organizations of the BSA that support BSA scouting programs referred to by the Debtor as "Chartered Organizations." According to the Application, "[t]he Diocese and/or many of the parishes located within the geographical territory of the Diocese (the "Parishes") are Chartered Organizations and are potentially implicated by BSA Claims." *See*, Application, ¶ 5.

11. The Diocese filed a *Joinder of the Diocese of Rochester to the Roman Catholic Ad Hoc Committee's Objection to the Motion for Authorization to Enter Into and Perform Under*

*Restructuring Support Agreement and for Related Relief* on July 22, 2021 in the *BSA* bankruptcy case (the "Joinder") – the date to which the Diocese seeks *nunc pro tunc* retention. *Id*. at ¶ 10.

12. The Joinder adopts the arguments of the Roman Catholic Ad Hoc Committee in its objection to the proposed Restructuring Support Agreement ("RSA") and the BSA's Fourth Amended Chapter 11 Plan of Reorganization ("BSA Plan") that the RSA and BSA Plan impair the insurance and indemnification rights of the Chartered Organizations, which include the Diocese and parishes. [BSA Case, Docket No. 5695].

13. The United States Trustee submits the Application is not sufficiently clear whether the scope of GSBB's retention extends to – or benefits -- the parishes, or solely the Diocese. Given that the Joinder filed in the BSA bankruptcy case ostensibly includes protections to the non-debtor Parishes, as well as to the Diocese, the Application should contain a clear explanation concerning the extent to which GSBB represents non-debtors in the *BSA* case. Indeed, under 11 U.S.C. ¶ 330(a)(4)(A), the court shall not allow compensation for services that are not reasonably likely to benefit the *debtor's* estate. 11 U.S.C. ¶ 330(a)(4)(A).

14. Moreover, the Application merely states that the Diocese is *potentially* implicated. *See* Application, ¶ 5. If the claims in the *BSA* case are solely against the Parishes, the Parishes should be responsible for their own legal defense and litigation costs. If the Diocese is actually an implicated or named party, that fact should be disclosed. Employment of professional persons under section 327(a) is reserved for the Debtor and is an expense borne by the Debtor's estate. The Parishes should not benefit from a retention without likewise bearing its costs. Accordingly, absent additional information, the United States Trustee objects to the retention of GSBB.

15. Finally, a mere statement citing that GSBB is disinterested in the Application is insufficient. Aside from the lack of transparency as to whether GSBB is representing the Parishes,

the Dioceses, or both, the Application does not identify nor is there any attestation that the interests between the Diocese and the Parishes are aligned or whether GSBB will need to take a position adverse to either party.

**WHEREFORE** the United States Trustee requests that the Court deny the Motion as currently presented, together with any other and further relief the Court may deem just and necessary.

Dated: September 20, 2021
      New York, New York

                                          Respectfully submitted,

                                          WILLIAM K. HARRINGTON
                                          UNITED STATES TRUSTEE, REGION 2

By:   */s/ Shannon Anne Scott*
        Shannon Anne Scott, Esq.
        Trial Attorney
        201 Varick Street, Room 1006
        New York, NY 10014
        Tel. No. (212) 510-0500