UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    The Diocese of Rochester,

                  Debtor.

Case No. 19-20905

Chapter 11

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AND BANKRUPTCY RULE 9019(a), (I) AUTHORIZING THE DIOCESE TO "OPT IN" TO TREATMENT AS A PARTICIPATING CHARTERED ORGANIZATION UNDER THE BOY SCOUTS OF AMERICA CHAPTER 11 PLAN, TO THE EXTENT NECESSARY; (II) AUTHORIZING THE DIOCESE TO ASSIGN RIGHTS UNDER CERTAIN INSURANCE POLICIES; (III) APPROVING DIOCESE PARTICIPATION IN THE SETTLEMENT AGREEMENT AMONG THE ROMAN CATHOLIC AD HOC COMMITTEE, THE BOY SCOUTS OF AMERICA AND OTHER PARTIES; AND (IV) GRANTING RELATED RELIEF**

Upon the motion [Doc. No. 1741] of The Diocese of Rochester (the "Diocese") for entry of an order pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure: (i) authorizing, but not directing, the Diocese to "opt in" to treatment as a Participating Chartered Organization under the Third Modified Fifth Amended Plan of Reorganization [Doc. No. 10296] filed in the Boy Scouts of America Chapter 11 case [Case No. 20-10343(LSS), D. Del.] (the "BSA Plan"), to the extent necessary; (ii) authorizing, but not directing, the Diocese to provide an assignment of its rights under certain insurance policies to the BSA Settlement Trust; (iii) approving the Diocese's participation in that certain Settlement Agreement dated March 17, 2022 entered into by and among the Roman Catholic Ad Hoc Committee, the Boy Scouts of America, and other parties; and (iv) granting related relief (the "Motion")[1] and the Court finding that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C.§

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Diocese, its estate and its creditors and no opposition to the requested relief having been filed; and (iv) upon the record herein after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein. Now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Diocese is authorized, but not directed, to "opt in" to treatment as a Participating Chartered Organization under the BSA Plan, to the extent necessary.

3. The Diocese is authorized, but not directed, to make the Participating Chartered Organization Insurance Assignment described in the BSA Plan and the RCAHC Settlement.

4. The Diocese is authorized, but not directed, to take all steps necessary to effectuate its treatment as a Participating Chartered Organization under the BSA Plan, including executing any documents as may be necessary to give the election full force and effect.

5. The RCAHC Settlement is hereby approved in all respects.

6. This Order does not make any findings of fact or conclusions of law with respect to any claim filed in this case. Specifically, this Order does not find or conclude that any claim filed in this case is channeled or released as to any specific entity, entities, party or parties, or otherwise impaired or enjoined pursuant to the terms of the BSA Plan, or otherwise.

7. This Order does not adopt any particular interpretation of the BSA Plan and any and all parties in interest shall retain all rights regarding the impact and/or effect of the Diocese's becoming a "Participating Chartered Organization" at such later time(s) as may be appropriate.

8. This Order does not grant jurisdiction to any court other than this Court over the claims filed in this case, nor does it make any finding with respect to the jurisdiction of this Court to make any determination or any ruling with respect to the treatment of claims under the BSA Plan, including the application of any channeling injunction, and all parties' rights are reserved.

Dated: November _____, 2022
      Rochester, New York

                                                  Hon. Paul R. Warren
                                                  United States Bankruptcy Judge