UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

The Diocese of Rochester,

Debtor.

Case No. 19-20905

Chapter 11

**TWELFTH NOTICE OF EXTENSION OF AGREED
STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 105(a)
STAYING CONTINUED PROSECUTION OF CERTAIN LAWSUITS**

IT IS HEREBY STIPULATED by and between The Diocese of Rochester (the "Diocese"), the debtor and debtor in possession in the above-referenced case, on the one hand, and the Official Committee of Unsecured Creditors of The Diocese of Rochester (the "Committee"), on the other hand, as follows:

A.  On March 19, 2020, the Court entered its Agreed Stipulation and Order Pursuant to 11 U.S.C. §105(a) Staying Continued Prosecution of Certain Lawsuits [Docket No. 452] (the "Stipulation and Order").[1]

B.  On May 12, 2020, the Diocese filed the first *Notice of Extension of Agreed Stipulation and Order Pursuant to 11 U.S.C. §105(a) Staying Continued Prosecution of Certain Lawsuits* [Docket No. 544].

C.  On July 1, 2020, the Diocese filed the second *Notice of Extension of Agreed Stipulation and Order Pursuant to 11 U.S.C. §105(a) Staying Continued Prosecution of Certain Lawsuits* [Docket No. 638].

---

[1] Capitalized terms used but not defined herein shall have the same meanings and definitions ascribed to them in the Stipulation and Order.

D. On September 30, 2020, the Diocese filed the third *Notice of Extension of Agreed Stipulation and Order Pursuant to 11 U.S.C. §105(a) Staying Continued Prosecution of Certain Lawsuits* [Docket No. 773].

E. On January 15, 2021, the Diocese filed the *Fourth Notice of Extension of Agreed Stipulation and Order Pursuant to 11 U.S.C. §105(a) Staying Continued Prosecution of Certain Lawsuits* [Docket No. 880].

F. On March 12, 2021, the Diocese filed the *Fifth Notice of Extension of Agreed Stipulation and Order Pursuant to 11 U.S.C. § 105(a) Staying Continued Prosecution of Certain Lawsuits* [Docket No. 915].

G. On April 16, 2021, the Diocese filed the *Sixth Notice of Extension of Agreed Stipulation and Order Pursuant to 11 U.S.C. § 105(a) Staying Continued Prosecution of Certain Lawsuits* [Docket No. 971].

H. On June 29, 2021, the Diocese filed the *Seventh Notice of Extension of Agreed Stipulation and Order Pursuant to 11 U.S.C. § 105(a) Staying Continued Prosecution of Certain Lawsuits* [Docket No. 1132].

I. On August 2, 2021, the Diocese filed the *Eighth Notice of Extension of Agreed Stipulation and Order Pursuant to 11 U.S.C. § 105(a) Staying Continued Prosecution of Certain Lawsuits* [Docket No. 1236].

J. On November 30, 2021, the Diocese filed the *Ninth Notice of Extension of Agreed Stipulation and Order Pursuant to 11 U.S.C. § 105(a) Staying Continued Prosecution of Certain Lawsuits* [Docket No. 1344].

K. On February 9, 2022, the Diocese filed the *Tenth Notice of Extension of Agreed Stipulation and Order Pursuant to 11 U.S.C. § 105(a) Staying Continued Prosecution of Certain*

*Lawsuits* [Docket No. 1413].

L. On February 22, 2022, the Diocese filed the *Eleventh Notice of Extension of Agreed Stipulation and Order Pursuant to 11 U.S.C. § 105(a) Staying Continued Prosecution of Certain Lawsuits* [Docket No. 1421] which extended the Termination Date through and including 11:59 p.m. on March 23, 2022.

M. In the absence of the Committee's agreement to extend the Termination Date beyond March 23, 2022, on April 6, 2022, the Diocese commenced an adversary proceeding [Adv. Pro. No. 22-ap-02075] (the "Stay Aversary") by filing a verified complaint and motion seeking a preliminary injunction enjoining the prosecution of CVA Actions against the Stay Defendants pursuant to sections 105 and 362 of the Bankruptcy Code. Stay Adversary Docket Nos. 1, 4.

N. On May 23, 2022, the Court issued a Decision and Order denying the preliminary injunction requested by the Diocese and dismissing the Stay Adversary [Stay Adversary Docket No. 48] (the "Stay Denial Order").

O. On June 6, 2022, the Diocese filed a notice of appeal of the Stay Denial Order (the "Stay Appeal"). The Stay Appeal is currently pending before the District Court for the Western District of New York and has been designated Case No. 22-cv-06262.

P. On November 1, 2022, the Diocese and the Committee entered into a Restructuring Support Agreement (the "RSA") pursuant to which they agreed to pursue confirmation of a chapter 11 plan of reorganization for the Diocese on certain terms and conditions as set forth in a term sheet attached as an exhibit to the RSA. The Diocese filed a motion seeking Court approval of the RSA on November 3, 2022 [Docket No. 1790]. Among other things, the RSA provides that the Diocese and the Committee agree to toll all deadlines and adjourn all hearings with respect to the CVA Actions (referred to in the term sheet attached to the RSA as "Abuse Actions") until the first

to occur of (i) the Court entering an order denying approval of the RSA, (ii) the Court entering an order denying confirmation of the plan contemplated by the RSA, or (iii) the Effective Date (as defined in the RSA).

