# EXHIBIT 1

No. 926708

DECLARATIONS — SPECIAL COVERAGE POLICY

STOCK COMPANY

Renewal of No.
NEW

# FIRST STATE
### INSURANCE COMPANY
WILMINGTON, DELAWARE

Administrative Offices: 60 Batterymarch Street, Boston, Massachusetts 02110

**Named Insured and Mailing Address**

DIOCESE OF ROCHESTER, NEW YORK,
MOST REVEREND JOSEPH L. HOGAN, D.D. (Per Endorsement #1)
1150 BUFFALO ROAD
ROCHESTER, NEW YORK   14624

Item 1. Policy Period:  From    JUNE 1, 1978    To    JUNE 1, 1979

12:01 A.M., Standard Time at the address of the named Insured as stated herein.

Item 2. Premium:   Advance Premium: $ 19,500.00
Rate: FLAT

Minimum Premium: $ 19,500.00

If the Policy Period is more than one year and the premium is to be paid in installments, premium is payable on:

| Effective Date | 1st Anniversary | 2nd Anniversary |
| --- | --- | --- |
| $ - - - | $ - - - | $ - - - |

Item 3. Coverage:    EXCESS UMBRELLA LIABILITY

Item 4: Limits of Liability: The limit of the Company's liability shall be as stated herein, subject to all the terms of this policy having reference thereto.

$4,000,000.00   COMBINED SINGLE LIMIT BODILY INJURY AND PROPERTY DAMAGE EACH OCCURRENCE AND IN THE AGGREGATE WHERE APPLICABLE EXCESS OF $1,000,000 COMBINED SINGLE LIMIT BODILY INJURY AND PROPERTY DAMAGE EACH OCCURRENCE AND IN THE AGGREGATE WHERE APPLICABLE.

Item 5.  During the past three years no insurer has cancelled insurance issued to the named insured, similar to that afforded hereunder, unless otherwise stated herein.

Countersigned by: *Kenneth L Cook*

Date of Issue: June 15, 1978    ca

C-140

Case 2-19-20905-PRW,   Doc 1900-2,   Filed 12/30/22,   Entered 12/30/22 14:43:28,   Description: Exhibit Exhibit 1, Page 2 of 11

FIRST STATE INSURANCE COMPANY
(A Stock Insurance Company, Herein Called the Company)

EXCESS UMBRELLA POLICY
INSURING AGREEMENTS

## 1. COVERAGE

The Company hereby agrees, subject to the limitations, terms and conditions hereinafter mentioned, to indemnify the Insured for all sums which the Insured shall be obliged to pay by reason of the liability imposed upon the Insured by law, or assumed under contract or agreement by the Named Insured for damages, direct or consequential and expenses on account of:

(a) Personal Injuries, including death at any time resulting therefrom,

(b) Property Damage,

(c) Advertising Liability,

caused by or arising out of each occurrence happening anywhere in the world, and arising out of the hazards covered by and as defined in the Underlying Umbrella Policies stated below and issued by the "Underlying Umbrella Insurers".

### UNDERLYING UMBRELLA INSURERS AND POLICY NUMBER:

MIDLAND INSURANCE COMPANY    UL 390869

## 2. LIMIT OF LIABILITY - UNDERLYING LIMITS

It is expressly agreed that liability shall attach to the Company only after the Underlying Umbrella Insurers have paid or have been held liable to pay the full amount of their respective ultimate net loss liability as follows:

(a) $ 1,000,000.00    ultimate net loss in respect of each occurrence, but

(b) $ 1,000,000.00    In the aggregate for each annual period during the currency of this Policy separately in respect of Products Liability and separately in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employees of the Assured

and the Company shall then be liable to pay only the excess thereof up to a further

(c) $ 4,000,000.00    ultimate net loss in all in respect of each occurrence - subject to a limit of

(d) $ 4,000,000.00    In the aggregate for each annual period during the currency of this policy, separately in respect of Product Liability and separately in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employees of the Assured.

## 3. CANCELLATION CLAUSE

It is hereby understood and agreed that the Cancellation clause under Condition 7 of the Policy is amended in part as follows:

Reference to "ten days" is amended to read "thirty days".

## DEFINITIONS

### 1. NAMED INSURED:

The words "Named Insured" includes The Named Insured Stated in The Declarations forming a part hereof and/or subsidiary, associated, affiliated companies or owned and controlled companies as now or hereafter constituted and of which prompt notice has been given to the Company.

### 2. INSURED:

The word "Insured" includes The Named Insured and/or any Officer, Director, Stockholder, Partner or Employee of The Named Insured, while acting in his capacity as such.

## CONDITIONS

### 1. PRIOR INSURANCE AND NON CUMULATION OF LIABILITY -

It is agreed that if any loss covered hereunder is also covered in whole or in part under any other excess Policy issued to the Insured prior to the inception date hereof the limit of liability hereon as stated in Insuring Agreements 2c and 2d shall be reduced by any amounts due to the Insured on account of such loss under such prior insurance.

