

NEW YORK, NY
LOS ANGELES, CA
COSTA MESA, CA
SAN FRANCISCO, CA
WILMINGTON, DE

780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE:** 212/561 7700

FACSIMILE: 212/561 7777

LOS ANGELES
10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE:** 310/277 6910

FACSIMILE: 310/201 0760

COSTA MESA
650 TOWNE CENTER DRIVE
SUITE 1500
COSTA MESA
CALIFORNIA 92626

**TELEPHONE:** 714/384 4750

FACSIMILE: 714/384 4751

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE:** 415/263 7000

FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE:** 302/652 4100

FACSIMILE: 302/652 4400

WEB: www.pszjlaw.com

Ilan D. Scharf

April 11, 2023

212.561.7721
ischarf@pszjlaw.com

<u>Via Electronic Filing</u>

Honorable Paul R. Warren
United States Bankruptcy Court
Western District of New York
100 State Street
Rochester, NY 14614

Re: <u>The Diocese of Rochester, Case No. 19-20905</u>

Dear Judge Warren:

  We write to request an adjournment of objections to claim filed by Continental Insurance Company ("**CNA**") at Docket Nos. 2003 through and including 2040 (the "**Claim Objections**"). The basis for the request is that CNA's standing to object to claims must be adjudicated before the claims can be adjudicated on the merits.

Earlier today, the Committee filed its *Motion of the Official Committee of Unsecured Creditors for Entry of an Order (I) Dismissing Claim Objections Filed by Continental Insurance Company for (a) Lack of Standing or (b) Lack of Jurisdiction or, In the Alternative, (II) Staying the Claim Objections* (the "**Motion to Dismiss**"). Through the Motion, the Committee asks the Court, among other things, to dismiss the Claim Objections on the grounds that CNA lacks standing to object to claims. Standing, as a threshold issue, should be adjudicated before the merits of the Claims Objections because dismissal of the objections would avoid (a) the need for the Debtor's estate to incur costs in responding to discovery requests and (b) unnecessary use of judicial resources. As such, we request an adjournment of approximately twenty-one days to allow the Court to consider the Motion to Dismiss.

DOCS_NY:47399.1 18489/002



Honorable Paul R. Warren
April 11, 2023
Page 2

                                        Respectfully submitted,

                                        */s/ Ilan D. Scharf*

                                        Ilan D. Scharf

cc:    Stephen A. Donato, Esq.
        Mark D. Plevin, Esq.