UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

THE DIOCESE OF ROCHESTER,

          Debtor.

Case No. 19-20905

Chapter 11

---

THE DIOCESE OF ROCHESTER,

          Plaintiff,

v.

AB 100 DOE, *et al.*,

          Defendants.

Adv. Proc. No.: 22-ap-02075

### VERIFIED STATEMENT OF ANDREOZZI + FOOTE PURSUANT TO BANKRUPTCY RULE 2019

Nathaniel L. Foote, Esquire, certifies as follows:

    1.    I am a Partner with the law firm Andreozzi + Foote, and am authorized to provide this Statement pursuant to Bankruptcy Rule 2019.

    2.    I provide this Statement in connection with Andreozzi + Foote's representation of Claimants holding tort claims against the Diocese of Rochester (the "Diocese"). These claims are against the Diocese and certain non-debtors arising from child sexual abuse.

    3.    Andreozzi + Foote concentrates its law practice to representation of survivors of sexual abuse.

    4.    Andreozzi + Foote has been retained by victims of child sexual abuse in parishes of the Diocese to pursue their claims against the Diocese, parishes and/or schools.

5. Andreozzi + Foote represents no creditors or parties in interest in this Chapter 11 proceeding other than sexual abuse survivors with tort claims.

6. To the best of my knowledge, neither Andreozzi + Foote nor any employee of the firm has at any relevant time owned any claim or interest in the Debtor.

7. Exhibit "A" identifies the Andreozzi + Foote clients with claims in this proceeding. Due to confidentiality, each claimant listed has been identified by their Sexual Abuse Proof of Claim Form number assigned by the Clerk of Court.

8. A true and correct copy of New York exemplar retainer agreement between Andreozzi + Foote and each of its clients who are claimants in this proceeding are attached hereto as Exhibit B. This agreement complies with 22 CRR-NY 806.27.

9. The information set forth in this Verified Statement is intended only to company with Bankruptcy Rule 2019 and not for any other purpose.

10. The undersigned reserves the right to amend or supplement this Verified Statement in accordance with the requirements of Bankruptcy Rule 2019 at any time in the future.

The foregoing is true and correct to the best of my knowledge, information, and belief.

Date: June 23, 2023

**ANDREOZZI + FOOTE**

*/s/ Nathaniel L. Foote, Esq.*
4503 North Front Street, Harrisburg, PA 17110]
Ph: 717.525.9124 | Fax: 717.525.9143
nate@vca.law

*Counsel to the A+F Survivors*

# EXHIBIT A

| | |
|---|---|
| T.A. | CC074 |
| M.A. | CC441 |
| P.B. | CC151 |
| B.C. | CC189 |
| T.F. | CC310 |
| D.I. | CC309 |
| J.I. | CC311 |
| R.I | CC312 |
| M.K. | CC177 |
| J.R. | CC188 |
| R.R. | CC075 |
| J.W. | CC412 |

# EXHIBIT B

Case 2-19-20905-PRW, Doc 2177, Filed 06/23/23, Entered 06/23/23 14:14:04, Description: Main Document, Page 5 of 13

**RETAINER AGREEMENT – NEW YORK – ADULT CLIENT**

Client by signing this agreement, retains Andreozzi & Associates, P.C. d/b/a Andreozzi + Foote to represent Client in Client's case ("case," "claim," or "matter") against any persons or entities who may be liable for Client's abuse, injury, and/or violation(s) of Client's rights ("the defendant[s]"). By signing this agreement, Client and Attorneys agree to the terms herein.

**PAYMENT**

Attorneys' fee is this matter is 33% of the gross or net recovery to Client, depending on Client's choice below. This representation will require the expenditure of funds for court fees, experts, investigators, and a whole range of other necessary items. The costs and expenses required in prosecuting the case may be either advanced by Client or by Attorneys. Client may choose either option. If Client elects to advance the money for costs and expenses, the Client must pay each cost and expense as it is incurred. If Client elects to have Attorneys advance costs and expenses, then the fee owed to Attorneys will 33% of Client's gross recovery, rather than Client's net recovery after deduction of costs and expenses.

