UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE DIOCESE OF ROCHESTER,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-20905 (PRW) |

**COVER SHEET TO FOURTH INTERIM FEE APPLICATION OF BURNS BAIR LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL INSURANCE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTOR FOR THE PERIOD JANUARY 1, 2023 THROUGH JULY 31, 2023**

| | |
|---|---|
| Name of Applicant: | Burns Bair LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors of the Debtor |
| Date of Retention: | Effective as of May 26, 2021 by Order signed on June 22, 2021 [Doc 1113] |
| Period for Which Compensation is Sought: | January 1, 2023 – July 31, 2023 |
| Amount of Fees Sought: | $316,672.00 |
| Amount of Expense Reimbursement Sought: | $11,565.95 |

This is Burns Bair LLP's Fourth Interim Fee Application.

| | |
|---|---:|
| Blended Rate in this Application for All Attorneys: | $553.34 |
| Blended Rate in this Application for All Timekeepers: | $550.45 |
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed: | $253,337.60 |
| Compensation Sought in this Application Not Already Paid Pursuant to a Monthly Compensation Order: | $63,334.40 |
| Expenses Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed: | $11,507.16 |
| Expenses Sought in this Application Not Already Paid: | $58.79[1] |

---

[1] Reimbursement of expenses requested on Invoice #01139 (Dkt, 2155) in the amount of $58.79 were not received.

## TIMEKEEPER SUMMARY

| Professional | Position | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Timothy W. Burns | Partner | $700.00 | 176.30 | $123,410.00 |
| Timothy W. Buns – Travel Rate | Partner | $350.00 | 54.40 | $19,040.00 |
| Jesse J. Bair | Partner | $625.00 | 168.70 | $105,437.50 |
| Jesse J. Bair – Travel Rate | Partner | $312.50 | 41.80 | $13,062.50 |
| Brian P. Cawley | Associate | $420.00 | 40.80 | $17,136.00 |
| Nathan M. Kuenzi | Associate | $420.00 | 38.10 | $16,002.00 |
| Leakhena Au | Associate | $420.00 | 37.60 | $15,792.00 |
| Kacy C. Gurewitz | Associate | $420.00 | 7.00 | $2,940.00 |
| Katie Sticklen | Summer Associate | $378.00 | 2.00 | $756.00 |
| Karen Dempski | Paralegal | $360.00 | .60 | $216.00 |
| Alyssa Turgeon | Paralegal | $360.00 | 5.60 | $2,016.00 |
| Brenda Horn-Edwards | Paralegal | $360.00 | 2.40 | $864.00 |
| | | | **Grand Total:** | **$316,672.00** |
| | | | **Total Hours:** | **575.30** |
| | | | **Blended Rate:** | **$550.45** |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Electronic Court Records | PACER | $25.70 |
| Postage | United States Postal Service | $29.49 |
| Database Monthly Hosting | CloudNine | $327.14 |
| Travel – Flights | Delta Airlines, United Airlines | $6,764.10 |
| Travel – Hotel | | $3,240.34 |
| Travel – Meals | | 200.89 |
| Travel – Mileage, Tolls, Parking, Taxi | | $978.29 |
| | | **$11,565.95** |

Dated: September 15, 2023                Respectfully submitted,

                                         **BURNS BAIR LLP**

                                         _/s/ Timothy W. Burns_
                                         Timothy W. Burns (admitted *pro hac vice*)
                                         Jesse J. Bair (admitted *pro hac vice*)
                                         10 E. Doty St., Suite 600
                                         Madison, WI 53703-3392
                                         Telephone: (608) 286-2808
                                         Email: tburns@burnsbair.com
                                         Email: jbair@burnsbair.com

                                         *Special Insurance Counsel to the Official Committee*
                                         *of Unsecured Creditors of the Diocese of Rochester*

3
DOCS_LA:351176.2 18489/002

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE DIOCESE OF ROCHESTER,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-20905 (PRW) |

**FOURTH INTERIM FEE APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES BY BURNS BAIR LLP AS SPECIAL INSURANCE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTOR FOR THE PERIOD JANUARY 1, 2023 THROUGH JULY 31, 2023**

