December 14, 2023

Honorable Paul R. Warren
United States Bankruptcy Court
Western District of New York
100 State Street
Rochester, New York 14614

Honorable Carl L. Bucki
Chief Judge
United States Bankruptcy Court
Western District of New York
100 State Street
Rochester, New York 14614

FILED DEC 18 2023 BANKRUPTCY COURT ROCHESTER, N.Y.

Re: The Diocese of Rochester
Case No: 19-20905
<u>Objection to Both Diocese of Rochester & Continental Insurance
Company's Proposed Plans & Disclosure Statements</u>

Dear Judge Paul R. Warren and Judge Carl L. Bucki:

    I am one of the 485 survivors in the above-captioned matter. Previously, I had written to the Court on March 25, 2023 and not much has changed in this case. I would respectfully request that this letter be made a part of the Court's official Record in the above-captioned matter. I am writing to you to express my objection to both the Diocese of Rochester's Proposed Reorganization Plan and Disclosure Statement (hereinafter "Diocese") and Continental Insurance Company's Proposed Reorganization Plan and Disclosure Statement (hereinafter "Continental").

    Since this Proceeding appears to be the "only" voice which the survivors will have, or will be permitted to have, I respectfully request that the letter be entered into the Record. I have read every document filed in the 51-month proceeding and keep in touch with several of the 485 survivors. It is beyond belief to me that we have entered the fifth year of this long-protracted court case.

    As a preliminary matter, I have read the U.S. Trustee's Objection to both plans, filed this week, and not only do I consider the Objection, a breath of fresh air, but I completely support that Objection. I am sorry that Continental feels the U.S. Trustee's objection is "quibbling about details." Excuse us for wanting to know what we are voting for.

## BOTH PLANS ARE FLAWED AS THEY DO NOT LIST
## THE EXACT AMOUNT EACH SURVIVOR WILL RECEIVE
## UNDER THEIR RESPECTIVE PLANS

Neither Plan breaks down how much each and every survivor will receive under their respective plan. In a nutshell, how is a survivor to vote on a plan when it is unsure how much the survivor will receive and when the survivor will receive the funds? You can't vote for a plan that is uncertain, non-specific and could, drag on for several months. This is the same argument that Continental has been using over and over again when in its bullying to the survivors it has been talking about the uncertainty of litigation that could drag on for years.

Now both the Diocese and Continental are happy to dump the money in a trust, finish the bankruptcy and leave the survivors with months if not years of uncertainty and additional frustration. This is the best all these high-paid professionals could do in over four years.

The Court itself wrote, in a decision referencing a previous plan about the uncertainty of litigation. Certainty the Court can see the same flaws in both plans filed.

No Plan should be submitted to the survivors and the Chapter 11 Bankruptcy should continue until a plan that lists how much each survivor will receive and when is submitted. And here's an idea: could we have a plan that is written in plain-language filed so that a survivor could understand the plain. A plan written by long-winded lawyers for other longer-winded lawyers is not very helpful.

Although the Diocese and Continental added more definitions and claim-scoring criteria this week, that does not change the fact that both plans are flawed.

I have a thousand questions as both flawed plans but will ask only a few:

1.) Who drafted the Allocation Protocol? Who approved the Allocation Protocol? What weight will be given to each factor?
2.) Who will appoint the Claims Reviewer? What legal and educational requirements must the Claims Reviewer possess. What conflicts of interest exist? What about all of the expert claim valuation that was conducted over the last 4 plus years?
3.) Who pays the Claims Reviewer? Who is the Claims Reviewer answerable to?

Honorable Paul R. Warren
Honorable Carl L. Bucki
December 14, 2023
Page 3

4.) We have been given the factors that a Claims Reviewer will look at but what is the weight on each factor? Will those factors change? Those factors are objective but a Claims Reviewer will apply those factors in a subjective manner.
5.) What is the timeline for the Claims Reviewer to complete his or her duties? This Bankruptcy should NOT be concluded and the Diocese of Rochester should be on the hook until one completed detailed plan is submitted to the survivors. Your Honor, this is your Court Room. After 54 years of waiting, we deserve this.
6.) Will the Claims Reviewer meet with each and every survivor? What evidence and/or documents will be required by the Claims Reviewer? To date, I have never spoken to anyone in person regarding my claim/lawsuit. That includes my attorney who I have never met. Wanted to handle everyone over the phone. Every three or four months, I get a 3-4 sentence email as an update. The problem is my lawyer is usually about 6 months behind. I am getting ready to discharge my lawyer and proceeding prose. My lawyer can place a lien on the file, which I will pay.
7.) Who reviews the work of the Claims Reviewer? Will there by more than one Claims Reviewer?
8.) What is the Appeal process to a determination of the Claims Reviewer?
9.) Do we actually have to send a check for $1,000 to have a reconsideration of our claim? That is unbelievable. How about $5,000?
10.) In the Diocese's Plan, it talks about transferring its insurance rights to the trust. I understand that about 300 of the 485 survivors have filed a state-court action in addition to the claim that was filed in Bankruptcy Court. Is Continental liable for all those 300 cases or are some of the state-court actions dead because of settlements with other insurance companies? These are issues that need to be known in order to make an intelligent vote. I would like to continue my present state-court action. Will same be dead? How do we know which state court actions will be allowed to proceed against Continental? I could not find that information anywhere.

Your Honor, so much is unclear in the two plans. Most state-court lawyers don't know because they don't do a lot of bankruptcies. Please reject both plans and have a plain language plan submitted which lists the exact amount each survivor. That is only fair and is the right thing to do. The survivors have been hurt enough.

Thank you for your time and attention to this matter.

                                                  Respectfully yours,

                                                  A Survivor