March 29, 2024

Honorable Paul R. Warren
United States Bankruptcy Court
Western District of New York
100 State Street
Rochester, New York 14614



Re:     **The Diocese of Rochester**
        **Case No:  19-20905**
        **Objection to Third-Amended Plan and Disclosure Statement**
        **By Diocese of Rochester & Continental Insurance**

Dear Judge Paul R. Warren:

I am one of the 485 survivors of the Diocese of Rochester. I respectfully request that the Court make this letter and all subsequent letters a part of the official record.

I seem to be unable to put down the Third-Revised Plans of the Diocese of Rochester and Continental Insurance. I feel very bad for the survivors as it seems that the "fix is in". Whichever way this case goes, the survivors will end up with a fraction of the proceeds. The lawyers, the experts, the accountants and the claims reviewer and the Trustee will end up with the "lion's share" of the proceeds.

I respectfully submit to this Court that both the Rochester of Diocese Plan and the Continental Plan should **not** be confirm. Both plans are still too vague and lacking in details.

The Court directed the parties to prepare plans that are written in "plain language". The Rochester of Diocese's Plan has several pages of definitions. One definition was left out, namely, "plain language". Plain language is defined as:

> **Plain Language (also called plain writing or plain English) is**
> **Communication your audience can understand the first time**
> **they read or hear it. A communication is in plain language if**
> **it's wording, structure, and design are so clear that the intended**
> **audience can easily find what they need, understand what**
> **they find, and use that information.**

Can anyone even suggest that either plan is written in plain language?

Respectfully yours,

A Survivor