March 29, 2024

Honorable Paul R. Warren
United States Bankruptcy Court
Western District of New York
100 State Street
Rochester, New York 14614



Re: The Diocese of Rochester
Case No: 19-20905
Objection to Third-Amended Plan and Disclosure Statement
By Diocese of Rochester & Continental Insurance

Dear Judge Paul R. Warren:

I am one of the 485 survivors of the Diocese of Rochester. I respectfully request that the Court make this letter and all subsequent letters a part of the official record.

Neither the Rochester of Diocese Plan nor the Continental plan is being upfront and honest with the survivors. This process of reviewing and approving a plan needs to be slowed down. There are far too many issues outstanding. The claims reviewer has <u>far too much authority.</u>

According to the Plans, the claims reviewer's decision **<u>"shall be the final review."</u>** (With the exception of a $425.00 review with the <u>same</u> claims reviewer). I would rather have my case reviewed by a judge, a court, or a jury. The claims reviewer will look at the "credible evidence" or each case. Can someone define "credible evidence"? That's not an objective standard but rather a subjective standard. Whatever the claims reviewer says goes? Clearly, that is violating the rights of many of the survivors. I for one would file an appeal/complaint with the District Court.

Here's what going to happen, but no one will advise the survivors of same: Early one, the Diocese of Rochester filed objections to 80-100 of the bankruptcy claims. The Diocese filed Affidavits to each objection arguing that the Diocese was not the proper party to file a claim against or the Diocese did not exercise control over the offending party. I get it. I read every Affidavit. The Diocese may have an argument. Over the last few years, the Attorneys for the Diocese walked away from the objections because they realized that to review each objection would require a hearing on each and every objection. Later, just to be obnoxious, Continental insurance began to argue the objections to these 80-100 claims.

It seems to me that the claims reviewer is going to dump these 80-100 cases. That would be very cheap and fast. Maybe the objections are valid, maybe they are not. But shouldn't those 80-100 survivors have a right to understand that the plan that he or she is voting on could

quickly end their claim? Isn't that just the right thing to do? The way it is being proposed to be handled is sneaky and deception, which is the hallmark of much of this case.

    Additionally, what is the Oversight Committee and who would sit on that committee and what power would he or she have?

                                      Respectfully yours,

                                      A Survivor