March 29, 2024

Honorable Paul R. Warren
United States Bankruptcy Court
Western District of New York
100 State Street
Rochester, New York 14614



      Re:    **The Diocese of Rochester**
              **Case No: 19-20905**
              <u>Request to lift Automatic Stay</u>

Dear Judge Paul R. Warren:

      I am one of the 485 survivors of the Rochester Diocese's decades of child abuse. I would respectfully request that the Court make this letter an official part of the Court's Record in the above-captioned matter.

      In a few of my prior letters, I respectfully requested that the Court lift the automatic stay relative to the State Court Actions. I again, for the Record, request that this Honorable Court lift the automatic stay as to the parishes. With the automatic stay, which survivors have requested to be lifted for the last four (4) years, survivors rights are being severely impacted and there is no remedy available to certain survivors.

      As a preliminary matter, I believe that the $55,000,000 settlement with the Rochester Diocese is far too low. I believe that the Rochester Diocese should and could be required to contribute $90,000,000 toward the settlement. The Diocese has more assets than were disclosed and that includes approximately $61,000,000 in what the Diocese refers to as "restricted funds". Restricted by who and for what purpose?

      A forensic accountant needs to be retained by the Creditor's Committee, if in fact that Committee has any sort of independence.

      It seems to me that the Diocese wants to have it both ways. In the beginning of this bankruptcy case, many years ago, the Diocese argued that the parishes were independent of the Diocese and were not part of the bankruptcy case. Unfortunately, the Creditor's Committee agreed to a stay on the State Court actions. That was a huge mistake and poor legal advice.

      As we will learn on June 23, 1959, this Court may not have the power to include the parishes in a settlement. Then what happens?

      As I previously indicated to the Court, my parish is disposing of assets. Yet, when assets are disposed of, the local newspaper references the asset as belonging to the Diocese of

Rochester. Which one is it? Does the asset belong to the Diocese or the parish? All I know is that my parish is generating well over $1.2 million dollars in sold assets. That doesn't even take into account $1,000,000 in so-called restricted funds and a cemetery that has huge bank accounts.

In its Plan the Diocese indicates that approximately $10,000,000 of the $55,000,000 offer from the Diocese is coming from the parishes. My parish alone will be covering more than 10% of that $10,000,000 offer.

The Creditor's Committee needs to get on the ball.

The New York legislature gave me the right to sue for my abuse of nearly sixty (60) years ago. The Courts and the lawyers are taking that away from me. I want a full jury trial and I will honor the Decision of my fellow citizens. Not some $850 an hour professional, that **has never met me and will never speak to me.** Really?

We also know that the Trust created by the Diocese Plan will go on for years and years and require **tens of millions of dollars taken directly from the survivors.**

Respectfully,

A survivor