April 3, 2024

Honorable Paul R. Warren
United States Bankruptcy Court
Western District of New York
100 State Street
Rochester, New York 14614



Re: **The Diocese of Rochester**
**Case No: 19-20905**
**Third-Revised Plan submitted by Rochester of Diocese and**
**Continental Insurance- March 15, 2024**
<u>Objection to the Continental Plan</u>

Dear Judge Paul R. Warren:

On the bench in January of 2024 and in "plain language" the Court directed Continental Insurance to include in its third-revised Plan, the possible consequences and costs to Continental of litigation. In other words, Continental Insurance is offering $75,000,000 to settle the matter with the survivors, but what exposure and costs does Continental face if its Plan is rejected. A real simple question and a real simple analysis.

**It is clear that Continental refuses to comply with the Court's order.** <u>For that reason alone, the Continental Plan should be rejected.</u>

Everyone is well-aware of the tired-old defenses that Continental throws out. Maybe those defenses have merit and maybe they don't.

The insurance policies which Continental are responsible for <u>do not exclude</u> coverage for child abuse. That legal premise was restated this past year in the CHUBB Decision, another case involving a Diocese liability.

Most of the Continental coverage is pre-1975. The New York Court of Appeals has clearly held that acts of sexual Abuse Constitute <u>multiple occurrences</u>.

In my case, the abuse occurred over a course of three (3) years in the 1960s. The Continental policy in effect at that time was $25,000 per occurrence. I will not disclose the number of abuses which occurred other than to say that there were over 100 "sessions" as "Father" referred to them as. Doing the math shows that that amounts to $2,500,000. Not very

hard, but Continental absolutely refuses to discuss its exposure. The same valuation could be done on all 485 claims.

There is also the matter of litigation costs for dozens of trials, which will require the use of many "outside counsel".

Additionally, Continental continues to mislead by comparing "apples and oranges". My abuse occurred in the 1960s. **We cannot look at 1960 cases from a "2024 perspective"**. Our understanding of abusers was far different in the 1960s than 2024.

By no means am I defending the Catholic Church, however, most child molesters are not in fact serial offenders. They have a low recidivism rate. When treated in prevention programs, they have a recidivism rate of 14 percent, which is lower than their untreated counterparts, who have a recidivism rate of 26 percent, according to a 1999 meta-analysis. Overall, treatment programs reduce the recidivism rate by up to 50 percent according to a summary evaluation that compared over 20 studies.

Finally, it seems improper for Continental to continue to state that its "administrative claim" against the Diocese will go away if the Continental Plan is approved. No administrative claim has been sustained and it is merely another attempt by Continental to play the role of a "victim".

**Given the fact that Continental refused to comply with a directive of this Court, its Plan should be rejected.**

I am one of the Rochester of Diocese's 485 abuse victims and I respectfully request that this letter be made a part of the Record.

                                                Respectfully yours,

                                                A Survivor