UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

The Diocese of Rochester,

Debtor.

Case No. 19-20905

Chapter 11

**MOTION IN LIMINE OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS TO STRIKE CERTAIN
ANONYMOUS LETTERS FROM THE RECORD**

The Official Committee of Unsecured Creditors (the "Committee") of The Diocese of Rochester (the "Diocese" or the "Debtor") in the above-captioned case under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), by and through its undersigned counsel, hereby moves (the "Motion") this Court for entry of an order pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") striking certain anonymous letters from the record. In support of the Motion, the Committee respectfully states as follows:

**JURISDICTION**

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein are sections 1103 and 1109(b) of the Bankruptcy Code and Bankruptcy Rule 9011.

# RELEVANT FACTS

B. **General Background**

2. On September 19, 2019 (the "Petition Date"), the Debtor commenced its Chapter 11 case by filing a voluntary petition for relief under Bankruptcy Code Chapter 11. Pursuant to Bankruptcy Code Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate as debtor in possession.

3. No trustee or examiner has been appointed in this Case. On September 26, 2019, the Office of the United States Trustee filed notice of the appointment of the Committee pursuant to section 1102 of the Bankruptcy Code.

4. On September 13, 2023, the Debtor and the Committee filed the *First Amended Joint Chapter 11 Plan of Reorganization for the Diocese of Rochester* [Docket No. 2217] (as amended, the "Plan") and related disclosure statement [Docket No. 2218] (as amended, the "Disclosure Statement"). The Plan and Disclosure Statement have been amended from time to time. The hearing to consider approval of the Disclosure Statement is scheduled on April 16, 2024.

5. Periodically, letters (collectively, the "Anonymous Letters") have been submitted to the Court from an individual identifying as an abuse survivor who filed a claim in this case. *See* Docket Nos. 2388; 2447; 2465; 2472; 2491; 2505; 2511; 2512; 2513; 2523; 2524; 2525; 2550; 2561; 2562; 2563; 2564; 2565; 2566; 2567; 2568. The anonymous writer also states that they are represented by counsel. *See, e.g.*, Docket Nos. 2447; 2465; 2513.

6. The anonymous writer has not identified themselves to any party in interest. Notably, the Committee is highly sensitive to maintaining survivor anonymity from a

2

DOCS_NY:48663.1 18489/002
Case 2-19-20905-PRW, Doc 2570, Filed 04/12/24, Entered 04/12/24 14:13:51, Description: Main Document , Page 2 of 6

public docket. However, the parties must be able to obtain all parties' identities on a confidential basis.

## RELIEF REQUESTED

7. The Committee respectfully requests that the Court strike the Anonymous Letters from the record and remove them from the docket.

## BASIS FOR RELIEF

8. Bankruptcy Rule 9011 provides, in relevant part, as follows:

(a) Signature. Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

9. The author of the Anonymous Letters represents that they are represented by counsel. However, counsel has not signed or submitted the letters. Nor has the writer signed the letters. Rule 9011 very clearly states that a "[a]n unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." The Court must strike the letters unless the Anonymous Letters are signed.

10. The Committee does not seek to silence survivor voices. To the contrary, the Committee has and continues to champion survivors' voices. Committee counsel has implored the anonymous writer to contact counsel on the record of prior hearings to discuss the letters. The number of filed letters has risen to a level that the Committee is compelled to ask the Court to strike the letters as a violation of Rule 9011. Hundreds of other survivors have followed the rules and have spoken through counsel or by signing their correspondence to the Court. In

addition, it is undersigned counsel's recollection[1] that certain Anonymous Letters were discussed at the January 30, 2024 hearing to consider approval of the Disclosure Statement.

11. The Court should strike the letters. Allowing the letters to remain on the docket may leave the Court with the impression that other survivors may take the same positions as the author of the Anonymous Letters. Due to the grave nature of the discussions in the letters, the Committee proposes that the Court allow other survivors who have complied with the rules to appear at the April 16, 2024 hearing to present their position directly to the Court regarding their desire to vote on a plan.

## NO PRIOR REQUEST

12. No prior request for the relief sought in this Motion has been made to this or any other Court.

## NOTICE

13. Notice of this Motion shall be provided to all parties entitled to electronic notice pursuant to Bankruptcy Rule 2002. The Committee cannot serve the author of theAnonymous Letters directly because their identity is unknown. Due to the nature of the relief requested herein, the Committee respectfully submits that no further notice of this Motion is required.

---

[1] The transcript for the hearing is not available. *See* Dkt No. 2452.

4
DOCS_NY:48663.1 18489/002
Case 2-19-20905-PRW, Doc 2570, Filed 04/12/24, Entered 04/12/24 14:13:51,
Description: Main Document , Page 4 of 6

WHEREFORE, the Committee respectfully requests that this Court: (i) enter an order granting the relief sought herein; and (ii) grant such other and further relief to the Committee as the Court may deem proper.

Dated: April 12, 2024

Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Ilan D. Scharf*
James I. Stang (admitted *pro hac vice*)
Ilan D. Scharf
Iain A.W. Nasatir
Karen B. Dine
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
jstang@pszjlaw.com
ischarf@pszjlaw.com
inasatir@pszjlaw.com
kdine@pszjlaw.com

*Attorneys for the Official Committee of Unsecured Creditors*

**BURNS BAIR LLP**

Timothy W. Burns (admitted *pro hac vice*)
Jesse J. Bair (admitted *pro hac vice*)
10 E. Doty St., Suite 600
Madison, Wisconsin 53703
Telephone: (608) 286-2808
tburns@bbblawllp.com
jbair@bbblawllp.com

*Special Insurance Counsel for the Official Committee of Unsecured Creditors*

DOCS_NY:48663.1 18489/002