UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 Case |
|  | ) |  |
| THE DIOCESE OF ROCHESTER, | ) | Case No. 19-20905 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## JOINT NOTICE OF HEARING TO CONSIDER
## PROFESSIONAL FEE APPLICATIONS

**PLEASE TAKE NOTICE**, that each of (i) Bond, Schoeneck & King, PLLC, counsel for

The Diocese of Rochester, (the "Diocese"); (ii) Harris Beach, PLLC, special counsel for the

Diocese; (iii) Blank Rome, LLP, special insurance counsel for the Diocese; (iv) Bonadio & Co.,

LLP, accountants for the Diocese; (v) Pachulski Stang Ziehl & Jones LLP, counsel for the Official

Committee of Unsecured Creditors; (vi) Burns Bair LLP, special insurance counsel to the Official

Committee of Unsecured Creditors; and (vii) Stout Risius Ross, LLC (f/k/a The Claro Group,

LLC), valuation expert for the Official Committee of Unsecured Creditors, have filed applications

(each, an "Application") for interim allowance and payment of professional fees and expenses

incurred in the above-captioned case. The amounts of fees and expenses requested by the foregoing

professionals on an interim basis pursuant to the Applications are as follows:

| Applicant | Fees Requested | Expenses Requested | Total | Application Period |
|---|---|---|---|---|
| Bond, Schoeneck & King, PLLC *Counsel for Diocese* | $895,772.59 | $25,650.77 | $921,423.36 | 1/1/24 – 7/31/24 |
| Harris Beach, PLLC *Special Counsel for Diocese* | $45,456.50 | $13,580.17 | $59,036.67 | 1/1/24 – 7/31/24 |
| Blank Rome, LLP *Special Insurance Counsel for Diocese* | $46,276.99 | $3,817.43 | $50,094.42 | 1/1/24 – 7/31/24 |
| Bonadio & Co., LLP *Accountants for Diocese* | $53,500.00 | $0.00 | $53,500.00 | 2/1/24 – 6/30/24 |

| | | | | |
|---|---|---|---|---|
| Pachulski Stang Ziehl & Jones LLP<br>*Counsel for Creditors' Committee* | $1,238,050.00 | $51,523.68 | $1,289,573.68 | 1/1/24 – 7/31/24 |
| Burns Bair LLP<br>*Special Insurance Counsel for Creditors' Committee* | $401,847.00 | $17,372.92 | $419,219.92 | 1/1/24 – 7/31/24 |
| Stout Risius Ross, LLC (f/k/a The Claro Group, LLC)<br>*Valuation Expert for Creditors' Committee* | $338,269.50 | $1,560.55 | $339,830.05 | 1/1/24 – 7/31/24 |

**PLEASE TAKE FURTHER NOTICE**, that a hearing to consider the Applications will be held telephonically before the Honorable Paul R. Warren, United States Bankruptcy Judge for the Western District of New York on the **21st day of November, 2024 at 11:00 a.m.**, or as soon thereafter as counsel can be heard by (1) dialing (571) 353−2301; (2) when prompted for the number you wish to dial, dial 808325466#; and (3) when prompted for the security pin, enter 9999#.

**PLEASE TAKE FURTHER NOTICE**, that responses in opposition to the relief requested in the Applications, if any, must be filed with the United States Bankruptcy Court Clerk's Office in Rochester, New York and served upon (i) counsel for the Diocese, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202 (Attn:  Stephen A. Donato and Charles J. Sullivan); (ii) the Office of the United States Trustee, Federal Office Building, 100 State Street, Rochester, New York 14614 (Attn:  Kathleen D. Schmitt); (iii) counsel for the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones, LLP, 780 Third Avenue, 34th Floor, New York, New York 10017 (Attn:  Ilan D. Scharf) and (iv) the respective applicant(s) at the address(es) set forth on the attached schedule, **not less than 72 hours prior to the scheduled date and time of the hearing**.

2

Dated: October 24, 2024
Syracuse, New York

BOND, SCHOENECK & KING, PLLC

By:     /s/  Stephen A. Donato
Stephen A. Donato, Esq.
Charles J. Sullivan, Esq.
Grayson T. Walter, Esq.
Syracuse, New York 13202
Tel: (315) 218-8000
Fax: (315) 218-8100
Email:  sdonato@bsk.com
        csullivan@bsk.com
        gwalter@bsk.com

*Attorneys for The Diocese of Rochester*

# SCHEDULE OF APPLICANTS

**Bond, Schoeneck & King, PLLC**
Attn:  Stephen A. Donato
One Lincoln Center
Syracuse, NY 13202

**Blank Rome, LLP**
Attn:  James Murray
1825 Eye Street NW
Washington, DC 20006

**Pachulski Stang Ziehl & Jones LLP**
Attn:  Ilan D. Scharf
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003

780 Third Avenue, 34th Floor
New York, NY 10017

**Stout Risius Ross, LLC**
**(f/k/a The Claro Group)**
Attn:  Katie McNally
1 S. Wacker Drive, 27th Floor
Chicago, IL 60606

**Harris Beach, PLLC**
Attn:  Phillip Spellane
99 Garnsey Road
Pittsford, NY 14534

**Bonadio & Co, LLP**
Attn:  Nancy J. Snyder
171 Sully's Trail
Pittsford, NY 14534

**Burns Bair LLP**
Attn:  Timothy W. Burns
10 E. Doty Street, Suite 600
Madison, WI 53703-3392

18550402.v1

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 Case |
| THE DIOCESE OF ROCHESTER, | ) | |
| | ) | Case No. 19-20905 |
| Debtor. | ) | |

