UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re                                          Chapter 11

THE DIOCESE OF ROCHESTER,                      Case No. 19-20905 (PRW)

                      Debtor
-----------------------------------------------------------x

## UNITED STATES TRUSTEE'S OBJECTION TO INTERIM FEE APPLICATIONS

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), files this objection (the "Objection") to the interim fee applications ("the "Interim Fee Applications") identified in the Joint Notice of Hearing to Consider Professional Fee Applications [ECF No. 2796].[1] In support of the Objection, the United States Trustee respectfully states as follows:

### PRELIMINARY STATEMENT

This case has been pending for over five years without a confirmable plan on file with the Court. Professionals have received <u>one hundred percent</u> of their fees and expenses totaling in excess of $13 million and they are now seeking an additional $3.1 million in connection with the Interim Fee Applications. The United States Trustee is requesting that this Court holdback twenty percent of incurred fees with respect to the Interim Fee Application, as well as all future applications filed by professionals. These holdbacks will serve as an incentive for the Debtor and others to move this case towards confirmation and can be reconsidered in connection with future applications as

---

[1] The Interim Fee Applications that are the subject of this Objection are filed at ECF Nos. 2796 through 2802.

1

warranted. Additionally, the United States Trustee requests that this Court adjust the monthly compensation paid to professionals under the Interim Compensation Order.

## BACKGROUND

*General Background*

1. On September 12, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Western District of New York. ECF No. 1.

2. On September 26, 2019, pursuant to Section 1102 of the Bankruptcy Code, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee") in this case. ECF No. 68.

3. The Debtor currently is operating its business and managing its affairs pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. On December 5, 2019, the Court entered the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Members of Official Committees (the "Interim Compensation Order"). ECF No. 318. The Interim Compensation Order provides, in relevant part, that:

> ***The United States Trustee may object to requests for monthly payment made under this Order on the grounds, among other things, that the Debtor is more than 30 days delinquent filing its Monthly Operating Reports or in paying any fees due pursuant to 28 U.S.C. § 1930*** by seeking further order of this Court following a hearing on notice to all Professionals who have previously filed Monthly Fee Statements. Pending the entry of a subsequent order of this Court suspending payments hereunder, this Order shall continue and shall remain in effect during the pendency of this Chapter 11 Case.

*See* Interim Compensation Order at ¶ 3(g) (emphasis added).

5. On May 12, 2020, the Court entered the Supplement and Modification to

Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Members of Official Committee. ECF No. 545.

*Disclosure Statements and Plans of Reorganization*

6. On March 24, 2023, the Debtor filed a Disclosure Statement in Support of Joint Chapter 11 Plan of Reorganization, along with a Chapter 11 Plan of Reorganization. ECF Nos. 2046 and 2047.

7. On August 31, 2023, Continental Insurance Company ("CNA") filed a competing Chapter 11 Plan of Reorganization for The Diocese of Rochester. ECF No. 2214.

8. On September 13, 2023, the Debtor filed a First Amended Joint Chapter 11 Plan of Reorganization (the "First Amended Joint Plan"), along with the Disclosure Statement in support of the First Amended Joint Plan. ECF Nos. 2217 and 2218.

9. On October 2, 2023, CNA filed a First Amended Chapter 11 Plan of Reorganization for The Diocese of Rochester (the "First Amended CNA Plan"), along with the Disclosure Statement in support of the First Amended CNA Plan. ECF Nos. 2246 and 2247.

10. On December 5, 2023, the United States Trustee filed the Omnibus Objection (the "Omnibus Objection") to the Competing Motions of the Debtor and CNA for Entry of Orders (I) Approving Disclosure Statements; (II) Approving Solicitation Packages and Distribution Procedures; (III) Approving the Forms of Ballots and Establishing Procedures for Voting on Competing Plans (IV) Approving the Form, Manner, and Scope of Confirmation Notices; (V) Establishing Certain Deadlines in

Connection With Approval of the Disclosure Statements and Confirmation of the Competing Plans; and (VI) Granting Related Relief. ECF No. 2345.

