UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 Case |
| THE DIOCESE OF ROCHESTER, | Case No. 19-20905 |
| Debtor. |  |

**REPLY TO UNITED STATES TRUSTEE'S**
**OBJECTION TO INTERIM FEE APPLICATIONS**

The Diocese of Rochester, (the "Diocese"), by and through its undersigned counsel, hereby files its reply to ("Reply") to the *United States Trustee's Objection to Interim Fee Applications* [Docket No. 2814] (the "US Trustee Pleading"), and respectfully submits as follows:

**PRELIMINARY STATEMENT**

1. The Office of the United States Trustee (the "US Trustee") filed a pleading misleadingly styled as an "objection" to the Interim Fee Applications[1] when it instead seeks a modification of the Interim Compensation Order to substantially alter the holdback procedure in the Diocese's chapter 11 case (the "Chapter 11 Case").

2. Although the US Trustee Pleading is styled as an "objection" to the Interim Fee Applications, the reasoning for the request, "[to] serve as an incentive for the Debtor and others to move this case toward confirmation" (US Trustee Pleading at p. 1) is not procedurally proper and, in any event, cannot be achieved by the means proposed by the US Trustee. As the Diocese set forth in its *Reservation of Rights with Respect to Professional Fee Applications*, filed on November 18, 2024 [Docket No. 2816] (the "Reservation of Rights"), the Diocese is concerned with mounting

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the US Trustee Pleading.

professional fees in the face of protracted litigation between the Committee and The Continental Insurance Company ("CNA").

3. The Diocese would like nothing more than to move swiftly toward confirmation of a plan implementing the resolution it reached with the Committee more than two years ago. Modification of holdbacks cannot further incentivize the Diocese and its professionals to reach this goal. Indeed, the Diocese has every incentive already to efficiently finalize and confirm a plan of reorganization and end the mounting administrative expenses in this Chapter 11 Case.

4. Furthermore, the solution proposed by the US Trustee is unnecessarily punitive to the Diocese and its professionals, while the billable rate of the Committee's professionals, which are continuing to incur costs in fighting the CNA administrative claim, are nearly twice the blended rate charged by the Diocese's professionals. The Diocese respectfully submits that the Committee has greater control over the continuation of litigation with CNA and the goal of an expeditious outcome at this stage in the chapter 11 process.

5. The Diocese itself would also be harmed by the proposed additional holdbacks suggested by the US Trustee. As set forth in the Diocese's Reservation of Rights, even the Committee counsel's lack of monthly fee statements has made it difficult for the Diocese to manage its limited cash flow.[2] A significantly modified holdback such as requested by the US Trustee[3] would cause even greater harm to the Diocese, as it may be forced to pay a significant accrued administrative expense liability upon confirmation of a plan.

---

[2] *See Reservation of Rights* at fn 1.
[3] The US Trustee suggests a holdback on approved professional fees of twenty percent (20%), as well a further twenty percent (20%) reduction in monthly fee statement compensation from eighty percent (80%) to sixty percent (60%).

6. Notably, the US Trustee Pleading does not recite a single time entry that is objectionable in any of the professional fee applications[4] set for hearing on November 21, 2024. Instead, the US Trustee Pleading appears to be seeking reconsideration of a final order of this Court, which should not be heard, absent notice, and an opportunity for parties to fully brief the issues set forth in the US Trustee Pleading.

7. The Diocese acknowledges that this Chapter 11 Case has been pending for more than five (5) years and significant fees have been incurred, but strenuously disagrees with the US Trustee's statements that the Diocese or its professionals require any incentive to move this Chapter 11 Case toward confirmation of a plan of reorganization. The Diocese is committed to, and singularly focused on, confirming a plan of reorganization as quickly as possible. As set forth in more detail below, an amended plan of reorganization was ready to be filed before the Court ordered all parties back to mediation in an attempt to resolve the remaining two-party dispute between the Committee and CNA. Whether or not mediation with CNA proves fruitful, that plan can be amended further (as needed) and filed quickly.

## BACKGROUND

8. On December 5, 2019, the Court entered its *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Members of Official Committees* [Docket No. 318] (the "Interim Compensation Order").

