UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:
    The Diocese of Rochester,          Case No. 19-20905
                                             Chapter 11
                     Debtor.
_____

## ORDER TO SHOW CAUSE
## CONCERNING THE APPOINTMENT OF AN
## INDEPENDENT FEE EXAMINER

During the five years that this case has been pending before the Court, a number of professionals have been appointed. Those Court-appointed professionals include: Bond, Schoeneck & King, PLLC; Harris Beach, PLLC; Blank Rome, LLP; Bonadio & Co., LLP; Pachulski Stang Ziehl & Jones, LLP; Burns Bair, LLP; Stout Risius Ross, LLC (f/k/a/ The Claro Group, LLC). The fees and expenses generated by those appointed professionals is borne by the Diocese. On December 5, 2019, the court entered an "Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Members of Official Committees." (ECF No. 318). In keeping with that Administrative Order, professionals have submitted interim fee applications, resulting in the Court granting interim fees to be paid to Professionals, as follows: [1]

| Bond, Schoeneck & King, PLLC | $5,834,452.66 |
| Harris Beach, PLLC | $1,756,539.05 |
| Blank Rome, LLP | $1,097,122.04 |
| Bonadio & Co., LLP | $254,900.00 |
| Pachulski Stang Ziehl & Jones, LLP | $4,904,778.29 |
| Burns Bair, LLP | $1,685,926.54 |
| Stout Risius Ross, LLC | $938,808.05 |
| **TOTAL** | $16,472,526.63 |

---

[1] The list of Professionals in this Order is not exhaustive. The fees for the Professionals included in this Order were those approved during the Court's November 21, 2024, hearing on interim fee applications. The Court has approved fee applications totaling approximately $382,000 for other Professionals, not included here, who sought approval of fees earlier in the case.

The interim applications for compensation, generally filed every four months, are supported by "time sheets" describing the professional services performed, the name of the professional, the date, and the time spent on each task. It would be fair to say that the time sheets supporting the interim fee applications consist of thousands of pages, detailing tens of thousands of time entries. The Court does not have the staffing resources to adequately review each time entry to ensure that the requested fees are reasonable and necessary, as required by § 330 of the Code. However, a cursory review by the Court of many entries contained in the time sheets of various professionals raises concerns about whether professionals are exercising appropriate discretion in billing the Estate.

A few months after this case was filed by the Diocese, the United States Trustee filed a motion requesting that the Court exercise its discretion and appoint an independent fee examiner under § 105(a) of the Code. (ECF No. 455). That motion was filed before any Professional had filed an interim fee application. The Court issued a decision denying the UST's motion, without prejudice, leaving open the possibility of appointing a fee examiner or fee review committee "should the case progress to a point where that relief may become appropriate." *In re Diocese of Rochester*, Case No. 19-20905, 2020 Bankr. LEXIS 1060, at *8 (Bankr. W.D.N.Y. Apr. 16, 2020).

In the Court's view, the case has progressed to the point that a review of Professional fees and expenses by an independent fee examiner (aided by billing analysis software) may be appropriate and necessary to aid the Court in determining whether any Professional fees awarded on an interim basis thus far, or to be awarded on an interim basis in the future, are excessive, duplicative, or unreasonable. It is therefore

**ORDERED**, that parties-in-interest show cause why the Court should not exercise its discretion and appoint an independent fee examiner under § 105(a) of the Code, at a hearing to be held by the Court telephonically on **December 13, 2024 at 11:00 a.m.**; and it is further

**ORDERED**, that any papers in support of or in opposition to the appointment of an independent fee examiner, together with a proposed form order, must be served and filed on the docket **on or before 12:00 Noon on December 6, 2024**. Papers in support of the appointment of a fee examiner may include the name of a person or persons for the Court to consider appointing. Responses to any such papers are prohibited, and papers filed after the filing deadline will not be considered.

**IT IS SO ORDERED.**

Dated: November 25, 2024  _____/s/_____
Rochester, New York           **HON. PAUL R. WARREN**
                              United States Bankruptcy Judge