UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------ x
In re                                            : Chapter 11
                                                 :
The Diocese of Rochester,                        : Case No. 19-20905 (PRW)
                                                 :
                            Debtor.              :
------------------------------------------------ x

**ORDER APPOINTING INDEPENDENT FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE APPLICATIONS OF RETAINED PROFESSIONALS**

Upon consideration of the Court's Order to Show Cause (the "OSC") Concerning the Appointment of an Independent Fee Examiner [ECF No. 2829]; upon further consideration that the size and complexity of this chapter 11 case will result in the filing of numerous, lengthy and complex professional fee applications; upon the Court's conclusion at the November 21, 2024 hearing on the applications to approve interim compensation, that the appointment of an independent fee examiner under Bankruptcy Code section 105 appears to be in the best interests of the Debtor, its estate and creditors, and other parties-in-interest; and the Court having directed the parties-in-interest to file any papers in support of or in opposition to the appointment of an independent fee examiner; and this matter being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the Declaration of Disinterestedness of Lori Lapin Jones, Esq., dated December 5, 2024; and good and sufficient cause appearing therefor; it is hereby,

FOUND AND DETERMINED THAT:

A.  On September 12, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Western District of New York. ECF No. 1.

B. On September 26, 2019, pursuant to Section 1102 of the Bankruptcy Code, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee") in this case. ECF No. 68.

C. The Debtor currently is operating its business and managing its affairs pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

D. On December 5, 2019, the Court entered the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Members of Official Committees (the "Interim Compensation Order"). ECF No. 318.

E. No chapter 11 trustee or examiner has been appointed in this case.

F. On March 20, 2020, the United States Trustee filed a motion for order authorizing appointment of independent fee examiner ("Fee Examiner Motion"). ECF No. 455.

G. On April 16, 2020, the Court denied the Fee Examiner Motion without prejudice. ECF No. 517; *In re Diocese of Rochester*, Case No. 19-20905, 2020 WL 1896498, *3 (Bankr. W.D.N.Y. Apr. 16, 2020).

H. On May 12, 2020, the Court entered the Supplement and Modification to Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Members of Official Committee (the "Supplemental Interim Compensation Order"). ECF No. 545.

I. On November 25, 2024, the Court entered the OSC. The OSC stated that:

> In the Court's view, the case has progressed to the point that a review of Professional fees and expenses by an independent fee examiner (aided by billing analysis software) may be appropriate and necessary to aid the Court in determining whether any Professional fees awarded on an interim basis thus far, or to be awarded on an interim basis in the future, are excessive, duplicative, or unreasonable.

J. Additionally, the OSC provided for the following:

**ORDERED**, that parties-in-interest show cause why the Court should not exercise its discretion and appoint an independent fee examiner under § 105(a) of the Code, at a hearing to be held by the Court telephonically on **December 13, 2024 at 11:00 a.m.**; and it is further

**ORDERED**, that any papers in support of or in opposition to the appointment of an independent fee examiner, together with a proposed form order, must be served and filed on the docket **on or before 12:00 Noon on December 6, 2024**. Papers in support of the appointment of a fee examiner may include the name of a person or persons for the Court to consider appointing. Responses to any such papers are prohibited, and papers filed after the filing deadline will not be considered.

K. For the purposes of this Order, the term "Professional fees and expenses" shall include all any and all professionals (the "Retained Professional(s)") in this case requesting compensation and/or reimbursement of expenses on an interim or final basis pursuant to Bankruptcy Code sections 327, 330, 331, or 1103.

L. Lori Lapin Jones, Esq., the proposed Fee Examiner, is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

IT IS HEREBY ORDERED THAT:

1. The Court hereby appoints Lori Lapin Jones, Esq. to serve as independent fee examiner (the "Fee Examiner") in this case, subject to the terms and conditions of this Order, the Interim Compensation Order, and the Supplemental Interim Compensation Order, as modified herein.

2. The Fee Examiner is appointed as an officer of the Court with respect to the performance of her duties and the Fee Examiner (and any professionals retained by the Fee Examiner with Court approval) shall enjoy the maximum immunity permitted by law from all manner of claims, demands, suits, or civil actions for all acts taken or omitted by her. Any and all claims, demands, suits, or civil actions not brought or asserted against the Fee Examiner prior to the thirtieth (30th) calendar day after entry of an order determining the last

final fee application in this case pursuant to Bankruptcy Code section 330 shall be barred forever and discharged, and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter. No person or entity shall seek discovery from the Fee Examiner, subpoena the Fee Examiner as a witness, or commence an action against the Fee Examiner in connection with her duties or powers hereunder except in this Court and only with the prior approval of this Court, which retains exclusive jurisdiction therefor.

