UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| In re: | Case No. 19-20905 |
|---|---|
| The Diocese of Rochester, | Chapter 11 |
| Debtor. | |

**DECLARATION OF JASON P. AMALA IN SUPPORT OF MOTION FOR RELIEF FROM STAY AND SUPPORTING MEMORANDUM OF LAW**

**JASON P. AMALA** makes the within Declaration regarding (i) the underlying state court sexual abuse claims of Marsh/PCVA Claimants Mark Gooden and Miguel Labrador; (ii) the status of numerous Chapter 11 childhood sexual abuse proceedings around the country; and (iii) in support of the Marsh/PCVA Claimants' Motion for Relief from the Automatic Stay, and in support thereof states as follows:

1. I am counsel for Claimants mark Gooden and Miguel Labrador as well as 30 other claimants in this proceeding represented by The Marsh Law Firm PLLC and Pfau Cochran Vertetis Amala PLLC (the "Marsh/PCVA Claimants").

2. I represent numerous sexual abuse claimants in *In re Boy Scouts of America and Delaware BSA, LLC,* No. 20-10343 (LSS) (Bankr. D. Del.), was involved with the Chapter 11 reorganization plan confirmed on April 13, 2023, and remain regularly involved in that Chapter 11 proceeding. As of the date of this filing, I am unaware of any additional settlements with insurers who had not settled at the time of plan confirmation.

3. I also represent numerous sexual abuse claimants in *In re The Roman Catholic Diocese of Rockville Ctr.*, No. 20-12345 (Bankr. S.D.N.Y.). On December 4, 2024, that court confirmed a plan that included a settlement allowing survivors to pursue judgments and recoveries from a non-settling insurer, Arrowood. *Id.* Dkt. No. 3465. The settlement, which included ***every*** solvent insurer, occurred only ***after*** they twice faced the imminent risk of trials and exposure to judgments: first after the debtor moved to dismiss the bankruptcy and second after the court authorized "test cases" to proceed in state court to trials and judgments.

4. Specifically, the DRVC court allowed four cases to proceed towards trial. By September 26, 2024, the Debtor and all solvent insurers agreed to a settlement. The state court had set the first trial to begin in a matter of weeks. In other words, once a ***single*** claim was on the verge of the courthouse steps and insurers were exposed to the risk of having to act reasonably in settlement discussions or face potential liability for a judgment in excess of policy limits and other severe financial penalties under New York law, they settled.

5. I also represent sexual abuse claimants in *In re The Diocese of Buffalo*, No. 20-10322 (Bankr. W.D.N.Y.). On November 11, 2024, that court entered an order allowing test cases to proceed in state court against that debtor so the plaintiffs can obtain verdicts and judgments, and then pursue payment from the insurers. Contrary to arguments that such relief would open the floodgates to ***all*** survivor claimants moving for similar relief, ***no other claimants*** have done so after entry of the stay relief order.

6. Specifically, I represent Scott Yerger, one of the sexual abuse claimants granted stay relief in *In re Diocese of Buffalo*. Consistent with the New York Child Victims Act's mandatory procedures for centralized and expedited processing and adjudication of CVA claims, the same state court judge, Judge Chimes, oversees all CVA cases filed in Buffalo and Rochester. Consistent with those mandatory CVA procedures, *one month* after Mr. Yerger received stay relief, Judge Chimes entered an order requiring Mr. Yerger's case to be trial-ready by July 30, 2025, *less than one year* after his claims were allowed to proceed in state court. Amala Decl. By January 2025, Judge Chimes already was holding case status conferences monitoring and actively managing discovery to ensure it progresses consistent with the July 30, 2025 trial date. As of the date of this filing, written discovery and document productions are well underway, and depositions are in the process of being scheduled. Based on the foregoing, the Marsh/PCVA Claimants have every reason to believe that, if granted stay relief, Mr. Gooden's and Mr. Labrador's CVA claims would expeditiously be set for trial and be trial-ready in a matter of a few months. That is particularly true where the Marsh/PCVA claimants already have received limited liability discovery in this proceeding sufficient to issue a settlement offer to the Debtor and CNA.

7. I also represent sexual abuse claimants in *In re The Roman Catholic Diocese of Albany, New York*, No. 23-10244-2 (Bankr. N.D.N.Y.). On January 8, 2025, along with other sexual abuse survivors and their counsel, two of my clients moved for stay relief identical to that requested by Mr. Gooden and Mr. Labrador in this

3
Case 2-19-20905-PRW, Doc 2952, Filed 02/18/25, Entered 02/18/25 18:26:50, Description: Main Document , Page 3 of 7

proceeding. The grounds for the requested stay relief asserted there also were virtually identical to those asserted here.

8. On July 30 and August 6, 2020, Mr. Gooden and Mr. Labrador filed timely proofs of claim in this Chapter 11 proceeding.

9. CNA has agreed to pay the Debtor's defense costs for claims for sexual abuse occurring within its insurance policy periods.

10. Although a transcript for the February 11, 2025 proceedings before the Court is not yet available, I listened to that proceeding in its entirety. The Court proposed potentially delaying a confirmation hearing in this proceeding until September of this year if CNA needed more time for confirmation discovery. At the same hearing, CNA argued it was entitled to extensive confirmation discovery.

11. I represent a total of 32 sexual abuse claimants in this proceeding. During the years it has been pending, five of them—approximately 15 percent—have died without ever seeing their sexual abuse claims heard by a jury, a single responsible entity held accountable, or a single penny in compensation for the horrors through which they lived. Other claimants represented by me have reported serious, terminal health conditions.

