UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | Chapter 11 |
| THE DIOCESE OF ROCHESTER, | Case No. 19-20905 |
| Debtor. | |

**DECLARATION OF KAREN B. DINE IN SUPPORT OF MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER (I) QUASHING SUBPOENAS ISSUED BY CONTINENTAL INSURANCE TO JEFF ANDERSON AND JEFF ANDERSON & ASSOCIATES, OR, IN THE ALTERNATIVE (II) FOR A PROTECTIVE ORDER**

**DECLARATION OF KAREN B. DINE, ESQ.**

Pursuant to 28 U.S.C. § 1746, I, Karen B. Dine, hereby submit this declaration (the "**Declaration**") under penalty of perjury:

1. I am of counsel at the law firm of Pachulski Stang Ziehl & Jones LLP ("**PSZJ**") with an office at 1700 Broadway, New York, NY 10019. I am duly admitted to practice law in the United States District Courts for the Northern, Southern and Eastern Districts of New York.

2. I submit this Declaration in support of the *Motion of the Official Committee of Unsecured Creditors for Entry of an Order (I) Quashing Subpoenas Issued By Continental Insurance to Jeff Anderson and Jeff Anderson & Associates, or, in the Alternative (II) for a Protective Order* filed concurrently herewith (the "**Motion**").[1]

---

[1] Capitalized terms used and not otherwise defined herein have the meaning ascribed thereto in the Motion.

4903-6732-4482.1 18489.002                    1

3. Counsel for the Committee has met and conferred with Counsel for Continental in a good faith effort to resolve by agreement the issues raised by the Motion and counsel have been unable to reach an agreement.

4. Attached hereto at **Exhibit A** is a true and correct copy of the deposition subpoena issued by Continental to Jeff Anderson of Jeff Anderson and Associates dated April 25, 2025.

5. Attached hereto at **Exhibit B** is a true and correct copy of the deposition subpoena issued by Continental to Jeff Anderson and Associates dated April 25, 2025.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. I executed this Declaration on May 14, 2025 at New York, New York.

                                                */s/ Karen B. Dine*
                                                Karen B. Dine, Esq.

4903-6732-4482.1 18489.002                                                    2

Case 2-19-20905-PRW, Doc 3107, Filed 05/14/25, Entered 05/14/25 10:53:22, Description: Main Document , Page 2 of 13

# EXHIBIT A

4903-6732-4482.1 18489.002

# UNITED STATES BANKRUPTCY COURT

_____Western_____ District of _____New York_____

In re  The Diocese of Rochester,_____
               Debtor

Case No. 19-20905_____

*(Complete if issued in an adversary proceeding)*

Chapter 11_____

_____
               Plaintiff
                v.

Adv. Proc. No. _____

_____
               Defendant

**SUBPOENA TO TESTIFY AT A DEPOSITION
IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:  Jeff Anderson of Jeff Anderson & Associates PA, 363 7th Avenue, 12th Floor, New York, NY 10001
*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The deposition will be recorded by this method:

[ ] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  April 25, 2025___

        CLERK OF COURT

                                      OR

   _____       _____
   *Signature of Clerk or Deputy Clerk*            *Attorney's signature*
                                                  Jeffrey A. Dove, Barclay Damon LLP
                                                  Barclay Damon Tower, 125 E. Jefferson St., Syracuse, NY 13202;
                                                  (315) 413-7112; jdove@barclaydamon.com

The name, address, email address, and telephone number of the attorney representing *(name of party)* Continental Insurance Company_____ , who issues or requests this subpoena, are: Mark D. Plevin and Miranda H. Turner of Plevin & Turner LLP, 580 California St., Ste 1200, San Francisco, CA 94104; (202) 580-6640; mplevin@plevinturner.com and mturner@plevinturner.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT B

4903-6732-4482.1 18489.002

# UNITED STATES BANKRUPTCY COURT

_____ Western _____ District of _____ New York _____

In re The Diocese of Rochester,_____
        Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 19-20905

Chapter 11

_____
        Plaintiff
        v.

Adv. Proc. No. _____

_____
        Defendant

**SUBPOENA TO TESTIFY AT A DEPOSITION
IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Jeff Anderson & Associates PA, 363 7th Avenue, 12th Floor, New York, NY 10001

*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The deposition will be recorded by this method:

[ ] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 25, 2025

        CLERK OF COURT

                       OR

_____        _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*
                                              Jeffrey A. Dove, Barclay Damon LLP
                                              Barclay Damon Tower, 125 E. Jefferson St., Syracuse, NY 13202;
                                              (315) 413-7112; jdove@barclaydamon.com

The name, address, email address, and telephone number of the attorney representing *(name of party)* Continental Insurance Company_____ , who issues or requests this subpoena, are: Mark D. Plevin and Miranda H. Turner of Plevin & Turner LLP, 580 California St., Ste 1200, San Francisco, CA 94104; (202) 580-6640; mplevin@plevinturner.com and mturner@plevinturner.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A
# TO
# DEPOSITION SUBPOENA TO JEFF ANDERSON & ASSOCIATES

## INSTRUCTIONS AND DEFINITIONS

1. "Affiliates" has the meaning ascribed to it in the Loan and Security Agreement.

2. The terms "All" and "any" shall each be construed as encompassing any and all. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation" and "including but not limited to." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

3. "Borrowings" has the meaning ascribed to it in the Loan and Security Agreement.

