UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NEW YORK

In re:

THE DIOCESE OF ROCHESTER,

    Debtor.

**Chapter 11**

**Case No. 19-20905**

**DECLARATION OF CHRISTOPHER C. LOEBER**

CHRISTOPHER C. LOEBER declares as follows under penalty of perjury:

1. I am a partner with the law firm of Pryor Cashman LLP, counsel for non-parties Jeff Anderson & Associates, P.A. ("JAA") and Jeff Anderson in the above-captioned proceeding. I respectfully submit this Declaration in support of the motion of the Official Committee of Unsecured Creditors of the Diocese of Rochester (the "Committee") for entry of an order (i) pursuant to Federal Rule of Civil Procedure 45(d) to quash the Deposition Subpoenas issued by Continental Insurance Company ("CNA") to JAA and Mr. Anderson, or in the alternative (ii) for a protective order pursuant to Federal Rule of Civil Procedure 26(c); as well as in support of JAA's request to extend any relief granted pursuant to the Committee's motion to quash to CNA's February 12, 2024 document subpoena served on JAA (the "Document Subpoena").

### A. The Court Granted CNA's Request For JAA's Litigation Financing Information Related To This Bankruptcy Case

2. On May 23, 2023, this Court granted CNA's motion under Bankruptcy Rule 2019 seeking the disclosure of financial and client information for all law firms representing multiple creditors. Annexed hereto as **Exhibit A** is a true and correct copy of the Order Granting Motion By Continental Under Bankruptcy Rule 2019, Doc. No. 2142.

3. On December 19, 2023, this Court expanded on its prior order by ordering JAA to "produce to Continental all information about fee-sharing, co-counsel, retainer, referral, or other financial arrangements relating to its representation of sexual abuse claimants in this bankruptcy

case, including a complete and unredacted copy of the 57 pages of litigation financing information previously produced by Anderson in redacted form." Annexed hereto as **Exhibit B** is a true and correct copy of the Order Granting Continental's Motion To Compel Production Of Unredacted Litigation Financing Information From Jeff Anderson & Associates, Dkt. No. 2399.

### B. JAA Produced The Litigation Financing Information Related To This Bankruptcy Case

4. On February 12, 2024, CNA served the Document Subpoena on JAA seeking information regarding loan agreements and client retention agreements related to the Court's orders. Annexed hereto as **Exhibit C** is a true and correct copy of the Document Subpoena.

5. On March 18, 2024, JAA served Responses & Objections to the Document Subpoena, although JAA ultimately agreed to produce documents in response to the Document Subpoena through its service date in order to avoid a protracted discovery dispute. Annexed hereto as **Exhibit D** is a true and correct copy of Non-Party Jeff Anderson & Associates, P.A.'s Responses & Objections To Subpoena by The Continental Insurance Company, dated March 18, 2024.

6. From April 12, 2024 through May 3, 2024, JAA produced several hundred documents responsive to the Document Subpoena.

7. On May 3, 2024, my firm represented on behalf of JAA that it had completed its document productions, and CNA's counsel raised no concerns with those productions and provided no indication that it would seek further documents.

8. In June 2024, CNA's counsel informed me that they intended to seek Mr. Anderson's deposition in his personal capacity later that summer.

9. My firm provided a few possible dates of availability for a potential deposition of Mr. Anderson himself, although CNA never served a subpoena for, and we never formally agreed

to move forward with, that deposition. Moreover, at no point did CNA ever convey to me or anyone else at my firm any intent to depose JAA or any other individual employed thereby.

10. After the preliminary communications in July of 2024, CNA's counsel never followed up with me about Mr. Anderson's deposition. In fact, I heard nothing at all from CNA's counsel until mid-March of this year.

### C. CNA Sought And Was Denied Litigation Financing Information In The Diocese Of Buffalo Proceeding

11. On information and belief, CNA and JAA are repeat players in proceedings across the country. CNA has insured many of the defendants in actions that JAA has brought on behalf of sexual abuse survivors and/or other claimants and plaintiffs.

