# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NEW YORK

In re:

DIOCESE OF ROCHESTER,

Debtors.

Chapter 11

Case No. 19-20905

## [PROPOSED] ORDER GRANTING MOTION BY CONTINENTAL UNDER BANKRUPTCY RULE 2019

The Court has considered both (i) the motion filed by the Continental Insurance Company seeking, among other things, to compel compliance with Bankruptcy Rule 2019 by the attorneys representing sexual abuse claimants in this bankruptcy case (the "Motion," Dkt. No. 1960) and (ii) the supplement thereto filed by Continental on March 30, 2023 (the "Supplement"). Good cause having been established, IT IS HEREBY ORDERED as follows:

1. The Motion, as supplemented by the Supplement, is GRANTED as set forth herein.

2. All lawyers and/or law firms representing multiple creditors, including those holding sexual abuse claims against the Debtor, shall, within ten business days after the entry of this Order, fully comply with the requirements of Rule 2019 and electronically file on the docket the following information:

   a. a verified statement listing all of the counsel's clients by claim number, provided that personally identifying information of a claimant asserting a sexual abuse claim shall not be disclosed without their consent;

   b. the engagement letters between the lawyer and clients;

c. a certification by all lawyers who signed proofs of claim on behalf of clients that such lawyers are authorized to do so, and attaching bankruptcy-specific powers of attorney or other instruments providing the authorization;

d. disclosure of the fee arrangements between the lawyer and clients and any other pertinent facts or circumstances regarding "the nature and amount of each disclosable economic interest held" by each law firm in relation to the debtor;

e. information about fee-sharing, co-counsel, retainer, referral, or other financial arrangements (including but not limited to litigation financing[1]) with third parties providing in any way for the payment of the fees or costs of the lawyers and law firms described in the first two lines of this paragraph 2;[2] and

f. for each claimant, a copy of the instrument authorizing the law firm to act on behalf of the claimant.

3. A lawyer or law firm shall be deemed to have complied with Rule 2019 and this Order if they attach, to their verified statement required by paragraph 2(a) above, exemplars of engagement letters and if such exemplars provide, for each claimant, the information required by paragraphs 2(b)-(f) above, so long as the lawyer or law firm also provides the claim number and initials of each claimant who agreed to a particular exemplar engagement letter. If an exemplar letter provides some but not all of the information required

---

[1] For purposes of this Order, "litigation financing" means a loan by a bank, other entity, or a person to a lawyer or a law firm that is collateralized by a security interest in the lawyer's or law firm's fees for a particular claim or group of claims.

[2] All documents relating to litigation financing agreements shall not be placed on the electronic docket but, instead, shall be produced confidentially to (a) the Court for *in camera* review and (b) the United States Trustee, pursuant to 11 U.S.C. § 107(c)(3). The Rule 2019 statement shall disclose whether any such documents have been submitted to the Court for *in camera* review. Continental Insurance Company and any other party-in-interest in this case, as defined by 11 U.S.C. § 1109, and including any person who has asserted an Abuse Claim against Debtor, shall promptly be provided access to such documents after executing an Acknowledgement of Confidentiality Protocols and Agreement to Be Bound in form and substance similar to that as annexed to this Order as Exhibit A. Each such signatory shall be deemed to submit to the jurisdiction and venue of this Court for any dispute pertaining to the interpretation or enforcement of this Order, and to the jurisdiction and venue of this Court and the U.S. District Court for the Western District of New York for any dispute pertaining to the interpretation or enforcement of the confidentiality protocols.

by paragraphs 2(b)-(f) above, the information not set forth in the exemplar letter shall be attached to the verified statement required by paragraph 2(a) above.

4. CNA's rights to seek additional information beyond that set forth in paragraphs 2 and 3 above, including but not limited to actual, signed engagement letters, are preserved.

5. Any entity filing a verified statement in accordance with this Order shall amend or supplement such statement, as necessary, every 60 days, disclosing any material changes of fact occurring since the filing of the lawyer's or law firm's most recent amended or supplemental filing.

6. If the Court finds, *sua sponte* or at the request of any party in interest in this bankruptcy case, that a lawyer or law firm has failed to comply with the requirements of Bankruptcy Rule 2019 and this Order, the Court may, in accordance with Bankruptcy Rule 2019(e): (a) refuse to permit the entity, group, or committee to be heard or to intervene in the case; (b) hold invalid any authority, acceptance, rejection, or objection given, procured, or received by the entity, group, or committee; or (c) grant other appropriate relief.

