# EXHIBIT C

# UNITED STATES BANKRUPTCY COURT

WESTERN District of NEW YORK

In re The Diocese of Rochester
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Case No. 19-20905

Chapter 11

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Jeff Anderson & Associates, P.A., 366 Jackson Street, Suite 100, Saint Paul, MN 55101
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Barclay Damon LLP, 2000 Five Star Bank Plaza, 100 Chestnut Street, Rochester, NY 14604-2404 | March 18, 2024 at 10:00 a.m. EST |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02 / 12 / 2024

CLERK OF COURT

OR

_____       /s/Jeffrey A. Dove
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*
                                        Jeffrey A. Dove, Esq., Barclay Damon LLP

The name, address, email address, and telephone number of the attorney representing *(name of party)* The Continental Insurance Company , who issues or requests this subpoena, are: Miranda H. Turner, Esq., Crowell & Moring LLP, 1001 Pennsylvania Avenue NW, Washington, DC 20004

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# ATTACHMENT A

## Definitions

1. "Abuse Claimant" has the same meaning as in the First Amended Plan of Reorganization for the Diocese of Rochester proposed by the Debtor in this case.

2. "Communication" means the transmittal of information (in the form of facts, ideas, beliefs, inquiries, documents, or otherwise), including discussions, negotiations, agreements, understandings, meetings, in-person conversations, telephone conversations, records or conversations or messages, telegrams, facsimile transmissions, electronic mail transmission, letters, notes, reports, memos, formal statements, press releases, newspaper stories, or any other form of verbal, written, mechanical, or electronic disclosure.  References to Communications with business entities shall be deemed to include all officers, directors, employees, personnel, agents, attorneys, accountants, consultations, independent contractors, or other representatives of such entities.

3. "Continental" means The Continental Insurance Company.

4. "Debtor" means the Diocese of Rochester, the debtor and debtor-in-possession in Case No. 19-20905 (Bankr. W.D.N.Y.), and each of its attorneys.

5. "Documents" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001 and Federal Rule of Civil Procedure 34(a), inclusively, including all documents and information in your possession, custody, or control, and includes:  all and any written, recorded, or graphic material, however produced or reproduced; minutes; summaries; memos; transcripts; tapes or other voice recordings; and all other documents and tangible things, including booklets, brochures, pamphlets, circulars, notices, periodicals, papers, records, contracts, agreements, photographs, minutes,

memos, messages, appraisals, analyses, reports, files, interoffice memos, or interoffice communications of any description, calculations, invoices, accounting entries, diary entries, calendars, ledgers, correspondence, emails, phone recordings, instant messages, text messages, telegrams, advertisements, press releases, notes, letters, diaries, working papers, schedules, projections, graphs, charts, films, tapes, print-outs, and all other data, whether recorded by electronic or other means, and all drafts thereof. If a Document was prepared in several copies, or if additional copies were later made, and if any such copies are not identical in all respects or are no longer identical because of subsequent notations or modifications of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced.

6. "Employee" means a person tasked to perform work by You or at Your direction, including employees, contractors, interns, agents, and volunteers.

7. "Lender" has the meaning ascribed to it in the Loan and Security Agreement. "Lender" includes any assignees of Lender in connection with the Loan and Security Agreement.

8. "Litigation Funding Agreement" means any agreement pursuant to which You have (a) received a loan, financing, capital advance, or other monetary contribution from a third party that is collateralized by a security interest in Your fees for a particular claim or group of claims or (b) granted a security interest of any kind to such third party, in the case of both (a) and (b) Relating in any way to any abuse-related claim You have pursued or are pursuing on behalf of a client or clients against Debtor or Debtor's affiliates.

9. "Loan and Security Agreement" means the Loan and Security Agreement dated as of November 30, 2020, including any amendments thereto, previously produced by You to Continental and bearing Bates Nos. DOR_JAA000001 through DOR_JAA0000066.

- 2 -
Case 2-19-20905-PRW, Doc 3116-3, Filed 05/14/25, Entered 05/14/25 22:50:13, Description: Exhibit C, Page 4 of 14

10. "Person" means an individual, a firm, a corporation, or other entity, as the context requires.

