# EXHIBIT D

Case 2-19-20905-PRW, Doc 3116-4, Filed 05/14/25, Entered 05/14/25 22:50:13, Description: Exhibit D, Page 1 of 15

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

In re:

THE DIOCESE OF ROCHESTER,

Debtor.

**Chapter 11**

**Case No. 19-20905**

## NON-PARTY JEFF ANDERSON & ASSOCIATES, P.A.'S RESPONSES AND OBJECTIONS TO SUBPOENA BY THE CONTINENTAL INSURANCE COMPANY

Pursuant to Rules 26, 34 and 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable herein by Rules 7026, 7034, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), non-party Jeff Anderson & Associates, P.A. ("Respondent"), through its attorneys, Pryor Cashman LLP, submits the following responses and objections to the subpoena dated February 12, 2024 (the "Subpoena") served upon it by Continental Insurance Company ("CNA").

## GENERAL OBJECTIONS

Respondent makes its objections to specific requests set forth in the Subpoena by, among other things, incorporating by reference the following objections (the "General Objections"), as appropriate:

1. Respondent objects to the Subpoena to the extent it purports to impose obligations of disclosure beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or any other applicable statute, regulation, rule or court order.

2. Respondent objects to the Subpoena to the extent it calls for the disclosure of information or the production of documents which may be protected and inadmissible in any action or proceeding or protected by the attorney-client privilege, the work product doctrine, the joint-defense privilege, the common interest privilege or any other applicable privilege, immunity, protection, exemption, statute, regulation, order or rule. The inadvertent disclosure of any

Case 2-19-20905-PRW, Doc 3116-4, Filed 05/14/25, Entered 05/14/25 22:50:13, Description: Exhibit D, Page 2 of 15

privileged information or production of any documents that are privileged or otherwise protected and inadmissible shall not be deemed to be a waiver of any applicable privilege with respect to such information or documents.

3. Respondent objects to the Subpoena to the extent it seeks the disclosure of information or the production of documents not within the Respondent's knowledge, possession, custody or control. Respondent has made a reasonably diligent inquiry concerning the subject matter of the Subpoena.

4. Respondent objects to the Subpoena to the extent it calls for the production of bank account numbers, routing numbers, and similar information. Respondent reserves its right to redact said information and notes its intention to do so.

5. Respondent objects to the Subpoena to the extent it calls for the production of Respondent's commercially sensitive internal financial information as the production of such information is overly burdensome and harassing. Respondent reserves its right to redact said information and notes its intention to do so.

6. By agreeing to comply with a particular Request, Respondent represents only that it has conducted a reasonably diligent search as indicated above and, subject to all objections, is producing any non-objectionable, non-privileged documents responsive thereto within its possession, custody or control.

7. In responding to the Subpoena, Respondent neither waives, nor intends to waive, but expressly reserves: i) any and all objections to the relevance, competence, susceptibility to discovery, materiality, or admissibility of any documents produced; ii) all rights to object on any ground to the use of any documents or responses, or the subject matter thereof, in any subsequent proceedings; and/or iii) all rights to object on any ground to any other subpoena or other, further

demand for documents or other responses involving or related to the subject matter of the Subpoena.

8. Respondent objects to Instruction No. 8 to the extent it seeks Documents outside the scope of the Requests and not otherwise attached to, enclosed with, or accompanying Documents responsive to the Requests. Respondent further objects to Instruction No. 8 insofar as it calls for the production of "routing slips, transmittal memos or letters, comments, evaluations, or similar materials" without defining that string of terms.

9. Respondent objects to Instruction No. 9 to the extent it seeks Documents outside the scope of the Requests and not otherwise attached to, enclosed with, or accompanying Documents responsive to the Requests.

10. Respondent objects to Instruction No. 10 to the extent it calls for Respondent to identify the place, date, and manner of preparation of privileged Documents since the information is not necessary to assess Respondent's assertion of privilege over those Documents.

11. Respondent reserves the right to amend, modify, and supplement these responses as appropriate.

## SPECIFIC OBJECTIONS AND RESPONSES

**Document Request No. 1:**

All amendments to the Loan and Security Agreement since September 20, 2021.

**Response To Request No. 1:**

The documents responsive to this Request were previously produced at Bates-range DOR_JAA0000046 – DOR_JAA000066. For ease of reference, and subject to and without waiving the foregoing Specific and General Objections, Respondent will reproduce all non-privileged documents responsive to this Request at a mutually agreeable time and place.

**Document Request No. 2:**

All drafts of the Loan and Security Agreement.

