# PRYOR CASHMAN LLP

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806

pryorcashman.com

Christopher Loeber

Direct Tel: 212-326-0103
CLoeber@pryorcashman.com

June 4, 2025

**VIA ECF**

Judge Paul R. Warren
United States District Court
Western District of New York
100 State Street
Rochester, NY 14614

    Re:    *In re The Diocese of Rochester*, Case No. 19-20905

Dear Judge Warren:

    We represent non-parties Jeff Anderson & Associates, P.A. ("JAA") and Jeff Anderson in the above-captioned proceeding. On June 4, 2025, Continental Insurance Company ("CNA") filed an Application for an Order Shortening Time for Notice of Hearing on its Motion to Compel Production of Documents from Jeff Anderson & Associates (the "Motion for Expedited Briefing") (ECF No. 3149). On behalf of our clients, we oppose the Motion for Expedited Briefing, which is nothing more than an eleventh-hour tactic filed weeks after the underlying issue was first raised.

    With respect to the relevant context here, CNA's proposed Motion to Compel Production of Documents from Jeff Anderson & Associates (the "Motion to Compel") concerns the production of additional documents under a document subpoena served on JAA over fifteen months ago (the "Document Subpoena"). JAA previously produced hundreds of documents in response to the Document Subpoena in 2024. In March 2025, CNA requested a supplemental production under the Document Subpoena on the theory that it was "continuing in nature." JAA produced responsive documents in April 2025, and withheld certain other documents. Without addressing the merits of the Motion to Compel in this letter, those withheld documents form the basis of CNA's Motion to Compel.

    The sequence of events over the last several months makes it abundantly clear that the urgency of the Motion to Compel is of CNA's own making:

- <u>April 25, 2025</u>. JAA produced additional documents in response to the Document Subpoena at CNA's request. Alongside the supplemental production, JAA noted that it



had withheld the subject documents.  CNA asked for JAA's basis for withholding those documents, which JAA explained that same day.

- May 5, 2025.  CNA served subpoenas seeking to depose both JAA and Mr. Anderson.

- May 14, 2025 10:48 am.  The Official Committee of Unsecured Creditors of the Diocese of Rochester filed a motion to quash those subpoenas after a meet-and-confer with CNA's counsel (the "Motion to Quash").  (ECF No. 3106.)

- May 14, 2025 10:33 pm.  JAA and Mr. Anderson filed a memorandum of law joining the Motion to Quash and requesting that any relief granted pursuant to the Motion to Quash be extended to CNA's demand for further documents under the Document Subpoena.  (ECF No. 3115.)

- May 15, 2025.  The Court set a June 10, 2025 hearing date for the Motion to Quash.  (ECF No. 3126.)

- May 30, 2025.  CNA's counsel contacted my firm – *for the first time since JAA joined the Motion to Quash on May 14, 2025* – and asked "to schedule a short meet and confer" in order to "discuss issues relating to documents."

- June 3, 2025.  Counsel met and conferred, during which we learned for the first time that CNA intended to file the Motion to Compel.

- June 4, 2025.  CNA's counsel provides JAA and Mr. Anderson with a copy of its intended Motion to Compel for the first time.

     CNA now seeks to compel JAA to prepare its response to CNA's Motion to Compel in just a few days, despite having been aware of JAA and Mr. Anderson's position since April 25, 2025, and their formal opposition since May 14, 2025.  CNA admits that it has known JAA's position against further productions under the Document Subpoena for *three weeks*, but CNA provides no explanation for its delay until just six days before the scheduled June 10, 2025 hearing.  CNA's three-week delay undermines its claim that the Motion to Compel must be heard alongside the Motion to Quash and highlights that the Motion to Compel is merely gamesmanship.

     CNA's self-serving claim that JAA and Mr. Anderson suffer no prejudice from having only six days to file an opposition and prepare for argument in response to its Motion to Compel is unfounded.  While JAA and Mr. Anderson were generally aware of CNA's position regarding the relevance and need to produce the subject documents, that is not the same as being aware of each argument CNA will make in defense of that position.  Forcing JAA and Mr. Anderson to respond to each argument in CNA's Motion to Compel on a truncated timeline is prejudicial.



Judge Paul R. Warren
June 4, 2025
Page 3

      In light of the foregoing, JAA and Mr. Anderson respectfully request that the Court deny the Motion for Expedited Briefing and set a reasonable objection deadline, such as June 20, 2025, for the Motion to Compel.

                                    Respectfully submitted,

                                    Christopher Loeber
                                    Partner

cc:  All counsel of record via ECF.