UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    The Diocese of Rochester,　　　　　　　　　Bankruptcy Case No. 19-20905-PRW
　　　　　　　　　　　　　　　　　　　　　　　Chapter 11
                          Debtor.

**DECISION AND ORDER
GRANTING MOTION TO QUASH
SUBPOENAS ISSUED BY CONTINENTAL INSURANCE COMPANY TO
JEFF ANDERSON AND JEFF ANDERSON & ASSOCIATES, P.A.**

PAUL R. WARREN, U.S.B.J.

      As the date set for the hearing on confirmation approaches, the parties appear to be engaged in intense discovery. Before the Court is the "Motion of the Official Committee of Unsecured Creditors for Entry of an Order (I) Quashing Subpoenas Issued by Continental Insurance to Jeff Anderson and Jeff Anderson & Associates, or in the Alternative (II) for a Protective Order" ("Motion to Quash") (ECF No. 3106), Declaration of Karen B. Dine in Support of Motion to Quash (ECF No. 3107), Memorandum of Law on Behalf of Non-Parties Jeff Anderson & Associates, P.A. and Jeff Anderson in Support of Motion to Quash (ECF No. 3115), Declaration of Christopher C. Loeber—counsel to Jeff Anderson and Jeff Anderson & Associates, P.A. (ECF No. 3116), and Continental's Opposition to the Committee's Motion to Quash (ECF No. 3161).[1] Following a hearing on the matter, it is hereby

---

[1] The parties jointly stipulated that CNA's papers should be filed under seal. The Court granted that stipulation. However, after reviewing CNA's papers, the Court is at a loss to understand the need to seal those papers. Some light-handed redaction would seem to have done the trick.

**ORDERED**, that, for the reasons stated on the record, the transcript of which is incorporated by reference, the Motion to Quash is **GRANTED**. The subpoenas issued to both Jeff Anderson and Jeff Anderson & Associates, P.A. by CNA, seeking both deposition testimony and document production, are quashed under Rule 45(d)(3) FRCP, made applicable to bankruptcy through Rule 9016 FRBP; and it is further

**ORDERED**, that the relief sought (or to be sought) in CNA's Motion to Compel (notice of which was filed at ECF Nos. 3159, but the motion itself was not filed on June 6, 2025, as asserted by CNA—or subsequently, according to the docket) is rendered **MOOT** by the Court's ruling and accordingly is **DENIED**.

**IT IS SO ORDERED.**

DATED: June 10, 2025 _____/s/_____
       Rochester, New York         HON. PAUL R. WARREN
                                               United States Bankruptcy Judge