UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

The Diocese of Rochester,

    Debtor.

Case No. 19-20905

Chapter 11

**PLAN PROPONENTS' RESPONSE TO CNA'S MOTION IN LIMINE TO EXCLUDE CERTAIN EXPERT TESTIMONY OF PROFESSOR TOM BAKER**

The Diocese of Rochester (the "**Diocese**" or "**Debtor**") and the Official Committee of Unsecured Creditors (the "**Committee**") (together, the "**Plan Proponents**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), respectfully submit this Response to CNA's *Motion in Limine to Exclude Certain Expert Testimony of Professor Tom Baker* (the "**Motion**"). In support of their response, the Plan Proponents state as follows:

**ARGUMENT**

CNA seeks to exclude the rebuttal testimony of Professor Tom Baker because (1) Prof. Baker is purportedly "not qualified" to rebut Ms. Hilliker and Mr. Kelly (Mot. at 3-4); (2) his report is "not a proper rebuttal report" (*Id.* at 4); and (3) the Court should "preclude Prof. Baker from testifying to legal conclusions and improper argument." (*Id.* at 10). None of these arguments have merit and CNA's motion should be denied.

CNA's Motion simply re-hashes arguments it previously raised—and this Court previously rejected—in connection with CNA's administrative claim trial. In its prior motion in limine, CNA argued, as it does here, that (1) "Prof. Baker's report is not a proper rebuttal report";[1] and (2) "Prof.

---

[1] *CNA's Motion in Limine to Exclude Opinions of Professor Tom Baker*, Adv. Pro. No. 23-02014-PRW, Dkt. 49, at 4 (filed July 15, 2024).

1

Baker's report is replete with legal conclusions that should not be admitted."[2] CNA also argued that certain opinions of Prof. Baker should be excluded as "pure speculation" or because he "lacks personal knowledge."[3]

This Court rejected CNA's arguments:

> CNA asserts that Mr. Baker's report and testimony should be excluded because: (1) his testimony is not the proper subject for a rebuttal witness; (2) is based on speculation; (3) states legal conclusions; and (4) to the extent it relates to "Claims Handling Allegations," it is not relevant to the issues at trial. (ECF AP No. 48 & 49).
>
> The Court cannot conclude at this stage that Prof. Baker's opinions are clearly inadmissible. CNA's arguments concerning Prof. Baker's conclusions go to the weight to be given to Prof. Baker's opinions and not to their admissibility. Therefore, CNA's motions in limine to preclude the opinion and testimony of Prof. Baker is **DENIED**.[4]

The same is true here.

Prof. Baker is a rebuttal expert offered to refute CNA's and its experts' opinions that the Plan does something other than what it says it does. He does not offer affirmative opinions beyond rebutting those offered by CNA's own experts.

Moreover, it is undisputed that Prof. Baker has substantial experience with liability insurance issues, including having served as an expert witness in multiple matters involving insurance issues arising from sexual abuse claims. *See* Baker Report at 2-7 (listing qualifications).[5]

Nor does Prof. Baker offer impermissible legal conclusions. As Professor Baker explained in his report, "[w]hether the Plan conflicts with contractual rights is a legal question that ordinarily lies outside the scope of expert testimony. I address that topic only in rebuttal to Mr. Kelly's

---

[2] *Id.* at 11-12.

[3] *Id.* at 9-10.

[4] Decision and Order Denying Motions in Limine, Adv. Pro. 23-02014-PRW, Dkt. 63.

[5] CNA attached the Baker Report to its motion in limine at Dkt. 3257-1.

opinion that the Plan conflicts with CNA's insurance policies." Baker Report at 1 fn.1.[6]

Similarly, with respect to Ms. Hilliker's testimony, while Prof. Baker does not dispute her opinion regarding New York civil practice in CVA litigation generally, he does offer his expert rebuttal opinion on why the Plan's provision regarding litigation claims with respect to the CNA policies do not impair CNA's rights under its policies. For example, Prof. Baker opines on aspects of the Plan and principles, customs, and practice under state law that Ms. Hilliker conveniently overlooks in her report. Baker Report 19-20.

In other words, if CNA is allowed to offer testimony from Mr. Kelly that "interprets" the Plan and the CNA policies to draw the conclusion that there is an inconsistency or from Ms. Hilliker that interprets the Plan and the impact of state law litigation practice that purportedly prejudices CNA, the Plan Proponents (through Prof. Baker) need to be able to respond to those opinions.

## **CONCLUSION**

Prof. Baker's opinions are tailored to rebut the testimony offered by CNA's experts. If CNA's experts are allowed to testify at trial, Prof. Baker should likewise be permitted. If, however, the Court excludes the opinions of CNA's experts, the Plan Proponents agree they will not call Prof. Baker, as there will not be any expert testimony to rebut.

For these reasons,[7] the Court should deny the Motion.

---

[6] The Plan Proponents believe Mr. Kelly's testimony presents legal conclusions not suitable for expert testimony. The Plan Proponents filed their own motion in limine seeking to exclude Mr. Kelly's testimony on this basis, among others. *See Plan Proponents' Motion in Limine to Exclude the Opinions of Julia A. Hilliker and Peter J. Kelly*, Dkt. No. 3240 (filed on July 11, 2025).

[7] Given the short return time on CNA's Motion (one business day), the Plan Proponents reserve their rights to address any other arguments raised by CNA at oral argument.

Dated: July 21, 2025                              Respectfully submitted,

/s/ Stephen A. Donato

**BOND, SCHOENECK & KING, PLLC**
Stephen A. Donato
Charles J. Sullivan
Grayson T. Walter
Gregory J. McDonald
Office and Post Office Address:
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8000
Email: donatos@bsk.com
       sullivc@bsk.com
       walterg@bsk.com
       gjmcdonald@bsk.com

*Counsel to The Diocese of Rochester*

/s/ Ilan D. Scharf

**PACHULSKI STANG ZIEHL & JONES LLP**
James I. Stang (admitted *pro hac vice*)
Ilan D. Scharf
Iain Nasatir
Karen B. Dine
Jeffrey M. Dine
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Email:  jstang@pszjlaw.com
       ischarf@pszjlaw.com
       inasatir@pszjlaw.com
       kdine@pszjlaw.com
       jdine@pszjlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

**BURNS BAIR LLP**
Timothy W. Burns (admitted *pro hac vice*)
Jesse J. Bair (admitted *pro hac vice*)
Nathan M. Kuenzi (*pro hac vice* pending)

10 E. Doty Street, Suite 600
Madison, WI 53703
Telephone: (608) 286-2302
Email: tburns@burnsbair.com
       jbair@burnsbair.com
       nkuenzi@burnsbair.com

*Special Insurance Counsel to the Official Committee of Unsecured Creditors*