UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    The Diocese of Rochester,                            Bankruptcy Case No. 19-20905
                                                                    Chapter 11
                               Debtor.

## DECISION AND ORDER DENYING
## MOTIONS *IN LIMINE*[1]

PAUL R. WARREN, U.S.B.J.

      Before the Court are four motions *in limine* directed at testimony to be offered at the confirmation trial. They are: (1) The Continental Insurance Company's ("CNA") motion *in limine* to exclude rebuttal expert testimony by Professor Anthony Sebok (ECF No. 3239); (2) Official Committee of Unsecured Creditor's motion *in limine* to exclude expert testimony of Professor Samir Parikh (ECF No. 3260); (3) Plan Proponents' motion *in limine* to exclude expert testimony of Julia M. Hilliker and Peter J. Kelly (ECF No 3240); and (4) CNA's motion *in limine* to exclude certain opinions of Professor Tom Baker (ECF No. 3257).

      Having carefully reviewed and considered the motions, as well as the opposition filed, the motions at ECF No. 3239 and 3260 are **DENIED** (Sebok and Parikh are permitted to testify at trial). Additionally, the motions at ECF No. 3240 and 3257 are **DENIED** (Hilliker, Kelly and Baker are permitted to testify at trial).

---

[1] A hearing to consider the motions at ECF Nos. 3239 and 3240 has been set for July 22, 2025, at 11:00 a.m. The motions have been well-briefed. Oral argument on any of the motions is unnecessary. In the interest of judicial economy, the Court decides the motions *in limine* immediately.

# I.

# DISCUSSION

## A. <u>Legal Standard to Be Applied</u>

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).

> Motions in limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose. The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in questions should be excluded.

*Bouchard v. Am. Home Prods. Corp.*, 213 F. Supp. 2d 802, 810 (N.D. Ohio 2002) (internal citations omitted).

When ruling on the admissibility of expert opinions, courts consider whether the expert is qualified in the relevant field and examine the methodology the expert used in reaching their conclusion. *See, e.g., Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 153-54 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). The Court's role as a gatekeeper, under *Daubert*, is to prevent expert testimony from unduly confusing or misleading a jury, which application is relaxed for bench trials. *Fletcher v. Doig*, 196 F. Supp. 3d 817, 820-21 (N.D. Ill. 2016). "It is not that evidence may be less reliable during a bench trial; it is that the court's gatekeeping role is necessarily different. Where the gatekeeper and the factfinder are one and the same—that is, the judge—the need to make such decisions prior to hearing the testimony is

2

Case 2-19-20905-PRW, Doc 3273, Filed 07/21/25, Entered 07/21/25 15:33:08, Description: Main Document , Page 2 of 6

lessened." *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006) (citing *United States v. Brown*, 415 F.3d 1257, 1268-69 (11th Cir. 2005)); *see also Fletcher*, 196 F. Supp. at 820-21). Rather than excluding expert testimony, the better approach under *Daubert* in a bench trial is to permit the expert testimony and allow "vigorous cross-examination, presentation of contrary evidence," and careful weighing on the burden of proof to test "shaky but admissible evidence." *Daubert*, 509 U.S. at 596 (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)).

B. **Application of Legal Standard to Motions**

Based upon consideration of the motions, as well as opposition filed, the Court finds:

1. Testimony by Professor Anthony Sebok and Professor Samir Parikh

CNA asserts that Prof. Sebok's testimony should be excluded because: (1) he was disclosed as a rebuttal expert by Jeff Anderson and Associates ("JAA"), who are not plan proponents or parties-in-interest; (2) the principal purpose of Prof. Sebok's testimony is to rebut testimony by CNA's expert (Prof. Samir Parikh) that impugns the reputation of JAA, which testimony CNA contends is "irrelevant and inadmissible;" and (3) any testimony by Prof. Sebok that relates to confirmation issues would be cumulative. (ECF No. 3239). JAA and the Committee filed opposition to CNA's motion to exclude Prof. Sebok's testimony (ECF Nos. 3259, 3260). The Committee's opposition includes a motion *in limine* to exclude the expert testimony of Prof. Parikh (ECF No. 3260), to which CNA filed opposition (ECF No. 3269). The Committee contends that determinations to include or exclude the testimony of Prof. Parikh and Prof. Sebok are directly related to one another. (ECF No. 3260 at 1).

