UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

   The Diocese of Rochester,                                Bankruptcy Case No. 19-20905-PRW
                                                      Chapter 11
                        Debtor.

**DECISION AND ORDER
DENYING CNA's *EX PARTE* MOTION
SEEKING TO FILE CONFIRMATION OBJECTIONS UNDER SEAL**

PAUL R. WARREN, U.S.B.J.

      The Continental Insurance Company ("CNA") filed an *ex parte* motion requesting an order authorizing it to file its objections to confirmation under seal. (ECF No. 3268). The Court was provided with a copy of CNA's objections to confirmation for *in camera* review. Pointing to this Court's Order requiring attorneys representing multiple claimants to comply with Rule 2019 FRBP (ECF No. 2142), and characterizing that Order as a "confidentiality order," CNA expresses concerns about what "information" can and cannot be filed on the docket. Obviously, CNA is being careful to avoid a disclosure of information obtained from Attorney Jeff Anderson through the Rule 2019 disclosures, which was marked as "confidential" at the time of disclosure.

      The Court's Order directing attorneys representing multiple claimants, like Mr. Anderson, to provide information required by Rule 2019—including information concerning litigation financing—included a provision that "[a]ll *documents* relating to litigation financing agreements shall not be placed on the electronic docket." (ECF No. 2142 at 2 n.2 (emphasis added)). Here, CNA is not proposing to file such documents on the docket, it is making a legal argument about the potential issues related to litigation financing in its objection to confirmation, which includes the amount loaned, terms of the loan(s), and alleged potential impacts on borrowers. Further,

CNA's expert witness, Professor Samir Parikh, is expected to testify in detail about the litigation financing obtained by Mr. Anderson. Should the Court expect CNA to request that no digital recording or transcript of Professor Parikh's testimony be made at trial as the logical next step? Here, CNA seeks to file its entire 72-page objection to confirmation under seal. If granted, the public would be denied access to the entire document. And yet, only a handful of words have been highlighted by CNA as containing potentially confidential information.

"[T]he fact that there is a confidentiality order in place does not displace this Court's duty to scrutinize the request for a seal order [under § 107(b)]." *In re Anthracite Cap., Inc.*, 492 B.R. 162, 180 (Bankr. S.D.N.Y. 2013). The party seeking a seal order must demonstrate that the material contained in a filing is either: (1) in the nature of a trade secret or commercial information, or (2) scandalous or defamatory. 11 U.S.C. § 107(b)(1) & (2). Here, CNA argues that the information concerning litigation financing received by Mr. Anderson is scandalous or defamatory. It is well-settled that potential reputational harm is insufficient to overcome the common law presumption in favor of public access to court records. *In re Food Mgmt. Grp., LLC*, 359 B.R. 543, 561 (Bankr. S.D.N.Y. 2007). In the Second Circuit, the Courts apply a strict interpretation of the term "scandalous." *See In re Anthracite Cap., Inc.*, 492 B.R. at 176; *In re Food Mgmt. Grp., LLC*, 359 B.R. at 558.

The information concerning litigation financing is not scandalous. Therefore, the objection cannot be sealed under § 107(b)(2) of the Code. That leaves § 107(b)(1) as the basis to seal the objection, although not asserted by CNA. If information is "confidential . . . commercial information," the court is required to protect an entity from disclosure of that information. 11 U.S.C. § 107(b)(1). "Information is not considered 'commercial' merely because it relates to business affairs. Commercial information is 'information which would cause an unfair advantage

to competitors by providing them information as to the commercial operations of [an entity].'" *In re Anthracite Cap., Inc.*, 492 B.R. at 178 (internal citations and quotation marks omitted). "[Section] 107(b)(1) is meant to prevent business competitors from seeing confidential business-related information and using that information to the detriment of the [entity]." *Id*. at 179.

The existence of a so-called confidentiality order or confidentiality agreement is not outcome determinative. Filings with the Court can only be sealed from public view if one of the two exceptions under § 107(b) of the Code are demonstrated by the movant. The Court finds that CNA's objection to confirmation is not entitled to protections under either § 107(b)(1) or (2). As a result, CNA's *ex parte* motion is **DENIED**.

**IT IS SO ORDERED.**

DATED: July 22, 2025  
       Rochester, New York

_____/s/_____  
HON. PAUL R. WARREN  
United States Bankruptcy Judge