In re:                                                                 Case No. 19-20905-PRW

The Diocese of Rochester                                               Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0209-2 | User: admin | Page 1 of 13 |
|---|---|---|
| Date Rcvd: Jul 21, 2025 | Form ID: pdforder | Total Noticed: 3 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 23, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | The Diocese of Rochester, 1150 Buffalo Road, Rochester, NY 14624-1890 |
| pr | + | Lisa M. Passero, The Diocese of Rochester, 1150 Buffalo Road, Rochester, NY 14624-1890 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | + | Email/Text: ustpregion02.ro.ecf@usdoj.gov | Jul 21 2025 18:20:00 | Office of the U.S. Trustee, 100 State Street, Room 6090, Rochester, NY 14614-1315 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 23, 2025                    Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 21, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Adam Horowitz | on behalf of Notice of Appearance Creditor Sexual Abuse Survivor/Creditor adam@adamhorowitzlaw.com |
| Adam Horowitz | on behalf of Creditor Claimants Certain Sexual Abuse adam@adamhorowitzlaw.com |
| Adam Horowitz | on behalf of Attorney Horowitz Law Claimants adam@adamhorowitzlaw.com |
| Adam Horowitz | |

on behalf of Creditor Certain Sexual Abuse Claimants adam@adamhorowitzlaw.com

Adam Horowitz

on behalf of Creditor 31 Claimants adam@adamhorowitzlaw.com

Adam P. Haberkorn

on behalf of Interested Party Federal Insurance Company ahaberkorn@omm.com  adam-haberkorn-2269@ecf.pacerpro.com

Adam P. Haberkorn

on behalf of Interested Party Illinois Union Insurance Company ahaberkorn@omm.com
adam-haberkorn-2269@ecf.pacerpro.com

Amy Keller

on behalf of Creditor Certain Sexual Abuse Claimants akeller@lglaw.com  sfischer@lglaw.com

Amy Keller

on behalf of Creditor LG DOE VICTIMS akeller@lglaw.com  sfischer@lglaw.com

Amy Keller

on behalf of Defendant AB 100 Doe  et al akeller@lglaw.com, sfischer@lglaw.com

Andrew S. Richmond

on behalf of Notice of Appearance Creditor Jeff Anderson & Associates arichmond@pryorcashman.com

Andrew S. Richmond

on behalf of Notice of Appearance Creditor Jeff Anderson arichmond@pryorcashman.com

Andrew Scott Rivera

on behalf of Debtor The Diocese of Rochester arivera@bsk.com  kdoner@bsk.com;CourtMail@bsk.com

Annette Rolain

on behalf of Interested Party First State Insurance Company arolain@ruggerilaw.com  bkfilings@ruggerilaw.com

Brian Micic

on behalf of Defendant Markel International Insurance Company Limited brian.micic@clydeco.us

Brian Micic

on behalf of Defendant Tenecom Limited brian.micic@clydeco.us

Brian Micic

on behalf of Defendant Certain London Market Companies brian.micic@clydeco.us

Brian Micic

on behalf of Interested Party HDI Global Specialty SE brian.micic@clydeco.us

Brian Micic

on behalf of Interested Party Certain Underwriters at Lloyd's  London brian.micic@clydeco.us

Brian Micic

on behalf of Defendant Certain Underwriters at Lloyd's  London brian.micic@clydeco.us

Brian Micic

on behalf of Interested Party London Market Insurers brian.micic@clydeco.us

Brian Micic

on behalf of Defendant The Dominion Insurance Company Limited brian.micic@clydeco.us

Brian Micic

on behalf of Defendant HDI Global Specialty SE brian.micic@clydeco.us

Brianna M Espeland

on behalf of Creditor Kenneth Cubiotti brianna@jvwlaw.net

Brianna M Espeland

on behalf of Notice of Appearance Creditor Brian S. Delafranier brianna@jvwlaw.net

Brittany Mitchell Michael

on behalf of Creditor Committee Official Committee of Unsecured Creditors bmichael@pszjlaw.com

Brittany Mitchell Michael

on behalf of Notice of Appearance Creditor Official Committee of Unsecured Creditors bmichael@pszjlaw.com

Camille W. Hill

on behalf of Debtor The Diocese of Rochester chill@bsk.com  ayerst@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Carol Dupre

caroldopray61@yahoo.com

Catalina Sugayan

on behalf of Interested Party HDI Global Specialty SE catalina.sugayan@clydeco.us  Nancy.Lima@clydeco.us

Catalina Sugayan

on behalf of Interested Party Certain Underwriters at Lloyd's  London catalina.sugayan@clydeco.us, Nancy.Lima@clydeco.us

Catalina Sugayan
on behalf of Defendant Tenecom Limited catalina.sugayan@clydeco.us Nancy.Lima@clydeco.us

Catalina Sugayan
on behalf of Defendant Certain London Market Companies catalina.sugayan@clydeco.us Nancy.Lima@clydeco.us

Catalina Sugayan
on behalf of Defendant CX Reinsurance Company Limited catalina.sugayan@clydeco.us Nancy.Lima@clydeco.us

Catalina Sugayan
on behalf of Interested Party London Market Insurers catalina.sugayan@clydeco.us Nancy.Lima@clydeco.us

Catalina Sugayan
on behalf of Defendant The Dominion Insurance Company Limited catalina.sugayan@clydeco.us Nancy.Lima@clydeco.us

Catalina Sugayan
on behalf of Defendant Certain Underwriters at Lloyd's London catalina.sugayan@clydeco.us, Nancy.Lima@clydeco.us

Catalina Sugayan
on behalf of Defendant HDI Global Specialty SE catalina.sugayan@clydeco.us Nancy.Lima@clydeco.us

Catalina Sugayan
on behalf of Defendant Markel International Insurance Company Limited catalina.sugayan@clydeco.us Nancy.Lima@clydeco.us

Catherine Beideman Heitzenrater
on behalf of Creditor The Chubb Companies cheitzenrater@duanemorris.com

Charles Edwin Jones
on behalf of Defendant Interstate Fire & Casualty Company charles.jones@lawmoss.com Brenda.murphy@lawmoss.com

Charles Edwin Jones
on behalf of Notice of Appearance Creditor National Surety Corporation charles.jones@lawmoss.com Brenda.murphy@lawmoss.com

Charles Edwin Jones
on behalf of Interested Party National Surety Corporation charles.jones@lawmoss.com Brenda.murphy@lawmoss.com

Charles Edwin Jones
on behalf of Notice of Appearance Creditor Interstate Fire and Casualty Company charles.jones@lawmoss.com Brenda.murphy@lawmoss.com

Charles Edwin Jones
on behalf of Interested Party Interstate Fire and Casualty Company charles.jones@lawmoss.com Brenda.murphy@lawmoss.com

Charles Edwin Jones
on behalf of Defendant National Surety Corporation charles.jones@lawmoss.com Brenda.murphy@lawmoss.com

Charles J. Sullivan
on behalf of Creditor Claimant MM csullivan@bsk.com kdoner@bsk.com;jhunold@bsk.com;CourtMail@bsk.com

Charles J. Sullivan
on behalf of Attorney Bond Schoeneck & King, PLLC csullivan@bsk.com, kdoner@bsk.com;jhunold@bsk.com;CourtMail@bsk.com

Charles J. Sullivan
on behalf of Debtor The Diocese of Rochester csullivan@bsk.com kdoner@bsk.com;jhunold@bsk.com;CourtMail@bsk.com

Charles J. Sullivan
on behalf of Plaintiff The Diocese of Rochester csullivan@bsk.com kdoner@bsk.com;jhunold@bsk.com;CourtMail@bsk.com

Christopher Loeber
on behalf of Notice of Appearance Creditor Jeff Anderson cloeber@pryorcashman.com

Christopher Loeber
on behalf of Notice of Appearance Creditor Jeff Anderson & Associates cloeber@pryorcashman.com

Christopher Eric Love
on behalf of Notice of Appearance Creditor Marsh/PCVA Claimants chris@pcvalaw.com

Christopher Eric Love
on behalf of Creditor Marsh/PCVA Claimants chris@pcvalaw.com

Craig Goldblatt
on behalf of Notice of Appearance Creditor Continental Insurance Company craig.goldblatt@wilmerhale.com

Craig Goldblatt
on behalf of Interested Party Continental Insurance Company craig.goldblatt@wilmerhale.com

Danielle Spinelli
on behalf of Notice of Appearance Creditor Continental Insurance Company danielle.spinelli@wilmerhale.com

David C. Christian, II
on behalf of Interested Party Continental Insurance Company dchristian@dca.law

David C. Christian, II
    on behalf of Notice of Appearance Creditor Continental Insurance Company dchristian@dca.law

David C. Christian, II
    on behalf of Plaintiff THE CONTINENTAL INSURANCE COMPANY  successor by merger to Commercial Insurance Company of Newark, New Jersey, and Fireman's Insurance Company of Newark, New Jersey dchristian@dca.law

David D. MacKnight
    on behalf of Creditor The Sisters of Saint Joseph of Rochester  Inc. dmacknight@lacykatzen.com, dgay@lacykatzen.com