Q. This agreement shall constitute an Extension Notice pursuant to the Stipulation and Order, and shall be deemed an amendment of the Stipulation and Order for all purposes.

R. The Diocese and the Committee, in consultation with the State Court Attorneys, have agreed to the terms of this Extension Notice.

AND IT IS THEREFORE AGREED THAT:

1. For avoidance of doubt, the term "CVA Action" as used in the Stipulation and Order shall include all lawsuits filed or otherwise asserted against the Diocese and/or Stay Defendants which (a) were pending as of the Petition Date or (b) have been filed or otherwise asserted against Stay Defendants on or after the Petition Date, alleging that the Diocese and/or the named Stay Defendants are liable to the applicable plaintiff for sexual abuse perpetrated against such plaintif, whether filed pursuant to the New York Child Victims Act (A.2683/S.2440), the New York Adult Survivors Act (S.66A/A.648A), or otherwise.

2. The Termination Date described in the Stipulation and Order shall be extended through and including 11:59 p.m on the first to occur of (i) the Court entering an order denying approval of the RSA, (ii) the Court entering an order denying confirmation of the plan contemplated by the RSA, (iii) the Effective Date (as such term is defined in the RSA), or (iv) the RSA is terminated in accordance with its terms.

3. Notwithstanding the occurrence of any prior Termination Date, the Standstill Period (as such term is defined in the Stipulation and Order) shall be deemed to run from the initial entry of the Stipulation and Order through and including the Termination Date as set forth in this

Extension Notice, and no party to any CVA Action shall be deemed in default of any deadline by reason of such party's failure to take any action during such Standstill period, provided, however, that any affirmative actions taken by a party in a CVA Action between May 23, 2022 and November 1, 2022 shall not be deemed to violate the Standstill Period or breach the Stipulation and Order. Notwithstanding the foregoing, the Diocese reserves all of its rights and remedies with respect to any actions taken relating to a CVA Action which may have violated the automatic stay of 11 U.S.C. § 362, provided, however, that the Diocese shall not seek to exercise or enforce any such rights or remedies until and unless (i) the RSA is terminated in accordance with its terms or (ii) such violation occurs or continues following the date of this Extenson Notice. Nothing in this Extension Notice shall be deemed to be an admission by the Diocese or the Committee as to whether any action relating to a CVA Action is or is not a violation of the automatic stay.

4. Except as provided herein, the terms of the Stipulation and Order shall remain in full force and effect.

5. Nothing set forth herein, nor any information exchanged pursuant to the Stipulation and Order, is intended or shall be deemed to have any preclusive effect or constitute any admission or acknowledgement of any fact, conclusion of law, potential liability or liability of any party. Except as otherwise provided herein, all parties shall be deemed to reserve all available rights, remedies, claims and defenses without waiver.

6. Nothing in the Stipulation and Order shall be construed to limit the rights of any individual from seeking an order of a court of competent jurisdiction to allow such individual to assert a CVA Action against a Stay Defendant under a pseudonym.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Extension Notice are immediately effective and enforceable upon its entry.

8. The Diocese or any Stay Defendant is authorized to file a copy of this Extension Notice with any court in which a CVA Action is or may hereafter become pending as proof that such action is stayed and enjoined as set forth herein.

9. Nothing herein shall be construed to limit or affect any party's right to seek appropriate relief from this Court to the extent necessary to respond to any actions by a court in which a CVA Action is pending that, but for the stay provided herein, would require a party to act before the Termination Date.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Stipulation and Order.

*STIPULATED AND AGREED TO BY:*

| | |
|---|---|
| BOND, SCHOENECK & KING, PLLC | PACHULSKI STANG ZIEHL & JONES LLP |
| By: /s/ Grayson T. Walter | By: /s/ Ilan D. Scharf |
| Stephen A. Donato | James I. Stang Ilan |
| Charles J. Sullivan | 10100 Santa Monica Blvd., 13th Floor |
| Grayson T. Walter | Los Angeles, CA 90067 |
| One Lincoln Center | Telephone: (310) 277-6910 |
| Syracuse, NY 13202-1355 | Email: jstang@pszjlaw.com |
| Telephone: (315) 218-8000 | |
| Emails: sdonato@bsk.com | Ilan D. Scharf |
| csullivan@bsk.com | 780 Third Avenue, 34th Floor |
| gwalter@bsk.com | New York, NY 10017 |
| | Telephone: (212) 561-7700 |
| *Attorneys for The Diocese of Rochester* | Email: ischarf@pszjlaw.com |
| | *Attorneys for the Official Committee of Unsecured Creditors* |