Subject to the foregoing paragraph and to all the other terms and conditions of this Policy in the event that personal injury or property damage arising out of an occurrence covered hereunder is continuing at the time of termination of this Policy the Company will continue to protect the Insured for liability in respect of such personal injury or property damage without payment of additional premium.

### 2. MAINTENANCE OF UNDERLYING UMBRELLA INSURANCE -

This Policy is subject to the same terms, definitions, exclusions and conditions (except as regards the premium, the amount and limits of liability and except as otherwise provided herein) as are contained in or as may be added to the Underlying Umbrella Policies stated in Insuring Agreement 1 prior to the happening of an occurrence for which claim is made hereunder.

It is a condition of this Policy that the Underlying Umbrella Policies shall be maintained in full effect during the currency hereof except for any reduction of the aggregate limits contained therein solely by payment of claims in respect of accidents and/or occurrences occurring during the period of this Policy or by the operation of Condition of the Underlying Umbrella Policies.

### 3. NOTICE OF OCCURRENCE -

Whenever the Insured has information from which they may reasonably conclude that an occurrence covered hereunder involves injuries or damage which, in the event that the Insured shall be held liable, is likely to involve this Policy, notice shall be sent to the Company at 60 Batterymarch Street, Boston, Massachusetts 02110 as soon as practicable, provided however, that failure to give notice of any occurrence which at the time of its happening did not appear to involve this Policy, but which, at a later date, would appear to give rise to claims hereunder, shall not prejudice such claims.

### 4. OTHER INSURANCE -

If other valid and collectible insurance with any other Insurer is available to the Insured covering a loss also covered by this Policy, other than insurance that is in excess of the insurance afforded by this Policy, the insurance afforded by this Policy shall be in excess of and shall not contribute with such other insurance.

C-49-3

ENDORSEMENT NO. __1__

IT IS UNDERSTOOD AND AGREED that the Named Insured reads as follows:

DIOCESE OF ROCHESTER, NEW YORK, MOST REVEREND
JOSEPH L. HOGAN, D.D., S.T.D. ROMAN CATHOLIC
BISHOP OF ROCHESTER OR HIS SUCCESSORS, AND ALL
SUBORDINATE CIVIL CORPORATION AND ALL UNIN-
CORPORATED AGENCIES, DEPARTMENTS OR COMMISSIONS
COMPRISING THE DIOCESE OF ROCHESTER UNDER HIS
MANAGEMENT OR CONTROL, AS MAY NOW OR HEREAFTER
BE CONSTITUTED.

This endorsement to take effect on the __1st.__ day of __JUNE__ 19 __78__
All other items and conditions remain unchanged.

Attached to and forming part of Policy No. __926708__ of FIRST STATE INSURANCE COMPANY
Issued to:

DIOCESE OF ROCHESTER, NEW YORK

BY _Kenneth L Cook_

DR/ca

AUTHORIZED

ENDORSEMENT NO. 2

EXCLUSION

(Contamination or Pollution)

It is agreed that the insurance does not apply to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants, or pollutants into or upon land, the atmosphere or any watercourse or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

This endorsement to take effect on the __1st.__ day of __JUNE__ 19 __78__
All other items and conditions remain unchanged.

Attached to and forming part of Policy No. __926708__ of FIRST STATE INSURANCE COMPANY

Issued to: __DIOCESE OF ROCHESTER, NEW YORK__

BY _Kenneth L. Cook_
AUTHORIZED

DR/ca

ENDORSEMENT NO. 3

The following Service of Suit Clause is not to become effective unless or until the Insured has notified this Company in each specific claim of its intention to sue.

Service of Suit Clause: It is agreed that in the event of the failure of this Company to pay any amount claimed to be due hereunder, this Company, at the request of the Insured, will submit to the jurisdiction of any Court of Competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

It is further agreed that service of process in such suit may be made upon the highest one in authority bearing the title "Commissioner", "Director", or "Superintendent" of Insurance of the state or commonwealth wherein the property covered by this policy is located, and that in any suit instituted against it upon this contract this Company will abide by the final decision of such Court or any Appellate Court in the event of an appeal. The one authority bearing the title "Commissioner", "Director", or "Superintendent" of Insurance of the state or commonwealth wherein the property covered by this policy is located is hereby authorized and directed to accept service of process on behalf of this Company in any such suit and/or upon the Insured's request to give a written undertaking to the Insured that they will enter a general appearance upon this Company's behalf in the event such a suit shall be instituted.

This endorsement to take effect on the __1st.__ day of __JUNE__ 19 __78__
All other items and conditions remain unchanged.

Attached to and forming part of Policy No. __926708__ of FIRST STATE INSURANCE COMPANY

Issued to: __DIOCESE OF ROCHESTER, NEW YORK__

DR/ca

BY _Kennett L. Cook_ AUTHORIZED

Case 2-19-20905-PRW, Doc 1900-2, Filed 12/30/22, Entered 12/30/22 14:43:28, Description: Exhibit Exhibit 1, Page 7 of 11

ENDORSEMENT #4

In consideration of a Return Premium of $12,480., it is agreed that this Policy is Cancelled Short Rate.