If the Client elects to have the Attorneys advance the money for costs and expenses, the money may be borrowed by the Attorneys from a third-party lender and with an interest rate of (1) WSJ prime rate, plus 5.255%, or (2) 8.5%, whichever is greater. Statements are available upon request and client may pre-pay at any time. At the conclusion of the case, all such monies, including principal, interest and costs related to such advances shall be reimbursed to Attorneys by the Client.

**Choose one of the following options.**

**Please initial beside only one choice. If you initial beside both choices, or do not initial beside either choice, such failure to choose one will equate to a default to Choice 2 and representation will proceed under Choice 2.**

**CHOICE 1:** [*initial here*] _____ I elect to advance the money for the costs and expenses. I want to be billed for each disbursement incurred. I understand that by electing this method, the fee owed to Attorneys will be calculated on the **net** recovery, meaning the amount remaining after deducting costs and expenses from the gross amount recovered.

**CHOICE 2:** [*initial here*] _____ I elect to have Attorneys advance the money for costs and expenses. I do not want to be billed for each disbursement as incurred. I understand that if I select this method, the fee to Attorneys shall be computed on the **gross** sums recovered, meaning that the fee will be calculated on the gross recovery without deduction of advanced costs and expenses. I understand that by electing this method the fee owed to Attorneys may be greater than if I were to advance the money for the costs and expenses. I do not want to be billed for each disbursement as incurred but understand I am entitled to receive a notice of interest rates, statements and pre-payment payoff figures if requested. I agree to reimburse the law firm for all principal, interest and costs related to such advances at the conclusion of my case.

**IF ANY DISPUTE ARISES BETWEEN ATTORNEY AND CLIENT REGARDING ATTORNEY'S FEES, SUCH DISPUTE SHALL BE SUBMITTED TO BINDING ARBITRATION WITH THE NEW YORK STATE ATTORNEY CLIENT FEE DISPUTE RESOLUTION PROGRAM.**

Under Choice 2, Attorney shall advance all necessary costs and expenses associated with Client's claim. If no recovery is made, Attorney will not seek reimbursement for these costs and expenses. At the close of Client's case, regardless of Client's choice, Attorney will furnish the Client with a signed closing statement that documents all fees, costs, principal, interest, and other necessary disbursements.

Client understands case will be handled by Andreozzi & Associates, P.C., but Attorneys may engage co-counsel and/or local counsel, as necessary, at Attorneys' discretion. Client consents that Attorneys may share Attorneys' fee with co-counsel or local counsel. Such fee sharing shall in no way increase the Clients' fee. Any fee sharing will come from Attorneys' portion of any recovery. Attorney shall disclose any such fee sharing to Client.

In certain types of cases, a court can award of attorneys' fees, costs or litigation expenses. Client agrees any award of attorneys' fees, costs, or litigation expenses will belong exclusively to Attorneys. Any payment of court awarded attorneys' fees, costs, or litigation expenses will be credited against the amount owed by Client under this agreement. As such, Client agrees attorneys' fees, costs, and litigation expenses payable to Attorneys pursuant to this Agreement shall be the greater of: (i) the amount otherwise owed to Attorneys under this Agreement; or (ii) the amount of the court ordered award of attorneys' fees, costs, and litigation expenses.

Client expressly authorizes the Attorneys' share of any recovery to be paid directly to Attorneys by the defendant(s). Client hereby gives Attorneys a continuing lien on the Client's claim and the proceeds thereof for the Attorney's fees and expenses for which Client

is obligated under this agreement.
**ATTORNEYS' DUTIES**

Attorneys shall pursue Client's case on Client's behalf in a manner consistent with Client's best interests and Attorneys' professional judgment. Attorneys' services in this matter will end, unless otherwise agreed in writing, when there is an entry of judgment by the court or settlement of Client's matter. Attorneys are not obligated to perform further services for Client—such as an appeal—without a new retainer agreement. If Attorneys do provide further services without a new retainer agreement, the terms of this agreement will continue in effect. Not included in the scope of this agreement are services that Client may request of Attorneys in connection with any other matter, action, or proceeding. Client and Attorneys agree neither will settle Client's claim, or any proceedings based thereon, without express consent from both Attorney and Client.