Burns Bair LLP ("**Burns Bair**" or the "**Firm**"), special insurance counsel to the Official Committee of Unsecured Creditors (the "**Committee**") of The Diocese of Rochester (the "**Debtor**"), hereby submits its fourth interim fee application, pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, for (a) allowance of interim compensation for professional services performed by Burns Bair for the period commencing January 1, 2023 through July 31, 2023 (the "**Interim Compensation Period**") in the amount of $316,672.00, and (b) reimbursement of its actual and necessary expenses in the amount of $11,565.95 incurred during the Interim Compensation Period, on the following grounds:

**JURISDICTION**

1. The Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for relief requested are sections 330 and 331 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

4. On September 12, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor remains in possession of its property and continues to operate and maintain its organization as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On September 24, 2019, the United States Trustee appointed the Committee, pursuant to section 1102 of the Bankruptcy Code.

6. On May 3, 2021, Burns Bair filed its application seeking to be employed in this case ("**Retention Application**"). As set forth in the declaration of Timothy W. Burns in support of the Retention Application, due to the unique circumstances of this case, Burns Bair proposed to charge hourly rates which are below its regular hourly rates, specifically, to charge its normal and customary hourly rates, subject to a cap of $700 per hour. On June 22, 2021, the Court entered its *Order Authorizing and Approving the Employment of Burns Bair LLP as Special Insurance Counsel to the Official Committee of Unsecured Creditors Effective as of May 26, 2021* (the "**Retention Order**") [Doc 1113], authorizing the employment of Burns Bair as special insurance counsel to the Committee effective as of May 26, 2021. The Retention Order authorized Burns Bair to apply for compensation for professional services rendered and reimbursement of expenses as set forth in the Retention Application, subject to the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court.

7. Burns Bair did not receive a retainer in connection with its employment and, to

2

DOCS_LA:351176.2 18489/002

date, has only received compensation for services and reimbursement of expenses pursuant to the *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Members of Official Committees* (the "**Interim Compensation Order**") [Doc 318].

8. This is Burns Bair's fourth interim fee application.

**Summary of Services Rendered by Burns Bair During the Interim Compensation Period**

9. During the Interim Compensation Period, Burns Bair expended a considerable number of hours on behalf of the Committee including, but not limited to, preparing for and participating in multiple in-person mediation sessions and settlement conferences, including the development and drafting of various insurance presentations for use during same; revising and editing the Committee's proposed Plan of Reorganization and related exhibits, with particular focus on insurance issues, including associated legal research; revising and drafting insurance portions of the Committee's motion to dismiss or adjourn CNA's claim objections, including associated legal research; analysis and drafting of various insurance demand letters; drafting response and reply to CNA's proposal to file its own Plan; researching and drafting New York General Business Law Section 349 complaint against CNA, including associated derivative demand letter; presenting to the Committee and State Court Counsel on insurance strategy; and formulating overall insurance strategy on behalf of the Committee, including working to finalize settlements with LMI, Interstate, and First State. These tasks are not meant to be a detailed description of all work performed.

10. The above-referenced description of services is not intended to be exhaustive of the scope of Burns Bair's services rendered on behalf of the Committee. A full accounting of all services rendered on behalf of the Committee during the Interim Compensation Period is contained

3

in related time records attached to the notices of invoices, attached hereto as Exhibits A to G.

11. As contained in the time records attached to the notices of invoices, Burns Bair has expended a total of 575.30 hours during the Interim Compensation Period representing the Committee in this case. The value of the services rendered to the Committee by Burns Bair is $316,672.00 and Burns Bair has incurred actual and necessary out-of-pocket expenses in the amount of $11,565.95 during the Interim Compensation Period in connection with such professional services.

**RELIEF REQUESTED**

12. By this application, Burns Bair requests entry of an order, substantially in the form attached as Exhibit H: (a) allowing, on an interim basis, $316,672.00 as compensation for professional services rendered and $11,565.95 as reimbursement of actual and necessary out-of-pocket expenses incurred during the Interim Compensation Period in connection with such professional services, and (b) directing the Debtor to pay Burns Bair the amount of $63,393.19 for the total unpaid portion of the Interim Compensation Period.

**Professional Services Rendered During Interim Compensation Period**

13. The value of the professional services rendered to the Committee during the Interim Compensation Period has been billed at rates normally charged by Burns Bair for comparable services performed for other clients, subject to a $700/hour cap. The requested fees in the amount of $316,672.00 are reasonable under the circumstances and reflect the expertise of counsel in representing the Committee in this case.