**TENTH APPLICATION FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
BOND, SCHOENECK & KING, PLLC, AS ATTORNEYS FOR THE DIOCESE**

TO:     THE HONORABLE PAUL R. WARREN
        UNITED STATES BANKRUPTCY JUDGE:

Bond, Schoeneck & King, PLLC ("Bond") hereby submits its tenth interim application (this "Application") for compensation for services rendered and reimbursement of expenses incurred on behalf of The Diocese of Rochester (the "Diocese") from January 1, 2024 through July 31, 2024 (the "Tenth Interim Compensation Period"), and respectfully states as follows:

1.      Bond is a professional limited liability company engaged in the practice of law with offices in every major city in New York, as well as offices in Boston, Massachusetts, Overland Park, Kansas and Naples, Florida.  The undersigned is a member of Bond and is an attorney duly licensed to practice in the Courts of the State of New York and the United States District Courts and Bankruptcy Courts for the Eastern, Southern, Northern and Western Districts of New York.

2.      Bond submits this Application for allowance of interim compensation in the amount of $895,772.59 and for reimbursement of actual and necessary costs and expenses in the amount of $25,650.77 incurred by Bond in the course of its representation of the Diocese in this Chapter 11 Case during the Tenth Interim Compensation Period.

## BACKGROUND

3.     On September 12, 2019 (the "Petition Date"), the Diocese filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code") with the United States Bankruptcy Court for the Western District of New York (the "Court"), commencing the Diocese's chapter 11 case (this "Chapter 11 Case"). The Diocese continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     On September 26, 2019, the Office of the United States Trustee (the "UST") filed notice of the appointment of an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").  No other official committees have been appointed or designated and, as of the date of this Application, no trustee or examiner has been appointed in this Chapter 11 Case.

5.     Information regarding the Diocese's history, business operations, operational structure, facts supporting this Motion and the events leading up to the chapter 11 case can be found in the *Affidavit of Daniel J. Condon in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 7] and the *Affidavit of Lisa M. Passero in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 6], each of which was filed on the Petition Date and is incorporated herein by reference.

6.     On November 20, 2019, this Court entered an Order [Docket No. 249] appointing Bond as attorneys for the Diocese, effective *nunc pro tunc* to the Petition Date.  As disclosed in Bond's retention application [Docket No. 83], Bond received a pre-petition retainer (the "Retainer") in the amount of $195,478.40 to be applied against fees earned and expenses incurred in representing the Diocese in this Chapter 11 Case.

2

7.     On December 5, 2019, this Court entered its *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Members of Official Committees* [Docket No. 318] (the "Interim Compensation Order").

8.     On May 12, 2020, the Court entered its *Supplement and Modification to Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Members of Official Committees* [Docket No. 545] (the "Supplemental Compensation Order").

9.     On May 13, 2020, the Court entered an order approving Bond's first interim fee application and granted Bond an award of fees in the amount of $726,230.60 and expenses in the amount of $14,044.79, for a total award of $740,275.39 [Docket No. 557] (the "First Fee Award"). The First Fee Award was satisfied from the Retainer and the Diocese's estate.

10.    On November 18, 2020, the Court entered an order approving Bond's second interim fee application and granted Bond an award of fees in the amount of $642,216.45 and expenses in the amount of $4,139.51, for a total award of $646,355.96 [Docket No. 835] (the "Second Fee Award"). The Second Fee Award was satisfied from the Diocese's estate.

11.    On May 11, 2021, the Court entered an order approving Bond's third interim fee application and granted Bond an award of fees in the amount of $285,246.00 and expenses in the amount of $6,186.52, for a total award of $291,432.52 [Docket No. 987] (the "Third Fee Award"). The Third Fee Award was satisfied from the Diocese's estate.

12.    On December 3, 2021, the Court entered an order approving Bond's fourth interim fee application and granted Bond an award of fees in the amount of $490,443.65 and expenses in the amount of $10,769.59, for a total award of $501,213.24 [Docket No. 1350] (the "Fourth Fee Award"). The Fourth Fee Award was satisfied from the Diocese's estate.

18385208.v3

Case 2-19-20905-PRW,   Doc 2796,   Filed 10/24/24,   Entered 10/24/24 09:23:45,
Description: Main Document , Page 7 of 26

13. On May 11, 2022, the Court entered an order approving Bond's fifth interim fee application and granted Bond an award of fees in the amount of $393,541.00 and expenses in the amount of $13,536.61, for a total award of $407,077.61 [Docket No. 1506] (the "Fifth Fee Award"). The Fifth Fee Award was satisfied from the Diocese's estate.

14. On November 21, 2022, the Court entered an order approving Bond's sixth interim fee application and granted Bond an award of fees in the amount of $762,127.45 and expenses in the amount of $12,059.75, for a total award of $774,187.20 [Docket No. 1823] (the "Sixth Fee Award"). The Sixth Fee Award was satisfied from the Diocese's estate.

15. On April 24, 2023, the Court entered an order approving Bond's seventh interim fee application and granted Bond an award of fees in the amount of $787,114.94 and expenses in the amount of $10,466.79, for a total award of $797,581.73 [Docket No. 2094] (the "Seventh Fee Award"). The Seventh Fee Award was satisfied from the Diocese's estate.