11. On December 12, 2023, CNA filed its Second Amended Chapter 11 Plan of Reorganization for The Diocese of Rochester, along with its Disclosure Statement in Support of CNA's Chapter 11 Plan of Reorganization for The Diocese of Rochester. ECF Nos. 2372 and 2373.

12. On December 18, 2023, the Debtor filed its First Amended Chapter 11 Disclosure Statement in Support of First Amended Joint Chapter 11 Plan of Reorganization for The Diocese of Rochester. ECF No. 2392.

13. On January 12, 2024, the Debtor filed its Second Amended Joint Chapter 11 Plan of Reorganization for The Diocese of Rochester, along with the Disclosure Statement in Support of Second Amended Joint Chapter 11 Plan of Reorganization for The Diocese of Rochester. ECF Nos. 2426 and 2428.

14. On February 16, 2024, the Court issued its Decision and Order Declining to Approve Competing Disclosure Statements filed by Continental Insurance Company and Jointly by the Debtor and Creditors' Committee. ECF No. 2460.

15. On March 15, 2024, the Debtor filed its Third Amended Joint Chapter 11 Plan of Reorganization for the Diocese of Rochester, along with the Disclosure Statement in Support of Third Amended Joint Chapter 11 Plan of Reorganization for The Diocese of Rochester. ECF Nos. 2493 and 2494.

16. Also on March 15, 2024, CNA filed its Amended Disclosure Statement in Support of its Second Amended Chapter 11 Plan of Reorganization for The Diocese of Rochester. ECF No. 2497.

17. On April 1, 2024, the United States Trustee filed his Supplemental Omnibus Objection of the United States Trustee to: (I) The Disclosure Statement in Support Of Third Amended Joint Plan of Reorganization For Diocese Of Rochester and Third Amended Joint Plan Of Reorganization for the Diocese of Rochester; (II) Amended Disclosure Statement in Support of Continental Insurance Company's Second Amended Chapter 11 Plan of Reorganization for the Diocese of Rochester; (III) Plan Supplement to Third Amended Joint Chapter 11 Plan of Reorganization for the Diocese of Rochester Dated March 15, 2024; and (IV) Summary of the Third Amended Joint Plan of Reorganization for the Diocese Of Rochester, National Publication Notice and Class 4 Ballot. ECF No. 2518.

18. On April 9, 2024, CNA filed its Third Amended Chapter 11 Plan for Reorganization for The Diocese of Rochester. ECF No. 2552.

19. On April 15, 2024, the Debtor filed its Fourth Amended Joint Chapter 11 Plan of Reorganization for The Diocese of Rochester, the Disclosure Statement in Support of Fourth Amended Joint Chapter 11 Plan of Reorganization for The Diocese of Rochester. ECF Nos. 2576 and 257.

20. On April 24, 2024, the Debtor filed its Fifth Amended Joint Chapter 11 Plan of Reorganization for The Diocese of Rochester, the Disclosure Statement in Support of Fifth Amended Joint Chapter 11 Plan of Reorganization for The Diocese of Rochester. ECF Nos. 2593 and 2594.

21. Also on April 24, 2024, CNA filed its Fourth Amended Chapter 11 Plan, along with its Fourth Amended Chapter 11 Disclosure Statement. ECF Nos. 2590 and 2591.

22. On April 29, 2024, the Court entered an Order (I) Approving Disclosure Statements, (II) Approving Solicitation packages and Distribution Procedures, (III) Approving Ballots and Establishing Procedures for Voting on Competing Plans, (IV) Approving the Form, Manner and Scope of Notice for the Confirmation Hearing, and (V) Granting Relief (the "<u>Disclosure Statement Order</u>"). ECF No. 2602. The Disclosure Statement Order set the confirmation hearing for September 3, 2024.

23. On June 27, 2024, the Supreme Court reversed the Second Circuit, holding that the "Bankruptcy Code does not authorize a bankruptcy court to approve, as part of a plan of reorganization under Chapter 11, a release and injunction that extinguishes claims against non-debtor third parties without the consent of affected claimants." *Harrington v. Purdue Pharma L.P.*, 603 U.S. ___, 144, S. Ct. 2071 (2024).