9. On May 12, 2020, the Court entered its *Supplement and Modification to Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of*

---

[4] The professionals (collectively, the "Professionals") seeking interim approval of fees through professional fee applications are: i) Bond Schoeneck & King, PLLC, as counsel to the Diocese [Docket No. 2796]; (ii) Harris Beach, PLLC, special counsel for the Diocese [Docket No. 2798]; (iii) Blank Rome, LLP, special insurance counsel for the Diocese [Docket No. 2797]; (iv) Bonadio & Co., LLP, accountants for the Diocese [Docket No. 2799]; (v) Pachulski Stang Ziehl & Jones LLP, counsel for the Committee [Docket No. 2801]; (vi) Burns Bair LLP, special insurance counsel to the Committee [Docket No. 2800]; and (vii) Stout Risius Ross, LLC (f/k/a The Claro Group, LLC), valuation expert for the Committee [Docket No. 2802] (collectively, the "Interim Fee Applications").

*Expenses for Professionals and Members of Official Committees* [Docket No. 545] (the "Supplemental Compensation Order" and together with the Interim Compensation Procedure, the "Interim Compensation Procedures").

10. The Interim Compensation Procedures have governed the conduct and compensation of the Professionals in this Chapter 11 Case since early 2020. Since August of 2020, the US Trustee has not filed any formal objection to any fee statement or fee application filed by any of the Professionals.

11. The Diocese reached an agreement with the Committee on a settlement that would form the basis for an amended chapter 11 plan for the Diocese and the Catholic Family over two years ago. In addition, the Diocese and the Committee also reached settlement with all insurers other than CNA.

12. On April 24, 2024, the *Fifth Amended Joint Chapter 11 Plan of Reorganization for the Diocese of Rochester* [Docket No. 2593] (the "Fifth Joint Plan") was filed along with a disclosure statement in support of the Fifth Joint Plan [Docket No. 2594] (the "Disclosure Statement").

13. On April 29, 2024, the Court entered the *Order (i) approving Disclosure Statements, (ii) Approving Solicitation Packages and Distribution Procedures, (iii) Approving Ballots and Establishing Procedures for voting on competing plans (iv) Approving the Form, Manner, and Scope of Notice for the Confirmation Hearing, and (v) Granting Related Relief* [Docket No. 2602] (the "Solicitation Order").

18715107.v2
Case 2-19-20905-PRW, Doc 2817, Filed 11/19/24, Entered 11/19/24 12:33:52, Description: Main Document , Page 4 of 9

14. Following entry of the Solicitation Order, the Diocese solicited votes on the Fifth Joint Plan. The Fifth Joint Plan was overwhelmingly accepted by the Diocese's creditor constituency.[5]

15. On June 27, 2024, the Supreme Court issued its decision in *Harrington v. Purdue Pharma L.P.*, 144 S. Ct. 2071 (2024) (the "*Purdue* Decision"), holding that bankruptcy courts may not release third-party claims against non-debtors pursuant to a plan of reorganization absent consent of such third parties. The *Purdue* Decision made pursuit of confirmation of the Fifth Joint Plan extremely unlikely in its filed form.

16. The Diocese and Committee have spent the last five (5) months working diligently to revise the Fifth Joint Plan to comply with the *Purdue* Decision. The revised joint plan of reorganization is ready to file. The Court recently directed the parties back to mediation under the supervision and guidance of new mediators Hon. Shelley C. Chapman (Ret.) and Paul A. Finn, Esq. [Docket Nos. 2786 and 2788]. The Diocese recognizes that a fully consensual plan embodying a global settlement, if achievable, would represent the optimal outcome for all parties involved.

## REPLY

17. "Orders in bankruptcy cases qualify as "final" when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37, 140 S. Ct. 582, 586, 205 L. Ed. 2d 419 (2020); *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015). Both the Interim Compensation Order and the Supplemental

---

[5] The Fifth Joint Plan received a 64% acceptance rate among Class 3 General Unsecured Claims, and a 94% acceptance rate among Class 4 Abuse Claims. *See Declaration of Clarissa D. Cu Regarding the Solicitation and Tabulation of Votes on the Fifth Amended Joint Chapter 11 Plan of Reorganization for the Diocese of Rochester and Continental Insurance Company's Fourth Amended Chapter 11 Plan of Reorganization of the Diocese of Rochester* [Docket No. 2707].

Compensation Order qualify as final orders, because the orders disposed of the issue of interim compensation procedures and left nothing to be done other than ministerial acts in furtherance of the interim compensation procedures. *See In re McLaren*, 562 B.R. 309, 318 (Bankr. E.D. Va. 2016).