3. The Fee Examiner's services shall be charged at an hourly rate of $400.00. The Fee Examiner is hereby authorized to retain, and shall be entitle to charge, as part of the Fee Examiner's expenses, the fees and expenses of National CRS LLC as Database Service Provider to the Fee Examiner at an hourly rate of $275.00 which charges shall be part of the Fee Examiner's compensation applications and subject to detailed time records. The Fee Examiner may retain other professionals or paraprofessionals to the extent she deems it necessary to discharge her duties and the retention of additional professionals shall be subject to Court approval under standards equivalent to Bankruptcy Code section 327, after notice and opportunity for hearing.

4. The fees and expenses of the Fee Examiner and any Court-approved professionals for the Fee Examiner shall be subject to application and review pursuant to Bankruptcy Code section 330 and shall be paid from the Debtor's estate as an expense of administration under Bankruptcy Code section 503(b)(2) and in accordance with the procedures in the Interim Compensation Order and the Supplemental Interim Compensation Order. The Fee Examiner's compensation shall not be contingent, dependent, or based on any element of success or result. The Fee Examiner's fees and expenses shall be subject to the applicable United States Trustee Appendix B Guidelines for Compensation.

5. Except as otherwise provided herein, the scope of the Fee Examiner's duties and responsibilities shall encompass all interim and final applications.

6. The Fee Examiner shall review and assess all applications filed by Retained Professionals, and the fees and reimbursement of expenses for which allowance is sought pursuant to the Applications for compliance with (1) Bankruptcy Code sections 329, 330 and 331, as applicable, (2) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (3) the Interim Compensation Order, (4) the Supplemental Interim Compensation Order and (5) the applicable guidelines for compensation. The Fee Examiner is further authorized and shall have standing before the Court:

(a) to prepare reports (as discussed in further detail below) for the Court to aid in the review and approval of interim and final fee applications, which may include such matters as the efficiency and reasonableness of staffing and expenses and the appropriateness of periodic increases in hourly rates;

(b) to require applicants for compensation to provide her such supplemental information as she may reasonably require in order to evaluate the reasonableness of any particular fee item; *provided*, however, that nothing herein shall require a Retained Professional to provide any information that would disclose privileged information, work product or anything (including potential strategies) that in the Retained Professional's reasonable discretion could be damaging or prejudicial to its client (collectively, "Privileged Information"); *provided*, for the avoidance of doubt, that a professional's general discussion of projects and tasks without reference to confidential details shall not be considered a waiver of any privilege or discovery immunity; *provided further*, if a Retained Professional or its client does provide Privileged Information to the Fee Examiner, the Fee Examiner shall treat such information as confidential and the disclosure of such information to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney-client, or other privilege;

(c) to conduct such discovery as may be pertinent and necessary to the performance of her other duties and responsibilities after first securing approval of this Court, which may be granted only upon notice to all interested parties and opportunity for hearing, and the Court retains exclusive jurisdiction over all matters relating to such discovery; and

(d) subject to the completion of the procedures set forth in Paragraph 6 for submission of a Preliminary and Final Report (each as defined below) with respect to the applicable fees or expenses, to object to the allowance of fees or expenses sought

by any Retained Professional in a fee application on the same grounds as any party in interest in this case, including based on the reasonableness standard provided in Bankruptcy Code § 330.

Notwithstanding these enumerated powers, the Court shall have the final role in evaluating or judging the legal or factual merits of any papers filed or positions taken by parties in interest or their Retained Professionals, but this restriction shall not limit the ability of the Fee Examiner to consider the factors set forth in Bankruptcy Code sections 330(a)(3)(C) and (D) in her evaluation of interim and final applications.

7. The Fee Examiner shall review the interim and final applications filed by each Retained Professional. To the extent practicable, the Fee Examiner shall avoid duplicative review when reviewing (1) interim fee applications comprised of monthly fee statements and (2) final fee applications comprised of interim fee applications that have already been reviewed by the Fee Examiner. After reviewing each Retained Professional's application, the Fee Examiner shall:

(a) within the later of thirty-five (35) days after a Retained Professional files an application (or in the case of interim fee applications filed prior to entry of this Order, 35 days following service of such interim fee applications on the Fee Examiner) and 35 days after the Retained Professional provides the Fee Examiner with all relevant time records in searchable format, prepare a report on each Application (each, a "Preliminary Report") for which the Fee Examiner has a potential issue or objection, and serve any such Preliminary Report on the Retained Professional. The Fee Examiner's Preliminary Report shall quantify and present information relevant to whether the requested fees, disbursements, and expenses meet the applicable standards of Bankruptcy Code section 330. These Preliminary Reports are to be treated as part of settlement discussions with the Retained Professionals and, as such, shall not be discoverable. The contents of the Preliminary Report shall be maintained in confidence by such parties until such time as the Fee Examiner incorporates all or any content of the Preliminary Report into a Final Report in accordance with Paragraph 7(c) below.

(b) within 14 days after service of the Preliminary Report, engage in written or oral communication with each Retained Professional, the objective of which is to resolve matters raised in the Preliminary Report and endeavor to address and resolve, to the mutual satisfaction of the Fee Examiner and the Retained

Professional, any issues identified or to amend its Application in a Preliminary Report.