12. Attached as **Exhibit 1** hereto is a true and correct copy of a chart published by CHILD USA, a non-profit advocate for sexual abuse statutes of limitation reform, titled "Nine New SOL Windows or Revival Laws in 2019."

13. Attached as **Exhibit 2** hereto is a true and correct copy of excerpts from the Archdiocese of New York and Associated Policyholders' Memorandum of Law in Support of Their Motion for an Order That This Action Shall Proceed in Three

Phases, filed in *The Archdiocese of New York, et al., v. Century Indemnity Company, et al.,* Supreme Court of New York, Country of New York No. 652825/2023, on January 28, 2025.

14. Attached as **Exhibit 3** hereto is a true and correct copy of excerpts from the January 29, 2025 transcript of proceedings regarding various motions for relief from stay in *In re The Roman Catholic Diocese of Albany, New York*, No. 23-10244-1 (Bankr. N.D.N.Y.).

15. Attached as **Exhibit 4** hereto is a true and correct copy of excerpts from the September 30, 2020 Transcript of Proceedings ruling on stay relief in *In re The Roman Catholic Church of the Archdiocese of New Orleans*, No. 20-10846 (Bankr. E.D. La.).

16. Attached as **Exhibit 5** hereto is a true and correct copy of excerpts from the January 21, 2025 Transcript of Proceedings ruling on stay relief in *In re The Roman Catholic Bishop of Oakland*, No. 23-40523-WJL (Bankr. N.D. Cal.).

17. Attached as **Exhibit 6** hereto is a true and correct copy of correspondence from CNA to counsel for the Marsh/PCVA Claimants regarding its coverage position for Mr. Gooden's sexual abuse claim, dated September 2, 2020.

18. Attached as **Exhibit 7** hereto is a true and correct copy of correspondence from CNA to counsel for the Marsh/PCVA Claimants regarding its coverage position for Mr. Labrador's sexual abuse claim, dated August 27, 2020, 2020.

19. Attached as **Exhibit 8** hereto is a true and correct copy of correspondence from counsel for the Marsh/PCVA Claimants to counsel for the Debtor and CNA

5
Case 2-19-20905-PRW, Doc 2952, Filed 02/18/25, Entered 02/18/25 18:26:50, Description: Main Document , Page 5 of 7

renewing their earlier, reasonable offer to settle Mr. Gooden's sexual abuse claim within CNA's policy limits, dated November 19, 2024.

20. Attached as **Exhibit 9** hereto is a true and correct copy of correspondence from counsel for the Marsh/PCVA Claimants to counsel for the Debtor and CNA renewing their earlier, reasonable offer to settle Mr. Labrador's sexual abuse claim within CNA's policy limits, dated November 19, 2024.

21. Attached as **Exhibit 10** hereto is a true and correct copy of correspondence from counsel for the Debtor (copying counsel for CNA) to counsel for the Marsh/PCVA Claimants asserting that their settlement offer was "void" because it violated the automatic stay, dated December 17, 2024.

22. Attached as **Exhibit 11** hereto is a true and correct copy of an article published on Law360 entitled "For these Victims, Death Came Before Bankruptcy Resolution," dated correspondence from counsel for the Debtor (copying counsel for CNA) to counsel for the Marsh/PCVA Claimants asserting that their settlement offer was "void" because it violated the automatic stay, dated December 17, 2024.

23. Attached as **Exhibit 12** hereto is a true and correct copy of Mr. Gooden's Complaint filed in *Gooden v. St. Michael Church and School and Sisters of Mercy of the Americas New York, Pennsylvania, Pacific West Community*, Supreme Court of New York, Wayne County No. CV085933, on July 21, 2020.

24. Attached as **Exhibit 13** hereto is a true and correct copy of Mr. Labrador's Complaint filed in *Labrador v. St. Michael's Church (d/b/a St. Frances Xavier Cabrini Parish) and St. Stanislaus Bishop and Martyr Parish (d/b/a SS. Isidore and*

*Maria Torribia Parish*, Supreme Court of New York, Monroe County No. E2020004969, on July 21, 2020.

25. Attached as **Exhibit 14** hereto is a true and correct copy of an a press release published on CNA's website titled "CNA Announces Fourth Quarter 2024 Results," dated February 10, 2025.

26. Attached as **Exhibit 15** hereto is a true and correct copy of excerpts from the September 20, 2023 Transcript of Proceedings ruling on stay relief in *In re The Roman Catholic Diocese of Syracuse, New York*, No. 20-30663 (Bankr. N.D.N.Y.).

27. Attached as **Exhibit 16** hereto is a true and correct copy of excerpts from the February 12, 2025 Transcript of Proceedings regarding multiple motions for relief from stay filed in ruling on stay relief in *In re The Roman Catholic Diocese of Albany, New York*, No. 23-10244-2 (Bankr. N.D.N.Y.).

28. Attached as **Exhibit 17** hereto is a true and correct copy of excerpts from the January 29, 2025 Transcript of Proceedings regarding multiple motions for relief from stay filed in ruling on stay relief in *In re The Roman Catholic Diocese of Albany, New York*, No. 23-10244-2 (Bankr. N.D.N.Y.).

Dated: February 18, 2025
Seattle, Washington

                                      Respectfully submitted,

                                      PFAU COCHRAN VERTETIS AMALA, PLLC

                                      By    */s/ Jason P. Amala*
                                              Jason P. Amala
                                              Attorney for Claimants Mark Gooden and Miguel Labrador