4. "Committee" means the Official Committee of Unsecured Creditors in this Chapter 11 Case and includes, without limitation, the Committee's lawyers, other professionals, and members of the Committee.

5. "Communication" means any writing or any oral conversation of any kind or character, including, without limitation, e-mails, instant messages, text messages, voicemail or messages, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex communications or transmittals of documents, and all documents concerning such writing or such oral conversation.

6. "Debtor" means The Diocese of Rochester, including any and all of Debtor's respective agents, advisors, employees, priests, representatives, attorneys, successors-in-interest, investigators, and all other persons acting on Debtor's behalf or under Debtor's control.

7. "Document(s)" means, without limitation, the original and all copies, prior drafts, and translations of information in any written, typed, printed, recorded or graphic form, however

produced or reproduced, of any type or description, regardless of origin or location, including without limitation all Electronically Stored Information, correspondence, records, tables, charts, analyses, graphs, schedules, reports, memos, notes, lists, calendar and diary entries, letters (sent or received), telegrams, messages (including, but not limited to, reports of telephone conversations and conferences), studies, books, periodicals, magazines, booklets, circulars, bulletins, instructions, papers, files, minutes, other communications (including, but not limited to, inter- and intra-office communications), questionnaires, contracts, agreements, assignments, licenses, ledgers, books of account, orders, invoices, statements, bills, checks, vouchers, notebooks, receipts, acknowledgments, microfilm or microfiche, photographs, motion pictures, video tapes, photographic negatives, phonograph records, tape recordings, wire recordings, voice mail recordings or messages, other mechanical records, transcripts or logs of any such recordings, and all other data compilations from which information can be obtained.

8. "Lender" has the meaning ascribed to it in the Loan and Security Agreement. "Lender" includes any assignees or Affiliates of Lender in connection with the Loan and Security Agreement.

9. "Litigation Funding Agreement" means any agreement pursuant to which You have (a) received a loan, financing, capital advance, or other monetary contribution from a third party that is collateralized by a security interest in Your fees for a particular claim or group of claims or (b) granted a security interest of any kind to such third party, in the case of both (a) and (b) Relating in any way to any abuse-related claim You have pursued or are pursuing on behalf of a client or clients against Debtor or Debtor's affiliates.

10. "Loan and Security Agreement" means the Loan and Security Agreement dated as of November 30, 2020, including any amendments thereto, previously produced by You to Continental and bearing Bates Nos. DOR_JAA000001 through DOR_JAA0000066.

11. "Loan Documents" has the meaning ascribed to it in the Loan and Security Agreement.

12. "Net Proceeds" has the meaning ascribed to it in the Loan and Security Agreement.

13. "Obligations" has the meaning ascribed to it in the Loan and Security Agreement.

14. "Referral Firm" has the meaning ascribed to it in the Loan and Security Agreement.

15. "Relating to" means consisting of, reflecting, referring to, regarding, concerning, involving, evidencing, constituting, or having any legal, logical, evidential, or factual connection with, whether to support or rebut, the subject matter designated in any paragraph of this request.

16. "Repayment Balance Amount" has the meaning ascribed to it in the Loan and Security Agreement.

17. "State Court Counsel" means individual attorneys representing one or more Class 4 claimants in this bankruptcy case.

18. "You" or "Your" means Anderson and all of its partners, associates, employees, contractors, interns, agents, and volunteers.

### TOPICS FOR EXAMINATION

1. The Loan and Security Agreement and Loan Documents.

2. Any other Litigation Funding Agreement You entered subsequent to the Loan and Security Agreement, including any counterparties to such other Litigation Funding Agreement.

3. All Borrowings under the Loan and Security Agreement and any other Litigation Funding Agreement You entered.

4. Your Communications with the Lender.

5. All information You provided to Lender pursuant to §§ 6.01(i) or 7.02 of the Loan and Security Agreement or otherwise.

6. Your Communications with the Debtor or Committee Relating to the Loan and Security Agreement and any other Litigation Funding Agreement You entered.

7. Kensal Green LLC and Kensal Green II LLC.

8. Your Obligations under the Loan and Security Agreement and any other Litigation Funding Agreement You entered and the Repayment Balance Amount.

9. Net Proceeds actually received by You to date.

10. Referral Firms.

11. Whether You disclosed the fact of the Loan and Security Agreement and any other Litigation Funding Agreements to Your clients.

Dated:  April 25, 2025

By: ___/s/ Jeffrey A. Dove___
Jeffrey A. Dove
BARCLAY DAMON LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, NY 13202
Telephone: (315) 413-7112
Facsimile: (315) 703-7346
jdove@barclaydamon.com

Mark D. Plevin (admitted *pro hac vice*)
PLEVIN & TURNER LLP
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone:  (202) 580-6640
mplevin@plevinturner.com

David Christian
DAVID CHRISTIAN ATTORNEYS LLC
105 West Madison Street, Suite 2300

Chicago, IL 60602
Telephone: (312) 282-5282
dchristian@dca.law

Miranda H. Turner
PLEVIN & TURNER LLP
1701 Pennsylvania Ave., N.W., Suite 200
Washington, DC 20006
Telephone: (202) 580-6640
mturner@plevinturner.com

*Attorneys for The Continental Insurance Company, successor by merger to Commercial Insurance Company of Newark, New Jersey and Firemen's Insurance Company of Newark, New Jersey*