12. In October 2024, CNA moved to compel several law firms, including JAA, to file Rule 2019 disclosures in the proceeding, *The Diocese of Buffalo*. Case No. 1-20-10322-CLB. Annexed hereto as **Exhibit E** is a true and correct copy of Continental's Motion To Compel Claimants' Attorneys To Make Mandatory Rule 2019 Disclosures, Doc. No. 3203.

13. On November 22, 2024, the court in *The Diocese of Buffalo* proceeding denied the motion because the obligations under Rule 2019 had not yet matured. Case No. 1-20-10322-CLB. Annexed hereto as **Exhibit F** is a true and correct copy of the Decision & Order, Doc. No. 3345.

14. Similar issues and outcomes were echoed in two other cases involving abuse survivor claimants. Around the same time, an insurer also requested disclosures concerning JAA's internal financials in *The Roman Catholic Diocese of Syracuse* proceeding. Case No. 20-30663. Annexed hereto as **Exhibit G** is a true and correct copy of the Transcript of the November 7, 2024 Hearing in that proceeding.

15. The Bankruptcy Court for the Northern District of New York denied the motion to compel in *The Roman Catholic Diocese of Syracuse* proceeding. Annexed hereto as **Exhibit H** is

a true and correct copy of the Decision And Order On Motion To Compel Attorneys Representing The Tort Claimants To Submit Disclosures Required By F.R.B.P. 2019, *The Roman Catholic Diocese of Syracuse*, Case No. 20-30663, Doc. No. 2300 (Bankr. N.D.N.Y. November 7, 2024).

16. On February 8, 2024, the United States Bankruptcy Court for the Southern District of New York denied a request to include references to other proceedings involving abuse survivor claimants in the plan of reorganization. Annexed hereto as **Exhibit I** is a true and correct copy of the Transcript of the February 8, 2024 Hearing, *The Roman Catholic Diocese of Rockville Centre, New York*, Case No. 20-12345.

### D. CNA Now Seeks To Obtain Information Relevant To Settlement Strategy And Other Cases Through Its Subpoena In This Case

17. On March 10, 2025, CNA's counsel informed my firm of CNA's demand for additional documents responsive to the Document Subpoena, asserting that the Document Subpoena was "continuing in nature" and JAA's additional loan agreements should be produced.

18. In addition, CNA's counsel requested in March 2025 to depose Mr. Anderson in his personal capacity. Contemporaneously, CNA indicated – for the first time – an interest in deposing a representative of JAA.

19. On May 5, 2025, CNA served a deposition subpoena on JAA. Annexed hereto as **Exhibit J** is a true and correct copy of the subpoena for JAA's testimony.

20. On May 5, 2025, CNA also served a deposition subpoena on Mr. Anderson. Annexed hereto as **Exhibit K** is a true and correct copy of the subpoena for Mr. Anderson's testimony.

21. In April 2025, JAA produced as many additional documents responsive to the Document Subpoena as it could without disclosing highly sensitive material. This supplemental production included additional loan agreements, drafts of loan agreements, written correspondence

concerning due diligence for those loans, and documents sufficient to show that JAA was continuing to meet with its lender to provide updates.

22. While making every effort to cooperate, JAA essentially either redacted or withheld from its April 2025 production certain exhibits to the litigation funding agreements with confidential information or communications with JAA's lenders with updates and related information about JAA's cases, settlement prospects, and firm financials.

23. My firm informed CNA's counsel that this information was being withheld because it was highly sensitive and beyond the legitimate needs of this proceeding.

24. The redacted and withheld materials are particularly sensitive because JAA has a single loan for all of its matters that requires it to provide its lender with regular updates on JAA's financial position, and updates on its clients' positions, including timing and settlement updates, for each of its proceedings. JAA's updates to its lender are not broken out by matter; instead those updates generally address settlement, timing, and funds flows across all of JAA's matters.

25. CNA has sought communications made over the past year, including the most recent updates provided to JAA's lender, just prior to the confirmation of the Plan in this proceeding.

26. JAA has informed CNA that it will not produce the highly sensitive materials given the prejudice to JAA of producing those materials relative to their minimal relevance to this proceeding. In addition, as indicated in the Committee's declaration in support of its motion, the Committee's counsel met and conferred with CNA's counsel prior to filing the motion to quash.

Executed: New York, New York
May 14, 2025

Christopher C. Loeber