7. The Court retains jurisdiction with respect to such matters and with respect to the interpretation and enforcement of this Order. Continental may make further application to the Court to ensure compliance with this Order.

Dated: May 23, 2023
Rochester, New York

Paul R. Warren
United States Bankruptcy Judge

- 3 -

Case 2-19-20905-PRW, Doc 2141, Filed 05/23/23, Entered 05/23/23 11:18:49, Description: Main Document, Page 6 of 45
Case 2-19-20905-PRW, Doc 2114-1, Filed 05/24/23, Entered 05/24/23 14:25:03, Description: Main Exhibit A, Page 4 of 14

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

The Diocese of Rochester,

Debtor.

Case No. 19-20905

Chapter 11

## ACKNOWLEDGEMENT OF CONFIDENTIALITY PROTOCOLS AND AGREEMENT TO BE BOUND REGARDING RULE 2019 DISCLOSURES

This Acknowledgement of Confidentiality Protocols and Agreement to Be Bound Regarding Rule 2019 Disclosures (the "Agreement") is entered into as of [DATE] in the Chapter 11 Case captioned *In re: THE DIOCESE OF ROCHESTER*, Case No. 19-20905 (the "Case"), which is pending in the United States Bankruptcy Court for the Western District of New York, Rochester Division (the "Court"), by and among: (a) Jeff Anderson & Associates, PA and Steve Boyd, PC, representing individual sexual abuse survivor/claimants ("Counsel"); (b) Continental Insurance Company ("CNA"); and (c) any other party-in-interest in the above-captioned case who becomes bound by this Agreement by signifying their assent through execution of the Joinder to Acknowledgement of Confidentiality Protocols and Agreement to Be Bound Regarding Rule 2019 Disclosures attached as Exhibit 1 hereto (the "Acknowledgement").[3] Each of the persons or entities identified in the foregoing shall be referred to herein individually as a "Party" and, collectively, as the "Parties."

---

[3] For purposes of this Acknowledgement, the term "party-in-interest" includes all parties included within §1109(b) of the Bankruptcy Code, including, without limitation, CNA, any other insurer of the Debtor, and any abuse claimant asserting a claim against Debtor.

- 4 -

Case 2-19-20905-PRW, Doc 2141, Filed 05/23/23, Entered 05/23/23 11:18:49, Description: Main Document, Page 7 of 45
Case 2-19-20905-PRW, Doc 2114, Filed 05/23/23, Entered 05/23/23 12:50:43, Description: Main Exhibit A, Page 6 of 14

## Recitals

**WHEREAS**, CNA brought a motion in the Case to compel compliance with Rule 2019 by the attorneys representing sexual abuse claimants (the "Motion") [Dkt. No. 1960],

**WHEREAS**, the Court granted the Motion by Order dated [DATE] [Dkt. No. ___] (the "2019 Order") requiring disclosure of certain information under Bankruptcy Rule 2019, including information regarding financial arrangements "including but not limited to litigation financing) with third parties providing in any way for the payment of fees or costs of the lawyers and law firms . . ." (the "Litigation Financing Information"),

**WHEREAS**, Counsel asserts that the Litigation Financing Information referenced in the 2019 Order are proprietary and confidential and should be protected from disclosure under 11 U.S.C. § 107(c);

**WHEREAS**, Counsel will produce the Litigation Financing Information to CNA and parties-in-interest in the Case (each separately, a "Receiving Party"), provided that such documents and the information contained therein are subject to the protections afforded by the terms of this Agreement;

**NOW, THEREFORE**, in consideration of the premises, conditions, and mutual promises contained herein, the Parties agree as follows:

1. Counsel may designate the Litigation Financing Information produced under the 2019 Order as "Confidential" (hereinafter referred to as the "Confidential Information") to protect such information from public disclosure in accordance with the provisions contained in this Agreement.

2. Where reasonably practicable, the Confidential Information shall be designated by Counsel by marking each such page "Confidential." Where marking every page of such

- 5 -

material is not reasonably practicable, Counsel may designate material as "Confidential" by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production of such material that such material is "Confidential", such as by including such designation in the filename and/or correspondence.