11. "Relating to" means consisting of, reflecting, referring to, regarding, concerning, involving, evidencing, constituting, or having any legal, logical, evidential, or factual connection with (whether to support or to rebut) the subject matter designated in any paragraph of this request. A request for documents "Relating to" a specified subject matter always shall include notes and memos (whenever prepared) relating to the subject matter of the request.

12. "Requests" means the Requests for Production of Documents set forth below.

13. "You" or "Your" means Jeff Anderson & Associates, P.A., including its divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, and all other Persons acting or purporting to act on its behalf.

## **INSTRUCTIONS**

For the purposes of this subpoena, these Instructions shall apply:

1. The preceding Definitions apply to each of the Requests.

2. The terms used in these Requests are to be given their most expansive and inclusive interpretation unless otherwise expressly limited in a Request. The terms "all," "any," and "each" shall each be construed as encompassing any, all, each, and every. The singular form of a word shall include the plural and vice versa. The terms "and" or "or" shall be both conjunctive and disjunctive. The term "including" means "including without limitation." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

3.	These Requests shall be deemed to be continuing in nature. If you become aware of or acquire additional information relating or referring to any of these Requests, such additional information is to be promptly produced.

4.	For each Request, produce each such Document in its entirety, without abbreviation or expurgation, and all drafts and non-identical copies of each Document, and Identify with specificity the Documents that are responsive to that Request. Any Document that would be non-responsive on its own but that is attached to a Document that is responsive to one or more of the below requests should be produced along with the responsive Document.

5.	Produce Documents either as they are kept in the usual course of business or organized and labeled to correspond to the categories in the Request.

6.	You are required to produce all Documents and all other materials described below in your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, mobile phones, wireless devices, or web-based email systems such as Gmail, Yahoo, etc.

7.	You must produce all Documents in your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.

8.	Documents not otherwise responsive to these Requests should be produced: (a) if such Documents mention, discuss, refer to, explain, or concern one or more Documents called for by these Requests; (b) if such Documents are attached to, enclosed with, or accompany

Documents called for by these Requests; or (c) if such Documents constitute routing slips, transmittal memos or letters, comments, evaluations, or similar materials.

9. Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents referenced in, attached to, included with, or part of the requested Documents.

10. If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, mediation privilege, or any other claimed privilege or exemption from production, then in answer to such Request or part thereof, for each such Document, you must:

   a. Identify the type, title, and subject matter of the Document;

   b. State the place, date, and manner of preparation of the Document;

   c. Identify all authors, addressees, and recipients of the Document, including information about such persons to assess the privilege asserted; and

   d. Identify the legal privilege(s) and the factual basis for the claim.

11. Documents should not contain redactions unless they are made to protect information subject to the attorney-client privilege, work-product doctrine, or mediation privilege. If any Documents are produced with redactions, a log setting forth the information requested in Instruction 8 above must be provided.

12. If a Document sought below was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of. In each instance, identify the Document, state when it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person with knowledge of the

circumstances of the disposition, and identify each person with possession, custody, or control of the Document. Documents prepared prior to, but which relate or refer to, the period covered by these Requests are to be identified and produced.

13. If any part of the Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have about the portion to which you do not respond.

14. If You object to any of these Requests, state in writing with specificity the grounds of Your objection(s). Any ground not stated shall be waived. If you object to a particular portion of any Request, you shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

15. If the identity of Documents responding to a Request is not known, then that lack of knowledge must be specifically indicated in the response. If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

## **MANNER OF PRODUCTION**

1. All Documents produced in response to this Subpoena shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files and accompanied by true and correct copies or representations of unaltered attendant metadata. When Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical

Character Recognition ("OCR") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2. Database Load Files and Production Media Structure: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

3. Electronic Documents and Data, Generally: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian, or Document source information, and searchable text to allow Continental, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4. Emails and Attachments, and Other Email Account-Related Documents: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including, but not limited to, Microsoft Exchange, Lotus Notes, or Novell Groupwise shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents

each Document to make the Document(s) reasonably useable, manageable, and comprehendible by Continental.