**Response To Request No. 2:**

In addition to the foregoing General Objections, Respondent objects to this Request as it seeks information that is not proportional to the needs of the above-captioned bankruptcy because Respondent's negotiation and preparation of financing agreements has no bearing on the merits of any claims its clients may have against the Diocese of Rochester or the Chapter 11 proceeding for the Diocese of Rochester more generally. Subject to and without waiving the foregoing Specific and General Objections, Respondent will produce all non-privileged documents responsive to this Request at a mutually agreeable time and place.

**Document Request No. 3:**

All forbearance agreements Relating to obligations under the Loan and Security Agreement.

**Response To Request No. 3:**

In addition to the foregoing General Objections, Respondent objects to this Request as it seeks information that is not proportional to the needs of the above-captioned bankruptcy because Respondent's financial arrangements have no bearing on the merits of any claims its clients may have against the Diocese of Rochester or the Chapter 11 proceeding for the Diocese of Rochester more generally. Subject to and without waiving the foregoing Specific and General Objections, Respondent responds that after a reasonable search it has a good faith belief that no documents responsive to this Request exist.

**Document Request No. 4:**

All Litigation Funding Agreements to which You are a party (other than the Loan and Security Agreement).

**Response To Request No. 4:**

In addition to the foregoing General Objections, Respondent objects to this Request as it seeks information that is not proportional to the needs of the above-captioned bankruptcy because Respondent's financial arrangements have no bearing on the merits of any claims its clients may have against the Diocese of Rochester or the Chapter 11 proceeding for the Diocese of Rochester more generally. Subject to and without waiving the foregoing Specific and General Objections, Respondent responds that after a reasonable search it has a good faith belief that no documents responsive to this Request exist.

**Document Request No. 5:**

All Documents and Communications exchanged between You and Kensal Green LLC or Raynor Fund LP Relating, in any way, to the provision of financing or loans to You, including the Loan and Security Agreement, any other Litigation Funding Agreements, and any forbearance agreements in connection with the foregoing.

**Response To Request No. 5:**

In addition to the foregoing General Objections, Respondent objects to this Request as it seeks information that is not proportional to the needs of the above-captioned bankruptcy because Respondent's communications with its financing providers have no bearing on the merits of any claims its clients may have against the Diocese of Rochester or the Chapter 11 proceeding for the Diocese of Rochester more generally. Respondent further objects to this Request as unduly burdensome to the extent it requires the production of documents containing commercially sensitive information regarding Respondent's internal financials. Respondent also objects to the extent it is duplicative of Request No. 9 and other Requests seeking information exchanged under the Loan and Security Agreement. Subject to and without waiving the foregoing Specific and

General Objections, Respondent will produce all non-privileged documents responsive to this Request at a mutually agreeable time and place.

**Document Request No. 6:**

Documents sufficient to identify the name and address of all parties to the Loan and Security Agreement.

**Response To Request No. 6:**

In addition to the foregoing General Objections, Respondent objects to this Request as it seeks information that is not proportional to the needs of the above-captioned bankruptcy because the identities of Respondent's contractual counterparties to its financing agreements have no bearing on the merits of any claims its clients may have against the Diocese of Rochester or the Chapter 11 proceeding for the Diocese of Rochester more generally. Subject to and without waiving the foregoing Specific and General Objections, Respondent will produce all non-privileged documents responsive to this Request at a mutually agreeable time and place.

**Document Request No. 7:**

Documents sufficient to identify the name and address of all parties to each Litigation Funding Agreement of which You are aware.

**Response To Request No. 7:**

In addition to the foregoing General Objections, Respondent objects to this Request as it seeks information that is not proportional to the needs of the above-captioned bankruptcy because the identities of Respondent's contractual counterparties to its financing agreements have no bearing on the merits of any claims its clients may have against the Diocese of Rochester or the Chapter 11 proceeding for the Diocese of Rochester more generally. Subject to and without waiving the foregoing Specific and General Objections, Respondent responds that it is unaware of

the existence of any documents responsive to this Request other than those produced in response to Request No. 6.

**Document Request No. 8:**

All Documents Relating to (a) the aggregate amounts received by You, including the dates on which the funds were received, and (b) any outstanding amounts You presently owe, under each Litigation Funding Agreement to which You are a party, including the Loan and Security Agreement.

**Response To Request No. 8:**

In addition to the foregoing General Objections, Respondent objects to this Request as it seeks information that is not proportional to the needs of the above-captioned bankruptcy because the amount of financing that Respondent has received has no bearing on the merits of any claims its clients may have against the Diocese of Rochester or the Chapter 11 proceeding for the Diocese of Rochester more generally, except and until such time attorney's fees and costs are awarded. Respondent further objects to this Request as unduly burdensome to the extent it requires the production of documents containing commercially sensitive information regarding Respondent's internal financials. Respondent also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Subject to and without waiving the foregoing Specific and General Objections, Respondent will produce all non-privileged documents responsive to this Request at a mutually agreeable time and place.