CNA's objection to the Eighth Amended Joint Plan is based, in part, upon an assertion that "JAA's litigation financing is relevant to whether the Plan satisfies the 'good faith' requirement of Bankruptcy Code § 1129(a)(3)." (ECF No. 3239 at 4). Prof. Parikh has been put

3

forth by CNA as an expert on "litigation financing and related matters." (*Id*.). To the extent that Prof. Parikh and Prof. Sebok are being called as experts to inform the Court as to the ethical issues and dangers of litigation financing (or the absence thereof), the Court is skeptical with respect to the value of that testimony. The Court is well-informed on the topic and views the competing testimony by these experts as potentially pedestrian. Based upon the arguments made, the Court will not preclude the testimony at this stage. However, the Court reserves the right to cut short this testimony during trial should the expert testimony prove to be unhelpful. Accordingly, the motions to preclude the testimony of Prof. Parikh (ECF No. 3260) and Prof. Sebok (ECF No. 3239) are **DENIED**.

    2. <u>Testimony of Julia M. Hilliker and Peter J. Kelly</u>

CNA states that Ms. Hilliker will testify at trial as to "how CVA claims normally proceed through discovery and trial in New York courts." (ECF No. 3256 at 1). The Plan Proponents seek to disallow Ms. Hilliker's testimony, asserting that the testimony she will give is duplicative of the testimony she gave during the administrative claim trial last year. (ECF No. 3240 at 11). They further contend that her opinions are based on common knowledge and will do nothing to "inform the Court." (*Id*. at 11 & 14).

Mr. Kelly is offered by CNA as an expert regarding insurer expectations "with respect to their right and ability to control the defense of claims tendered to them for payment." (ECF No. 3256 at 1). The Plan Proponents seek to disallow Mr. Kelly's testimony based upon their belief that his opinions exceed his expertise. (ECF No. 3240 at 14).

The proffered testimony of both Ms. Hilliker and Mr. Kelly relates to an important issue—whether the Eighth Amended Plan improperly alters CNA's insurance defense rights. The Court has reviewed the qualifications of both experts (ECF No. 3240-1 at 14-18 & ECF No.

3240-2 at 23-27) and is fully capable of determining whether the scope of their testimony exceeds their expertise. As such, the motion of the Plan Proponents to preclude the testimony and opinions of Ms. Hilliker and Mr. Kelly is **DENIED**.

    3.   Testimony of Professor Tom Baker

CNA has moved to exclude the opinions and testimony of Prof. Tom Baker, as a rebuttal expert to the opinions of Ms. Hilliker and Mr. Kelly.[2] (ECF No. 3257). CNA asserts that Prof. Baker is not qualified to testify in rebuttal to the direct testimony of either expert. In addition, CNA contends that Prof. Baker's opinions are mischaracterized as rebuttals but, are in fact affirmative opinions that should have been previously disclosed. (*Id.* at 2).

The bases for disallowing the testimony of Prof. Baker sound similar to the requests made to disallow the opinions of Ms. Hilliker and Mr. Kelly—lack of expertise. Since the Court has seen fit to allow the testimony of Ms. Hilliker and Mr. Kelly, the Court will allow the rebuttal testimony of Prof. Baker. To the extent Prof. Baker, or any expert, attempts to offer legal conclusions, those opposing such testimony will be expected to object at trial. Accordingly, CNA's motion at ECF No. 3257 is **DENIED**.

---

[2] According to CNA's motion at ECF No. 3239, CNA and the Committee agreed that the Committee's response to the motion objecting to Prof. Baker's testimony will be due on July 23, 2025. (ECF No. 3239 at 9 n.16). Based upon the Court's decision allowing the testimony of Ms. Hilliker and Mr. Kelly, as well as the assertions made by CNA in their motion, the Court does not need to wait for opposition by the Committee to make its determination on this motion.

## II.

## CONCLUSION

The motions at ECF No. 3239 and 3260 are **DENIED**. Additionally, the motions at ECF No. 3240 and 3257 are **DENIED**. The Court is not, however, making a determination or a ruling as to the admissibility of any expert testimony that may be offered at trial.

**IT IS SO ORDERED.**

Dated: July 21, 2025 _____/s/_____
      Rochester, New York         **HON. PAUL R. WARREN**
                                              United States Bankruptcy Judge