Deola T. Ali
    on behalf of Creditor Certain Sexual Abuse Claimants dali@awtxlaw.com

Devin L. Palmer
    on behalf of Notice of Appearance Creditor Catholic Youth Organization dpalmer@boylancode.com dpalmer@boylancode.com;sciaccia@boylancode.com;rmarks@boylancode.com

Devin L. Palmer
    on behalf of Notice of Appearance Creditor St. Joseph's Villa dpalmer@boylancode.com dpalmer@boylancode.com;sciaccia@boylancode.com;rmarks@boylancode.com

Diane Paolicelli
    on behalf of Creditor 065 -Claimant (Creditor) dpaolicelli@p2law.com

Diane Paolicelli
    on behalf of Creditor 528 - Claimant (Creditor) dpaolicelli@p2law.com

Diane Paolicelli
    on behalf of Creditor PC-33 DOE dpaolicelli@p2law.com

Diane Paolicelli
    on behalf of Creditor LCVAWCR DOE dpaolicelli@p2law.com

Diane Paolicelli
    on behalf of Creditor 198 - Claimant (Creditor) dpaolicelli@p2law.com

Diane Paolicelli
    on behalf of Creditor ORLANDO RIVERA dpaolicelli@p2law.com

Dirk C. Haarhoff
    on behalf of Notice of Appearance Creditor Colonial Penn Insurance Company dchaarhoff@kslnlaw.com

Dirk C. Haarhoff
    on behalf of Defendant Colonial Penn Insurance Company dchaarhoff@kslnlaw.com

Dirk C. Haarhoff
    on behalf of Notice of Appearance Creditor Swiss Re America Corporation as Administrator dchaarhoff@kslnlaw.com

Elin Lindstrom
    on behalf of Notice of Appearance Creditor Jeff Anderson & Associates elin@andersonadvocates.com therese@andersonadvocates.com

Eric John Ward
    on behalf of Notice of Appearance Creditor Camp Stella Maris of Livonia eward@hodgsonruss.com

Eric John Ward
    on behalf of Notice of Appearance Creditor St. Joseph's Villa eward@hodgsonruss.com

Eric John Ward
    on behalf of Notice of Appearance Creditor Catholic Charities of the Diocese of Rochester eward@hodgsonruss.com

Eric John Ward
    on behalf of Notice of Appearance Creditor Catholic Youth Organization eward@hodgsonruss.com

Erik Bakke
    on behalf of Notice of Appearance Creditor Jeff Anderson ebakke@pryorcashman.com

Erik Bakke
    on behalf of Notice of Appearance Creditor Jeff Anderson & Associates ebakke@pryorcashman.com

Erin Champion, 11
    USTPRegion02.RO.ECF@USDOJ.GOV

Garry M. Graber
    on behalf of Notice of Appearance Creditor Manufacturers and Traders Trust Company ggraber@hodgsonruss.com mheftka@hodgsonruss.com;cnapiers@hodgsonruss.com

Gerard Sweeney
    on behalf of Creditor Claimants Certain Sexual Abuse gkosmakos@srblawfirm.com

Gerard Sweeney
    on behalf of Creditor CC 403 gkosmakos@srblawfirm.com

Grayson T. Walter

    on behalf of Debtor The Diocese of Rochester gwalter@bsk.com kdoner@bsk.com;CourtMail@bsk.com

Grayson T. Walter

    on behalf of Plaintiff The Diocese of Rochester gwalter@bsk.com kdoner@bsk.com;CourtMail@bsk.com

Gregory J. McDonald

    on behalf of Debtor The Diocese of Rochester gjmcdonald@bsk.com Kleo@bsk.com

Gregory J. McDonald

    on behalf of Defendant The Diocese of Rochester gjmcdonald@bsk.com Kleo@bsk.com

Harris Winsberg

    on behalf of Defendant National Surety Corporation hwinsberg@phrd.com

Harris Winsberg

    on behalf of Interested Party National Surety Corporation hwinsberg@phrd.com

Harris Winsberg

    on behalf of Notice of Appearance Creditor Interstate Fire and Casualty Company hwinsberg@phrd.com

Harris Winsberg

    on behalf of Defendant Interstate Fire & Casualty Company hwinsberg@phrd.com

Harris Winsberg

    on behalf of Interested Party Interstate Fire and Casualty Company hwinsberg@phrd.com

Harris Winsberg

    on behalf of Notice of Appearance Creditor National Surety Corporation hwinsberg@phrd.com

Iain A.W. Nasatir

    on behalf of Creditor Committee Official Committee of Unsecured Creditors inasatir@pszjlaw.com

Ilan D Scharf

    on behalf of Intervenor Official Committee of Unsecured Creditors ischarf@pszjlaw.com
nhall@pszjlaw.com;nrobinson@pszjlaw.com

Ilan D Scharf

    on behalf of Attorney Pachulski Stang Ziehl & Jones LLP ischarf@pszjlaw.com nhall@pszjlaw.com;nrobinson@pszjlaw.com

Ilan D Scharf

    on behalf of Interested Party Official Committee of Unsecured Creditors ischarf@pszjlaw.com
nhall@pszjlaw.com;nrobinson@pszjlaw.com

Ilan D Scharf

    on behalf of Creditor Committee Official Committee of Unsecured Creditors ischarf@pszjlaw.com
nhall@pszjlaw.com;nrobinson@pszjlaw.com

Ilan D Scharf

    on behalf of Notice of Appearance Creditor Official Committee of Unsecured Creditors ischarf@pszjlaw.com
nhall@pszjlaw.com;nrobinson@pszjlaw.com

Ingrid S. Palermo

    on behalf of Debtor The Diocese of Rochester ipalermo@bsk.com kdoner@bsk.com;aparris@bsk.com

Isley Markman Gostin

    on behalf of Notice of Appearance Creditor Continental Insurance Company isley.gostin@wilmerhale.com

Isley Markman Gostin

    on behalf of Interested Party Continental Insurance Company isley.gostin@wilmerhale.com

James I. Stang

    on behalf of Creditor Committee Official Committee of Unsecured Creditors jstang@pszjlaw.com

James K.T. Hunter

    on behalf of Creditor Committee Official Committee of Unsecured Creditors jhunter@pszjlaw.com

James Pio Ruggeri

    on behalf of Interested Party First State Insurance Company jruggeri@ruggerilaw.com

James R Marsh

    on behalf of Creditor 31 Claimants jamesmarsh@marsh.law

James R Marsh

    on behalf of Creditor S. B. jamesmarsh@marsh.law

James R Marsh

    on behalf of Creditor MLF-PCVA Creditors jamesmarsh@marsh.law

James R Marsh

    on behalf of Creditor S.B. jamesmarsh@marsh.law

James R Marsh

on behalf of Creditor M.G. jamesmarsh@marsh.law

James R Marsh

on behalf of Creditor R.O. jamesmarsh@marsh.law

James R Marsh

on behalf of Creditor Certain Sexual Abuse Claimants jamesmarsh@marsh.law

James R Marsh

on behalf of Creditor Claimant Creditors Marsh Law Firm jamesmarsh@marsh.law

James R Marsh

on behalf of Creditor Claimant MM jamesmarsh@marsh.law

James R Murray

on behalf of Special Counsel James R Murray Jim.Murray@BlankRome.com  edocketing@blankrome.com

James R Murray

on behalf of Special Counsel Blank Rome  LLP Jim.Murray@BlankRome.com, edocketing@blankrome.com

James S. Carter

on behalf of Special Counsel Blank Rome  LLP james.carter@blankrome.com

Jarrod W Smith

on behalf of Creditor Donna Oppedisano jarrodsmithlaw@gmail.com

Jarrod W Smith

on behalf of Notice of Appearance Creditor Donna Oppedisano jarrodsmithlaw@gmail.com

Jarrod W Smith

on behalf of Creditor Kathleen Israel jarrodsmithlaw@gmail.com

Jarrod W Smith

on behalf of Notice of Appearance Creditor Kathleen Israel jarrodsmithlaw@gmail.com

Jason P. Amala

on behalf of Notice of Appearance Creditor Marsh/PCVA Claimants jason@pcvalaw.com
mfilomeno@pcvalaw.com;mmoore@pcvalaw.com;kweaver@pcvalaw.com

Jason P. Amala

on behalf of Creditor Marsh/PCVA Claimants jason@pcvalaw.com
mfilomeno@pcvalaw.com;mmoore@pcvalaw.com;kweaver@pcvalaw.com

Jeff Kahane

on behalf of Defendant Certain Underwriters at Lloyd's  London jkahane@skarzynski.com

Jeff Kahane

on behalf of Interested Party London Market Insurers jkahane@skarzynski.com

Jeff Kahane

on behalf of Defendant Certain London Market Companies jkahane@skarzynski.com

Jeff Kahane

on behalf of Interested Party Certain Underwriters at Lloyd's  London jkahane@skarzynski.com