This endorsement to take effect on the 1st day of September, 1978. All other items and conditions remain unchanged.

Attached to and forming part of Policy No. 926708 of FIRST STATE INSURANCE COMPANY.

Issued to: DIOCESE OF ROCHESTER

e company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.



# FIRST STATE
## INSURANCE COMPANY
### WILMINGTON, DELAWARE

STOCK COMPANY

CANCELLED

This policy is made and accepted subject to the provisions and stipulations hereinafter stated, which are hereby made a part of this policy, together with such other provisions, stipulations and agreements as may be added hereto, as provided in this policy.

C-139-1 10-76

# FIRST STATE
*INSURANCE COMPANY*

WILMINGTON, DELAWARE

Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

The Insuring Agreements and any Special Provisions are contained in the separate Coverage Form or Forms issued to complete this policy.

## CONDITIONS

1. **Premium Computation:** The deposit premium stated in the declarations is an advance premium only unless otherwise specified. Upon termination of this policy, the earned premium shall be computed in accordance with the rates and minimum premium applicable to this insurance as stated in the Declarations. If the earned premium thus computed exceeds the advance premium paid, the Named Insured shall pay the excess to the Company; if less, the Company shall return to the Named Insured the unearned portion paid by such Insured. The Named Insured shall maintain records of the information necessary for premium computation on the basis stated in the Declarations and and shall send copies of such records to the Company at the end of the policy period, as the Company may direct.

2. **Inspection and Audit:** The Company shall be permitted but not obligated to inspect the Named Insured's property and operations at any time. Neither the Company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the Named Insured or others, to determine or warrant that such property or operations are safe.

The Company may examine and audit the Named Insured's books and records at any time during the policy period and extensions thereof and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

3. **Action Against Company:** No action shall lie against the company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

4. **Subrogation:** In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Insured shall do nothing after loss to prejudice such rights.

5. **Changes:** Notice to or knowledge possessed by any person shall not effect a waiver or change in any part of this policy or stop the Company from asserting any rights under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part hereof, signed by an authorized representative of the Company.

6. **Assignment:** Assignment of interest under this policy shall not bind the Company until its consent is endorsed hereon; if, however, the Named Insured shall be adjudged bankrupt or insolvent, this policy shall cover the Named Insured's legal representative as Named Insured; provided that notice of cancellation addressed to the Insured named in the Declarations and mailed to the address shown in this policy shall be sufficient notice to effect cancellation of this policy.

7. **Cancelation:** This policy may be canceled by the insured by surrender thereof to the Company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancelation shall be effective. This policy may be canceled by the company by mailing to the insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of the surrender or the effective date and hour of cancelation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the insured or by the company shall be equivalent to mailing. If the insured cancels, earned premiums shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancelation is effected or as soon as practicable after cancelation becomes effective, but payment or tender of unearned premium is not a condition of cancelation.

8. **Terms of Policy Conformed to Statute:** Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes.

**In Witness Whereof,** the company has caused this policy to be executed and attested, but this policy shall not be valid unless countersigned by a duly authorized representative of the company.

*[signature]*
Secretary

*[signature] Richard E. Stone*
President

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
(BROAD FORM)

This policy shall not apply:

I. Under any Liability Coverage, to injury, sickness, disease, death or destruction
   (a) with respect to which an Insured under the policy is also an Insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an Insured under any such policy but for its termination upon exhaustion of its limit of liability; or
   (b) resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the Insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America or any agency thereof, with any person or organization.

II. Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to immediate medical or surgical relief, to expenses incurred with respect to bodily injury, sickness, disease or death resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

III. Under any Liability Coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if
   (a) the nuclear material (1) is at any nuclear facility owned by or operated by or on behalf of, an Insured or (2) has been discharged or dispersed therefrom;
   (b) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an Insured; or
   (c) the injury, sickness, disease, death, or destruction arises out of the furnishing by an Insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property at such nuclear facility.

IV. As used in this policy:
   "hazardous properties" include radioactive, toxic or explosive properties;
   "nuclear material" means source material, special nuclear material or byproduct material;
   "source material", "special nuclear material" and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;
   "spent fuel" means any fuel element or fuel component, solid or liquid which has been used or exposed to radiation in a nuclear reactor;
   "waste" means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof;
   "nuclear facility" means:
   (a) any nuclear reactor,
   (b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste.
   (c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the Insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,
   (d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

   and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

   "Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;
   with respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

## WAR RISK EXCLUSION ENDORSEMENT

This policy shall not apply to any liability of the Insured directly or indirectly occasioned by, happening through or in consequence of war, invasion, acts of foreign enemies, hostilities (whether war be declared or not), civil war, rebellion, revolution, insurrection, military or usurped power or confiscation or nationalization or requisition or destruction of or damage to property by or under the order of any government or public or local authority.

The company located these documents in its business records. At this time, the company does not certify that these documents constitute a complete and accurate copy of the policy.