Attorneys make no warranties or representations regarding the successful termination of Client's claim or the favorable outcome of any legal action that may be filed. Client understands and accepts that any claim or legal action may result in an unfavorable result. All claims and matters taken by Attorneys are subject to investigation. If, after investigation, Attorneys believe that a case cannot be maintained successfully, or recovery is unlikely, Attorneys will notify Client of the decision not to proceed with representation.

Attorney uses a variety of technology, including third party cloud-based platforms, to store documents, communicate, and other activities. Attorney also contracts with a variety of experts, vendors, investigators, and/or other attorneys and law firms, as needed. Client consents to our use of these services.

**CLIENT DUTIES AND RIGHTS**

**By bringing a legal claim, you waive the right to confidentiality related to your medical history and records, including mental health records. Client understands and agrees that Client's medical history and medical records, including any mental health related notes and records, must be provided to Attorneys, and may be shared with other persons, including insurance companies, attorneys, witnesses, and others. Client must sign a HIPAA release allowing Attorneys such access. Failure to execute a HIPAA, or refusal to grant Attorneys the access described herein, is grounds to terminate Client.**

**Client agrees, from the signing of this Agreement until the conclusion of Client's case, not to communicate and/or post anything on social media, such as Facebook, Instagram, Twitter, etc., without first consulting with Attorneys.**

Client agrees to provide all information and papers requested by Attorneys and to cooperate fully in any proceedings related to the case, including, but not limited to, attending scheduled meetings and hearings on time, answering interrogatories, appearing for depositions, and participating in judicial or other proceedings as may arise from time to time in the case and keep attorneys advised of Client's current phone number(s) and address. The Client agrees not to misrepresent or conceal any facts when communicating with Attorneys. Client agrees to retain and to furnish any and all documents, pictures, videos, or anything else in Client's possession potentially related to Client's claim to Attorneys as soon as possible.

If Client is unable to attend, will be substantially delayed, or is otherwise unable to participate and cooperate in Client's case, Client will timely notify Attorneys and make good faith efforts to reschedule or otherwise meet Client's obligations. Failure to communicate with Attorneys in a regular and timely manner constitutes a breach of the retainer agreement and grounds for termination of representation. If Client's telephone is lost, stolen, broken, or otherwise inoperable, Client will inform attorneys' offices by telephone or email.

The Client agrees not to communicate with the court or administrative tribunal, and/or with other parties to the case without Attorneys' consent.

If the defendant(s) prevails in the case at trial or other proceeding, the defendant(s) may recover certain of its costs from Client. The client understands that if Client's case proceeds to court action or arbitration and Client is not the prevailing party, the court or arbitrator may award to the winning or prevailing party or parties attorneys' fees, costs, and litigation expenses of the type outlined above. Payment of such attorneys' fees, costs, and litigation expenses is Client's responsibility.

Client consents to Attorneys' use of cloud-based technology to manage clients' file and use of e-mail as the primary method of communication with client.

**JOINT REPRESENTATION**

Client is aware that Attorneys represent multiple individuals with claims against the defendant(s). All Attorneys' clients' interests in this matter are consistent at present, but Client understands conflicts may arise during such joint representation. Notwithstanding this, Client has determined that it is interests to have a single law firm represent Client jointly with other individuals in connection with defendant(s) tortious conduct. Client consents for confidential information to be shared between Attorneys' clients with claims against the defendant(s).

## **TERMINATION**

The attorneys may withdraw from representing Client if: (1) the client violates any of the duties set forth in this Agreement; (2) the client indicates an intention to give false testimony, or is found to have misrepresented or concealed facts from Attorney; Client directs Attorney to file any paper, or insists on advancing any claim or defense that Attorneys reasonably believe might subject them to sanctions or otherwise lacks merit; (3) Attorneys are required or authorized by law to withdraw from Client's case; and (4) there is no reasonable likelihood of collection.