14. Burns Bair has attempted to avoid any duplication of services by its professionals in rendering services. When more than one professional participated in any conference or hearing, such joint participation was necessary because of the complexity of the legal issues involved, the

4

various legal disciplines required, or the need to familiarize the professional with such matters so that he or she could independently perform further essential services in connection with this case.

15. Each entry itemized in Burns Bair's time records includes (a) a description of each activity or service that an individual performed, and (b) the number of hours (in increments of one-tenth of an hour) spent by an individual performing the activity or providing service.

**Actual and Necessary Expenses Incurred During Interim Compensation Period**

16. During the Interim Compensation Period, Burns Bair has incurred actual and necessary out-of-pocket expenses in the total amount of $11,565.95.

17. Burns Bair seeks reimbursement for, among other things, the following types of expenses: (a) electronic court records; (b) travel expenses; and (c) miscellaneous expenses. Below is a summary of the actual and necessary out-of-pocket expenses incurred on behalf of the Committee during the Interim Compensation Period:

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| **Out-of-Town Travel** | |
| Air Fare | $6,764.10 |
| Misc. Travel Expenses (tolls, parking, taxi) | $978.29 |
| Hotel Expense | $3,240.34 |
| Meals | $200.89 |
| **Court Research** | |
| PACER | $25.70 |
| **Postage** | |
| United States Postal Service | $29.49 |
| **Database Hosting** | |
| CloudNine | $327.14 |
| **Total:** | $11,565.95 |

All expense entries detailed in Burns Bair's time records include an itemization of the expenses by category, the date the expense was incurred, and the amount of the expense. The requested expenses are of the kind customarily charged by Burns Bair for similar items in other similar matters. All expenses were incurred on behalf of the Committee, and all expenses paid to outside vendors were billed in this case by Burns Bair at the rate charged to Burns Bair.

## GROUNDS FOR GRANTING RELIEF REQUESTED

18. All of the services for which compensation is requested by Burns Bair were performed for, or on behalf of, the Committee, and not on behalf of the Debtor, any creditor, examiner, trustee or any other entity. In addition, Burns Bair has not entered into any agreements to fix fees or share compensation as prohibited by 18 U.S.C. §155 and 11 U.S.C. §504.

19. This interim application is made at this time due to the substantial amount of time devoted on behalf of the Committee during the Interim Compensation Period and the impact that the expenditure of such an amount of time without further compensation will have upon Burns Bair finances if compensation were delayed to a later time. Thus, Applicant respectfully submits that, pursuant to Local Rule 2016-1 and the Interim Compensation Order, Applicant should not be required to await the conclusion of this case to request the relief sought in this interim fee application.

20. As this Application demonstrates, the services that Burns Bair has rendered on behalf of the Committee have been beneficial to the Committee in that the services have been utilized to assist the Committee with those matters outlined above.

21. The attorneys primarily responsible for representing the Committee in connection with this case, Timothy W. Burns and Jesse J. Bair, have extensive experience representing clients in complex insurance disputes, and in cases similar to this one.

22. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code that govern the Court's award of such compensation. See 11 U.S.C. § 331. Section 330 of the

Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A)-(B). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded … the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

23. Burns Bair has reviewed the requirements of each of the foregoing and believes that this application is in compliance with such requirements, as applicable.

24. In addition to the foregoing specified services, Burns Bair believes that it has performed further services which are not reflected in the time records. It is impossible to record the detail of each letter, telephone call, conference time or research. Many such hours have been

7

performed to date, but Burns Bair is not requesting compensation for them. Further, as set forth above, Burns Bair has capped its hourly rate.

25. All services for which Burns Bair seeks compensation, and expenses for which it seeks reimbursement, were performed on behalf of the Committee and were necessary and beneficial to the Committee. Burns Bair worked diligently to anticipate or respond to the Committee's needs and assist in the navigation of this very complex chapter 11 case. The compensation requested herein is reasonable in light of the nature, extent, and value of such services rendered to the Committee.

26. In connection with the matters covered by this application, Burns Bair received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtor's bankruptcy estate. There is no agreement or understanding between Burns Bair and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this case.