16. On November 6, 2023, the Court entered an order approving Bond's eighth interim fee application and granted Bond an award of fees in the amount of $428,000.99 and expenses in the amount of $11,359.05, for a total award of $439,360.04 [Docket No. 2310] (the "Eighth Fee Award"). The Eighth Fee Award was satisfied from the Diocese's estate.

17. On June 3, 2024, the Court entered an order approving Bond's ninth interim fee application and granted Bond an award of fees in the amount of $309,955.45 and expenses in the amount of $5,560.16, for a total award of $315,515.61 [Docket No. 2644] (the "Ninth Fee Award"). The Ninth Fee Award was satisfied from the Diocese's estate.

18. Pursuant to the Interim Compensation Order, Bond has submitted to the Diocese and the other Notice Parties (as defined in the Interim Compensation Order) monthly fee statements (each a "Monthly Fee Statement") as follows:

4

18385208.v3
Case 2-19-20905-PRW, Doc 2796, Filed 10/24/24, Entered 10/24/24 09:23:45, Description: Main Document , Page 8 of 26

| Compensation Period | Requested Fees | Requested Expenses |
|---|---|---|
| 1/1/24 – 1/31/24 | $110,564.10 | $1,959.20 |
| 2/1/24 – 2/29/24 | $95,320.00 | $2,682.50 |
| 3/1/124 – 3/31/24 | $161,841.00 | $1,179.00 |
| 4/1/24 – 4/30/24 | $130,361.49 | $1,638.88 |
| 5/1/24 – 5/31/24 | $97,520.05 | $2,829.93 |
| 6/1/24 – 6/30/24 | $96,891.00 | $5,403.35 |
| 7/1/24 – 7/31/24 | $203,274.95 | $9,957.91 |
| **Total:** | **$895,772.59** | **$25,650.77** |

19.     Upon the expiration of the applicable objection period, the Interim Compensation Order authorized the Diocese to pay Bond 80% of its undisputed fees and 100% of the undisputed expenses set forth in each Monthly Fee Statement.  No formal objections to any of Bond's Monthly Fee Statements have been filed in accordance with the Interim Compensation Order.

20.     Accordingly, as of the date of this Application, the Diocese has paid the following amounts pursuant to Monthly Fee Statements during the Tenth Interim Compensation Period:

| Compensation Period | Fees Paid at 80% | Expenses Paid at 100% |
|---|---|---|
| 1/1/24 – 1/31/24 | $88,451.28 | $1,959.20 |
| 2/1/24 – 2/29/24 | $76,256.00 | $2,682.50 |
| 3/1/124 – 3/31/24 | $129,472.80 | $1,179.00 |
| 4/1/24 – 4/30/24 | $104,289.19 | $1,638.88 |
| 5/1/24 – 5/31/24 | $78,016.04 | $2,829.93 |
| 6/1/24 – 6/30/24 | $0.00 | $0.00 |
| 7/1/24 – 7/31/24 | $0.00 | $0.00 |
| **Total:** | **$476,485.31** | **$10,289.51** |

21.     During the Tenth Interim Compensation Period, Bond provided counsel to the Diocese on a wide range of business, restructuring and other matters related to this Chapter 11 Case, including the matters set forth below.

5

## B110 Case Administration
### 43.30 Hours

22.     Bond communicated regularly both internally and with Diocesan employees, regarding the overall case status and potential modifications to its high-level strategy in order to achieve an efficient resolution to this Chapter 11 Case.  Because numerous other similarly situated diocesan bankruptcy proceedings are pending throughout the country, as necessary, Bond attorneys also monitored the progress of such cases, reviewed related pleadings, and apprised the Diocese in order to refine its strategy in this Chapter 11 Case.

23.     In order to track upcoming deadlines, and monitor progress of the Chapter 11 Case, Bond maintained, discussed, and updated a case charter that, among other things, identifies important dates and the specific individuals with primary responsibility for pending projects. Due to the complex nature of this Chapter 11 Case, this case charter is critical to the efficient coordination of efforts among the Diocese's attorneys and co-counsel, and it is a vital tool to ensure that all Bond professionals are appropriately addressing all needs of the Chapter 11 Case in a timely fashion.

24.     Bond attorneys and paraprofessionals performed a variety of other services necessary for the efficient and effective administration of this Chapter 11 Case, including advising the Diocese on its ongoing operations as a debtor in possession and ensuring compliance with applicable requirements of the Bankruptcy Code.  Bond assisted the Diocese in preparation, review, and filing of monthly operating reports.  In particular, during the Tenth Interim Compensation Period, Bond reviewed, revised, and filed operating reports for the months of November 2023 [Docket No. 2424], December 2023 [Docket No. 2459], January 2024 [Docket No. 2485], February 2024 [Docket No. 2517], March 2024 [Docket No. 2603], April 2024 [Docket No. 2641]; and May 2024 [Docket No. 2698].

18385208.v3

25.     Finally, pursuant to the Court's order approving the continued maintenance of the Diocese's cash management system, Bond professionals continued reviewing monthly statements from the Communis Fund. Bond professionals also provided such statements to the UST for its further review. As needed, Bond professionals corresponded and conferred with the UST on the monthly Communis Fund statements.