24. On July 19, 2024, the Court held a status conference to discuss the impact of *Purdue Pharma* on the Court's authority to confirm the plans filed in this case.

25. On August 20, 2024, the Court entered a Stipulation and Agreed Order Concerning Confirmation Hearing and Related Proceedings and Deadlines (the "<u>So Ordered Stipulation</u>"). ECF No. 2759. According to the So Ordered Stipulation entered into between and among the Debtor, Creditors' Committee and CNA, the Debtor and the Creditors' Committee:

> have decided to file an amended Joint Plan and Disclosure Statement, and CNA may decide to file an amended CNA Plan and Disclosure Statement.

*See* So Ordered Stipulation at ¶ J.

Additionally, the Debtor, Creditors' Committee and CNA:

> have agreed to take off calendar the Confirmation Hearing, the Plan Objection Deadline, and all other applicable deadlines set forth in the Disclosure Statement Order and

6
Case 2-19-20905-PRW, Doc 2814, Filed 11/15/24, Entered 11/15/24 08:28:45, Description: Main Document, Page 6 of 14

the Scheduling Order to allow time to prepare and file their respective amended plans and disclosure statements, to solicit votes to accept or reject same, to conduct appropriate additional discovery, to submit expert reports, and to permit oppositions to be filed.

*See* So Ordered Stipulation at ¶ K.

26. On October 7, 2024, the Court entered an order [ECF No. 2786] which provided for, among other things, that the Creditors' Committee, CNA and others are directed to attend mediation to "settle their differences." The Court further noted that: "unless both sides are willing to make concessions – and those must be significant concessions – ending this Chapter 11 with a confirmable plan will probably not happen, and it most assuredly will not happen anytime soon."

*[Left Blank Intentionally]*

*Prior Interim Fee Applications*

Bond Schoeneck & King, PLLC

| ECF No. | Fees | Expenses | Fee Period | Total Awarded |
|---:|---:|---:|---|---:|
| 495 | $ 726,230.60 | $ 14,044.79 | First Interim | $ 740,275.39 |
| 780 | $ 651,116.45 | $ 4,139.51 | Second Interim | $ 646,355.96[2] |
| 948 | $ 285,246.00 | $ 6,186.52 | Third Interim | $ 291,432.52 |
| 1302 | $ 490,443.65 | $ 10,769.59 | Fourth Interim | $ 501,213.24 |
| 1440 | $ 393,541.00 | $ 13,536.61 | Fifth Interim | $ 407,077.61 |
| 1708 | $ 762,127.45 | $ 12,059.75 | Sixth Interim | $ 774,187.20 |
| 1990 | $ 787,114.94 | $ 10,466.79 | Seventh Interim | $ 797,581.73 |
| 2230 | $ 428,000.99 | $ 11,359.05 | Eight Interim | $ 439,360.04 |
| 2519 | $ 309,955.45 | $ 5,560.16 | Ninth Interim | $ 315,515.61 |
| **TOTAL** | **$ 4,833,776.53** | **$ 88,122.77** | | **$ 4,912,999.30** |

Harris Beach PLLC

| ECF No. | Fees | Expenses | Fee Period | Total Awarded |
|---:|---:|---:|---|---:|
| 499 | $ 271,546.50 | $ 62,942.84 | First Interim | $ 334,489.34 |
| 782 | $ 259,058.70 | $ 58,700.38 | Second Interim | $ 317,759.08 |
| 950 | $ 266,047.50 | $ 77,963.65 | Third Interim | $ 344,011.15 |
| 1305 | $ 156,033.50 | $ 23,975.58 | Fourth Interim | $ 180,009.08 |
| 1442 | $ 55,519.00 | $ 8,411.16 | Fifth Interim | $ 63,930.16 |
| 1710 | $ 116,715.00 | $ 12,441.27 | Sixth Interim | $ 129,156.27 |
| 1992 | $ 136,738.50 | $ 14,550.44 | Seventh Interim | $ 151,288.94 |
| 2232 | $ 71,665.00 | $ 14,219.22 | Eight Interim | $ 85,884.22 |
| 2520 | $ 78,675.90 | $ 12,298.24 | Ninth Interim | $ 90,974.14 |
| **TOTAL** | **$ 1,411,999.60** | **$ 285,502.78** | | **$ 1,697,502.38** |