18. Where, as the US Trustee does here, a party seeks to modify a final order, such as the Interim Compensation Procedures, the party must file a motion pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Rule 9024 incorporates Rule 60 of the Federal Rules of Civil Procedure (the "FRCP") and makes clear that Rule 60 applies in bankruptcy related proceedings.

19. Rule 9024 of the Bankruptcy Rules and Rule 60 of the FRCP provide that:

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Further, the Interim Compensation Order provides that the US Trustee "may object to requests for monthly payment made under this Order . . . by seeking further order of this Court following a hearing on notice to all Professionals who have previously filed Monthly Fee Statements." Interim Compensation Order, ¶ 3(g). The US Trustee Pleading is not a motion on notice to the Professionals, nor does it set forth any objections to compensation sought through time entries and expense reimbursement requests contained in the Interim Fee Applications, since it does not list with particularity, or generality, any opposition to the fees or expenses sought by the Professionals through the Interim Fee Applications.

20. The sole textual justification brought by the US Trustee is an allegation that the Diocese has "consistently file has been late in filing certain operating reports". *See US Trustee Pleading*, pg. 12. The US Trustee's citation to three Monthly Operating Reports that were filed at the conclusion of the Diocese's annual audit,[6] a process that has occurred, with the US Trustee's knowledge, for every one of the 5 preceding years during the pendency of this Chapter 11 Case, is both misleading and does not create the basis for the US Trustee to seek reconsideration of the Interim Compensation Order. The US Trustee cites to a provision of the Interim Compensation Order that would allow for it to object to *monthly* payment to professionals if operating reports and US Trustee fees were delinquent. That relief is not what is being requested by the US Trustee here. Furthermore, the delinquency, if any, is minor and will be remedied in short order. The US Trustee can cite to only one current report and one month of US Trustee fees that may be considered late, both of which will likely be resolved prior to the hearing to consider the Interim Fee Applications.

21. Neither did the US Trustee provide support for its request through the standards set forth in Rule 9024 and Rule 60 in connection with an argument that the Interim Compensation Procedures should be amended. For all of the reasons contained herein, the Diocese respectfully submits that Court may deny the US Trustee's requests to modify the Interim Compensation Order. If, however, the Court is inclined to hear the US Trustee's request, the Diocese respectfully requests that the Court direct the US Trustee to bring such request on notice and that it be considered according to the standards set by Rule 9024 of Bankruptcy Rules and Rule 60 of the FRCP.

---

[6] *See US Trustee Pleading* at fn 6.

7

18715107.v2
Case 2-19-20905-PRW, Doc 2817, Filed 11/19/24, Entered 11/19/24 12:33:52, Description: Main Document , Page 7 of 9

22. Finally, the US Trustee seeks to reserve its rights with respect to analyzing whether the fees sought by the Professionals are reasonable until the resolution of this Chapter 11 Case. Of course, all parties-in-interest, including the Diocese itself, retain the right to contest the reasonableness of fees sought through the final fee applications. However, the time for the US Trustee to object on specific substantive issues raised by the Interim Fee Applications and prior fee applications pending before the Court has elapsed. The US Trustee addressing fee issues in real time, instead of at the final fee application approval process, would serve to assist the Diocese and all of the Professionals with the efficient administration of this Chapter 11 Case. The Court should therefore deny the US Trustee's requests and consider each of the respective Interim Fee Applications on its merits to determine whether such fees are reasonable to award on an interim basis.

**WHEREFORE,** for the reasons set forth above, the Diocese respectfully requests that the Court (a) overrule the purported objection set forth in the US Trustee Pleading and consider each of the Interim Fee Applications on its merits or, in the alternative, (b) require the US Trustee to bring any request to modify the Interim Compensation Order on notice to all parties in interest; and grant such other and further relief as the Court may deem just and proper.

8

18715107.v2
Case 2-19-20905-PRW, Doc 2817, Filed 11/19/24, Entered 11/19/24 12:33:52, Description: Main Document , Page 8 of 9

Dated: November 19, 2024

BOND, SCHOENECK & KING, PLLC

By: */s/* Charles J. Sullivan
    Stephen A. Donato
    Charles J. Sullivan
    Sara C. Temes
    Grayson T. Walter
    One Lincoln Center
    Syracuse, NY 13202-1355
    Telephone: (315) 218-8000
    Email: sdonato@bsk.com
           csullivan@bsk.com
           gwalter@bsk.com
           stemes@bsk.com

*Attorneys for The Diocese of Rochester*