(c) after a reasonable opportunity to resolve the issues identified in the Preliminary Report or amend the Application, file a final report or objection (the "Final Report") with the Court and note any remaining objections to the Application. The Retained Professional may file a reply to the Final Report. The Final Report shall be in a format designed to quantify and present information relevant to whether the requested fees and expenses of each Retained Professional meet the applicable standards of Bankruptcy Code section 330. The Final Report shall also inform the Court of any proposed consensual resolutions of the fee or expense reimbursement request for each Retained Professional and the basis for such proposed consensual resolution.

(d) The Fee Examiner shall file her Final Report at least seven (7) days before the hearing date on the relevant Application and shall serve a copy on the United States Trustee, counsel to the Debtor, counsel to the Creditors' Committee, and all Retained Professionals. The Retained Professionals shall consult with the Fee Examiner on the selection of hearing dates for interim and final applications.

8. Any of the periods set forth above may be extended with the consent of the Fee Examiner and the applicable Retained Professional. Nothing herein shall be construed or interpreted to require the filing of Final Reports on all applications prior to any application and the Final Report specific thereto being considered by the Court, and the delay or adjournment of consideration of an application shall not affect the timing of hearings on the applications of other Retained Professionals.

9. The Fee Examiner, the Debtor, the Creditors' Committee, and the Retained Professionals shall use best efforts to have undisputed portions of applications both allowed by the Court and paid as soon as reasonably practicable, even if a contested amount remains disputed and subject to the procedures set forth above.

10. All Retained Professionals shall cooperate with the Fee Examiner in the discharge of the Fee Examiner's duties and shall, subject to the qualification set forth in Paragraph 6(b) above with respect to privileged matters or work product, promptly respond to any reasonable request for information from the Fee Examiner.

11. Nothing contained herein shall affect the right, if any, of any party in interest in this case to object or otherwise respond to any interim or final fee application or monthly request for compensation and reimbursement of expenses, including those of the Fee Examiner. Nothing herein shall affect any party's right to request a waiver of the applicable Guidelines for Compensation and the requirements under Bankruptcy Code section 330, to the extent they apply. Nothing herein shall alter or modify prior orders governing the retention of professionals.

12. The Interim Compensation Order and the Supplemental Interim Compensation Order are hereby modified as follows:

(a) The Fee Examiner is designated as an additional application recipient entitled to receive monthly fee statements, and provide objections if appropriate, under the Compensation Procedures set forth in the Interim Compensation Order and the Supplemental Interim Compensation Order.

(b) No later than three (3) business days after the filing of each Application, the Retained Professional shall send to the Fee Examiner via electronic mail the Application, including the fee detail containing the time entries and the expense detail ("Fee Detail") in searchable electronic format (LEDES or Excel format).

(c) A Retained Professional need not send to the Fee Examiner the electronic-formatted Fee Detail for any (i) interim fee application if such Retained Professional has previously submitted to the Fee Examiner the relevant Fee Detail with the applicable Monthly Fee Statement or otherwise or (ii) final fee application if such Retained Professional has previously submitted to the Fee Examiner the relevant Fee Detail with the applicable interim fee application or otherwise. If any Retained Professional cannot reasonably convert its Fee Detail to the electronic format described above, the Fee Examiner will work with such Retained Professional to find an appropriate electronic format.

13. All previously filed applications and related Fee Detail shall be provided to the Fee Examiner by each Retained Professional within 30 days of entry of this Order. All previously filed applications, all future applications, and all other documents, notices or pleadings required to be sent to or served upon any application recipient under the

Interim Compensation Order and the Supplemental Interim Compensation Order on and after the date hereof shall be served upon the Fee Examiner[1]:

> Lori Lapin Jones, Esq.
> Lori Lapin Jones PLLC
> 98 Cutter Mill Road - Suite 255 South
> Great Neck, New York 11021
> Telephone: (516) 466-4110
> Facsimile: (516) 466-4009
> ljones@jonespllc.com

16. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall remain in effect unless and until the Court orders otherwise.

17. To the extent there is any inconsistency between the terms of any professional's retention agreement and this Order, the term of this Order shall govern.

18. The Court retains jurisdiction to enforce, modify or vacate this Order after hearing upon not less than fourteen (14) days' notice to the Fee Examiner, the Debtor, the Creditors' Committee, and the United States Trustee. Notwithstanding any provisions of this Order to the contrary, the Court retains ultimate authority to determine whether fees and expenses requested by any Retained Professional are necessary and reasonable under Bankruptcy Code section 330.

DATED: Rochester, New York
   December 16 , 2024

               /s/
               The Honorable Paul R. Warren
               United States Bankruptcy Judge

---

[1] The Fee Examiner shall also be deemed to have filed a request for notice of papers filed in this chapter 11 case under Bankruptcy Rule 2002 and the Fee Examiner shall be served with all such papers.