3. The Confidential Information shall only be produced to CNA under this Agreement, and to any other Receiving Party who executes and delivers to Counsel a signed counterpart of this Agreement in the form attached hereto as Exhibit 1. Any members, partners, associates, counsel, paraprofessionals and employees of each law firm of a Receiving Party shall not be required to individually sign this Agreement, and a signature from one attorney from each such law firm shall be sufficient to bind the law firm (including its partners, associates, counsel, paraprofessionals and employees) and its client(s) to this Agreement.

4. The Confidential Information shall be used by a Receiving Party solely in connection with the above-captioned case and not for any other purpose, including that such Confidential Information shall not be used in any other case, proceeding, matter, controversy, lawsuit or other legal action, whether currently ongoing or not yet commenced.

5. The Receiving Party agrees that the Confidential Information shall at all times be kept confidential in accordance with this Agreement and, except with the specific written consent of Counsel, or as expressly otherwise permitted by the terms of this Agreement, or as may be ordered by the Court, shall not be disclosed by any Receiving Party to any other person.

6. The Receiving Party (a) shall undertake reasonably necessary precautions to safeguard and protect the confidentiality of the Confidential Information and (b) agrees to give Counsel prompt written notice of any use or disclosure of the Confidential Information by someone other than the Receiving Party or for a use not permitted or contemplated hereunder

- 6 -

Case 2-19-20905-PRW, Doc 2141, Filed 05/23/23, Entered 05/23/23 11:18:49, Description: Main Document , Page 9 of 45
Case 2-19-20905-PRW, Doc 2114-1, Filed 05/23/23, Entered 05/23/23 12:53:03, Description: Main Exhibit A, Page 8 of 14

and assist Counsel in remedying such use or disclosure.

7. In the event that applicable law, regulation, or legal or judicial process requires disclosure of any Confidential Information by a Receiving Party, such Receiving Party will provide Counsel with prompt written notice of such requirement(s) so that the Counsel may seek a protective order or other appropriate remedy. In the event that such protective order or other remedy cannot be obtained, the Receiving Party (a) may furnish that portion of the Confidential Information which the Recipient is legally required to disclose and (b) will use reasonable efforts to have confidential treatment given to any Confidential Information so furnished.

8. This Agreement shall not preclude counsel for a Receiving Party from using, during any deposition in the Case, the Confidential Information under the terms hereof; provided however, that the Receiving Party who intends to use the Confidential Information shall provide notice of its intent to do so no later than two business days prior to any such deposition. Deposition testimony or deposition exhibits containing Confidential Information may be designated as Confidential Information either on the record during the deposition or by written notice to the counsel for the parties participating in the deposition served within three business days after receipt of the deposition transcript. No such deposition transcript or deposition exhibits shall be disclosed to any individual other than the Receiving Party and the deponent during this three business day period, and no individual attending such a deposition shall disclose the contents of the deposition or deposition exhibits to any individual other than the Receiving Party during said three business day period. Upon being informed that certain portions of a deposition transcript have been designated as Confidential Information, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Agreement. Any party that

- 7 -

believes the designation of all or certain portions of a deposition transcript as Confidential Information was improper or inappropriate may file a motion with the Bankruptcy Court seeking entry of an order de-designating the transcript as Confidential or limiting the designation of all or portions of the transcript as Confidential.

9. Nothing herein shall be construed to prohibit, limit or restrict Counsel from objecting to the production, disclosure, or admissibility of any evidence, including without limitation the Confidential Information.

10. In the event of a breach or threatened breach of this Agreement, Counsel may seek any remedy at law or equity. Without limiting the generality of the foregoing, each Receiving Party hereunder acknowledges that Counsel reserve the right to seek injunctive relief, sanctions, and specific performance as remedies for any breach or threatened breach of this Agreement, and Counsel acknowledges that each Receiving Party reserves all rights to oppose any request for such remedies.

11. Except as otherwise ordered by the Court or agreed to by Counsel, all Confidential Information filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Confidential Information, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, and the Local Rules. Before or contemporaneously with filing the Confidential Information with the Court, the filing party must notify Counsel in writing of the filing. Prior to disclosure at trial or a hearing of the Confidential Information, Counsel may seek from the Court further protections against public disclosure. In addition, any Receiving Party may seek from the Court an order that any Confidential Information filed under seal be instead filed on the public docket.