5. Documents and Data Created or Stored in or by Structured Electronic Databases: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables Continental to reasonably manage and import those Documents into a useable, coherent database. Documents must include reasonably detailed documentation explaining the Documents' content and format, including, but not limited to, data dictionaries and diagrams. Some acceptable formats, only if provided with definitive file(s), table(s), and field level schemas include:

    a. XML format file(s);

    b. Microsoft SQL database(s);

    c. Access database(s); and/or

    d. fixed or variable length ASCII delimited files.

6. Spreadsheets, Multimedia, and Non-Standard File Types: All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files, such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. If You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7. "Other" Electronic Documents: All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8. Paper Documents: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the Relativity .dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests for Production.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

All amendments to the Loan and Security Agreement since September 20, 2021.

**REQUEST NO. 2:**

All drafts of the Loan and Security Agreement.

**REQUEST NO. 3:**

All forbearance agreements Relating to obligations under the Loan and Security Agreement.

**REQUEST NO. 4:**

All Litigation Funding Agreements to which You are a party (other than the Loan and Security Agreement).

**REQUEST NO. 5:**

All Documents and Communications exchanged between You and Kensal Green LLC or Raynor Fund LP Relating, in any way, to the provision of financing or loans to You, including the Loan and Security Agreement, any other Litigation Funding Agreements, and any forbearance agreements in connection with the foregoing.

**REQUEST NO. 6:**

Documents sufficient to identify the name and address of all parties to the Loan and Security Agreement.

**REQUEST NO. 7:**

Documents sufficient to identify the name and address of all parties to each Litigation Funding Agreement of which You are aware.

**REQUEST NO. 8:**

All Documents Relating to (a) the aggregate amounts received by You, including the dates on which the funds were received, and (b) any outstanding amounts You presently owe, under each Litigation Funding Agreement to which You are a party, including the Loan and Security Agreement.

**REQUEST NO. 9:**

All Documents You exchanged with the Lender (or its assignees) under the Loan and Security Agreement concerning the First Borrowing, the Second Borrowing, the Third Borrowing, and any subsequent borrowings (as those terms are used in Amendment Nos. 1 and 2 to the Loan and Security Agreement), including, without limitation, any fourth, fifth, and/or sixth borrowings.

**REQUEST NO. 10:**

All Documents Relating to the written notices provided to Lender of each distribution made from the Deposit Account and use of any Borrowing amount, and any other detail or information request under Section 2.02(d) of the Loan and Security Agreement.

**REQUEST NO. 11:**

The Register, as defined in Section 2.12 of the Loan and Security Agreement.

**REQUEST NO. 12:**

All Retention Agreements Information, as defined in Section 5.01(c) of the Loan and Security Agreement, provided by You to the Lender, at any time.

**REQUEST NO. 13:**

All Documents consisting of or comprising the non-privileged information provided by Borrower to Lender as described in Section 6.01(i) of the Loan and Security Agreement.

**REQUEST NO. 14:**

Any notices provided by You to the Lender pursuant to the first sentence of Section 7.01(b) of the Loan and Security Agreement.

**REQUEST NO. 15:**

All disclosures made by You pursuant to Section 7.01(k) of the Loan and Security Agreement, and any consents or objections received by You from clients or others in response to such disclosures

**REQUEST NO. 16:**

All Documents consisting of or comprising the information You provided in connection with your obligations under Section 7.02(a) of the Loan and Security Agreement.

**REQUEST NO. 17:**

All Documents consisting of or comprising the information You provided in connection with your obligations under Section 7.02(c) of the Loan and Security Agreement.

**REQUEST NO. 18:**

All Documents consisting of or comprising the information You provided in connection with your obligations under Section 7.03 of the Loan and Security Agreement.

**REQUEST NO. 19:**

All updated versions of Exhibit B to the Loan and Security Agreement.

**REQUEST NO. 20:**

All retainer agreements between You and Abuse Claimants who You represent.

907416010.02