**Document Request No. 9:**

All Documents You exchanged with the Lender (or its assignees) under the Loan and Security Agreement concerning the First Borrowing, the Second Borrowing, the Third Borrowing, and any subsequent borrowings (as those terms are used in Amendment Nos. 1 and 2 to the Loan and Security Agreement), including, without limitation, any fourth, fifth, and/or sixth borrowings.

**Response To Request No. 9:**

In addition to the foregoing General Objections, Respondent objects to this Request as it seeks information that is not proportional to the needs of the above-captioned bankruptcy because Respondent's communications with its financing providers have no bearing on the merits of any claims its clients may have against the Diocese of Rochester or the Chapter 11 proceeding for the Diocese of Rochester more generally. Respondent further objects to this Request as unduly burdensome to the extent it requires the production of documents containing information regarding Respondent's internal financials. Respondent also objects to the extent it is duplicative of Request No. 5 and other Requests seeking information exchanged under the Loan and Security Agreement. Subject to and without waiving the foregoing Specific and General Objections, Respondent will produce all non-privileged documents responsive to this Request at a mutually agreeable time and place.

**Document Request No. 10:**

All Documents Relating to the written notices provided to Lender of each distribution made from the Deposit Account and use of any Borrowing amount, and any other detail or information request under Section 2.02(d) of the Loan and Security Agreement.

**Response To Request No. 10:**

In addition to the foregoing General Objections, Respondent objects to this Request as it seeks information that is not proportional to the needs of the above-captioned bankruptcy because Respondent's submissions under its financial arrangements have no bearing on the merits of any claims its clients may have against the Diocese of Rochester or the Chapter 11 proceeding for the Diocese of Rochester more generally. Respondent further objects to this Request as unduly burdensome to the extent it requires the production of all documents relating to the written notices identified in the Request, including documents with commercially sensitive information regarding

8

Respondent's internal financials. Respondent also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Subject to and without waiving the foregoing Specific and General Objections, Respondent will produce the written notices provided to Lender at a mutually agreeable time and place.

**Document Request No. 11:**

The Register, as defined in Section 2.12 of the Loan and Security Agreement.

**Response To Request No. 11:**

In addition to the foregoing General Objections, Respondent objects to this Request as it seeks information that is not proportional to the needs of the above-captioned bankruptcy because the identities of Respondent's counterparties to its financial arrangements have no bearing on the merits of any claims its clients may have against the Diocese of Rochester or the Chapter 11 proceeding for the Diocese of Rochester more generally. Subject to and without waiving the foregoing Specific and General Objections, Respondent responds that after a reasonable search it has a good faith belief that no documents responsive to this Request exist.

**Document Request No. 12:**

All Retention Agreements Information, as defined in Section 5.01(c) of the Loan and Security Agreement, provided by You to the Lender, at any time.

**Response To Request No. 12:**

In addition to the foregoing General Objections, Respondent objects to this Request as it seeks information that is not proportional to the needs of the above-captioned bankruptcy because it seeks all Retention Agreements Information, while the needs of the case may be satisfied by representative retention agreements and a summary of those agreements. Respondent also objects to this Request as duplicative of Request Nos. 5, 16, and 20. Subject to and without waiving the

9

foregoing Specific and General Objections, Respondent will produce all non-privileged documents responsive to this Request at a mutually agreeable time and place.

**Document Request No. 13:**

All Documents consisting of or comprising the non-privileged information provided by Borrower to Lender as described in Section 6.01(i) of the Loan and Security Agreement.

**Response To Request No. 13:**

In addition to the foregoing General Objections, Respondent objects to this Request as it seeks information that is not proportional to the needs of the above-captioned bankruptcy because Respondent's negotiation and preparation of the documentation for its financial arrangements has no bearing on the merits of any claims its clients may have against the Diocese of Rochester or the Chapter 11 proceeding for the Diocese of Rochester more generally. Subject to and without waiving the foregoing Specific and General Objections, Respondent will produce all non-privileged responsive to this Request at a mutually agreeable time and place.

**Document Request No. 14:**

Any notices provided by You to the Lender pursuant to the first sentence of Section 7.01(b) of the Loan and Security Agreement.

**Response To Request No. 14:**

In addition to the foregoing General Objections, Respondent objects to this Request as it seeks information that is not proportional to the needs of the above-captioned bankruptcy because Respondent's submissions under its financial arrangements have no bearing on the merits of any claims its clients may have against the Diocese of Rochester or the Chapter 11 proceeding for the Diocese of Rochester more generally. Subject to and without waiving the foregoing Specific and General Objections, Respondent responds that after a reasonable search it has a good faith belief that no documents responsive to this Request exist.