Jeffrey Austin Dove

on behalf of Plaintiff THE CONTINENTAL INSURANCE COMPANY  successor by merger to Commercial Insurance Company
of Newark, New Jersey, and Fireman's Insurance Company of Newark, New Jersey jdove@barclaydamon.com,
avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey Austin Dove

on behalf of Notice of Appearance Creditor Continental Insurance Company jdove@barclaydamon.com
avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey Austin Dove

on behalf of Defendant The Continental Insurance Company jdove@barclaydamon.com
avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey Austin Dove

on behalf of Interested Party Continental Insurance Company jdove@barclaydamon.com
avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey M Dine

on behalf of Interested Party Official Committee of Unsecured Creditors jdine@pszjlaw.com

Jeffrey M Dine

on behalf of Notice of Appearance Creditor Official Committee of Unsecured Creditors jdine@pszjlaw.com

Jesse Bair

on behalf of Notice of Appearance Creditor Official Committee of Unsecured Creditors jbair@burnsbair.com
kdempski@burnsbair.com,bhorn@burnsbair.com

Jesse Bair

on behalf of Special Counsel Burns Bowen Bair LLP jbair@burnsbair.com kdempski@burnsbair.com,bhorn@burnsbair.com

Jesse Bair

on behalf of Creditor Committee Official Committee of Unsecured Creditors jbair@bbblawllp.com kdempski@burnsbair.com,bhorn@burnsbair.com

John Bucheit

on behalf of Interested Party National Surety Corporation jbucheit@phrd.com ssnead@phrd.com

John Bucheit

on behalf of Interested Party Interstate Fire and Casualty Company jbucheit@phrd.com ssnead@phrd.com

John Bucheit

on behalf of Defendant Interstate Fire & Casualty Company jbucheit@phrd.com ssnead@phrd.com

John Bucheit

on behalf of Defendant National Surety Corporation jbucheit@phrd.com ssnead@phrd.com

John A. Mueller

on behalf of Notice of Appearance Creditor Monroe County jmueller@lippes.com jtenczar@lippes.com;mbrennan@lippes.com;rizzo@lippes.com

Jon Travis Powers

on behalf of Defendant National Surety Corporation powerst@whiteandwilliams.com mglowinski@hodgsonruss.com

Jon Travis Powers

on behalf of Interested Party Interstate Fire and Casualty Company powerst@whiteandwilliams.com mglowinski@hodgsonruss.com

Jon Travis Powers

on behalf of Interested Party National Surety Corporation powerst@whiteandwilliams.com mglowinski@hodgsonruss.com

Jon Travis Powers

on behalf of Defendant Interstate Fire & Casualty Company powerst@whiteandwilliams.com mglowinski@hodgsonruss.com

Joshua D Weinberg

on behalf of Interested Party First State Insurance Company jweinberg@ruggerilaw.com

Judith Treger Shelton

on behalf of Notice of Appearance Creditor Swiss Re America Corporation as Administrator jtshelton@kslnlaw.com

Judith Treger Shelton

on behalf of Notice of Appearance Creditor Colonial Penn Insurance Company jtshelton@kslnlaw.com

Judith Treger Shelton

on behalf of Defendant Colonial Penn Insurance Company jtshelton@kslnlaw.com

Kaitlin M. Calov

on behalf of Notice of Appearance Creditor Colonial Penn Insurance Company kcalov@wwmlawyers.com jvail@walkerwilcox.com

Kaitlin M. Calov

on behalf of Notice of Appearance Creditor Swiss Re America Corporation as Administrator kcalov@wwmlawyers.com jvail@walkerwilcox.com

Kaitlin M. Calov

on behalf of Defendant Colonial Penn Insurance Company kcalov@wwmlawyers.com jvail@walkerwilcox.com

Karen B. Dine

on behalf of Interested Party Official Committee of Unsecured Creditors kdine@pszjlaw.com

Karen B. Dine

on behalf of Creditor Committee Official Committee of Unsecured Creditors kdine@pszjlaw.com

Katerina Marie Kramarchyk

on behalf of Notice of Appearance Creditor Camp Stella Maris of Livonia kkramarchyk@wardgreenberg.com

Katerina Marie Kramarchyk

on behalf of Notice of Appearance Creditor Catholic Youth Organization kkramarchyk@wardgreenberg.com

Katerina Marie Kramarchyk

on behalf of Notice of Appearance Creditor Catholic Charities of the Diocese of Rochester kkramarchyk@wardgreenberg.com

Katerina Marie Kramarchyk

on behalf of Notice of Appearance Creditor St. Joseph's Villa kkramarchyk@wardgreenberg.com

Kathleen Thomas

on behalf of Creditor J. O. kat@tlclawllc.com

Kathleen Thomas

on behalf of Creditor Certain Sexual Abuse Claimants kat@tlclawllc.com

Kathleen Thomas

on behalf of Notice of Appearance Creditor Sexual Abuse Survivor/Creditor kat@tlclawllc.com

Kelly McNamee

on behalf of Interested Party Gannett Co. Inc. mcnameek@gtlaw.com, Keara.Merges@gtlaw.com,kelly-mcnamee-7424@ecf.pacerpro.com

Lauren Lifland

on behalf of Notice of Appearance Creditor Continental Insurance Company lauren.lifland@wilmerhale.com

Leander Laurel James, IV

on behalf of Interested Party Kenneth Cubiotti ljames@jvwlaw.net Lucia@jvwlaw.net

Leander Laurel James, IV

on behalf of Creditor CW187 DOE ljames@jvwlaw.net Lucia@jvwlaw.net

Leander Laurel James, IV

on behalf of Creditor JP185 DOE ljames@jvwlaw.net Lucia@jvwlaw.net

Leander Laurel James, IV

on behalf of Creditor Kenneth G. Cubiotti ljames@jvwlaw.net Lucia@jvwlaw.net

Leander Laurel James, IV

on behalf of Creditor GM127 DOE ljames@jvwlaw.net Lucia@jvwlaw.net

Leander Laurel James, IV

on behalf of Creditor MG133 DOE ljames@jvwlaw.net Lucia@jvwlaw.net

Leander Laurel James, IV

on behalf of Notice of Appearance Creditor Kenneth G. Cubiotti ljames@jvwlaw.net Lucia@jvwlaw.net

Leander Laurel James, IV

on behalf of Creditor Kenneth Cubiotti ljames@jvwlaw.net Lucia@jvwlaw.net

Lee E. Woodard

on behalf of Special Counsel Harris Beach PLLC bkemail@harrisbeach.com efilings@harrisbeach.com;broy@harrisbeach.com

Lucas B. Franken

on behalf of Creditor Marsh/PCVA Claimants lfranken@pcvalaw.com mfilomeno@pcvalaw.com

Lucien A. Morin, II

on behalf of Notice of Appearance Creditor Amaryllis Figueroa lmorin@mccmlaw.com lmorinzmcm@aol.com;jcole@mccmlaw.com;kruegermr74613@notify.bestcase.com

Mark Bruh

on behalf of Assistant U.S. Trustee Erin Champion 11 mark.bruh@usdoj.gov

Mark Bruh

on behalf of U.S. Trustee William K. Harrington mark.bruh@usdoj.gov

Mark D. Plevin

on behalf of Plaintiff THE CONTINENTAL INSURANCE COMPANY successor by merger to Commercial Insurance Company of Newark, New Jersey, and Fireman's Insurance Company of Newark, New Jersey mplevin@plevinturner.com, mark-plevin-crowell-moring-8073@ecf.pacerpro.com

Mark D. Plevin

on behalf of Notice of Appearance Creditor Continental Insurance Company mplevin@plevinturner.com mark-plevin-crowell-moring-8073@ecf.pacerpro.com

Mark D. Plevin

on behalf of Interested Party Continental Insurance Company mplevin@plevinturner.com mark-plevin-crowell-moring-8073@ecf.pacerpro.com

Mary Jo Korona

on behalf of Notice of Appearance Creditor Bishop Emeritus Matthew H. Clark mkorona@adamsleclair.law sarahi@leclairkorona.com

Matthew Roberts

on behalf of Defendant National Surety Corporation mroberts@phrd.com

Matthew Roberts

on behalf of Interested Party Interstate Fire and Casualty Company mroberts@phrd.com

Matthew Roberts

on behalf of Defendant Interstate Fire & Casualty Company mroberts@phrd.com

Matthew Roberts

on behalf of Interested Party National Surety Corporation mroberts@phrd.com

Matthew Griffin Merson

on behalf of Notice of Appearance Creditor Merson Law PLLC mmerson@mersonlaw.com

Matthew John Obiala, I

on behalf of Interested Party London Market Insurers matt.obiala@clydeco.us

District/off: 0209-2

Date Rcvd: Jul 21, 2025

User: admin

Form ID: pdforder

Page 9 of 13

Total Noticed: 3

Matthew Michael Weiss

on behalf of Interested Party Interstate Fire and Casualty Company mweiss@phrd.com

Matthew Michael Weiss

on behalf of Interested Party National Surety Corporation mweiss@phrd.com

Melanie Wolk

on behalf of Notice of Appearance Creditor Sexual Abuse Survivor/Creditor mwolk@trevettcristo.com