The Client may discharge Attorneys, or direct Attorneys to discontinue the case, at any time, without cause. If Attorneys have appeared as counsel of record for Client in any court, they will promptly move for an order in accordance with Client's decision to discharge them or discontinue the case. If counsel is substituted, Client will be responsible for reimbursing any costs and disbursements, and Attorneys shall receive an appropriate share of any attorneys' fees paid out of any recovery at the termination of the case. If Attorneys are terminated after the contingency outlined herein has occurred, Attorney shall be entitled to Attorneys' full contingent fee.

## **CONFIDENTIALITY**

Client shall not disclose any of Client and Attorneys communications to anyone. Such disclosure may constitute waiver of attorney-client privilege, which may prejudice Client's case. Client, however, understands and agrees Attorneys may consult with other attorneys, experts in other fields, investigators, vendors, and others concerning Client's case. The client authorizes Attorneys to consult with such persons and to divulge to them such privileged information as is necessary to enable them to assist Attorneys in connection with the case.

## **POWER OF ATTORNEY**

Attorneys shall have the power and authority to sign or endorse all pleadings, claims, settlement, drafts, checks, compromises, releases, dismissals, depositions, orders and other papers which Client could properly execute or endorse, and to receive on Client's behalf any funds or other things of value to which Client may be entitled because of any judgment recovered or any settlement agreed upon in connection with the claims covered by this Agreement.

## **RETENTION OF CLIENT'S FILE**

Attorney shall retain Client's file for 7 years following conclusion of Client's matter, after which point Client's file may be destroyed. If Client desires a copy of Client's file, Client must request the file from Attorney prior to such destruction.

**SIGNATURE ON FOLLOWING PAGE**

**SIGNATURE:**

_____
CLIENT

_____
DATE

     CLIENT SS#:    _____

     CLIENT DOB:    _____

     CLIENT ADDRESS:    _____

     CLIENT PHONE #:    _____

     CLIENT EMAIL:    _____

**ATTORNEYS WILL COMMUNICATE WITH YOU ROUTINELY BY EMAIL.  IT IS VERY IMPORTANT YOU HAVE A WORKING EMAIL ADDRESS AND THAT YOU CHECK YOUR EMAIL ACCOUNT FREQUENTLY.**

**IF YOUR CONTACT INFORMATION CHANGES YOU NEED TO UPDATE ATTORNEYS PROMPTLY.**

# RETAINER AGREEMENT – NEW YORK – ADULT CLIENT

## Statement of Client's Rights

1. You are entitled to be treated with courtesy and consideration at all times by your lawyer and the other lawyers and nonlawyer personnel in your lawyer's office.
2. You are entitled to have your attorney handle your legal matter competently and diligently, in accordance with the highest standards of the profession. If you are not satisfied with how your matter is being handled, you have the right to discharge your attorney and terminate the attorney-client relationship at any time. Court approval may be required in some matters, and your attorney may have a claim against you for the value of services rendered to you up to the point of discharge.
3. You are entitled to your lawyer's independent professional judgment and undivided loyalt uncompromised by conflicts of interest.
4. You are entitled to be charged reasonable fees and expenses and to have your lawyer explain before or within a reasonable time after commencement of the representation how the fees and expenses will be computed and the manner and frequency of billing. You are entitled to request and receive a written itemized bill from your attorney at reasonable intervals. You may refuse to enter into any arrangement for fees and expenses that you find unsatisfactory. In the event of a fee dispute, you may have the right to seek arbitration; your attorney will provide you with the necessary information regarding arbitration in the event of a fee dispute, or upon your request.
5. You are entitled to have your questions and concerns addressed promptly and to receive a prompt reply to your letters, telephone calls, emails, faxes, and other communications.
6. You are entitled to be kept reasonably informed as to the status of your matter and are entitled to have your attorney promptly comply with your reasonable requests for information, including your requests for copies of papers relevant to the matter. You are entitled to sufficient information to allow you to participate meaningfully in the development of your matter and make informed decisions regarding the representation.
7. You are entitled to have your legitimate objectives respected by your attorney. In particular, the decision of whether to settle your matter is yours and not your lawyer's. Court approval of a settlement is required in some matters.
8. You have the right to privacy in your communications with your lawyer and to have your confidential information preserved by your lawyer to the extent required by law.
9. You are entitled to have your attorney conduct himself or herself ethically in accordance with the New York Rules of Professional Conduct.
10. You may not be refused representation on the basis of race, creed, color, religion, sex, sexual orientation, gender identity, gender expression, age, national origin or disability.