## Valuation of Services

27. Attorneys and paraprofessionals of Burns Bair expended a total 575.30 hours in connection with their representation of the Committee during the Interim Compensation Period, as follows:

| Professional | Position | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Timothy W. Burns | Partner, Member of Missouri Bar since 1991, Member of Illinois Bar since 1997, Member of Wisconsin Bar since 2008 | $700.00 | 176.30 | $123,410.00 |
| Timothy W. Buns Travel Rate | (See above) | $350.00 | 54.40 | $19,040.00 |
| Jesse J. Bair | Partner, Member of Wisconsin bar since 2013 | $625.00 | 168.70 | $105,437.50 |

8

| Professional | Position | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Jesse J. Bair Travel Rate | (See above) | $312.50 | 41.80 | $13,062.50 |
| Nathan M. Kuenzi | Associate, Member of Wisconsin Bar since 2020 | $420.00 | 38.10 | $16,002.00 |
| Brian P. Cawley | Associate, Member of Wisconsin Bar since 2020, Member of Illinois Bar since 2021, Member of New York Bar since 2022 | $420.00 | 40.80 | $17,136.00 |
| Leakhena Au | Associate, Member of Wisconsin bar since 2020 | $420.00 | 37.60 | $15,792.00 |
| Kacy C. Gurewitz | Associate, Member of Wisconsin bar since 2021 | $420.00 | 7.00 | $2,940.00 |
| Katie Sticklen | Summer Associate | $378.00 | 2.00 | $756.00 |
| Karen Dempski | Paralegal | $360.00 | .60 | $216.00 |
| Alyssa Turgeon | Paralegal | $360.00 | 5.60 | $2,016.00 |
| Brenda Horn-Edwards | Paralegal | $360.00 | 2.40 | $864.00 |
| | | | **Grand Total:** | **$316,672.00** |
| | | | **Total Hours:** | **575.30** |
| | | | **Blended Rate:** | **$550.45** |

28. To the extent time or disbursement charges for services rendered or expenses incurred relate to the Interim Compensation Period but were not processed prior to the preparation of this application or Burns Bair has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Interim Compensation Period, Burns Bair reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

29. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Burns Bair is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, Burns Bair has reviewed the requirements of Local Rule 2016 and the Interim Compensation Order signed on or about November 1, 2019 and believes

9

that this Application complies with such Rule and Order.

## NOTICE

30.     Notice of this application will be given to (a) the Debtor, (b) the Debtor's counsel, (c) the U.S. Trustee, and (d) those parties who have appeared in this case or have requested notice pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, Burns Bair respectfully requests the Court enter an order, substantially in the form attached as Exhibit H:  (i) allowing, on an interim basis, $316,672.00 as compensation for professional services rendered and $11,565.95 as reimbursement of actual and necessary out-of-pocket expenses incurred during the Interim Compensation Period in connection with such professional services; (ii) directing the Debtor to pay Burns Bair the amount of $63,393.19 for the unpaid amounts incurred during the Interim Compensation Period; (iii) allowing such compensation for professional services rendered and reimbursement of actual and necessary out-of-pocket expenses incurred without prejudice to Burns Bair's right to seek additional compensation for services performed and expenses incurred during the Interim Compensation Period, which were not processed at the time of this application; and (iv) granting Burns Bair all other just and proper relief.

Dated:  September 15, 2023               Respectfully submitted,

**BURNS BAIR LLP**

 /s/  Timothy W. Burns
Timothy W. Burns (admitted *pro hac vice*)
Jesse J. Bair (admitted *pro hac vice*)
10 E. Doty St., Suite 600
Madison, WI 53703-3392
Telephone: (608) 286-2808
Email:  tburns@burnsbair.com
Email:  jbair@burnsbair.com

*Special Insurance Counsel to the Official Committee of Unsecured Creditors of the Diocese of Rochester*

# CERTIFICATION

Timothy W. Burns, hereby declares under penalty of perjury:

a) I am a partner with the applicant law firm Burns Bair LLP ("**Burns Bair**") and am admitted *pro hac vice* to appear before this Court.

b) I am familiar with the work performed on behalf of the Committee by the lawyers and paraprofessionals of Burns Bair.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Local Rule 2016 and the Interim Compensation Order signed on or about September 15, 2023 and believe that this Application substantially complies with such Rule and Order.

> */s/ Timothy W. Burns*
> Timothy W. Burns