## B120 Asset Analysis and Recovery
### 36.30   Hours

26.     During the Tenth Interim Compensation Period, Bond attorneys continued to work with the Committee and the insurance companies who have settled with the Diocese and Committee to revise settlement agreements with the insurers that incorporated the feedback and revisions from these parties.

27.     Bond professionals also participated in conference calls with the mediator, the Committee, and Continental Insurance Company ("CNA"), and also and counseled the Diocese regarding mediation, certain proposals received by the Diocese, and other related issues.

## B140 Relief from Stay/Adequate Protection Proceedings
### 22.20   Hours

28.     During the Tenth Interim Compensation Period, Bond attorneys analyzed and tracked pending CVA lawsuits against parishes for use in the adversary proceeding seeking an injunction staying such lawsuits.

29.     In addition, Bond reviewed post-petition actions, proceedings, discovery requests, and other conduct, and performed research to determine whether such acts were violations of the automatic stay. Where necessary, Bond took appropriate measures to enforce the automatic stay or otherwise protect the Diocese's rights.

18385208.v3
Case 2-19-20905-PRW,   Doc 2796,   Filed 10/24/24,   Entered 10/24/24 09:23:45,
Description: Main Document  , Page 11 of 26

**B160 Fee/Employment Applications & B170 Fee/Employment Objections**
**110.40 Hours**

30. During the Tenth Interim Compensation Period, Bond attorneys and paraprofessionals assembled, filed, and served the following Monthly Fee Statements in accordance with the terms of the Interim Compensation Order previously approved by the Court: (a) December 2023, filed February 22, 2024 [Docket No. 2466]; (b) January 2024, filed March 19, 2024 [Docket No. 2504]; (c) February 2024, filed April 9, 2024 [Docket No. 2549]; (d) March 2024, filed June 17, 2024 [Docket No. 2669]; (e) April 2024, filed June 17, 2024 [Docket No. 2670]; and (f) May 2024, filed June 17, 2024 [Docket No. 2671].

31. Bond professionals drafted Bond's Ninth Interim Fee Application covering the period from August 1, 2023 through December 31, 2023, which was filed on April 1, 2024 [Docket No. 2519], with service being coordinated by Bond through Stretto [Docket No. 2541].

32. In addition to preparing and filing its own fee application and monthly fee statements, Bond assisted the Diocese's other professionals with the preparation and submission of their respective fee related filings, including the preparation and filing of certificates of no objection, as well as orders in accordance with the Court's directives.

33. Bond attorneys also reviewed various fee statements filed by the Committee and other professionals to ensure that there was nothing objectionable regarding the work being performed in furtherance of the administration Chapter 11 Case.

34. Finally, Bond prepared and filed a supplemental declaration in support of its Retention Application to inform the Court concerning the recent agreement between the Diocese and Bond with respect to the agreed rates and agreed discounts to such rates.

18385208.v3
Case 2-19-20905-PRW, Doc 2796, Filed 10/24/24, Entered 10/24/24 09:23:45,
Description: Main Document , Page 12 of 26

## B190 Other Contested Matters
## 124.20 Hours

35.     This category includes time spent by Bond professionals in connection with all other contested matters in this Chapter 11 Case.  During the Tenth Interim Compensation Period, Bond professionals provided services to the Diocese in connection with the following:

    a.    general motion practice, including preparing for and attending hearings before the Court;

    b.    reviewing and responding to discovery requests by CNA, and reviewing documents that may be responsive to same;

    c.    preparing the Rule 26 Disclosures related to the CNA Adversary Proceeding;

    d.    drafting of written discovery demands to CNA;

    e.    participating in meet and confers with counsel for CNA;

    f.    tracking compliance with Bankruptcy Rule 2019; and

    g.    monitoring the 2004 examination motion filed by the Committee against an insurer as a result of the disclosure of confidential information.

## B195 Non-Working Travel Time
## 13.40 Hours

36.     This Chapter 11 Case has, on occasion, required Bond professionals to travel to attend Court hearings, mediation sessions, and meetings with the Diocese's management personnel.  Travel time for Bond attorneys is billed at one-half normal hourly rates.[1]

## B210 Business Operations
## 2.40 Hours

37.     During the Tenth Interim Compensation Period, Bond attorneys participated in meetings with Diocesan leadership and other professionals to coordinate with respect to current

---

[1] For billing purposes, this rate reduction has been implemented by reducing the applicable time entry by one-half. For instance, if a Bond professional, whose hourly rate is $360/hour, spends 2.0 hours traveling, that time entry will show on Bond's invoices as 1.0 hour of travel time, billed at $360/hour.

business issues facing the Diocese.  Bond also provided counsel to assist the Diocese in continuing its business operations and the fulfillment of its charitable mission.

### B310 / 403 Claims Administration and Objections / CNA Administrative Claim
### 845.00 Hours

38.     The majority of the work performed in this category was related to the purported administrative claim asserted by CNA, through a motion in this Chapter 11 Case, and a concurrently filed Adversary Proceeding.  CNA sought an unliquidated amount of damages resulting from an alleged breach of contract related to the as of yet undecided Rule 9019 Motion.

39.     Bond prepared for an attended a hearing on its motion to dismiss the CNA adversary proceeding.  After the Court issued an order denying this motion to dismiss, Bond attorneys devised a litigation strategy to move forward in defense of the claims being pursued by CNA.