Blank Rome, LLP

| ECF No. | Fees | Expenses | Fee Period | Total Awarded |
|---:|---:|---:|---|---:|
| 496 | $ 155,934.61 | $ 5,475.75 | First Interim | $ 161,410.36 |
| 781 | $ 86,759.73 | $ - | Second Interim | $ 86,759.73 |
| 949 | $ 173,039.39 | $ - | Third Interim | $ 173,039.39 |
| 1303 | $ 155,308.23 | $ 21.20 | Fourth Interim | $ 155,329.43 |
| 1441 | $ 109,189.07 | $ 2,413.37 | Fifth Interim | $ 111,602.44 |
| 1709 | $ 110,911.94 | $ 455.13 | Sixth Interim | $ 111,367.07 |
| 1991 | $ 89,060.49 | $ 1,686.93 | Seventh Interim | $ 90,747.42 |
| 2231 | $ 128,265.05 | $ 9,844.26 | Eight Interim | $ 138,109.31 |
| 2537 | $ 18,662.47 | $ - | Ninth Interim | $ 18,662.47 |
| **TOTAL** | **$ 1,027,130.98** | **$ 19,896.64** | | **$ 1,047,027.62** |

---

[2] Fees reduced by $8,900.

Bonadio & Co., LLP

| ECF No. | Fees | Expenses | Fee Period | Total Awarded |
|---|---|---|---|---|
| 783 | $ 44,500.00 | $ - | First Interim | $ 44,500.00 |
| 1304 | $ 46,700.00 | $ - | Second Interim | $ 46,700.00 |
| 1711 | $ 49,000.00 | $ - | Third Interim | $ 49,000.00 |
| 2233 | $ 59,000.00 | $ - | Fourth Interim | $ 59,000.00 |
| 2521 | $ 2,200.00 | $ - | Fifth Interim | $ 2,200.00 |
| TOTAL | $ 201,400.00 | $ - | | $ 201,400.00 |

Pachulski Stang Ziehl & Jones LLP

| ECF No. | Fees | Expenses | Fee Period | Total Awarded |
|---|---|---|---|---|
| 489 | $ 380,165.00 | $ 9,756.19 | First Interim | $ 389,921.19 |
| 813 | $ 277,858.50 | $ 8,972.80 | Second Interim | $ 286,831.30 |
| 1258 | $ 609,925.00 | $ 8,616.11 | Third Interim | $ 617,564.78[3] |
| 1402 | $ 511,338.00 | $ 30,786.93 | Fourth Interim | $ 538,214.73[4] |
| 1699 | $ 374,259.50 | $ 11,675.74 | Fifth Interim | $ 385,935.24 |
| 2043 | $ 555,280.00 | $ 12,956.12 | Sixth Interim | $ 568,236.12 |
| 2223 | $ 416,510.00 | $ 25,663.05 | Seventh Interim | $ 442,173.05 |
| 2532 | $ 372,890.00 | $ 13,438.20 | Eight Interim | $ 386,328.20 |
| TOTAL | $ 3,498,226.00 | $ 121,865.14 | | $ 3,615,204.61 |

Burns Bowen Bair LLP

| ECF No. | Fees | Expenses | Fee Period | Total Awarded |
|---|---|---|---|---|
| 1370 | $ 165,853.50 | $ 4,226.45 | First Interim | $ 170,079.95 |
| 1698 | $ 171,583.25 | $ 5,700.97 | Second Interim | $ 177,284.22 |
| 1997 | $ 491,965.50 | $ 3,424.40 | Third Interim | $ 495,389.90 |
| 2222 | $ 316,672.00 | $ 11,565.95 | Fourth Interim | $ 328,237.95 |
| 2533 | $ 93,435.50 | $ 2,279.10 | Fifth Interim | $ 95,714.60 |
| TOTAL | $ 1,239,509.75 | $ 27,196.87 | | $ 1,266,706.62 |