12. Except as otherwise provided by the Bankruptcy Court, within thirty days after

- 8 -

the effective date of any confirmed chapter 11 plan in the Case or dismissal of the Case, the Receiving Party shall return all Confidential Information to Counsel or, at the Receiving Party's option, destroy the Confidential Information and certify such destruction in writing.

13. Any party may apply to the Court for a modification of the Agreement, and nothing in this Agreement shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

14. No action taken in accordance with this Agreement shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

15. This Agreement may be signed in counterparts, which together shall have the same force and effect as a single original signed by all the parties;

16. This Agreement may be modified, or any provision of it waived, only by a separate writing signed by the affected or potentially affected parties that expressly so modifies or waives the Agreement or one or more of its provisions;

17. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect to the fullest extent permitted by law. In the case of any such invalidity or unenforceability, the parties hereto will attempt in good faith to substitute a suitable and equitable provision in order to carry out, so far as may be valid and enforceable, the intent and purpose of such invalid or unenforceable provision.

18. This Agreement and any dispute or claim arising out of or in connection with it shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to choice of law provisions. The Parties irrevocably and unconditionally

submit to the exclusive jurisdiction of the Bankruptcy Court (including any appellate court with competent jurisdiction over such court) for any actions, suits, or proceedings arising out of or relating to this Agreement.

19. The obligations imposed by this Agreement shall survive the termination of this Case.

*Signature Page Follows*

- 10 -

Case 2-19-20905-PRW, Doc 2141, Filed 05/23/23, Entered 05/23/23 11:18:49, Description: Main Document , Page 13 of 45
Case 2-19-20905-PRW, Doc 2146, Filed 05/24/23, Entered 05/24/23 14:25:03, Description: Main Exhibit A, Page 12 of 14

Dated: _____  JEFF ANDERSON & ASSOCIATES, P.A.

_____
Jeffrey R. Anderson
Michael G. Finnegan
Elin M. Lindstrom
366 Jackson Street, Suite 100
St. Paul, MN 55101
Telephone: 651-227-9990
jeff@andersonadvocates.com
mike@andersonadvocates.com
elin@andersonadvocates.com

Attorneys for Certain Abuse Survivor Claimants

Dated: _____  STEVE BOYD, PC
Stephen Boyd
2969 Main Street, Suite 100
Buffalo, NY 14214
(716) 400-0000
sboyd@steveboyd.com
Attorney for Certain Abuse Survivor Claimants

Dated: _____  CONTINENTAL INSURANCE COMPANY

_____
Jeffrey A. Dove
BARCLAY DAMON LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 413-7112
Facsimile: (315) 703-7346
jdove@barclaydamon.com

Mark D. Plevin
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California 94111
Telephone: (415) 986-2800
mplevin@crowell.com

- 11 -

David Christian
DAVID CHRISTIAN ATTORNEYS LLC
105 West Madison Street, Suite 1400
Chicago, Illinois 60602
Telephone: (312) 282-5282
dchristian@dca.law

Miranda H. Turner
Rachel A. Jankowski
Thomas Matthew
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500
mturner@crowell.com
rjankowski@crowell.com
tmatthew@crowell.com

*Attorneys for The Continental Insurance Company, successor by merger to Commercial Insurance Company of Newark, New Jersey and Firemen's Insurance Company of Newark, New Jersey*

- 12 -

Case 2-19-20905-PRW, Doc 2141, Filed 05/23/23, Entered 05/23/23 11:18:49, Description: Main Document, Page 15 of 45
Case 2-19-20905-PRW, Doc 2141-1, Filed 05/23/23, Entered 05/23/23 11:18:49, Description: Main Exhibit A, Page 14 of 14

# EXHIBIT 1

## JOINDER TO ACKNOWLEDGEMENT OF CONFIDENTIALITY PROTOCOLS AND AGREEMENT TO BE BOUND REGARDING RULE 2019 DISCLOSURES

The undersigned declares:

I have read and understand the Acknowledgement of Confidentiality Protocols and Agreement to Be Bound Regarding Rule 2019 Disclosures (the "**Agreement**"), which is incorporated herein by this reference. Capitalized terms used but not defined herein shall have the meanings and definitions ascribed to them in the Agreement.

1) I certify that I am an attorney at [FIRM NAME] (the "**Firm**").