**Document Request No. 15:**

All disclosures made by You pursuant to Section 7.01(k) of the Loan and Security Agreement, and any consents or objections received by You from clients or others in response to such disclosures.

**Response To Request No. 15:**

In addition to the foregoing General Objections, Respondent objects to this Request as it seeks information that is not proportional to the needs of the above-captioned bankruptcy because Respondent's submissions under its financial arrangements and contractual relationships with its clients have no bearing on the merits of any claims its clients may have against the Diocese of Rochester or the Chapter 11 proceeding for the Diocese of Rochester more generally. Respondent also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Subject to and without waiving the foregoing Specific and General Objections, Respondent will produce all non-privileged documents responsive to this Request at a mutually agreeable time and place.

**Document Request No. 16:**

All Documents consisting of or comprising the information You provided in connection with your obligations under Section 7.02(a) of the Loan and Security Agreement.

**Response To Request No. 16:**

In addition to the foregoing General Objections, Respondent objects to this Request as it seeks information that is not proportional to the needs of the above-captioned bankruptcy because Respondent's submissions under its financial arrangements have no bearing on the merits of any claims its clients may have against the Diocese of Rochester or the Chapter 11 proceeding for the Diocese of Rochester more generally. Subject to and without waiving the foregoing Specific and General Objections, Respondent will produce all non-privileged documents responsive to this Request at a mutually agreeable time and place.

**Document Request No. 17:**

All Documents consisting of or comprising the information You provided in connection with your obligations under Section 7.02(c) of the Loan and Security Agreement.

**Response To Request No. 17:**

In addition to the foregoing General Objections, Respondent objects to this Request as it seeks information that is not proportional to the needs of the above-captioned bankruptcy because Respondent's submissions under its financial arrangements and contractual relationships with its clients have no bearing on the merits of any claims its clients may have against the Diocese of Rochester or the Chapter 11 proceeding for the Diocese of Rochester more generally. Subject to and without waiving the foregoing Specific and General Objections, Respondent will produce all non-privileged documents responsive to this Request at a mutually agreeable time and place.

**Document Request No. 18:**

All Documents consisting of or comprising the information You provided in connection with your obligations under Section 7.03 of the Loan and Security Agreement.

**Response To Request No. 18:**

In addition to the foregoing General Objections, Respondent objects to this Request as it seeks information that is not proportional to the needs of the above-captioned bankruptcy because Respondent's financial arrangements have no bearing on the merits of any claims its clients may have against the Diocese of Rochester or the Chapter 11 proceeding for the Diocese of Rochester more generally. Subject to and without waiving the foregoing Specific and General Objections, Respondent responds that after a reasonable search it has a good faith belief that no documents responsive to this Request exist.

**Document Request No. 19:**

All updated versions of Exhibit B to the Loan and Security Agreement.

**Response To Request No. 19:**

In addition to the foregoing General Objections, Respondent objects to this Request as it seeks information that is not proportional to the needs of the above-captioned bankruptcy because Respondent's financial arrangements and contractual relationships with its clients have no bearing on the merits of any claims its clients may have against the Diocese of Rochester or the Chapter 11 proceeding for the Diocese of Rochester more generally. Respondent also objects to the extent it is duplicative of Request No. 17. Subject to and without waiving the foregoing Specific and General Objections, Respondent responds that after a reasonable search it has a good faith belief that no documents responsive to this Request exist, although Respondent will produce the non-privileged documents most closely resembling the information sought in this Request in response to other Requests in the Subpoena.

**Document Request No. 20:**

All retainer agreements between You and Abuse Claimants who You represent.

**Response To Request No. 20:**

In addition to the foregoing General Objections, Respondent objects to this Request as it seeks information that is not proportional to the needs of the above-captioned bankruptcy because it seeks each individual retainer agreement rather than representative examples of such agreements. Respondent also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Respondent further objects to the extent it is duplicative of Request No. 12. Subject to and without waiving the foregoing Specific and General Objections, Respondent will produce all non-privileged documents responsive to this Request at a mutually agreeable time and place.

13

Dated: New York, New York
March 18, 2024

                                              PRYOR CASHMAN LLP

                                              By:   *s/ Christopher C. Loeber*
                                              Christopher C. Loeber
                                              Seth H. Lieberman
                                              PRYOR CASHMAN, LLP
                                              7 Times Square
                                              New York, NY 10036-6569
                                              Telephone: (212) 326-0103
                                              Email: cloeber@pryorcashman.com
                                              *Attorneys for Non-Party Jeff Anderson & Associates, P.A.*