Michael Finnegan

on behalf of Creditor Certain Sexual Abuse Claimants mike@andersonadvocates.com
therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan

on behalf of Notice of Appearance Creditor Jeff Anderson & Associates mike@andersonadvocates.com
therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan

on behalf of Defendant AB 100 Doe  et al mike@andersonadvocates.com,
therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Watson

on behalf of Notice of Appearance Creditor Sexual Abuse Survivor/Creditor mwatson@thematthewslawfirm.com

Michael Watson

on behalf of Creditor Certain Sexual Abuse Claimants mwatson@thematthewslawfirm.com

Michael A. Weishaar

on behalf of Notice of Appearance Creditor Jeff Anderson & Associates rbg_gmf@hotmail.com
r48948@notify.bestcase.com,gmwecfalternate@gmail.com,bankruptcy@gmlaw.com

Michael J Grygiel

on behalf of Interested Party Gannett Co.  Inc. grygielm@gtlaw.com,
alblitsupport@gtlaw.com,caponev@gtlaw.com,jonesmar@gtlaw.com,michael-grygiel-0205@ecf.pacerpro.com

Miranda Turner

on behalf of Interested Party Continental Insurance Company mturner@plevinturner.com

Miranda Turner

on behalf of Plaintiff THE CONTINENTAL INSURANCE COMPANY  successor by merger to Commercial Insurance Company
of Newark, New Jersey, and Fireman's Insurance Company of Newark, New Jersey mturner@plevinturner.com

Miranda Turner

on behalf of Notice of Appearance Creditor Continental Insurance Company mturner@plevinturner.com

Miranda Turner

on behalf of Defendant The Continental Insurance Company mturner@plevinturner.com

Mitchell Garabedian

on behalf of Creditor DG 278 mgarabedian@garabedianlaw.com

Mitchell Garabedian

on behalf of Creditor Victor Rivera mgarabedian@garabedianlaw.com

Mitchell Garabedian

on behalf of Creditor BB 44 mgarabedian@garabedianlaw.com

Mitchell Garabedian

on behalf of Creditor MS 275 mgarabedian@garabedianlaw.com

Mitchell Garabedian

on behalf of Creditor SHC-MG-2 Doe mgarabedian@garabedianlaw.com

Mitchell Garabedian

on behalf of Creditor SM 247 mgarabedian@garabedianlaw.com

Mitchell Garabedian

on behalf of Creditor Carol Dupre mgarabedian@garabedianlaw.com

Mitchell Garabedian

on behalf of Creditor VJR 41 mgarabedian@garabedianlaw.com

Mohammad Tehrani

on behalf of Interested Party London Market Insurers mtehrani@duanemorris.com

Nathan Mark Kuenzi

on behalf of Creditor Committee Official Committee of Unsecured Creditors nkuenzi@burnsbair.com

Nathan W. Reinhardt

on behalf of Interested Party London Market Insurers nreinhardt@skarzynski.com

Nathan W. Reinhardt

on behalf of Interested Party Certain Underwriters at Lloyd's  London nreinhardt@skarzynski.com

District/off: 0209-2  
Date Rcvd: Jul 21, 2025

User: admin  
Form ID: pdforder

Page 10 of 13  
Total Noticed: 3

Nathaniel Foote

on behalf of Creditor Thomas David Adams nate@vca.law

Nathaniel Foote

on behalf of Attorney Nathaniel Lucas Foote nate@vca.law

Nathaniel Foote

on behalf of Creditor claimants CC151  CC074, CC441, CC312, CC177, CC412, CC189, CC310, CC309, CC188, CC075, CC311 nate@vca.law

Paul L. Leclair

on behalf of Notice of Appearance Creditor St. Bernard's School of Theology and Ministry pleclair@adamsleclair.law arichardson@adamsleclair.law

Peter Garthwaite

on behalf of Defendant Tenecom Limited peter.garthwaite@clydeco.com

Peter Garthwaite

on behalf of Interested Party London Market Insurers peter.garthwaite@clydeco.com

Renee E. Franchi

on behalf of Creditor Thomas David Adams renee@vca.law

Robert Drummond

on behalf of Interested Party National Surety Corporation drummondr@whiteandwilliams.com

Robert Drummond

on behalf of Interested Party Interstate Fire and Casualty Company drummondr@whiteandwilliams.com

Robert P. Arnold

on behalf of Defendant Colonial Penn Insurance Company rarnold@walkerwilcox.com  MZaiko@walkerwilcox.com

Robert P. Arnold

on behalf of Notice of Appearance Creditor Colonial Penn Insurance Company rarnold@walkerwilcox.com MZaiko@walkerwilcox.com

Russell Webb Roten

on behalf of Defendant Certain London Market Companies RWRoten@duanemorris.com

Russell Webb Roten

on behalf of Interested Party Certain Underwriters at Lloyd's  London rroten@skarzynski.com

Russell Webb Roten

on behalf of Interested Party London Market Insurers rroten@skarzynski.com

Russell Webb Roten

on behalf of Defendant Certain Underwriters at Lloyd's  London rroten@skarzynski.com

Sam A Elbadawi

on behalf of Interested Party First State Insurance Company selbadawi@sugarmanlaw.com

Samrah Mahmoud

on behalf of Interested Party Interstate Fire and Casualty Company samrah.mahmoud@troutman.com

Sara C. Temes

on behalf of Debtor The Diocese of Rochester stemes@bsk.com  CourtMail@bsk.com;kdoner@bsk.com;tayers@bsk.com

Scott Michael Duquin

on behalf of Creditor Daniel Regan sduquin@hermanlaw.com  smdlaw27@gmail.com

Scott Michael Duquin

on behalf of Creditor D. S. sduquin@hermanlaw.com  smdlaw27@gmail.com

Scott Michael Duquin

on behalf of Creditor M. P. sduquin@hermanlaw.com  smdlaw27@gmail.com

Scott Michael Duquin

on behalf of Creditor Certain Sexual Abuse Claimants sduquin@hoganwillig.com  smdlaw27@gmail.com

Scott Michael Duquin

on behalf of Creditor B. M. sduquin@hermanlaw.com  smdlaw27@gmail.com

Scott Michael Duquin

on behalf of Creditor T. G. sduquin@hermanlaw.com  smdlaw27@gmail.com

Scott Michael Duquin

on behalf of Creditor Daniel Crespo sduquin@hermanlaw.com  smdlaw27@gmail.com

Scott Michael Duquin

on behalf of Creditor J. F. sduquin@hermanlaw.com  smdlaw27@gmail.com

Scott Michael Duquin

on behalf of Creditor D S sduquin@hermanlaw.com  smdlaw27@gmail.com

Scott Michael Duquin

on behalf of Creditor J. O. sduquin@hermanlaw.com  smdlaw27@gmail.com

Scott Michael Duquin

on behalf of Creditor John Doe 3 sduquin@hermanlaw.com  smdlaw27@gmail.com

Scott Michael Duquin

on behalf of Creditor M. B. sduquin@hermanlaw.com  smdlaw27@gmail.com

Scott Michael Duquin

on behalf of Creditor Michael Crespo sduquin@hermanlaw.com  smdlaw27@gmail.com

Seth H. Lieberman

on behalf of Notice of Appearance Creditor Jeff Anderson slieberman@pryorcashman.com

Seth H. Lieberman

on behalf of Notice of Appearance Creditor Jeff Anderson & Associates slieberman@pryorcashman.com

Shannon Anne Scott

on behalf of U.S. Trustee William K. Harrington shannon.scott2@usdoj.gov

Shirley S. Cho

on behalf of Creditor Committee Official Committee of Unsecured Creditors scho@pszjlaw.com

Siobhain Patricia Minarovich

on behalf of Interested Party National Surety Corporation minarovichs@whiteandwilliams.com

Siobhain Patricia Minarovich

on behalf of Interested Party Interstate Fire and Casualty Company minarovichs@whiteandwilliams.com

Siobhain Patricia Minarovich

on behalf of Defendant National Surety Corporation minarovichs@whiteandwilliams.com

Siobhain Patricia Minarovich

on behalf of Notice of Appearance Creditor Interstate Fire and Casualty Company minarovichs@whiteandwilliams.com

Siobhain Patricia Minarovich

on behalf of Defendant Interstate Fire & Casualty Company minarovichs@whiteandwilliams.com

Siobhain Patricia Minarovich

on behalf of Notice of Appearance Creditor National Surety Corporation minarovichs@whiteandwilliams.com

Sommer L. Ross

on behalf of Interested Party London Market Insurers slross@duanemorris.com

Stephen Boyd

on behalf of Creditor Certain Sexual Abuse Claimants sboyd@steveboyd.com  rmatuzic@steveboyd.com

Stephen Boyd

on behalf of Notice of Appearance Creditor 1 - Doe AB sboyd@steveboyd.com  rmatuzic@steveboyd.com