Page **5** of **6**

# RETAINER AGREEMENT – NEW YORK – ADULT CLIENT

## Statement of Client's Responsibilities

1. The client is expected to treat the lawyer and the lawyer's staff with courtesy and consideration.
2. The client's relationship with the lawyer should be one of complete candor and the client should apprise the lawyer of all facts or circumstances of the matter being handled by the lawyer even if the client believes that those facts may be detrimental to the client's cause or unflattering to the client.
3. The client must honor the fee arrangement as agreed to with the lawyer to the extent required by law.
4. All bills tendered to the client for services rendered pursuant to the agreed upon arrangement regarding fees and expenses should be paid when due.
5. A client who discharges the attorney and terminates the attorney-client relationship must nevertheless honor financial commitments under the agreed to arrangement regarding fees and expenses to the extent required by law.
6. Although the client should expect that his or her letters, telephone calls, emails, faxes, and other communications to the lawyer will be answered within a reasonable time, the client should recognize that the lawyer has other clients who may be equally deserving of the lawyer's time and attention.
7. The client should maintain contact with the lawyer, promptly notify the lawyer of any change in telephone number, address, email, or other electronic contact information, and respond promptly to a request by the lawyer for information and cooperation.
8. The client must realize that the lawyer is required to respect only legitimate objectives of the client and that the lawyer will not advocate or propose positions that are unprofessional or contrary to law or the New York Rules of Professional Conduct.
9. The lawyer may decline to accept a matter if the lawyer has previous personal or professional commitments that will prohibit the lawyer from devoting adequate time to representing the client competently and diligently.
10. A lawyer is under no obligation to accept a client if the lawyer determines that the cause of the client is without merit, a conflict of interest would exist or a suitable working relationship with the client is not likely

# AUTHORIZATION TO DISCLOSE HEALTH & EDUCATION INFORMATION
## HIPAA COMPLIANT

To: _____

From: _____

Re: _____

Date of Birth: _____ Social Security Number: _____

1. I authorize the use or disclosure of the above-named individual's health and education information as described below.

2. The above-named individual or organization is authorized to make the disclosure.

3. The type and amount of information to be used or disclosed is as follows:

   _____

   _____

4. I understand that the information in my health and/or education records may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

5. This information may be disclosed to and used by **Andreozzi + Foote, 4503 North Front Street, Harrisburg, PA 17110**, for the purpose of a legal proceeding.

6. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the above-named organization. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire upon the termination of my legal representation by Andreozzi + Foote, or five (5) years from the date of signature, whichever is sooner.

7. I understand that authorizing the disclosure of this health and/or education information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed, as provided in CFR 164.524. I understand any disclosure or information may bring with it the potential for an unauthorized re-disclosure and the information may not be protected by federal

confidentiality rules. If I have questions about disclosure of my health and/or education information, I can contact Andreozzi + Foote, 4503 North Front Street, Harrisburg, PA 17110, Telephone (717) 525-9124.

8. I also authorize my attorneys or their delegates to photograph my person while I am present in any hospital.

9. I agree that a photostatic copy of this authorization shall be considered as effective and valid as the original.

Dated:_____          _____
                              Signature of Patient or Legal Representative/Guardian

                              _____
                              Relationship of Legal Representative/Guardian