40.     Bond attorneys engaged in discovery specific to the claims asserted by CNA against the Diocese, including written discovery, numerous depositions, a pre-trial conference, and significant trial strategy and preparation.  Bond drafted a pre-trial brief setting out all of the issues to be discussed during the trial. In collaboration with the Committee and CNA, Bond prepared *The Parties Joint Pretrial Statement* [Adv. Proc. 23-02014, Docket No. 51].

41.     After completing all pre-trial discovery and other pre-trial actions, Bond appeared for and litigated on behalf of the Diocese during a two-day trial on the merits of CNA's breach of contract claim.  While the decision was not rendered during the Tenth Interim Compensation Period, the CNA breach of contract adversary proceeding was dismissed in October of 2024.

### B320 Plan and Disclosure Statement
### 1,045.10 Hours

42.     During the Tenth Interim Compensation Period, Bond continued its collaboration with the Committee toward confirmation of the joint plan of reorganization and supporting

18385208.v3

documents thereto, and numerous revisions to the various plan documents including, but not limited to (collectively, the "Joint Plan Documents"):

a. *Second Amended Joint Chapter 11 Plan of Reorganization for the Diocese of Rochester Dated January 12, 2024* [Docket No. 2426] and the disclosure statement in support of the Second Amended Plan [Docket No. 2428];

b. *Notice of Filing of Plan Supplement to Second Amended Joint Chapter 11 Plan of Reorganization for the Diocese of Rochester Dated January 12, 2024* [Docket No.2427];

c. *Notice of Filing of Certain Ballots and Summary of Second Amended Joint Plan of Reorganization for the Diocese of Rochester Dated January 12, 2024* [Docket No. 2429];

d. *Notice of Filing of Redlines* [Docket No.2430];

e. *Third Amended Joint Chapter 11 Plan of Reorganization for the Diocese of Rochester Dated March 15, 2024* [Docket No. 2493] and the disclosure statement in support of the Third Amended Plan [Docket No. 2494];

f. *Notice of Filing of Plan Supplement to Third Amended Joint Chapter 11 Plan of Reorganization for the Diocese of Rochester Dated March 15,2024* [Docket No. 2495];

g. *Notice of Filing of the (i) Summary of Third Amended Joint Chapter 11 Plan of Reorganization for the Diocese of Rochester (ii) National Publication Notice and (iii) Class 4 Ballot* [Docket No. 2496];

h. *Notice of Filing Confirmation Hearing Notice, Certain Ballots and Notices of Publication* [Docket No. 21515];

i. *Notice of Filing of Amended Exhibit to Plan Supplement to Third Amended Joint Chapter 11 Plan of Reorganization for the Diocese of Rochester Dated March 15, 2024* [Docket No. 2544];

j. *Notice of Filing of Further Amended Exhibit to Plan Supplement to Third Amended Joint Chapter 11 Plan of Reorganization for the Diocese of Rochester Dated March 15, 2024* [Docket No. 2548];

k. *Fourth Amended Joint Chapter 11 Plan of Reorganization for the Diocese of Rochester Dated April 15, 2024* [Docket No. 2576] and the disclosure statement in support of the Fourth Amended Plan [Docket No. 2577];

l. *Notice of Filing of Redlines* [Docket No. 2578];

m. *Fifth Amended Joint Chapter 11 Plan of Reorganization for the Diocese of Rochester Dated April 15, 2024* [Docket No. 2593] and the disclosure statement in support of the Fourth Amended Plan [Docket No. 2594];

n. *Notice of Filing of Redlines* [Docket No. 2595];

o. *Notice of Filing of Summary of Fifth Amended Joint Chapter 11 Plan of Reorganization for the Diocese of Rochester* [Docket No. 2596].

The various plan supplements filed by Bond provided all parties-in-interest with updated exhibits to the plans of reorganization and disclosure statements. Various parties filed opposition to the Diocese plans and supporting documents, including, but not limited to the UST, and CNA. Bond attorneys reviewed these opposition pleadings and prepared replies to all of the pleadings filed in opposition to the relief sought by the Diocese as necessary.

43. Bond also performed significant work reviewing and responding to several iterations of the competing plan of reorganization and supporting documents thereto filed by CNA, including (but not limited to) the following documents (collectively, the "CNA Competing Plan Documents"):

p. *Summary of Continental Insurance Company's Second Amended Chapter 11 Plan of Reorganization for the Diocese of Rochester* [Docket No. 2431];

q. *Amended Disclosure Statement in Support of Continental Insurance Company's Second Amended chapter 11 Plan of Reorganization for the Diocese of Rochester Dated March 15, 2024* [Docket No. 2497];

r. *Continental Insurance Company's Notice of Filing its Amended Disclosure Statement* [Docket No. 2498];

s. *Continental Insurance Company's Response to Objections and reservations of Rights Filed With Respect to the Disclosure Statement for CNA's Second Amended Plan* [Docket No. 2551];

t. *Continental Insurance Company's Third Amended Chapter 11 Plan of Reorganization for the Diocese of Rochester* [Docket No. 2552];

12

u. *Notice of Filing of Continental's Plan Supplement to Third Amended Chapter 11 Plan of Reorganization for the Diocese of Rochester* [Docket No. 2554]; and

v. *Continental Insurance Company's Fourth Amended Chapter 11 Plan of Reorganization for the Diocese of Rochester* [Docket No. 2590];

w. *Disclosure Statement in Support of Continental Insurance Company's Fourth Amended Chapter 11 Plan of Reorganization for the Diocese of Rochester Dated April 15, 2024* [Docket No. 2591];

x. *Summary of Continental Insurance Company's Fourth Amended Chapter 11 Plan of Reorganization for the Diocese of Rochester* [Docket No. 2592];

y. *Notice of Filing of Redlines* [Docket No. 2597].