Stout Risius Ross, LLC (f/k/a The Claro Group, LLC)

| ECF No. | Fees | Expenses | Fee Period | Total Awarded |
|---|---|---|---|---|
| 1382 | $ 258,006.50 | $ - | First Interim | $ 258,006.50 |
| 1701 | $ 31,386.00 | $ - | Second Interim | $ 31,386.00 |
| 1996 | $ 309,585.50 | $ - | Third Interim | $ 309,585.50 |
| TOTAL | $ 598,978.00 | $ | | $ 598,978.00 |

---

[3] Fees reduced by $976.33.

[4] Expenses reduced by $3,910.20.

# OBJECTION

| Professional | ECF No. | Total Compensation Previously Awarded | Fees & Expenses Currently Sought |
|---|---|---|---|
| Bond Schoeneck & King PLLC | 2796 | $4,912,999.30 | $895,772.59 (fees) $25,650.77 (expenses) |
| Harris Beach, PLLC | 2798 | $1,694,502.38 | $45,456.50 (fees) $13,580.17 (expenses) |
| Blank Rome LLP | 2797 | $1,047,027.62 | $46,276.99 (fees) $3,817.43 (expenses) |
| Bonadio & Co., LLP | 2799 | $201,400.00 | $53,500.00 (fees) $0.00 (expenses) |
| Pachulski Stang Ziehl & Jones LLP | 2801 | $3,615,204.61 | $1,238,050.00 (fees) $51,523.68 (expenses) |
| Burns Bair LLP | 2800 | $1,266,706.62 | $401,847.00 (fees) $17,372.92 (expenses) |
| Stout Risius Ross LLC (f/k/a The Claro Group, LLC) | 2802 | $598,978.00 | $338,269.50 (fees) $1,560.55 (expenses) |
| **TOTALS:** | -------- | **$13,339,818.53** | **$3,132,678.10** |

A. **The Court Should impose a Twenty Percent Fee Holdback in This Case**

Professionals have already received one hundred percent of their fees and expenses incurred totaling **$13,339,818.53** from prior interim fee periods and certain professionals have received eighty percent of their fees in connection with the Interim Fee Applications under the Interim Compensation Order. The Court has an independent burden to review fees under 11 U.S.C. § 330 "lest overreaching . . . professionals drain [the estate] of wealth which by right should inure to the benefit of unsecured creditors." *In re Keene Corp.*, 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997) (quoting *In re Busy Beaver Bldg., Ctrs., Inc.*, 19 F. 3d 833, 844 (3d Cir. 1994)). Courts serve a vitally important gate-keeping role in enforcing the Code's requirements that only reasonable fees be approved and paid as well as maintain public confidence in the bankruptcy system itself. *In re Temple Retirement Cmty., Inc.*, 97 B.R. 333, 337 (Bankr. W.D. Tex. 1989).

It is unfair to require the Court to conduct a full review of fees with so much

uncertainty in this case. That is why a holdback makes eminent sense. Fee holdbacks, while not required *per se* under the Bankruptcy Code, are used by courts to moderate potentially excessive interim allowances and to offer an incentive for timely resolution of the case. *See In re Child World*, 185 B.R. 14, 18 (Bankr. S.D.N.Y. 1995). Interim fee awards are discretionary and are subject to re-examination and adjustment during the course of the case. *See In re Nana Daly's Pub, Ltd.*, 67 B.R. 782, 787 (Bankr. E.D.N.Y. 1986) ("Any award of interim compensation is within the discretion of the court and will be considered based upon the circumstances of the particular case." (citing *In re First Hartford Corp.*, 23 B.R. 729 (Bankr. S.D.N.Y. 1982); *see also In re Bank of New England Corp.*, 134 B.R. 450, 458-59 (Bankr D. Mass. 1991) (because of the difficulty in determining whether services were actual and necessary when reviewing interim applications, bankruptcy courts routinely require percentage reductions until the end of the case), *affirmed*, 142 B.R. 584 (D. Mass. 1992).