2) The Firm represents [PARTY] authorized to receive Confidential Information pursuant to the Agreement, in his/her capacity as a party-in-interest in the above-captioned case.

3) The Firm (including all partners, associates, paraprofessional and employees thereof) agrees to comply with and be bound by the Agreement subject to the same terms as a Receiving Party thereunder.

4) The Firm is aware that sanctions may be entered for the Firm's violation of the Agreement.

5) The Firm agrees to submit to the personal jurisdiction of the United States Bankruptcy Court for the Western District of New York for the enforcement of the Agreement.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated this ____ day of _____, 2023.

                                  _____

                                  Printed Name:_____
                                  Firm:_____
                                  Title or Position:_____
                                  Address:_____
                                  _____
                                  Telephone Number:_____

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0209−2 | User: admin | Date Created: 5/23/2023 |
| Case: 2−19−20905−PRW | Form ID: pdforder | Total: 12 |

**Recipients of Notice of Electronic Filing:**
| | | | |
|---|---|---|---|
| aty | Camille W. Hill | chill@bsk.com |
| aty | Charles J. Sullivan | csullivan@bsk.com |
| aty | Grayson T. Walter | gwalter@bsk.com |
| aty | Ilan D Scharf | ischarf@pszjlaw.com |
| aty | Ingrid S. Palermo | ipalermo@bsk.com |
| aty | Jeffrey Austin Dove | jdove@barclaydamon.com |
| aty | Jeffrey D. Eaton | jeaton@bsk.com |
| aty | Sara C. Temes | stemes@bsk.com |
| aty | Stephen A. Donato | sdonato@bsk.com |

TOTAL: 9

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
| | | | | |
|---|---|---|---|---|
| db | The Diocese of Rochester | 1150 Buffalo Road | Rochester, NY 14624 |
| pr | Lisa M. Passero | The Diocese of Rochester | 1150 Buffalo Road | Rochester, NY 14624 |
| smg | Office of the U.S. Trustee | 100 State Street, Room 6090 | Rochester, NY 14614 |

TOTAL: 3

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NEW YORK

In Re:

The Diocese of Rochester
aka The Roman Catholic Diocese of Rochester

Debtor(s)

Case No.: 2−19−20905−PRW
Chapter: 11

Tax ID: 16−0755765

## NOTICE OF ENTRY

**PLEASE TAKE NOTICE** of the entry of the Order referenced below, duly entered in the within action in the Clerk's Office of the United States Bankruptcy Court, Western District of New York on **May 23, 2023**. The Clerk of Court of the United States Bankruptcy Court, Western District of New York, hereby certifies that a copy of the subject Order was sent to all parties in interest herein as required by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

Docket #2142: Order Granting Motion by Continental Under Bankruptcy Rule 2019 (RE: related doc(s) 1960 Motion to Compel). Signed on 5/23/2023. NOTICE OF ENTRY. (Lawson, L.)

Date: May 23, 2023

Lisa Bertino Beaser
Clerk of Court

Form ntcentry/Doc 2142
www.nywb.uscourts.gov

# Notice Recipients

District/Off: 0209−2　　　User: admin　　　Date Created: 5/23/2023
Case: 2−19−20905−PRW　　Form ID: ntcentry　　Total: 12

**Recipients of Notice of Electronic Filing:**
| | | |
|---|---|---|
| aty | Camille W. Hill | chill@bsk.com |
| aty | Charles J. Sullivan | csullivan@bsk.com |
| aty | Grayson T. Walter | gwalter@bsk.com |
| aty | Ilan D Scharf | ischarf@pszjlaw.com |
| aty | Ingrid S. Palermo | ipalermo@bsk.com |
| aty | Jeffrey Austin Dove | jdove@barclaydamon.com |
| aty | Jeffrey D. Eaton | jeaton@bsk.com |
| aty | Sara C. Temes | stemes@bsk.com |
| aty | Stephen A. Donato | sdonato@bsk.com |

TOTAL: 9

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
| | | | | |
|---|---|---|---|---|
| db | The Diocese of Rochester | 1150 Buffalo Road | Rochester, NY 14624 | |
| pr | Lisa M. Passero | The Diocese of Rochester | 1150 Buffalo Road | Rochester, NY 14624 |
| smg | Office of the U.S. Trustee | 100 State Street, Room 6090 | Rochester, NY 14614 | |

TOTAL: 3