Stephen A. Donato

on behalf of Attorney Bond  Schoeneck & King, PLLC sdonato@bsk.com,
ayerst@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Stephen A. Donato

on behalf of Defendant The Diocese of Rochester sdonato@bsk.com  ayerst@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Stephen A. Donato

on behalf of Debtor The Diocese of Rochester sdonato@bsk.com  ayerst@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Stephen A. Donato

on behalf of Plaintiff The Diocese of Rochester sdonato@bsk.com  ayerst@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Stephen G. Schwarz

on behalf of Creditor Claimants CC115/CC136 and CC114/CC135 sschwarz@faraci.com

Stephenie Lannigan Bross

on behalf of Creditor claimant 480 sbross@sssfirm.com

Stephenie Lannigan Bross

on behalf of Creditor claimant 527 sbross@sssfirm.com

Stephenie Lannigan Bross

on behalf of Creditor claimant 468 sbross@sssfirm.com

Stephenie Lannigan Bross

on behalf of Creditor claimant 557 sbross@sssfirm.com

Stephenie Lannigan Bross

on behalf of Creditor claimant 481 sbross@sssfirm.com

Stephenie Lannigan Bross

on behalf of Creditor claimant 485 sbross@sssfirm.com

Stephenie Lannigan Bross

on behalf of Creditor claimant 274 sbross@sssfirm.com

Stephenie Lannigan Bross

on behalf of Creditor claimant 496 sbross@sssfirm.com

Stephenie Lannigan Bross

on behalf of Creditor claimant 434 sbross@sssfirm.com

Steve Phillips

on behalf of Creditor LCVAWCR DOE sphillips@p2law.com

Steve Phillips

on behalf of Creditor LCVAWCR-DOE sphillips@p2law.com

Steven D. Allison

on behalf of Interested Party Interstate Fire and Casualty Company steven.allison@troutman.com  tracey.cantu@troutman.com

Stuart S. Mermelstein

on behalf of Creditor Claimants smermelstein@hermanlaw.com  gdano@hermanlaw.com

Tancred Schiavoni

on behalf of Interested Party Illinois Union Insurance Company tschiavoni@omm.com  tancred-schiavoni-9326@ecf.pacerpro.com

Tancred Schiavoni

on behalf of Interested Party Federal Insurance Company tschiavoni@omm.com  tancred-schiavoni-9326@ecf.pacerpro.com

Terrance Flynn

on behalf of Special Counsel Harris Beach PLLC tflynn@harrisbeachmurtha.com  jwright@harrisbeach.com

Timothy Evanston

on behalf of Interested Party London Market Insurers tevanston@skarzynski.com

Timothy Evanston

on behalf of Interested Party Certain Underwriters at Lloyd's  London tevanston@skarzynski.com

Timothy Patrick Lyster

on behalf of Attorney Woods Oviatt Gilman LLP tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Notice of Appearance Creditor Ad Hoc Parish Committee tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Interested Party Ad Hoc Parish Committee tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Quaid Karcher

on behalf of Financial Advisor Berkeley Research Group  LLC tkarcher@proskauer.com

Timothy Quaid Karcher

on behalf of Notice of Appearance Creditor Berkeley Research Group  LLC tkarcher@proskauer.com

Timothy W. Burns

on behalf of Notice of Appearance Creditor Official Committee of Unsecured Creditors tburns@burnsbair.com  kdempski@burnsbair.com;nkuenzi@burnsbair.com

Timothy W. Burns

on behalf of Special Counsel Burns Bowen Bair LLP tburns@bbblawllp.com  kdempski@burnsbair.com;nkuenzi@burnsbair.com

Timothy W. Burns

on behalf of Creditor Committee Official Committee of Unsecured Creditors tburns@bbblawllp.com  kdempski@burnsbair.com;nkuenzi@burnsbair.com

Todd C. Jacobs

on behalf of Interested Party National Surety Corporation tjacobs@phrd.com  ssnead@phrd.com

Todd C. Jacobs

on behalf of Defendant Interstate Fire & Casualty Company tjacobs@phrd.com  ssnead@phrd.com

Todd C. Jacobs

on behalf of Interested Party Interstate Fire and Casualty Company tjacobs@phrd.com  ssnead@phrd.com

Todd C. Jacobs

on behalf of Defendant National Surety Corporation tjacobs@phrd.com  ssnead@phrd.com

Victoria Phillips

on behalf of Creditor LCVAWCR-DOE vphillips@p2law.com

William Henry Gordon

on behalf of Creditor Carol Dupre wgordon@garabedianlaw.com

District/off: 0209-2

Date Rcvd: Jul 21, 2025

TOTAL: 294

User: admin

Form ID: pdforder

Page 13 of 13

Total Noticed: 3

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
```

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **THE DIOCESE OF ROCHESTER,** | : | Case No. 19-20905-PRW |
| Debtor. | : | |
| | : | Re: Doc. Nos. 3072, 3169, 3171, 3198, 3199, 3200, 3201, 3203 |
| | : | |

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
```

### ORDER (I) APPROVING THE FIRST STATE SETTLEMENT AGREEMENT, RELEASE AND BUYBACK, (II) APPROVING THE SALE OF THE FIRST STATE POLICIES FREE AND CLEAR, (III) ENJOINING CLAIMS, <u>AND (IV) GRANTING RELATED RELIEF</u>

Upon the motion, dated April 22, 2025 (Dkt. No. 3072) ("**Motion**")[1] of The Diocese of Rochester, the debtor-in-possession in the above-captioned Chapter 11 case ("**Diocese**"), for entry of an order approving the settlement agreement, releases, insurance policy buyback, and related injunction-in-aid ("**Settlement**") by among the Diocese, the other Diocese Parties, and First State Insurance Company ("**First State**"), pursuant to Sections 105(a) and 363 of Title 11 of the United States Code ("**Bankruptcy Code**") and Rules 2002(a)(2), 6004, and 9019 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), in each case as described in the Motion and in the Settlement Agreement, Release, and Policy Buyback filed as **<u>Exhibit D</u>** to the Supplement to the Motion, filed on the docket on June 10, 2025 at Dkt. No. 3133 (the "**Agreement**"); and the Court having reviewed the Motion and the Agreement; and it appearing that due and adequate notice of the Motion and Agreement having been given to all Persons entitled thereto, and that no other or further notice need be given; and the Court on June 18, 2025 at 11:00 AM having held a hearing (the "**Sale Hearing**") to consider the relief requested in the Motion; and upon the record of the Sale Hearing; and, after due deliberation, including, without limitation, for the reasons stated by the Court on the record of the Sale Hearing, it appearing that the relief requested in the Motion and granted herein is in the best interests of the Diocese's estate, its creditors, and other parties in interest; and good sufficient cause appearing therefor, it is hereby

### FOUND AND DETERMINED THAT:

A.      This Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Standing Order* of reference from the United States District Court for the Western District of New York dated as of February 29, 2012, as amended

---

[1]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Agreement (as defined below).

21953062.v1

and in effect. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.     The statutory predicates for the relief sought in the Motion are Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9019.

C.     Proper, timely, adequate and sufficient notice of the Sale Hearing and Motion and the relief requested therein, including, without limitation, the Settlement and the transactions described in the Agreement, including, without limitation, issuance of the injunction-in-aid referenced in the Agreement and the Motion (all such transactions being collectively referred to, for convenience, as the "**Sale Transaction**") has been provided in accordance with all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules to all interested Persons, including, without limitation: (a) all Abuse Claimants known to or reasonably ascertainable by any Diocese Party; (b) the Participating Parties; (c) the Committee; (d) the Unknown Claims Representative; (e) all other Persons that must be served with written notice under Bankruptcy Rule 2002, including, without limitation, all Persons who have filed notices of appearance in the Bankruptcy Case; (f) all Persons known or believed by any Diocese Party to have provided insurance to any of the Diocese Parties; (g) to the extent not captured in (f), all Non-Settling Insurers; and (h) the Persons set forth on Schedules 2 and 3 of the Agreement. *See* (Dkt. Nos. 3135, 3141, 3163). Notice of the Sale Transaction and the Sale Hearing was published in The New York Times, The Buffalo News, The Post-Standard, Democrat & Chronicle, and The Rochester Beacon Email Newsletter between May 19, 2025 and May 22, 2025, as set forth in the *Certificates of Publication* (Dkt. No. 3146). The notices described above were good, sufficient, and appropriate under the circumstances, and no other notice of the Motion or Sale Hearing is required.

D.     The disclosures made by the Diocese concerning the Agreement, the Sale Transaction, and the Sale Hearing were good, complete, and adequate.

E.     A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested Persons.

F.     The Diocese has full corporate power and authority to consummate the Sale Transaction pursuant to the Agreement and all other documents contemplated thereby, and no consents or approvals, other than those expressly provided for in the Agreement, are required for the Diocese to consummate the Sale Transaction. Similarly, the other Diocese Parties have full corporate power and authority to consummate the Sale Transaction pursuant to the Agreement and all other documents contemplated thereby, and no consents or approvals, other than those expressly provided for in the Agreement, are required for the Diocese Parties to consummate the Sale Transaction.

G.     Approval of the Agreement and consummation of the Sale Transaction are in the best interests of the Diocese's estate, its creditors (specifically including the Abuse Claimants), and other parties-in-interest, including because the proceeds of and from the Sale Transaction will benefit Abuse Claims.