44. Bond attorneys spent significant time negotiating with CNA regarding the CNA Plan Documents, including, but not limited to raising informal objections, coordinating agreed scheduling orders, and negotiating for the solicitation of the CNA Plan Documents at the same time as the Joint Plan Documents.

45. Bond continued its negotiations with counsel for the Sisters of Saint Joseph ("SSJ"), an unrelated non-Diocesan Catholic organization co-defendant in certain state court actions that lodged certain formal and informal objections to the Joint Plan Documents. When it became clear that the parties could not resolve these formal and informal objections, the Diocese filed responsive pleadings seeking to have such objections overruled.

46. After Bond obtained approval of the disclosure statement pursuant to Court order, Bond worked with Stretto to solicit both the joint plan and the CNA plan. After the voting deadline passed, Bond analyzed the votes, including review of individual ballots to ensure compliance with Court orders regarding signatures, and prepared reports detailing the votes received on each of the competing plans.

13

47. On June 27, 2024, the Supreme Court issued its decision in *Harrington v. Purdue Pharma L.P.*, 144 S. Ct. 2071 (2024) (the "*Purdue* Decision"), holding that bankruptcy courts may not release third-party claims against non-debtors pursuant to a plan of reorganization absent consent of such third-parties. Bond spent significant time reviewing the *Purdue* Decision, and determining its impact upon the Joint Plan supported by the Diocese and the Committee. While the *Purdue* Decision will impact the strategy and plan mechanisms required to implement the original goals of this Chapter 11 Case, Bond attorneys began to outline a strategy to move forward with confirmation of the Joint Plan with as little delay and disruption as possible.

## **DISCUSSION**

48. All of the services for which compensation is requested by Bond were performed for, or on behalf of, the Diocese, and not on behalf of any creditor, examiner, trustee, or any other entity. In addition, Bond has not entered into any agreements to fix fees or to share compensation as prohibited by 18 U.S.C. § 155 and 11 U.S.C. § 504.

49. During the Tenth Interim Compensation Period, Bond billed to the Diocese a total of 2244.20 hours rendering professional and paraprofessional services to the Diocese. The blended hourly rate for all attorney services reflected in this Application was $399.15.

50. The following is a list of the professionals and paraprofessionals who performed services on behalf of the Diocese in this Chapter 11 Case during the Tenth Interim Compensation Period which shows each individual's discounted rates applicable for this Application, and the hours expended in the provision of services to the Diocese and the fees sought in connection therewith as part of this Application:

| Name | Discounted Rate | Hours | Total |
|------|-----------------|-------|-------|
| T. Simcoe (Member) | $499.50 | 5.90 | $2,947.05 |
| S. Donato (Member) | $526.50 | 373.60 | $196,700.40 |

14

| | | | |
|---|---|---|---|
| G. McDonald (Member) | $490.50 | 287.40 | $140,969.70 |
| C. Sullivan (Member) | $504.00 | 149.70 | $75,448.80 |
| J. Krell (Senior Counsel) | $396.00 | 90.10 | $35,679.60 |
| B. Sheehan (Member) | $378.00 | 126.60 | $47,854.80 |
| S. Temes (Member) | $441.00 | 11.00 | $4,851.00 |
| G. Walter (Member) | $445.50 | 608.00 | $270,864.00 |
| J. Eaton (Senior Counsel) | $346.50 | 160.10 | $55,474.65 |
| A. Rivera (Associate) | $283.50 | 206.20 | $58,457.70 |
| N. Macris (Associate) | $274.50 | 8.00 | $2,196.00 |
| T. Clifford (Associate) | $225.00 | 5.30 | $1,192.50 |
| K. Deuble (Associate) | $225.00 | 13.30 | $2,992.50 |
| C. Carr (Associate) | $220.50 | .50 | $110.25 |
| R. Clement (Associate) | $220.50 | 16.20 | $3,572.10 |
| A. Christian (Associate) | $202.50 | 15.70 | $3,179.25 |
| C. Ingerson (Associate) | $198.00 | 4.10 | $811.80 |
| R. Marquette (Associate) | $198.00 | 1.40 | $277.20 |
| E. Ahlqvist (Associate) | $180.00 | 3.40 | $612.00 |
| J. Somes (Associate) | $180.00 | 24.00 | $4,320.00 |
| E. VanMarter (Other) | $252.00 | .30 | $75.60 |
| A. Labarge (Other) | $243.00 | 1.50 | $364.50 |
| J. McIlroy (Other) | $243.00 | 7.60 | $1,846.80 |
| K. Riordan (Other) | $243.00 | 2.50 | $607.50 |
| K. Doner[2] (Paralegal) | $180.00/$200.00 | 120.00 | $21,840.00 |
| H. Adams (Paralegal) | $140.00 | 1.70 | $238.00 |
| C. Raskopf (Paralegal) | $140.00 | .10 | $14.00 |
| **Sub-Total:** | | **2244.20** | **$933,497.70** |
| **Courtesy Discount:** | | | **-$37,725.11** |
| **Grand Total:** | | | **$895,772.59** |

The professionals primarily responsible for representing the Diocese in connection with this Chapter 11 Case are Stephen Donato, Charles Sullivan and Grayson Walter. Each of Messrs. Donato, Sullivan and Walter represent clients in all aspects of commercial and bankruptcy matters and they have practiced before United States Bankruptcy Courts in multiple jurisdictions for approximately forty-two (42), thirty-three (33), and twenty-two (22) years, respectively.