The Debtor currently has sufficient cash on hand to pay professional fees, and it is hoped that the Debtor successfully emerges from bankruptcy. However, the risk posed by large sums of monies being paid out of the estate given the considerable passage of time is particularly troubling. Also, these fee requests are through only July 31, 2024.[5] The holdbacks will also serve to incentivize the professionals to move this case towards confirmation.

The requested fees collectively total **$3,132,678.10** - - and the total fees for these cases will now be in excess of **$16,472,496.63**. Moreover, the professionals have already been paid one hundred percent of fees and expenses from prior interim periods. Thus, any

---

[5] The fee request for Bonadio & Co., LLP is through June 30, 2024.

claimed prejudice is minimal, and temporary (since releases of the holdbacks can always be reconsidered at another interim or final period).

B.  **The Court Should Decrease the Amounts Paid to Professionals Under the Interim Compensation Order to Sixty Percent**

Pursuant to the Interim Compensation Order, the United States Trustee may object to requests for monthly payment by professionals if, among other things, the Debtor is delinquent in filing monthly operating reports or paying United States Trustee quarterly fees. *See* Interim Compensation Order at ¶ 3(g). Here, not only does the Debtor consistently file monthly operating reports late - - as reflected on the Court's docket[6] - - and has not filed its monthly operating report for September 2024, but it also owes United States Quarterly fees in an amount no less than $33,552.

Finally, as stated herein, this case is over five years old.

## RESERVATION OF RIGHTS

The overall review of reasonableness of fees and expenses, and an analysis under 11 U.S.C. § 330, must await some resolution of this case. At present, all that is known is that fees in this case are approaching (if not surpassed) $20 million. The fact that the Debtor has been unable to confirm a plan in over five years appears to be a relevant consideration in assessing final fees.

Section 330(a)(1) of the Bankruptcy Code states:

After notice to the parties in interest and the United States Trustee and a hearing, and subject to section 326, 328, and 329, the court may award to a trustee, … an examiner, … or a professional person employed under section 327 or 1103 –

---

[6] *See e.g.*, Chapter 11 Monthly Operating Report for the month ending June 30, 2024, which was filed on September 26, 2024 [ECF No. 2776]; Chapter 11 Monthly Operating Report for the month ending July 31, 2024, which was filed on October 25, 2024 [ECF No. 2804]; and Chapter 11 Monthly Operating Report for the month ending August 31, 2024, which was filed on November 5, 2024 [ECF No. 2810].

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, . . . professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(A) and (B).

In determining reasonableness, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

The professional seeking approval of fees and expenses has the burden of proving the reasonableness its fee request. *See In re Level 8 Apparel LLC*, 2023 WL 2940489, at *10 (Bankr. S.D.N.Y. Apr. 13, 2023) ("The fee applicant bears the burden of proving the reasonableness and necessity of the fees sought."); *In re Sounds Distrib. Corp.*, 122 B.R. 952, 956 (Bankr. W.D. Pa. 1991) ("The burden of proof as to the reasonableness of the requested compensation rests with the applicant"). For these reasons, the United States

Trustee reserves his rights with respect objection to the fees and expenses sought in connection with the Interim Fee Applications, as well as all prior interim applications.

## CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that this Court: (i) deny the request for immediate payment of all requested fees and impose a reasonable holdback of twenty percent, and (ii) reduce the monthly compensation paid to professionals under the Interim Compensation Order from eight percent to sixty percent. Additionally, the United States Trustee reserves all rights to supplement this Objection and to object to further interim and final fee applications, and to seek such other relief as is just and proper.

Dated: New York, New York
November 15, 2024

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2

By: */s/ Mark Bruh*
Mark Bruh
Trial Attorney
Office of the United States Trustee
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

14
Case 2-19-20905-PRW, Doc 2814, Filed 11/15/24, Entered 11/15/24 08:28:45, Description: Main Document, Page 14 of 14