H.     The Diocese has demonstrated (i) good, sufficient, and sound business purpose and justification and compelling circumstances for the Sale Transaction pursuant to Section 363(b) of the Bankruptcy Code and (ii) that the Sale Transaction is fair, reasonable, and in the best interests of the Diocese's estate and creditors pursuant to Bankruptcy Rule 9019. Among other things, the Diocese has demonstrated that: the Agreement, and closing thereon, is necessary and appropriate

21953062.v1

to realize the value of the Purchased Property[2] and maximize the value of the Diocese's estate; the probability of success for the Diocese's estate in litigation over the matters resolved by the Agreement is uncertain; litigation of the matters resolved by the Agreement would be complex and costly to the Diocese's estate; and the Settlement Amount is within the reasonable range of potential litigation outcomes. The Sale Transaction constitutes a reasonable and sound exercise of the Diocese's business judgment and its powers and duties under applicable law and should be approved.

I. The Agreement was negotiated, proposed, and entered into without collusion, in good faith, and from arm's length bargaining positions. Without limiting the foregoing, the Agreement resulted from a lengthy mediation that proceeded pursuant to a prior order of the Court. First State is not an "insider" or "affiliate" of the Diocese, as those terms are defined in the Bankruptcy Code. None of the Diocese Parties or First State have engaged in any conduct that would: (i) cause or permit the avoidance of the Agreement or the consummation of the Sale Transaction under Section 363(n) of the Bankruptcy Code; (ii) cause or permit the imposition of any costs or damages (including without limitation attorneys' fees or punitive damages) under Section 363(n) of the Bankruptcy Code; or (iii) prevent the application of Section 363(m) of the Bankruptcy Code.

J. First State is a good faith purchaser of the Purchased Property under Section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby, in that, among other things: (i) all payments to be made by or to First State, and other agreements or arrangements entered into by First State, in connection with the Sale Transaction have been disclosed; (ii) First State neither induced nor caused the Diocese's Chapter 11 filing; (iii) the negotiation and execution of the Agreement and any other agreements or instruments related thereto was in good faith, the arm's length transaction between First State and the Diocese Parties was the product of mediation, and all Parties to the Agreement were, or had the opportunity to be, represented by counsel; and (iv) First State has not violated Section 363(n) of the Bankruptcy Code by any action or inaction. First State has at all times acted in good faith with respect to the Agreement and will continue to be acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code in closing the Sale Transaction.

K. The terms and conditions of the Agreement are fair and reasonable. The Settlement Amount provided by First State pursuant to the Agreement (i) is fair and reasonable; (ii) monetizes the Purchased Property at the highest and best amount; (iii) will provide a higher and more certain recovery for the Diocese's creditors than would be provided by any other practical available alternative given the complexity, cost, and uncertainty of such alternatives; and (iv) constitutes reasonably equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and Section 548 of the Bankruptcy Code) and fair consideration under the Bankruptcy Code and applicable non-bankruptcy law. The Settlement Amount is within the reasonable range of potential litigation outcomes, and the Diocese's determination to accept the Settlement Amount and otherwise enter into the Agreement is a valid and sound exercise of the Diocese's business judgment and consistent with the Diocese's fiduciary duties.

---

[2] "**Purchased Property**" as used herein means both (i) the Diocese Policies and (ii) the Extra-Contractual Claims of the Diocese Parties, all as defined in the Agreement.

21953062.v1

L.     First State: (i) is not a mere continuation of the Diocese or its estate, nor is there any continuity of enterprise between First State and the Diocese or First State and any of the other Diocese Parties; (ii) is not holding itself out to the public as a continuation of any of the Diocese Parties; and (iii) is not a successor to the Diocese, its estate, or any of the Diocese Parties for any purpose, and the Sale Transaction does not amount to a consolidation, merger, or *de facto* merger of First State and any of the Diocese Parties.

M.     The Agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession, or the District of Columbia.  Neither First State nor any of the Diocese Parties are fraudulently entering into the Sale Transaction.

N.     The transfer of the Purchased Property to First State (i) does not constitute an avoidable transfer under the Bankruptcy Code or under other applicable bankruptcy or non-bankruptcy law and (ii) does not and will not subject First State to any liability whatsoever with respect to the Diocese's operation prior to the closing of the Sale Transaction (the "**Closing**").

O.     First State has agreed to purchase the Purchased Property pursuant to its Agreement and this Order; First State has not agreed to purchase, and is not purchasing, any other assets of the Diocese's estate.  First State has not agreed to assume, and after Closing shall have no obligations with respect to, any liabilities of the Diocese, its subsidiaries or affiliates, the other Diocese Parties, or any Covered Parties, except for the ISO Exception (as and to the extent expressly provided in the Agreement).  Without limiting the generality of the foregoing, First State: (i) is not assuming and shall have no liability for any Claims arising from or relating to Abuse, the Purchased Property, or the Bankruptcy Case; and (ii) is not assuming and, excluding only the ISO Exception (as and to the extent expressly provided in the Agreement), shall have no liability with respect to the Diocese's, any Covered Party's, or any  other Diocese Party's obligations to Abuse Claimants, any other creditors, future claimants (including without limitation Unknown Abuse Claims), or the Diocese's, any Covered Party's, or any Diocese Party's employees, in each case, by reason of the purchase of the Purchased Property under the Agreement.

P.     The Purchased Property constitutes property of the Diocese's estate, and the Diocese is the lawful owner of the Purchased Property and holds good title thereto.  The transfer of the Purchased Property to First State pursuant to the Agreement will be a legal, valid, binding, and effective transfer of the Purchased Property, and will vest First State with all right, title, and interest of the Diocese and the Diocese Parties in and to the Purchased Property, in each case free and clear of all Interests (as defined below, and including, without limitation, any Interests of the Diocese Parties, Covered Parties, other named or additional insureds or assureds, or those with direct action rights against the Purchased Property) except (as and to the extent specifically provided in the Agreement) for the ISO Exception.  After Closing, First State shall have no liability for any Claims against or liabilities of the Diocese, its estate, or the other Diocese Parties or Covered Parties, except for the ISO Exception (as and to the extent specifically provided in the Agreement).  Without limiting any of the foregoing, the Diocese, the Diocese Parties, and First State have agreed that, upon the occurrence of the Settlement Agreement Effective Date and payment of the Settlement Amount by First State, the Purchased Property immediately thereafter shall be deemed void *ab initio*, terminated, extinguished, and of no further force or effect.

Q.     The Diocese may sell the Purchased Property free and clear of all, liens, interests, obligations, rights, encumbrances, pledges, mortgages, deeds of trust, security interests, Claims

21953062.v1

(including, without limitation, any "claim" as defined in Section 101(5) of the Bankruptcy Code), leases, possessory leasehold interests, charges, options, rights of first refusal or option to purchase any real property, easements, servitudes, transfer restrictions under any agreement, judgments, hypothecations, demands, licenses, sublicenses, assignments, debts, obligations, guaranties, options, contractual commitments, restrictions, environmental liabilities, options to purchase, and options, in each case of whatever kind, nature, or description in, against, or with respect to any of the Purchased Property, having arisen, existed or accrued prior to and through closing of the Sale Transaction, whether direct or indirect, absolute or contingent, choate or inchoate, fixed or contingent, matured or unmatured, liquidated or unliquidated, arising or imposed by agreement, understanding, law, equity, statute, or otherwise and whether arising prior to, on, or after the Petition Date, including without limitation Abuse Claims, Coverage Claims, and all other Barred Claims (collectively, and including all "interests" as the term is used in Bankruptcy Code Section 363, "**Interests**") because one or more of the standards set forth in Bankruptcy Code Section 363(f)(1) – (5) has been satisfied with regard to each such Interest. Without limiting the generality of the foregoing: (i) non-Diocese parties with Interests in or with respect to the Purchased Property who did not object, or who withdrew their objections to the Sale Transaction or the Motion have waived their right to object to the sale of the Purchased Property free and clear of such non-Diocese parties' Interests in the Purchased Property pursuant to Section 363(f)(2) of the Bankruptcy Code; and (ii) non-Diocese parties with Interests in or with respect to the Purchased Property who objected to the Motion and did not withdraw any such objection (a) are the holders of Interests subject to *bona fide* dispute under Bankruptcy Code Section 363(f)(4) and/or (b) can be compelled to accept a monetary satisfaction of their Interests within the meaning of Section 363(f)(5) of the Bankruptcy Code.