---

[2] With respect to Bond's January 2024, March 2024, April 2024, May 2024 and June 2024 monthly fee statements, Bond inadvertently billed for services performed by Kristin Doner at her old rate of $180.00. This resulted in an additional reduction of fees in the amount of $1,902.00. Pursuant to the Supplemental Declaration of Stephen A. Donato in Further Support of the Employment of Bond, Schoeneck & King, PLLC as Counsel to the Diocese of Rochester [Docket No.2503], Mrs. Doner's agreed rate was increased to $200.00 effective January 1, 2024. Bond has agreed to not seek reimbursement of the $1,902.00 in connection with this Application.

51.     Prior to filing this Application, Bond has provided to the Diocese each of the Monthly Fee Statements which form the basis of this Application.  A copy of this Application has also been provided to the Diocese.

52.     In addition, Bond has extended to the Diocese a courtesy discount of $37,725.11 on the fees incurred during the Tenth Interim Compensation Period.  Moreover, in cases composed of several separate ongoing matters such as this Chapter 11 Case, it is impossible to record the detail of each letter, telephone call, conference time or research.  Many such hours have been performed to date, but Bond is not requesting compensation for such services.

53.     Bond, in the ordinary course of its business, maintains computerized time records. Attached to this Application as ***Exhibits A***, ***B***, ***C***, ***D***, ***E***, ***F*** and ***G*** are the detailed time records of the services performed on behalf of the Diocese, separated by task codes, respectively for the periods from (a) January 1, 2024 through January 31, 2024; (b) February 1, 2024 through February 29, 2024; (c) March 1, 2024 through March 31, 2024; (d) April 1, 2024 through April 30, 2024; (e) May 1, 2024 through May 31, 2024; (f) June 1, 2024 through June 30, 2024; and (g) July 1, 2024 through July 31, 2024, as submitted with Bond's Monthly Fee Statements for the same time periods.

54.     No formal objections to any of Bond's Monthly Fee Statements have been filed in accordance with the Interim Compensation Order.  In connection with each of its Monthly Fee Statements, Bond provided to the UST billing data in an electronic (.txt) file format capable of being read and processed by computers running specialized billing analysis software and algorithms to assist the UST in its review of Bond's billing practices in accordance with the Supplemental Compensation Order.  Bond provided this information as requested.  There were

16

no objections filed in connection with Bond's January, February, March, April, May, June or July Monthly Fee Statements.

55.     Bond respectfully submits that its fees are reasonable based on the customary compensation charged by comparably skilled practitioners at Bond and other firms in comparable bankruptcy and non-bankruptcy cases.

56.     There is no agreement or understanding among the Diocese, Bond or any other person or firm for sharing of compensation to be received for services rendered in this Chapter 11 Case.

57.     The services that Bond has rendered on behalf of the Diocese have been necessary and beneficial to the Diocese's estate.

58.     Twelve factors are typically considered by Courts in assessing requests for compensation by professionals in bankruptcy cases:

> (1) the time and labor required;
>
> (2) the novelty and difficulty of issues;
>
> (3) the skill necessary to perform the services properly;
>
> (4) the preclusion of other employment;
>
> (5) the customary fee;
>
> (6) whether the fee is fixed or contingent;
>
> (7) time limitations imposed by the client or circumstances;
>
> (8) the amounts involved and the results obtained;
>
> (9) the experience, reputation and ability of the professional;
>
> (10) the undesirability of the case;
>
> (11) the nature and length of the professional relationship to the client; and

(12) awards in similar cases.

*See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Moreover, In awarding attorneys' fees, courts also consider whether the services rendered were reasonably likely to benefit the debtor's estate at the time they were performed. *See*, *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996), *rev'd on other grounds*, *Lamie v. U.S. Trustee*, 540 U.S. 526 (2004). Thus, as one court explained, the Court should focus on what a reasonable lawyer would have done at the time and not invoke a hindsight analysis:

> [I]t is important for a court to maintain "a sense of overall proportion," and not "become enmeshed in meticulous analysis of every detailed facet of the professional representation." It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the debtor] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston & Maine Corp. v. Moore* (*In re Boston & Maine Corp.*), 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

59. Bond respectfully submits that the services Bond has rendered on behalf of the Diocese in this Chapter 11 Case have been necessary and beneficial to the Diocese and its estate, and that the $895,772.59 in fees and $25,650.77 in expenses requested pursuant to this Application are fair and reasonable and should be approved.

60. The Interim Compensation Order (as amended and supplemented), authorizes Bond to be paid 80% of its undisputed fees, and 100% of its undisputed expenses, on a monthly basis. Bond has to date received a total of $476,485.31 in fees and $10,289.51 in expenses incurred during the Tenth Interim Compensation Period. As discussed above, Bond received a prepetition Retainer in the amount of $195,478.40, which has, in accordance with the Court's Interim Compensation Order, been applied against Bond's First Fee Award.

61.     Bond respectfully requests that the Court enter an Order approving payment to Bond of fees in the amount of $895,772.59 and directing the Diocese to pay to Bond the unpaid portion of such fees and expenses which have not previously been paid pursuant to the Interim Compensation Order.