R.      If the sale of the Purchased Property were not free and clear of Interests, or if the First State Released Parties and/or First State's Related Persons would, or in the future could, be liable for any of the Interests, First State would not have entered into the Agreement and would not consummate the Sale Transaction or pay the Settlement Amount, thus adversely affecting the Debtor, its estate, and its creditors (including, without limitation, the Abuse Claimants), as well as the other Diocese Part

S.      Issuing a supplemental injunction under Section 105(a) of the Bankruptcy Code as provided herein is essential to give effect to the sale of the Purchased Property to First State and this Order's approval of such sale free and clear of Interests pursuant to Section 363(f) of the Bankruptcy Code. The Settling Insurer Injunction set forth in Paragraph 19 below not only is a necessary prerequisite for First State's assent to the terms and conditions of its Agreement, such that First State will not consummate the Sale Transaction or pay its Settlement Amount in the absence of such an injunction from this Court, but also is warranted to ensure compliance with this Order.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

### General Provisions

1.      The Motion is granted and approved as set forth herein.

2.      The findings of fact set forth above and conclusions of law stated herein, in addition to any findings of fact and conclusions of law stated by the Court at the Sale Hearing, shall constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052,

made applicable to the Motion pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

3.     Any and all objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are hereby overruled on the merits with prejudice, and in each case the Person asserting the objection or reservation of rights is enjoined from taking any action against the First State Released Parties or First State's Related Persons to recover any Claim which such objecting Person has solely against the Diocese, its estate, or any other Diocese Party or Covered Party. Those parties who did not object or who withdrew their objections to the Motion are deemed to have consented to the relief granted herein, pursuant to Section 363(f)(2) of the Bankruptcy Code. For the avoidance of doubt, nothing in this Paragraph 3 shall be interpreted to enjoin any party's right, if any, to appeal this Order or to object to confirmation of any chapter 11 plan; and, for the further avoidance of doubt, nothing in this Order addresses or resolves The Continental Insurance Company's objections to (i) §§ 8.9.2(e), 8.9.3, and 12.5.1 of the Plan and/or (ii) the absence from the Plan of a "trust backstop" (as such objections are set forth in § B. and pages 12-15, respectively, of Dkt. No. 3171), and such objections are preserved for assertion in connection with the proceedings on confirmation of the Plan.

### Approval of the Agreements

4.     The Agreement is approved in its entirety, pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019. Without limiting the generality of the foregoing, the settlement and mutual release of Claims as set forth in the Agreement is hereby approved pursuant to Bankruptcy Rule 9019. All factors set forth in *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007), either weigh in favor of the Agreement or do not apply.

5.     Pursuant to Section 363(b) of the Bankruptcy Code, the Diocese is authorized to consummate the Sale Transaction under and in accordance with the terms and conditions of the Agreement, and the Diocese shall at all times act in accordance with the terms thereof.

6.     The Parties are authorized to execute and deliver, and empowered to perform under, consummate, and implement the Agreement, together with all additional instruments and documents that may be reasonably necessary, convenient, or desirable to implement the Agreement and consummate the Sale Transaction pursuant thereto and effectuate the provisions of this Order and the transactions approved hereby, and to take all further actions as may be requested by First State for the purpose of assigning, transferring, granting, conveying, and conferring to First State or reducing to First State's possession, the Purchased Property, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Agreement.

7.     First State is authorized and directed to pay the respective Settlement Amount to the Trust under and subject to the satisfaction of all terms and conditions of the Agreement.

8.     The Settlement Amount provided by First State for the Purchased Property constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code,

Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and under the laws of the United States, any state, territory, possession, or the District of Columbia.

9. None of First State's Related Persons or any First State Released Party shall be required to seek or obtain relief from the automatic stay under Section 362 of the Bankruptcy Code to enforce any of its or their rights or remedies under the Agreement or any other document related to the Agreement or the Sale Transaction. The automatic stay imposed by Section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence and the other provisions of this Order; *provided*, *however*, that this Court shall retain jurisdiction over any and all disputes with respect thereto.

10. This Order shall be binding in all respects upon: (a) the Diocese and its Related Persons; (b) the Diocese's estate; (c) the other Diocese Parties; (d) all creditors (including without limitation all Abuse Claimants); (e) all holders of Interests whether known or unknown (including but not limited to any Non-Settling Insurers and Covered Parties) against or on all or any portion of the Purchased Property; (f) the First State Released Parties and First State's Related Persons; (g) the Purchased Property; (h) the Unknown Claims Representative; (i) any trustee that may be subsequently appointed in the Bankruptcy Case, whether pursuant to any plan of reorganization or liquidation (including without limitation the Trustee appointed under the Plan), under Section 1104 of the Bankruptcy Code, or upon a dismissal or conversion of this Bankruptcy Case under Chapter 7 of the Bankruptcy Code; and (j) all Persons and Entities receiving notice (or deemed to have received notice pursuant to this Order) of the Motion or the Sale Hearing. The Agreement shall be binding in all respects upon: (x) the Diocese, its Related Persons, and its estate; (y) the Diocese Parties; and (z) any trustee that may be subsequently appointed in the Bankruptcy Case, whether pursuant to any plan of reorganization or liquidation (including without limitation the Trustee appointed under the Plan), under Section 1104 of the Bankruptcy Code, or upon a dismissal or conversion of this Bankruptcy Case under Chapter 7 of the Bankruptcy Code.

**Transfer of the Assets**

11. The conditions of Section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Diocese may sell the Purchased Property free and clear of any Interests therein.

12. Pursuant to Sections 105 and 363(b) and (f) of the Bankruptcy Code, Bankruptcy Rule 9019, applicable New York State law, the *Declaration of James R. Murray in Support of the Diocese's Motion for Entry of Orders Pursuant to Sections 363 and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving Settlement Agreements and Policy Buy-Backs with Certain Insurers and Granting Related Relief* (Dkt. No. 3205), the *Declaration of Lisa M. Passero in Support of the Diocese's Motion for Entry of Orders Pursuant to Sections 363 and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving Settlement Agreements and Policy Buy-Backs with Certain Insurers and Granting Related Relief* (Dkt. No. 3206), and the record of the Sale Hearing, the Diocese has set forth the legal authority necessary to support this Court's findings herein.

13. Except as and to the extent expressly provided in the Agreement with respect to the ISO Exception, pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, the Purchased Property and the Diocese Parties' rights, title, and interest therein shall upon Closing be transferred

21953062.v1

to First State, free and clear of all Interests (including without limitation the Interests of the Diocese Parties and any Covered Parties), and all such Interests are unconditionally and forever released and extinguished as against the Purchased Property. Without limiting the generality of the foregoing, the sale of the Purchased Property under the Agreement shall be free and clear of all Abuse Claims (whether Consenting Class 4 Claims or Non-Consenting Class 4 Claims), Barred Claims, Coverage Claims, Inbound Contribution Claims, Insurer Contribution Claims, Medicare Claims, Related Insurance Claims, Direct Action Claims, and any other Claims arising from or related in any way to an Abuse Claim or any portion of the Purchased Property.

14.     All Persons (and their respective successors and assigns), including but not limited to all governmental, tax, and regulatory authorities, Diocese Parties, Entities, Covered Parties, Non-Settling Insurers, Abuse Claimants, and trade and other creditors, holding Interests (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated) against, in, or with respect to the Purchased Property, including, without limitation, such Interests arising or accruing under or out of, in connection with, or in any way relating to the transfer of the Purchased Property to First State, hereby are forever barred, estopped, and permanently enjoined from asserting such Person's or Entity's Interests against the Purchased Property, the First State Released Parties, or First State's Related Persons. Except as and to the extent expressly provided in the Agreement with respect to the ISO Exception, effective upon Closing none of the First State Released Parties or any of First State's Related Persons shall have any liability for any Claims (a) against the Diocese, its estate, or any of the Covered Parties or other Diocese Parties or (b) in respect of the Purchased Property.

15.     The transfer of the Purchased Property to First State pursuant to the Agreement constitutes a legal, valid, and effective transfer of the Purchased Property, and shall vest First State with all right, title, and interest of the Diocese and the Diocese Parties in and to the Purchased Property. Upon the occurrence of the Settlement Agreement Effective Date and payment of the Settlement Amount by First State, the Diocese Policies shall be terminated and no longer in force or effect, exhausted in retrospect as to all coverages, and all Interests the Diocese or any other Person or Entity (including without limitation any of the other Diocese Parties or Covered Parties) may have had, may presently have, or may in the future have, in such Purchased Property are released and extinguished, and all such Persons (including without limitation the Diocese Parties and Covered Parties) and Entities hereby are forever barred, estopped, and permanently enjoined from asserting any such Interest against the Purchased Property, the First State Released Parties, and/or any of First State's Related Persons. First State's payment of the Settlement Amount constitutes full and complete performance of any and all obligations under the Purchased Property, including without limitation any performance owed to the Diocese Parties or Covered Parties, and exhausts all limits of liability of the Purchased Property. For the avoidance of doubt, neither the amendatory endorsements nor the termination and exhaustion of coverage described in this Paragraph 15 shall prevent Continental Insurance Company from asserting against the Trust (and only against the Trust) any Insurer Contribution Claim that, in the absence of such amendatory endorsements, termination, and exhaustion of coverage, would otherwise exist under applicable law.

16.     Upon occurrence of the Settlement Agreement Effective Date:

21953062.v1

(a)     all Interests the Diocese Parties may have had, may presently have, or in the future may have in the Purchased Property, as applicable, are released pursuant to the terms of the Agreement; and

(b)     the Diocese Parties accept the Settlement Amount in full and complete satisfaction of First State's past, present, and future obligations, including, without limitation, any obligations to any of the Diocese Parties under such Purchased Property or arising therefrom, as to any and all Claims for insurance coverage or policy benefits of any nature whatsoever arising out of or related in any way to such Purchased Property (including Coverage Claims), whether legal or equitable, known or unknown, suspected or unsuspected, fixed or contingent, and regardless of whether such Claims arise from, relate to, or are in connection with the Abuse Claims, Barred Claims, or otherwise.