62.     Pursuant to the terms of the Final Order (i) Authorizing the Continued Maintenance of the Debtor's Protected Self-Insurance Program; and (ii) Authorizing the Payment of Certain Prepetition Obligations in Respect Thereof and Other Legacy Claims [Docket No. 199] (the "PSIP Order") entered by the Court on November 8, 2019, the Diocese is authorized to pay professionals for work completed in connection with the Protected Self-Insurance Program ("PSIP") and these payments are made directly from the PSIP on behalf of the Diocese.  For purposes of disclosure to the Court and other parties in interest, Bond has incurred fees and expenses on behalf of the Diocese in the amount of $28,671.63 in connection with the PSIP.  Bond's fees and expenses related to the PSIP will be paid in accordance with the PSIP Order.  Therefore, Bond will seek payment of these fees and expenses from the Diocese following entry of an order approving the instant Application.

## **DISBURSEMENTS**

63.     Bond has incurred reasonable and necessary out-of-pocket disbursements in connection with its representation of the Diocese during the Tenth Interim Compensation Period. Bond has expended a total of $25,650.77 in actual disbursements on behalf of the Diocese during that period, as set forth in ***Exhibit H*** attached hereto.  The requested disbursements are customarily charged to and paid by Bond's bankruptcy and non-bankruptcy clients.

19

### A.    <u>Photocopy Expenses</u>

64.     During the Tenth Interim Compensation Period, Bond incurred $534.30 in disbursements for photocopies on behalf of the Diocese. The Diocese was charged $0.15 per photocopy for all photocopies made by Bond. Photocopies made outside of Bond's office were charged to the Diocese at the same rate charged to Bond. Bond hereby certifies that this entire amount of $534.30 was incurred on behalf of the Diocese in connection with furnishing copies of documents at the request of parties in interest or as required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Western District of New York or to comply with orders of the Bankruptcy Court.

65.     Accordingly, Bond respectfully requests reimbursement for photocopying expenses incurred during the Tenth Interim Compensation Period in the amount of $534.30.

### B.    <u>Travel</u>

66.     Bond also incurred out-of-pocket expenses for travel in the Diocese's case during the Tenth Interim Compensation Period in the sum of $4,536.58. The travel expenses include, mileage and tolls relating to travel to meet with the Diocese. Bond's travel expenses are separately itemized on ***Exhibit I*** annexed hereto and made a part hereof.

67.     Accordingly, Bond respectfully requests reimbursement for its travel expenses in the total amount of $4,536.58.

### B.    <u>Additional Expenses</u>

68.     Bond incurred additional expenses during the Tenth Interim Compensation Period for data hosting and storage ($7,800.00), ESI processing ($1,550.00), courier services ($21.27), court costs ($12.50), business meals ($685.66), stenographic/deposition transcripts ($10,489.20)

and messenger service ($21.26). These expenses in the total amount of $20,579.89 were incurred in connection with providing necessary services for the benefit of the Diocese.

69. Accordingly, Bond respectfully requests reimbursement of these additional expenses in the total amount of $20,579.89.

70. Based upon the foregoing, Bond respectfully requests entry of an order allowing reimbursement of Bond's disbursements in the total sum of $25,650.77 and directing the Diocese to pay to Bond the unpaid portion of such expenses which have not previously been paid pursuant to the Interim Compensation Order.

## NOTICE

71. Pursuant to the Interim Compensation Order, this Application will be served only upon the Notice Parties (as defined in the Interim Compensation Order). Notice of the hearing on this Application will be given to (i) the Office of the UST for the Western District of New York, (ii) counsel for the Committee (iii) all required governmental agencies, (iv) all parties who have formally appeared in this Chapter 11 Case and requested notice in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure, and (v) all of the Diocese's known creditors. In light of the nature of the relief requested herein, the Diocese respectfully submits that further notice of this Application is neither required nor necessary.

## CONCLUSION

72. Based upon the foregoing, Bond respectfully requests that the Court approve interim compensation of Bond in the amount of $895,772.59 for services rendered to the Diocese during the Tenth Interim Compensation Period, plus reimbursement of expenses in the amount of $25,650.77, for a total award of $921,423.36.

18385208.v3
Case 2-19-20905-PRW, Doc 2796, Filed 10/24/24, Entered 10/24/24 09:23:45, Description: Main Document , Page 25 of 26

**WHEREFORE,** Bond, Schoeneck & King, PLLC respectfully prays for the entry of an Order:

(a)    approving, awarding and allowing on an interim basis fees to Bond for services rendered to the Diocese during the Tenth Interim Compensation Period in the sum of $895,772.59, together with actual and necessary disbursements in the amount of $25,650.77;

(b)    directing that Bond be paid, from the Diocese's estate, all such fees and expenses which have not previously been paid pursuant to the Interim Compensation Order; and

(c)    granting such other and further relief as this Court deems just and proper.

Dated: October 24, 2024
Syracuse, New York

BOND, SCHOENECK & KING, PLLC

By:        /s/ Stephen A. Donato
Stephen A. Donato, Esq.
Charles J. Sullivan, Esq.
Grayson T. Walter, Esq.
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8000
Facsimile: (315) 218-8100
Email: sdonato@bsk.com
       csullivan@bsk.com
       gwalter@bsk.com

*Attorneys for The Diocese of Rochester*