## No Successor Liability

17.     The transfer of the Purchased Property to First State shall not result in any First State Released Parties, any of First State's Related Persons, or the Purchased Property having any of the following: (a) any liability or responsibility for Interests in or Claims against the Diocese or against an insider of the Diocese; (b) liability whatsoever with respect to or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff, or otherwise, directly or indirectly, any Claims or Interests; or (c) any liability or responsibility to the Diocese except as is expressly set forth in the Agreement.

18.     Without limiting the generality of the foregoing, none of the First State Released Parties or any First State's Related Persons shall have any successor or vicarious liabilities of any kind or character, including, but not limited to, under any theory of antitrust, environmental, successor or transferee liability, labor law, successor or successor employer liability, *de facto* merger or joint venture, mere continuation or substantial continuity, whether known or unknown as of Closing, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including, but not limited to, liabilities on account of warranties, intercompany loans and receivables between the Diocese and any non-debtor subsidiary or affiliate (including, without limitation, any Diocese Party), liabilities relating to or arising from any environmental laws, and any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the Purchased Property prior to Closing.

## Settling Insurer Injunction

19.     Pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, and in consideration of the undertakings of First State pursuant to the Agreement, including First State's purchase of the Purchased Property free and clear of all Claims and Interests pursuant to Section 363(f) of the Bankruptcy Code as provided herein, any and all Persons and Entities that have held, now hold, or who may in the future hold any Claims or Interests (including without limitation all debt holders, all equity holders, governmental, tax and regulatory authorities, lenders, trade and other creditors, Abuse Claimants, perpetrators, Covered Parties, any other additional insureds or assureds or named insureds or assureds, Non-Settling Insurers, the Diocese Parties, and all others holding Claims or Interests of any kind or nature whatsoever, including, without limitation, those

9

21953062.v1

Case 2-19-20905-PRW,    Doc 3290,    Filed 07/23/25,    Entered 07/24/25 00:40:23,
Description: Imaged Certificate of Notice, Page 22 of 25

Claims released or to be released pursuant to the Agreement), which Claims or Interests are under, arise out of, relate to, or connect in any way with an Abuse Claim or any of the Purchased Property, including, without limitation, (a) Abuse Claims (whether Consenting Class 4 Claims or Non-Consenting Class 4 Claims), Unknown Abuse Claims, Coverage Claims, Inbound Contribution Claims, Insurer Contribution Claims, Related Insurance Claims, Direct Action Claims, Tort Actions, and all other Channeled Claims, (b) the payment of any of the Claims identified previously, including, without limitation, Medicare Claims, and (c) all other Barred Claims or Interests, are, to the maximum extent permitted by law, hereby permanently stayed, enjoined, barred, and restrained from taking any action, directly or indirectly, to assert, enforce or attempt to assert or enforce any such Claim or Interest against any of (x) the First State Released Parties or First State's Related Persons, (y) the assets or property of any First State Released Parties or any of First State's Related Persons, or (z) the Purchased Property, including by:

     (i)     commencing or continuing in any manner any action or other proceeding of any kind against any First State Released Parties, any of First State's Related Persons, or against the property or assets of any of the foregoing;

     (ii)     enforcing, attaching, collecting, or recovering, or seeking to accomplish any of the preceding, by any manner or means, any judgment, award, decree, or order against any First State Released Parties, any of First State's Related Persons, or against the property or assets of any of the foregoing;

     (iii)     creating, perfecting, or enforcing, or seeking to accomplish any of the preceding, any lien of any kind against any First State Released Parties, any of First State's Related Persons, or against the property or assets of any of the foregoing;

     (iv)     asserting, implementing, or effectuating any such Claim of any kind against: (A) any obligation due to any of the First State Released Parties or First State's Related Persons, (B) any of the First State Released Parties or First State's Related Persons, or (C) the property or assets of any of First State Released Parties or First State's Related Persons;

     (v)     taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of this Order; and

     (vi)     asserting or accomplishing any setoff, right of indemnity, subrogation, contribution, or recoupment of any kind against an obligation due to any First State Released Parties, any of First State's Related Persons, or against the property or assets of any of the foregoing.

The actions described in this Paragraph 19 are "**Enjoined Actions**," and the injunction set forth herein is the "**Settling Insurer Injunction**." The Settling Insurer Injunction shall be a permanent injunction against the Enjoined Actions and may not be modified, dissolved, or terminated.

     20.     Notwithstanding anything to the contrary in the foregoing, the Settling Insurer Injunction does not apply the ISO Exception (as and to the extent provided in the Agreement).

21953062.v1

21.     The Settling Insurer Injunction shall be effective upon the occurrence of the Settlement Agreement Effective Date and First State's payment of the Settlement Amount to the Trust pursuant to the terms of the Agreement.  The Settling Insurer Injunction bars pursuit of the above referenced Claims and/or Interests against the First State Released Parties, First State's Related Persons, or the property or assets of each (including, without limitation, the Purchased Property), but against no other person or thing.  In a successful action to enforce this Settling Insurer Injunction in response to a willful violation thereof, the moving party may seek an award of costs (including reasonable attorneys' fees) against the non-moving party, and such other legal or equitable remedies as are just and proper, after notice and a hearing.

22.     The Settling Insurer Injunction shall not enjoin (a) the right of any Person or Entity against the Trust or a Non-Settling Insurer, or (b) the Trustee from enforcing the Trust Documents.

### Additional Provisions

23.     From and after the date hereof, no Person or Entity shall take or cause to be taken any action that would adversely affect or interfere with the transfer of the Purchased Property to First State in accordance with the terms of the Agreements and this Order.

24.     This Court hereby retains jurisdiction, regardless of whether a Chapter 11 plan has been confirmed in the Bankruptcy Case and consummated and irrespective of the provisions of any such plan or order confirming such plan, to enforce and implement the terms and provisions of the Agreement, all amendments thereto, any waivers and consents thereunder, and of any agreement(s) executed in connection therewith in all respects, including but not limited to retaining jurisdiction to: (a) compel delivery of the Purchased Property to First State in accordance with the terms of the Agreement; (b) resolve any dispute, controversy, or claim arising under or related to the Agreement, or the breach thereof; and (c) interpret, implement, and enforce the provisions of this Order and resolve any disputes related thereto.

25.     Nothing contained in any plan confirmed in the Bankruptcy Case or any order of this Court confirming such plan shall conflict with or derogate from the provisions of the Agreement or the terms of this Order.

26.     This Order shall not limit or preclude the entry or effectiveness of any additional releases or injunctions that may be granted protecting the First State Released Parties and/or First State's Related Persons in connection with, or as part of, any order confirming a Chapter 11 plan.

27.     The transactions contemplated by the Agreement are undertaken by First State in good faith, as that term is used in Section 363(m) of the Bankruptcy Code.  First State is a good faith purchaser of the Purchased Property and is entitled to all the protections afforded by Section 363(m) of the Bankruptcy Code.  Accordingly, any reversal or modification on appeal of the authorization provided herein to consummate the Sale Transaction shall not affect the validity of the Sale Transaction to First State.

28.     First State has given substantial consideration under the Agreement for the benefit of the Diocese, its estate, and creditors, along with the other Diocese Parties and Covered Parties. Such consideration given by First State constitutes valid and valuable consideration for the Purchased Property and the releases set forth in the Agreement, including, without limitation, the

11

21953062.v1

extinguishment and release of all Interests pursuant to this Order. The consideration provided by First State for the Purchased Property under the Agreement is fair and reasonable; accordingly, the purchase may not be avoided under Section 363(n) of the Bankruptcy Code.

29. The terms and provisions of the Agreement and this Order shall be binding notwithstanding any subsequent appointment of any Trustee(s) examiner(s) or receiver(s) under any Chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such Trustee(s), examiner(s), or receiver(s) and shall not be subject to rejection or avoidance by the Diocese, its estate, its creditors, or any examiner(s) or receiver(s).

30. The failure specifically to include any particular provision of the Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Agreement and the Parties' performance thereof be authorized and approved in its entirety.

31. Pursuant to the provisions of the Agreement, each of the Diocese Parties and First State shall be authorized to take, or cause to be taken, all appropriate action to do, or cause to be done, all things necessary, proper, or advisable under applicable law or otherwise to consummate and make effective the transactions contemplated by the Agreement.

32. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

33. All obligations of the Diocese under the Agreement shall be deemed administrative expenses of the estate under Sections 503(b) and 507(a)(1) of the Bankruptcy Code.

34. Each and every federal, state, and local governmental agency or department is hereby directed to accept this Order in lieu of any document necessary to consummate the transactions contemplated by the Agreement and this Order.

35. The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the Parties, in a writing signed by the applicable Parties, and in accordance with the terms thereof, without further order of this Court; *provided* that such modification, amendment, or supplement does not constitute a material change to the relief sought in the Motion and approved by this Order.

**IT IS SO ORDERED.**

Dated: July 21, 2025                                        /s/
          Rochester, New York                    HON. PAUL R. WARREN
                                                              United States Bankruptcy Judge

12

21953062.v1