United States Bankruptcy Court

Western District of New York

In re:                                                                        Case No. 19-20905-PRW

The Diocese of Rochester                                                      Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0209-2 | User: admin | Page 1 of 13

Date Rcvd: Jul 21, 2025 | Form ID: pdforder | Total Noticed: 3

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 23, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | The Diocese of Rochester, 1150 Buffalo Road, Rochester, NY 14624-1890 |
| pr | + | Lisa M. Passero, The Diocese of Rochester, 1150 Buffalo Road, Rochester, NY 14624-1890 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | + | Email/Text: ustpregion02.ro.ecf@usdoj.gov | Jul 21 2025 18:20:00 | Office of the U.S. Trustee, 100 State Street, Room 6090, Rochester, NY 14614-1315 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 23, 2025          Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 21, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Adam Horowitz | on behalf of Notice of Appearance Creditor Sexual Abuse Survivor/Creditor adam@adamhorowitzlaw.com |
| Adam Horowitz | on behalf of Creditor Claimants Certain Sexual Abuse adam@adamhorowitzlaw.com |
| Adam Horowitz | on behalf of Attorney Horowitz Law Claimants adam@adamhorowitzlaw.com |
| Adam Horowitz | |

on behalf of Creditor Certain Sexual Abuse Claimants adam@adamhorowitzlaw.com

Adam Horowitz

on behalf of Creditor 31 Claimants adam@adamhorowitzlaw.com

Adam P. Haberkorn

on behalf of Interested Party Federal Insurance Company ahaberkorn@omm.com adam-haberkorn-2269@ecf.pacerpro.com

Adam P. Haberkorn

on behalf of Interested Party Illinois Union Insurance Company ahaberkorn@omm.com adam-haberkorn-2269@ecf.pacerpro.com

Amy Keller

on behalf of Creditor Certain Sexual Abuse Claimants akeller@lglaw.com sfischer@lglaw.com

Amy Keller

on behalf of Creditor LG DOE VICTIMS akeller@lglaw.com sfischer@lglaw.com

Amy Keller

on behalf of Defendant AB 100 Doe et al akeller@lglaw.com, sfischer@lglaw.com

Andrew S. Richmond

on behalf of Notice of Appearance Creditor Jeff Anderson & Associates arichmond@pryorcashman.com

Andrew S. Richmond

on behalf of Notice of Appearance Creditor Jeff Anderson arichmond@pryorcashman.com

Andrew Scott Rivera

on behalf of Debtor The Diocese of Rochester arivera@bsk.com kdoner@bsk.com;CourtMail@bsk.com

Annette Rolain

on behalf of Interested Party First State Insurance Company arolain@ruggerilaw.com bkfilings@ruggerilaw.com

Brian Micic

on behalf of Defendant Markel International Insurance Company Limited brian.micic@clydeco.us

Brian Micic

on behalf of Defendant Tenecom Limited brian.micic@clydeco.us

Brian Micic

on behalf of Defendant Certain London Market Companies brian.micic@clydeco.us

Brian Micic

on behalf of Interested Party HDI Global Specialty SE brian.micic@clydeco.us

Brian Micic

on behalf of Interested Party Certain Underwriters at Lloyd's London brian.micic@clydeco.us

Brian Micic

on behalf of Defendant Certain Underwriters at Lloyd's London brian.micic@clydeco.us

Brian Micic

on behalf of Interested Party London Market Insurers brian.micic@clydeco.us

Brian Micic

on behalf of Defendant The Dominion Insurance Company Limited brian.micic@clydeco.us

Brian Micic

on behalf of Defendant HDI Global Specialty SE brian.micic@clydeco.us

Brianna M Espeland

on behalf of Creditor Kenneth Cubiotti brianna@jvwlaw.net

Brianna M Espeland

on behalf of Notice of Appearance Creditor Brian S. Delafranier brianna@jvwlaw.net

Brittany Mitchell Michael

on behalf of Creditor Committee Official Committee of Unsecured Creditors bmichael@pszjlaw.com

Brittany Mitchell Michael

on behalf of Notice of Appearance Creditor Official Committee of Unsecured Creditors bmichael@pszjlaw.com

Camille W. Hill

on behalf of Debtor The Diocese of Rochester chill@bsk.com ayerst@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Carol Dupre

caroldopray61@yahoo.com

Catalina Sugayan

on behalf of Interested Party HDI Global Specialty SE catalina.sugayan@clydeco.us Nancy.Lima@clydeco.us

Catalina Sugayan

on behalf of Interested Party Certain Underwriters at Lloyd's London catalina.sugayan@clydeco.us, Nancy.Lima@clydeco.us

Catalina Sugayan
                on behalf of Defendant Tenecom Limited catalina.sugayan@clydeco.us  Nancy.Lima@clydeco.us

Catalina Sugayan
                on behalf of Defendant Certain London Market Companies catalina.sugayan@clydeco.us  Nancy.Lima@clydeco.us

Catalina Sugayan
                on behalf of Defendant CX Reinsurance Company Limited catalina.sugayan@clydeco.us  Nancy.Lima@clydeco.us

Catalina Sugayan
                on behalf of Interested Party London Market Insurers catalina.sugayan@clydeco.us  Nancy.Lima@clydeco.us

Catalina Sugayan
                on behalf of Defendant The Dominion Insurance Company Limited catalina.sugayan@clydeco.us  Nancy.Lima@clydeco.us

Catalina Sugayan
                on behalf of Defendant Certain Underwriters at Lloyd's  London catalina.sugayan@clydeco.us, Nancy.Lima@clydeco.us

Catalina Sugayan
                on behalf of Defendant HDI Global Specialty SE catalina.sugayan@clydeco.us  Nancy.Lima@clydeco.us

Catalina Sugayan
                on behalf of Defendant Markel International Insurance Company Limited catalina.sugayan@clydeco.us  Nancy.Lima@clydeco.us

Catherine Beideman Heitzenrater
                on behalf of Creditor The Chubb Companies cheitzenrater@duanemorris.com

Charles Edwin Jones
                on behalf of Defendant Interstate Fire & Casualty Company charles.jones@lawmoss.com  Brenda.murphy@lawmoss.com

Charles Edwin Jones
                on behalf of Notice of Appearance Creditor National Surety Corporation charles.jones@lawmoss.com
                Brenda.murphy@lawmoss.com

Charles Edwin Jones
                on behalf of Interested Party National Surety Corporation charles.jones@lawmoss.com  Brenda.murphy@lawmoss.com

Charles Edwin Jones
                on behalf of Notice of Appearance Creditor Interstate Fire and Casualty Company charles.jones@lawmoss.com
                Brenda.murphy@lawmoss.com

Charles Edwin Jones
                on behalf of Interested Party Interstate Fire and Casualty Company charles.jones@lawmoss.com  Brenda.murphy@lawmoss.com

Charles Edwin Jones
                on behalf of Defendant National Surety Corporation charles.jones@lawmoss.com  Brenda.murphy@lawmoss.com

Charles J. Sullivan
                on behalf of Creditor Claimant MM csullivan@bsk.com  kdoner@bsk.com;jhunold@bsk.com;CourtMail@bsk.com

Charles J. Sullivan
                on behalf of Attorney Bond  Schoeneck & King, PLLC csullivan@bsk.com,
                kdoner@bsk.com;jhunold@bsk.com;CourtMail@bsk.com

Charles J. Sullivan
                on behalf of Debtor The Diocese of Rochester csullivan@bsk.com  kdoner@bsk.com;jhunold@bsk.com;CourtMail@bsk.com

Charles J. Sullivan
                on behalf of Plaintiff The Diocese of Rochester csullivan@bsk.com  kdoner@bsk.com;jhunold@bsk.com;CourtMail@bsk.com

Christopher Loeber
                on behalf of Notice of Appearance Creditor Jeff Anderson cloeber@pryorcashman.com

Christopher Loeber
                on behalf of Notice of Appearance Creditor Jeff Anderson & Associates cloeber@pryorcashman.com

Christopher Eric Love
                on behalf of Notice of Appearance Creditor Marsh/PCVA Claimants chris@pcvalaw.com

Christopher Eric Love
                on behalf of Creditor Marsh/PCVA Claimants chris@pcvalaw.com

Craig Goldblatt
                on behalf of Notice of Appearance Creditor Continental Insurance Company craig.goldblatt@wilmerhale.com

Craig Goldblatt
                on behalf of Interested Party Continental Insurance Company craig.goldblatt@wilmerhale.com

Danielle Spinelli
                on behalf of Notice of Appearance Creditor Continental Insurance Company danielle.spinelli@wilmerhale.com

David C. Christian, II
                on behalf of Interested Party Continental Insurance Company dchristian@dca.law

David C. Christian, II

on behalf of Notice of Appearance Creditor Continental Insurance Company dchristian@dca.law

David C. Christian, II

on behalf of Plaintiff THE CONTINENTAL INSURANCE COMPANY  successor by merger to Commercial Insurance Company of Newark, New Jersey, and Fireman's Insurance Company of Newark, New Jersey dchristian@dca.law

David D. MacKnight

on behalf of Creditor The Sisters of Saint Joseph of Rochester  Inc. dmacknight@lacykatzen.com, dgay@lacykatzen.com

Deola T. Ali

on behalf of Creditor Certain Sexual Abuse Claimants dali@awtxlaw.com

Devin L. Palmer

on behalf of Notice of Appearance Creditor Catholic Youth Organization dpalmer@boylancode.com dpalmer@boylancode.com;sciaccia@boylancode.com;rmarks@boylancode.com

Devin L. Palmer

on behalf of Notice of Appearance Creditor St. Joseph's Villa dpalmer@boylancode.com dpalmer@boylancode.com;sciaccia@boylancode.com;rmarks@boylancode.com

Diane Paolicelli

on behalf of Creditor 065 -Claimant (Creditor) dpaolicelli@p2law.com

Diane Paolicelli

on behalf of Creditor 528 - Claimant (Creditor) dpaolicelli@p2law.com

Diane Paolicelli

on behalf of Creditor PC-33 DOE dpaolicelli@p2law.com

Diane Paolicelli

on behalf of Creditor LCVAWCR DOE dpaolicelli@p2law.com

Diane Paolicelli

on behalf of Creditor 198 - Claimant (Creditor) dpaolicelli@p2law.com

Diane Paolicelli

on behalf of Creditor ORLANDO RIVERA dpaolicelli@p2law.com

Dirk C. Haarhoff

on behalf of Notice of Appearance Creditor Colonial Penn Insurance Company dchaarhoff@kslnlaw.com

Dirk C. Haarhoff

on behalf of Defendant Colonial Penn Insurance Company dchaarhoff@kslnlaw.com

Dirk C. Haarhoff

on behalf of Notice of Appearance Creditor Swiss Re America Corporation as Administrator dchaarhoff@kslnlaw.com

Elin Lindstrom

on behalf of Notice of Appearance Creditor Jeff Anderson & Associates elin@andersonadvocates.com therese@andersonadvocates.com

Eric John Ward

on behalf of Notice of Appearance Creditor Camp Stella Maris of Livonia eward@hodgsonruss.com

Eric John Ward

on behalf of Notice of Appearance Creditor St. Joseph's Villa eward@hodgsonruss.com

Eric John Ward

on behalf of Notice of Appearance Creditor Catholic Charities of the Diocese of Rochester eward@hodgsonruss.com

Eric John Ward

on behalf of Notice of Appearance Creditor Catholic Youth Organization eward@hodgsonruss.com

Erik Bakke

on behalf of Notice of Appearance Creditor Jeff Anderson ebakke@pryorcashman.com

Erik Bakke

on behalf of Notice of Appearance Creditor Jeff Anderson & Associates ebakke@pryorcashman.com

Erin Champion, 11

USTPRegion02.RO.ECF@USDOJ.GOV

Garry M. Graber

on behalf of Notice of Appearance Creditor Manufacturers and Traders Trust Company ggraber@hodgsonruss.com mheftka@hodgsonruss.com;cnapiers@hodgsonruss.com

Gerard Sweeney

on behalf of Creditor Claimants Certain Sexual Abuse gkosmakos@srblawfirm.com

Gerard Sweeney

on behalf of Creditor CC 403 gkosmakos@srblawfirm.com

Grayson T. Walter

on behalf of Debtor The Diocese of Rochester gwalter@bsk.com kdoner@bsk.com;CourtMail@bsk.com

Grayson T. Walter

on behalf of Plaintiff The Diocese of Rochester gwalter@bsk.com kdoner@bsk.com;CourtMail@bsk

Gregory J. McDonald

on behalf of Debtor The Diocese of Rochester gjmcdonald@bsk.com Kleo@bsk.com

Gregory J. McDonald

on behalf of Defendant The Diocese of Rochester gjmcdonald@bsk.com Kleo@bsk.com

Harris Winsberg

on behalf of Defendant National Surety Corporation hwinsberg@phrd.com

Harris Winsberg

on behalf of Interested Party National Surety Corporation hwinsberg@phrd.com

Harris Winsberg

on behalf of Notice of Appearance Creditor Interstate Fire and Casualty Company hwinsberg@phrd.com

Harris Winsberg

on behalf of Defendant Interstate Fire & Casualty Company hwinsberg@phrd.com

Harris Winsberg

on behalf of Interested Party Interstate Fire and Casualty Company hwinsberg@phrd.com

Harris Winsberg

on behalf of Notice of Appearance Creditor National Surety Corporation hwinsberg@phrd.com

Iain A.W. Nasatir

on behalf of Creditor Committee Official Committee of Unsecured Creditors inasatir@pszjlaw.com

Ilan D Scharf

on behalf of Intervenor Official Committee of Unsecured Creditors ischarf@pszjlaw.com
nhall@pszjlaw.com;nrobinson@pszjlaw.com

Ilan D Scharf

on behalf of Attorney Pachulski Stang Ziehl & Jones LLP ischarf@pszjlaw.com nhall@pszjlaw.com;nrobinson@pszjlaw.com

Ilan D Scharf

on behalf of Interested Party Official Committee of Unsecured Creditors ischarf@pszjlaw.com
nhall@pszjlaw.com;nrobinson@pszjlaw.com

Ilan D Scharf

on behalf of Creditor Committee Official Committee of Unsecured Creditors ischarf@pszjlaw.com
nhall@pszjlaw.com;nrobinson@pszjlaw.com

Ilan D Scharf

on behalf of Notice of Appearance Creditor Official Committee of Unsecured Creditors ischarf@pszjlaw.com
nhall@pszjlaw.com;nrobinson@pszjlaw.com

Ingrid S. Palermo

on behalf of Debtor The Diocese of Rochester ipalermo@bsk.com kdoner@bsk.com;aparris@bsk.com

Isley Markman Gostin

on behalf of Notice of Appearance Creditor Continental Insurance Company isley.gostin@wilmerhale.com

Isley Markman Gostin

on behalf of Interested Party Continental Insurance Company isley.gostin@wilmerhale.com

James I. Stang

on behalf of Creditor Committee Official Committee of Unsecured Creditors jstang@pszjlaw.com

James K.T. Hunter

on behalf of Creditor Committee Official Committee of Unsecured Creditors jhunter@pszjlaw.com

James Pio Ruggeri

on behalf of Interested Party First State Insurance Company jruggeri@ruggerilaw.com

James R Marsh

on behalf of Creditor 31 Claimants jamesmarsh@marsh.law

James R Marsh

on behalf of Creditor S. B. jamesmarsh@marsh.law

James R Marsh

on behalf of Creditor MLF-PCVA Creditors jamesmarsh@marsh.law

James R Marsh

on behalf of Creditor S.B. jamesmarsh@marsh.law

James R Marsh

on behalf of Creditor M.G. jamesmarsh@marsh.law

James R Marsh

on behalf of Creditor R.O. jamesmarsh@marsh.law

James R Marsh

on behalf of Creditor Certain Sexual Abuse Claimants jamesmarsh@marsh.law

James R Marsh

on behalf of Creditor Claimant Creditors Marsh Law Firm jamesmarsh@marsh.law

James R Marsh

on behalf of Creditor Claimant MM jamesmarsh@marsh.law

James R Murray

on behalf of Special Counsel James R Murray Jim.Murray@BlankRome.com edocketing@blankrome.com

James R Murray

on behalf of Special Counsel Blank Rome LLP Jim.Murray@BlankRome.com, edocketing@blankrome.com

James S. Carter

on behalf of Special Counsel Blank Rome LLP james.carter@blankrome.com

Jarrod W Smith

on behalf of Creditor Donna Oppedisano jarrodsmithlaw@gmail.com

Jarrod W Smith

on behalf of Notice of Appearance Creditor Donna Oppedisano jarrodsmithlaw@gmail.com

Jarrod W Smith

on behalf of Creditor Kathleen Israel jarrodsmithlaw@gmail.com

Jarrod W Smith

on behalf of Notice of Appearance Creditor Kathleen Israel jarrodsmithlaw@gmail.com

Jason P. Amala

on behalf of Notice of Appearance Creditor Marsh/PCVA Claimants jason@pcvalaw.com
mfilomeno@pcvalaw.com;mmoore@pcvalaw.com;kweaver@pcvalaw.com

Jason P. Amala

on behalf of Creditor Marsh/PCVA Claimants jason@pcvalaw.com
mfilomeno@pcvalaw.com;mmoore@pcvalaw.com;kweaver@pcvalaw.com

Jeff Kahane

on behalf of Defendant Certain Underwriters at Lloyd's London jkahane@skarzynski.com

Jeff Kahane

on behalf of Interested Party London Market Insurers jkahane@skarzynski.com

Jeff Kahane

on behalf of Defendant Certain London Market Companies jkahane@skarzynski.com

Jeff Kahane

on behalf of Interested Party Certain Underwriters at Lloyd's London jkahane@skarzynski.com

Jeffrey Austin Dove

on behalf of Plaintiff THE CONTINENTAL INSURANCE COMPANY successor by merger to Commercial Insurance Company
of Newark, New Jersey, and Fireman's Insurance Company of Newark, New Jersey jdove@barclaydamon.com,
avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey Austin Dove

on behalf of Notice of Appearance Creditor Continental Insurance Company jdove@barclaydamon.com
avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey Austin Dove

on behalf of Defendant The Continental Insurance Company jdove@barclaydamon.com
avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey Austin Dove

on behalf of Interested Party Continental Insurance Company jdove@barclaydamon.com
avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey M Dine

on behalf of Interested Party Official Committee of Unsecured Creditors jdine@pszjlaw.com

Jeffrey M Dine

on behalf of Notice of Appearance Creditor Official Committee of Unsecured Creditors jdine@pszjlaw.com

Jesse Bair

on behalf of Notice of Appearance Creditor Official Committee of Unsecured Creditors jbair@burnsbair.com
kdempski@burnsbair.com,bhorn@burnsbair.com

Jesse Bair

on behalf of Special Counsel Burns Bowen Bair LLP jbair@burnsbair.com  kdempski@burnsbair.com,bhorn@burnsbair.com

Jesse Bair
                    on behalf of Creditor Committee Official Committee of Unsecured Creditors jbair@bbblawllp.com
                    kdempski@burnsbair.com,bhorn@burnsbair.com

John Bucheit
                    on behalf of Interested Party National Surety Corporation jbucheit@phrd.com  ssnead@phrd.com

John Bucheit
                    on behalf of Interested Party Interstate Fire and Casualty Company jbucheit@phrd.com  ssnead@phrd.com

John Bucheit
                    on behalf of Defendant Interstate Fire & Casualty Company jbucheit@phrd.com  ssnead@phrd.com

John Bucheit
                    on behalf of Defendant National Surety Corporation jbucheit@phrd.com  ssnead@phrd.com

John A. Mueller
                    on behalf of Notice of Appearance Creditor Monroe County jmueller@lippes.com
                    jtenczar@lippes.com;mbrennan@lippes.com;rizzo@lippes.com

Jon Travis Powers
                    on behalf of Defendant National Surety Corporation powerst@whiteandwilliams.com  mglowinski@hodgsonruss.com

Jon Travis Powers
                    on behalf of Interested Party Interstate Fire and Casualty Company powerst@whiteandwilliams.com
                    mglowinski@hodgsonruss.com

Jon Travis Powers
                    on behalf of Interested Party National Surety Corporation powerst@whiteandwilliams.com  mglowinski@hodgsonruss.com

Jon Travis Powers
                    on behalf of Defendant Interstate Fire & Casualty Company powerst@whiteandwilliams.com  mglowinski@hodgsonruss.com

Joshua D Weinberg
                    on behalf of Interested Party First State Insurance Company jweinberg@ruggerilaw.com

Judith Treger Shelton
                    on behalf of Notice of Appearance Creditor Swiss Re America Corporation as Administrator jtshelton@kslnlaw.com

Judith Treger Shelton
                    on behalf of Notice of Appearance Creditor Colonial Penn Insurance Company jtshelton@kslnlaw.com

Judith Treger Shelton
                    on behalf of Defendant Colonial Penn Insurance Company jtshelton@kslnlaw.com

Kaitlin M. Calov
                    on behalf of Notice of Appearance Creditor Colonial Penn Insurance Company kcalov@wwmlawyers.com
                    jvail@walkerwilcox.com

Kaitlin M. Calov
                    on behalf of Notice of Appearance Creditor Swiss Re America Corporation as Administrator kcalov@wwmlawyers.com
                    jvail@walkerwilcox.com

Kaitlin M. Calov
                    on behalf of Defendant Colonial Penn Insurance Company kcalov@wwmlawyers.com  jvail@walkerwilcox.com

Karen B. Dine
                    on behalf of Interested Party Official Committee of Unsecured Creditors kdine@pszjlaw.com

Karen B. Dine
                    on behalf of Creditor Committee Official Committee of Unsecured Creditors kdine@pszjlaw.com

Katerina Marie Kramarchyk
                    on behalf of Notice of Appearance Creditor Camp Stella Maris of Livonia kkramarchyk@wardgreenberg.com

Katerina Marie Kramarchyk
                    on behalf of Notice of Appearance Creditor Catholic Youth Organization kkramarchyk@wardgreenberg.com

Katerina Marie Kramarchyk
                    on behalf of Notice of Appearance Creditor Catholic Charities of the Diocese of Rochester kkramarchyk@wardgreenberg.com

Katerina Marie Kramarchyk
                    on behalf of Notice of Appearance Creditor St. Joseph's Villa kkramarchyk@wardgreenberg.com

Kathleen Thomas
                    on behalf of Creditor J. O. kat@tlclawllc.com

Kathleen Thomas
                    on behalf of Creditor Certain Sexual Abuse Claimants kat@tlclawllc.com

Kathleen Thomas

on behalf of Notice of Appearance Creditor Sexual Abuse Survivor/Creditor kat@tlclawllc.com

Kelly McNamee

on behalf of Interested Party Gannett Co. Inc. mcnameek@gtlaw.com, Keara.Merges@gtlaw.com,kelly-mcnamee-7424@ecf.pacerpro.com

Lauren Lifland

on behalf of Notice of Appearance Creditor Continental Insurance Company lauren.lifland@wilmerhale.com

Leander Laurel James, IV

on behalf of Interested Party Kenneth Cubiotti ljames@jvwlaw.net Lucia@jvwlaw.net

Leander Laurel James, IV

on behalf of Creditor CW187 DOE ljames@jvwlaw.net Lucia@jvwlaw.net

Leander Laurel James, IV

on behalf of Creditor JP185 DOE ljames@jvwlaw.net Lucia@jvwlaw.net

Leander Laurel James, IV

on behalf of Creditor Kenneth G. Cubiotti ljames@jvwlaw.net Lucia@jvwlaw.net

Leander Laurel James, IV

on behalf of Creditor GM127 DOE ljames@jvwlaw.net Lucia@jvwlaw.net

Leander Laurel James, IV

on behalf of Creditor MG133 DOE ljames@jvwlaw.net Lucia@jvwlaw.net

Leander Laurel James, IV

on behalf of Notice of Appearance Creditor Kenneth G. Cubiotti ljames@jvwlaw.net Lucia@jvwlaw.net

Leander Laurel James, IV

on behalf of Creditor Kenneth Cubiotti ljames@jvwlaw.net Lucia@jvwlaw.net

Lee E. Woodard

on behalf of Special Counsel Harris Beach PLLC bkemail@harrisbeach.com efilings@harrisbeach.com;broy@harrisbeach.com

Lucas B. Franken

on behalf of Creditor Marsh/PCVA Claimants lfranken@pcvalaw.com mfilomeno@pcvalaw.com

Lucien A. Morin, II

on behalf of Notice of Appearance Creditor Amaryllis Figueroa lmorin@mccmlaw.com lmorinzmcm@aol.com;jcole@mccmlaw.com;kruegermr74613@notify.bestcase.com

Mark Bruh

on behalf of Assistant U.S. Trustee Erin Champion 11 mark.bruh@usdoj.gov

Mark Bruh

on behalf of U.S. Trustee William K. Harrington mark.bruh@usdoj.gov

Mark D. Plevin

on behalf of Plaintiff THE CONTINENTAL INSURANCE COMPANY successor by merger to Commercial Insurance Company of Newark, New Jersey, and Fireman's Insurance Company of Newark, New Jersey mplevin@plevinturner.com, mark-plevin-crowell-moring-8073@ecf.pacerpro.com

Mark D. Plevin

on behalf of Notice of Appearance Creditor Continental Insurance Company mplevin@plevinturner.com mark-plevin-crowell-moring-8073@ecf.pacerpro.com

Mark D. Plevin

on behalf of Interested Party Continental Insurance Company mplevin@plevinturner.com mark-plevin-crowell-moring-8073@ecf.pacerpro.com

Mary Jo Korona

on behalf of Notice of Appearance Creditor Bishop Emeritus Matthew H. Clark mkorona@adamsleclair.law sarahi@leclairkorona.com

Matthew Roberts

on behalf of Defendant National Surety Corporation mroberts@phrd.com

Matthew Roberts

on behalf of Interested Party Interstate Fire and Casualty Company mroberts@phrd.com

Matthew Roberts

on behalf of Defendant Interstate Fire & Casualty Company mroberts@phrd.com

Matthew Roberts

on behalf of Interested Party National Surety Corporation mroberts@phrd.com

Matthew Griffin Merson

on behalf of Notice of Appearance Creditor Merson Law PLLC mmerson@mersonlaw.com

Matthew John Obiala, I

on behalf of Interested Party London Market Insurers matt.obiala@clydeco.us

Matthew Michael Weiss

on behalf of Interested Party Interstate Fire and Casualty Company mweiss@phrd.com

Matthew Michael Weiss

on behalf of Interested Party National Surety Corporation mweiss@phrd.com

Melanie Wolk

on behalf of Notice of Appearance Creditor Sexual Abuse Survivor/Creditor mwolk@trevettcristo.com

Michael Finnegan

on behalf of Creditor Certain Sexual Abuse Claimants mike@andersonadvocates.com
therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan

on behalf of Notice of Appearance Creditor Jeff Anderson & Associates mike@andersonadvocates.com
therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan

on behalf of Defendant AB 100 Doe  et al mike@andersonadvocates.com,
therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Watson

on behalf of Notice of Appearance Creditor Sexual Abuse Survivor/Creditor mwatson@thematthewslawfirm.com

Michael Watson

on behalf of Creditor Certain Sexual Abuse Claimants mwatson@thematthewslawfirm.com

Michael A. Weishaar

on behalf of Notice of Appearance Creditor Jeff Anderson & Associates rbg_gmf@hotmail.com
r48948@notify.bestcase.com,gmwecfalternate@gmail.com,bankruptcy@gmlaw.com

Michael J Grygiel

on behalf of Interested Party Gannett Co.  Inc. grygielm@gtlaw.com,
alblitsupport@gtlaw.com,caponev@gtlaw.com,jonesmar@gtlaw.com,michael-grygiel-0205@ecf.pacerpro.com

Miranda Turner

on behalf of Interested Party Continental Insurance Company mturner@plevinturner.com

Miranda Turner

on behalf of Plaintiff THE CONTINENTAL INSURANCE COMPANY  successor by merger to Commercial Insurance Company
of Newark, New Jersey, and Fireman's Insurance Company of Newark, New Jersey mturner@plevinturner.com

Miranda Turner

on behalf of Notice of Appearance Creditor Continental Insurance Company mturner@plevinturner.com

Miranda Turner

on behalf of Defendant The Continental Insurance Company mturner@plevinturner.com

Mitchell Garabedian

on behalf of Creditor DG 278 mgarabedian@garabedianlaw.com

Mitchell Garabedian

on behalf of Creditor Victor Rivera mgarabedian@garabedianlaw.com

Mitchell Garabedian

on behalf of Creditor BB 44 mgarabedian@garabedianlaw.com

Mitchell Garabedian

on behalf of Creditor MS 275 mgarabedian@garabedianlaw.com

Mitchell Garabedian

on behalf of Creditor SHC-MG-2 Doe mgarabedian@garabedianlaw.com

Mitchell Garabedian

on behalf of Creditor SM 247 mgarabedian@garabedianlaw.com

Mitchell Garabedian

on behalf of Creditor Carol Dupre mgarabedian@garabedianlaw.com

Mitchell Garabedian

on behalf of Creditor VJR 41 mgarabedian@garabedianlaw.com

Mohammad Tehrani

on behalf of Interested Party London Market Insurers mtehrani@duanemorris.com

Nathan Mark Kuenzi

on behalf of Creditor Committee Official Committee of Unsecured Creditors nkuenzi@burnsbair.com

Nathan W. Reinhardt

on behalf of Interested Party London Market Insurers nreinhardt@skarzynski.com

Nathan W. Reinhardt

on behalf of Interested Party Certain Underwriters at Lloyd's  London nreinhardt@skarzynski.com

Nathaniel Foote
on behalf of Creditor Thomas David Adams nate@vca.law

Nathaniel Foote
on behalf of Attorney Nathaniel Lucas Foote nate@vca.law

Nathaniel Foote
on behalf of Creditor claimants CC151  CC074, CC441, CC312, CC177, CC412, CC189, CC310, CC309, CC188, CC075, CC311 nate@vca.law

Paul L. Leclair
on behalf of Notice of Appearance Creditor St. Bernard's School of Theology and Ministry pleclair@adamsleclair.law arichardson@adamsleclair.law

Peter Garthwaite
on behalf of Defendant Tenecom Limited peter.garthwaite@clydeco.com

Peter Garthwaite
on behalf of Interested Party London Market Insurers peter.garthwaite@clydeco.com

Renee E. Franchi
on behalf of Creditor Thomas David Adams renee@vca.law

Robert Drummond
on behalf of Interested Party National Surety Corporation drummondr@whiteandwilliams.com

Robert Drummond
on behalf of Interested Party Interstate Fire and Casualty Company drummondr@whiteandwilliams.com

Robert P. Arnold
on behalf of Defendant Colonial Penn Insurance Company rarnold@walkerwilcox.com  MZaiko@walkerwilcox.com

Robert P. Arnold
on behalf of Notice of Appearance Creditor Colonial Penn Insurance Company rarnold@walkerwilcox.com MZaiko@walkerwilcox.com

Russell Webb Roten
on behalf of Defendant Certain London Market Companies RWRoten@duanemorris.com

Russell Webb Roten
on behalf of Interested Party Certain Underwriters at Lloyd's  London rroten@skarzynski.com

Russell Webb Roten
on behalf of Interested Party London Market Insurers rroten@skarzynski.com

Russell Webb Roten
on behalf of Defendant Certain Underwriters at Lloyd's  London rroten@skarzynski.com

Sam A Elbadawi
on behalf of Interested Party First State Insurance Company selbadawi@sugarmanlaw.com

Samrah Mahmoud
on behalf of Interested Party Interstate Fire and Casualty Company samrah.mahmoud@troutman.com

Sara C. Temes
on behalf of Debtor The Diocese of Rochester stemes@bsk.com  CourtMail@bsk.com;kdoner@bsk.com;tayers@bsk.com

Scott Michael Duquin
on behalf of Creditor Daniel Regan sduquin@hermanlaw.com  smdlaw27@gmail.com

Scott Michael Duquin
on behalf of Creditor D. S. sduquin@hermanlaw.com  smdlaw27@gmail.com

Scott Michael Duquin
on behalf of Creditor M. P. sduquin@hermanlaw.com  smdlaw27@gmail.com

Scott Michael Duquin
on behalf of Creditor Certain Sexual Abuse Claimants sduquin@hoganwillig.com  smdlaw27@gmail.com

Scott Michael Duquin
on behalf of Creditor B. M. sduquin@hermanlaw.com  smdlaw27@gmail.com

Scott Michael Duquin
on behalf of Creditor T. G. sduquin@hermanlaw.com  smdlaw27@gmail.com

Scott Michael Duquin
on behalf of Creditor Daniel Crespo sduquin@hermanlaw.com  smdlaw27@gmail.com

Scott Michael Duquin
on behalf of Creditor J. F. sduquin@hermanlaw.com  smdlaw27@gmail.com

Scott Michael Duquin
on behalf of Creditor D S sduquin@hermanlaw.com  smdlaw27@gmail.com

Scott Michael Duquin

on behalf of Creditor J. O. sduquin@hermanlaw.com smdlaw27@gmail.com

Scott Michael Duquin

on behalf of Creditor John Doe 3 sduquin@hermanlaw.com smdlaw27@gmail.com

Scott Michael Duquin

on behalf of Creditor M. B. sduquin@hermanlaw.com smdlaw27@gmail.com

Scott Michael Duquin

on behalf of Creditor Michael Crespo sduquin@hermanlaw.com smdlaw27@gmail.com

Seth H. Lieberman

on behalf of Notice of Appearance Creditor Jeff Anderson slieberman@pryorcashman.com

Seth H. Lieberman

on behalf of Notice of Appearance Creditor Jeff Anderson & Associates slieberman@pryorcashman.com

Shannon Anne Scott

on behalf of U.S. Trustee William K. Harrington shannon.scott2@usdoj.gov

Shirley S. Cho

on behalf of Creditor Committee Official Committee of Unsecured Creditors scho@pszjlaw.com

Siobhain Patricia Minarovich

on behalf of Interested Party National Surety Corporation minarovichs@whiteandwilliams.com

Siobhain Patricia Minarovich

on behalf of Interested Party Interstate Fire and Casualty Company minarovichs@whiteandwilliams.com

Siobhain Patricia Minarovich

on behalf of Defendant National Surety Corporation minarovichs@whiteandwilliams.com

Siobhain Patricia Minarovich

on behalf of Notice of Appearance Creditor Interstate Fire and Casualty Company minarovichs@whiteandwilliams.com

Siobhain Patricia Minarovich

on behalf of Defendant Interstate Fire & Casualty Company minarovichs@whiteandwilliams.com

Siobhain Patricia Minarovich

on behalf of Notice of Appearance Creditor National Surety Corporation minarovichs@whiteandwilliams.com

Sommer L. Ross

on behalf of Interested Party London Market Insurers slross@duanemorris.com

Stephen Boyd

on behalf of Creditor Certain Sexual Abuse Claimants sboyd@steveboyd.com rmatuzic@steveboyd.com

Stephen Boyd

on behalf of Notice of Appearance Creditor 1 - Doe AB sboyd@steveboyd.com rmatuzic@steveboyd.com

Stephen A. Donato

on behalf of Attorney Bond Schoeneck & King, PLLC sdonato@bsk.com, ayerst@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Stephen A. Donato

on behalf of Defendant The Diocese of Rochester sdonato@bsk.com ayerst@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Stephen A. Donato

on behalf of Debtor The Diocese of Rochester sdonato@bsk.com ayerst@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Stephen A. Donato

on behalf of Plaintiff The Diocese of Rochester sdonato@bsk.com ayerst@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Stephen G. Schwarz

on behalf of Creditor Claimants CC115/CC136 and CC114/CC135 sschwarz@faraci.com

Stephenie Lannigan Bross

on behalf of Creditor claimant 480 sbross@sssfirm.com

Stephenie Lannigan Bross

on behalf of Creditor claimant 527 sbross@sssfirm.com

Stephenie Lannigan Bross

on behalf of Creditor claimant 468 sbross@sssfirm.com

Stephenie Lannigan Bross

on behalf of Creditor claimant 557 sbross@sssfirm.com

Stephenie Lannigan Bross

on behalf of Creditor claimant 481 sbross@sssfirm.com

Stephenie Lannigan Bross

|  |  |
|---|---|
|  | on behalf of Creditor claimant 485 sbross@sssfirm.com |
| Stephenie Lannigan Bross | |
|  | on behalf of Creditor claimant 274 sbross@sssfirm.com |
| Stephenie Lannigan Bross | |
|  | on behalf of Creditor claimant 496 sbross@sssfirm.com |
| Stephenie Lannigan Bross | |
|  | on behalf of Creditor claimant 434 sbross@sssfirm.com |
| Steve Phillips | |
|  | on behalf of Creditor LCVAWCR DOE sphillips@p2law.com |
| Steve Phillips | |
|  | on behalf of Creditor LCVAWCR-DOE sphillips@p2law.com |
| Steven D. Allison | |
|  | on behalf of Interested Party Interstate Fire and Casualty Company steven.allison@troutman.com tracey.cantu@troutman.com |
| Stuart S. Mermelstein | |
|  | on behalf of Creditor Claimants smermelstein@hermanlaw.com gdano@hermanlaw.com |
| Tancred Schiavoni | |
|  | on behalf of Interested Party Illinois Union Insurance Company tschiavoni@omm.com tancred-schiavoni-9326@ecf.pacerpro.com |
| Tancred Schiavoni | |
|  | on behalf of Interested Party Federal Insurance Company tschiavoni@omm.com tancred-schiavoni-9326@ecf.pacerpro.com |
| Terrance Flynn | |
|  | on behalf of Special Counsel Harris Beach PLLC tflynn@harrisbeachmurtha.com jwright@harrisbeach.com |
| Timothy Evanston | |
|  | on behalf of Interested Party London Market Insurers tevanston@skarzynski.com |
| Timothy Evanston | |
|  | on behalf of Interested Party Certain Underwriters at Lloyd's London tevanston@skarzynski.com |
| Timothy Patrick Lyster | |
|  | on behalf of Attorney Woods Oviatt Gilman LLP tlyster@woodsoviatt.com esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | |
|  | on behalf of Notice of Appearance Creditor Ad Hoc Parish Committee tlyster@woodsoviatt.com esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | |
|  | on behalf of Interested Party Ad Hoc Parish Committee tlyster@woodsoviatt.com esolimano@woodsoviatt.com |
| Timothy Quaid Karcher | |
|  | on behalf of Financial Advisor Berkeley Research Group LLC tkarcher@proskauer.com |
| Timothy Quaid Karcher | |
|  | on behalf of Notice of Appearance Creditor Berkeley Research Group LLC tkarcher@proskauer.com |
| Timothy W. Burns | |
|  | on behalf of Notice of Appearance Creditor Official Committee of Unsecured Creditors tburns@burnsbair.com kdempski@burnsbair.com;nkuenzi@burnsbair.com |
| Timothy W. Burns | |
|  | on behalf of Special Counsel Burns Bowen Bair LLP tburns@bbblawllp.com kdempski@burnsbair.com;nkuenzi@burnsbair.com |
| Timothy W. Burns | |
|  | on behalf of Creditor Committee Official Committee of Unsecured Creditors tburns@bbblawllp.com kdempski@burnsbair.com;nkuenzi@burnsbair.com |
| Todd C. Jacobs | |
|  | on behalf of Interested Party National Surety Corporation tjacobs@phrd.com ssnead@phrd.com |
| Todd C. Jacobs | |
|  | on behalf of Defendant Interstate Fire & Casualty Company tjacobs@phrd.com ssnead@phrd.com |
| Todd C. Jacobs | |
|  | on behalf of Interested Party Interstate Fire and Casualty Company tjacobs@phrd.com ssnead@phrd.com |
| Todd C. Jacobs | |
|  | on behalf of Defendant National Surety Corporation tjacobs@phrd.com ssnead@phrd.com |
| Victoria Phillips | |
|  | on behalf of Creditor LCVAWCR-DOE vphillips@p2law.com |
| William Henry Gordon | |
|  | on behalf of Creditor Carol Dupre wgordon@garabedianlaw.com |

District/off: 0209-2

Date Rcvd: Jul 21, 2025

Page 13 of 13

User: admin

Form ID: pdforder

Total Noticed: 3

TOTAL: 294

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

```
--------------------------------X
```

In re:                                    :        Chapter 11

                                          :

**THE DIOCESE OF ROCHESTER,**             :        Case No. 19-20905-PRW

              Debtor.                     :

                                          :        Re: ECF No. 3072

                                          :

                                          :

```
--------------------------------X
```

### ORDER (I) APPROVING UNDERWRITERS' SETTLEMENT AGREEMENT AND RELEASE; (II) APPROVING THE SALE OF THE PURCHASED PROPERTY FREE AND CLEAR; (III) ENJOINING CLAIMS AND INTERESTS; <u>AND (IV) GRANTING RELATED RELIEF</u>

Upon the *Motion for Entry of Orders Pursuant to Sections 363 and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving Settlement Agreements and Policy Buy-Backs With Certain Insurers and Granting Related Relief*, [Main Case Docket No. 3072] dated April 22, 2025, along with Supplemental Exhibits, [main Case Docket No. 3183] dated June 10, 2025, (collectively the "**Motion**")[1] of The Diocese of Rochester, the debtor-in-possession in the captioned Chapter 11 case ("**Diocese**"), for entry of an order approving, *inter alia*, the Settlement Agreement and Release attached to the Motion as <u>**Exhibit C**</u> ("**Agreement**"), which includes[2] a buyback of Sexual Misconduct Liability Coverages (the "Purchased Property") free and clear of Claims and Interests, and an enforcing injunction, by and among the Diocese, the DOR Signatories, and Underwriters, pursuant to 11 U.S.C. §§ 105 and 363, and Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") 2002(a)(2), 6004, and 9019, as set forth in the Agreement; and the Court having reviewed the Motion and the Agreement; and it appearing that the Diocese provided due and adequate notice of the Motion and Agreement to all Persons entitled thereto, and that no other or further notice need be given; the Court on June 18, 2025 at 11 a.m. held a hearing to consider the relief requested in the Motion ("**Sale Hearing**"); and upon consideration of the record of the Sale Hearing and after due deliberation, including, for the reasons stated by the Court on the record of the Sale Hearing, it appearing that the relief requested in the Motion and granted herein is in the best interests of the Diocese's estate, its creditors, and other parties in interest; and good and sufficient cause appearing therefor;

**THE COURT FINDS AND DETERMINES THAT:**

---

[1]     Capitalized terms in quotation marks that are used but not defined herein shall have the meanings ascribed to such terms in the Agreement (as defined below).

[2]     The word "including", as used herein, in accordance with Section 102(3) of the Bankruptcy Code, is not limiting.

21952910.v1

A. The Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Standing Order* of reference from the United States District Court for the Western District of New York, dated February 29, 2012, as amended and in effect. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The predicates for the relief sought in the Motion are 11 U.S.C. §§ 105 and 363 and Bankruptcy Rules 2002, 6004, and 9019.

C. Proper, timely, adequate, and sufficient notice of the Sale Hearing and Motion and the relief requested therein, including to: (i) all Claimants, including Abuse Claimants, or their attorneys, if any, who are known to the Diocese any DOR Signatory, or any Participating Party, including Claimants and co-defendants named in any proof of claim filed in the Bankruptcy Case or any Abuse Action, as set forth on Attachment N and Attachment P to the Agreement; (ii) the Committee; (iii) the Unknown Claimants Representative; (iv) each DOR Signatory and each Participating Party; (v) all Persons listed in the Catholic Directory, as set forth on Attachment M to the Agreement; (vi) each Insurer; (vii) the Secretary of the Department of Health and Human Services; (viii) CMS; (ix) the United States Attorney for the Western District of New York; (x) each Person who, in the opinion of any Party, might reasonably be expected to be affected by the transactions contemplated herein; (xi) all other Persons as directed by the Court; and (xii) all other Persons that must be served with written notice under Bankruptcy Rule 2002, including all Persons who have filed notices of appearance in the Bankruptcy Case. See Dkt. Nos. 3135, 3141, 3163. Notice has also been given by publication in the national edition of *The New York Times, The Buffalo News, The Post-Standard, Democrat & Chronicle,* and *The Rochester Beacon Email Newsletter* between May 19, 2025 and May 22, 2025, as set forth in the *Certificates of Publication* (Dkt. No. 3146). The notices described above were good, sufficient, and appropriate under the circumstances, and no other notice of the Motion or Sale Hearing is required.

D. The disclosures made by the Diocese concerning the Agreement and the Sale Hearing were good, complete, and adequate.

E. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested Persons.

F. The Diocese and each DOR Signatory has the full corporate power and authority to consummate the Agreement, and all other documents contemplated thereby, and no consents or approvals, other than those expressly provided for in the Agreement, are required for the Diocese and the DOR Signatories to consummate it.

G. Approval of the Agreement and its consummation are in the best interests of the Diocese's estate, its creditors (specifically including the Abuse Claimants), and other parties-in-interest, including because the proceeds of the Agreement will benefit Abuse Claims.

H. The Diocese has demonstrated (i) good, sufficient, and sound business purpose and justification and compelling circumstances to enter into the Agreement pursuant to 11 U.S.C. 363(b) and (ii) that Agreement is fair, reasonable, and in the best interests of the Diocese's estate and creditors pursuant to Bankruptcy Rule 9019. Among other things, the Diocese has demonstrated that: the Agreement is necessary and appropriate to realize the value of the Purchased Property and maximize the value of the Diocese's estate; the probability of success for the Diocese's estate in litigation over the matters resolved by the Agreement, including the Insurance

Case 2-19-20905-PRW, Doc 3293, Filed 07/23/25, Entered 07/24/25 00:40:23, Description: Imaged Certificate of Notice, Page 15 of 24

Coverage Action, is uncertain; litigation of the matters resolved by the Agreement would be complex and costly to the Diocese's estate; and the Settlement Amount is within the reasonable range of potential litigation outcomes. The Agreement constitutes a reasonable and sound exercise of the Diocese's business judgment and merits approval.

I.      The Agreement was negotiated, proposed, and entered without collusion, in good faith, and from arm's length bargaining positions. The Agreement resulted from a lengthy mediation that proceeded pursuant to an order of the Court. The Underwriters are not insiders or affiliates of the Diocese, as those terms are defined in 11 U.S.C. §101. None of the Diocese, the DOR Signatories, or the Underwriters have engaged in any conduct that would: (i) cause or permit the avoidance of the Agreement under 11 U.S.C. § 363(n); (ii) cause or permit the imposition of any costs or damages (including attorneys' fees or punitive damages) under 11 U.S.C. § 363(n); or (iii) prevent the application of 11 U.S.C. § 363(n).

J.      The Underwriters are good faith purchasers of the Purchased Property under Section 363(m) of the Bankruptcy Code and, as such, are entitled to all of the protections afforded thereby, in that, among other things: (i) all payments to be made by or to the Underwriters, and other agreements or arrangements entered into by the Underwriters, in connection with the Agreement have been disclosed; (ii) the Underwriters neither induced nor caused the Diocese's Chapter 11 filing; (iii) the negotiation and execution of the Agreement and any other agreements or instruments related thereto was in good faith, the arm's length transaction between the Underwriters, and the Diocese and the DOR Signatories was the product of mediation, and all Parties were, or had the opportunity to be, represented by counsel; and (iv) the Underwriters have not violated Section 363(n) of the Bankruptcy Code by any action or inaction. The Underwriters have at all times acted in good faith with respect to the Agreement and will continue to act in good faith within the meaning of Section 363(m) of the Bankruptcy Code in performing their obligations under the Agreement.

K.      The terms and conditions of the Agreement are fair and reasonable. The Settlement Amount provided by the Underwriters pursuant to the Agreement (i) is fair and reasonable; (ii) monetizes the Purchased Property at the highest and best amount; (iii) will provide a higher and more certain recovery for the Abuse Claimants than would be provided by any other practical available alternative (including litigation of the Insurance Coverage Action) given the complexity, cost, and uncertainty of such alternatives; and (iv) constitutes reasonably equivalent value (as those terms are defined in the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and Section 548 of the Bankruptcy Code) and fair consideration under the Bankruptcy Code and applicable non-bankruptcy law. The Settlement Amount is within the reasonable range of potential litigation outcomes, and the Diocese's determination to accept the Settlement Amount and otherwise enter into the Agreement is a valid and sound exercise of the Diocese's business judgment and consistent with the Diocese's fiduciary duties.

L.      The Underwriters are not: (i) mere continuations of the Diocese or its estate, or any of the DOR Signatories, nor is there any continuity of enterprise between the Underwriters and the Diocese or the DOR Signatories; (ii) holding the Underwriters out to the public to be a continuation of the Diocese or any of the DOR Signatories; and (iii) successors to the Diocese, its estate, or any of the DOR Signatories, for any purpose, and the Agreement does not amount to a consolidation, merger, or *de facto* merger of the Underwriters and DOR, or any of the DOR Signatories.

M. The Agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession, or the District of Columbia. Neither the Underwriters nor the Diocese or any of the Diocese Signatories are fraudulently entering into the Sale Transaction.

N. The transfer of the Purchased Property to the Underwriters (i) does not constitute an avoidable transfer under the Bankruptcy Code or under other applicable bankruptcy or non-bankruptcy law; and (ii) does not and will not subject the Underwriters to any liability whatsoever with respect to the Diocese's operation prior to the Settlement Payment Date.

O. The Underwriters have agreed to purchase the Purchased Property pursuant to the Agreement and this Order; the Underwriters have not agreed to purchase, and are not purchasing, any other assets of the Diocese's estate. The Underwriters have not agreed to assume, and after the Settlement Payment Date shall have no obligations with respect to any liabilities of the Diocese, its subsidiaries or affiliates, or the DOR Signatories relating to or arising out of the Abuse Claims and Related Insurance Claims. The Underwriters are not assuming and shall have no liability for: (i) any Claims arising from or relating to Abuse, the Purchased Property, or the Bankruptcy Case; and (ii) the Diocese's, any DOR Signatories' obligations to Abuse Claimants, any other creditors (including Unknown Abuse Claims), or the Diocese's, or any DOR Signatories' employees.

P. The Purchased Property constitutes property of the Diocese's estate, and the Diocese holds good title to the Purchased Property. The transfer of the Purchased Property to the Underwriters pursuant to the Agreement will be a legal, valid, binding, and effective transfer of the Purchased Property, and will vest the Underwriters with all right, title, and interest of the Diocese and the DOR Signatories in and to the Purchased Property, in each case free and clear of all Interests (including any Interests of the Diocese and the DOR Signatories, other named or additional insureds, or those with direct action rights against the Purchased Property). Upon the Settlement Payment Date, the Underwriters shall have no liability relating to or arising out of the Abuse Claims and Related Insurance Claims of the Diocese, its estate, or the DOR Signatories. Upon the Settlement Payment Date, the Purchased Property (i) shall be amended to include the Cancellation Endorsement; and (ii) immediately thereafter shall be deemed terminated, extinguished, and of no further force and effect.

Q. The Diocese may sell the Purchased Property free and clear of all Interests, of whatever kind, nature, or description in, against, or with respect to any of the Purchased Property, including Abuse Claims, Coverage Claims, and Extra-Contractual Claims and all other Barred Claims, because one or more of the standards set forth in Bankruptcy Code Section 363(f)(1) – (5) has been satisfied with regard to each such Interest, including: (i) Persons with Interests in or with respect to the Purchased Property who did not object, or who withdrew their objections to the Agreement or the Motion have waived their right to object to the sale of the Purchased Property free and clear of such Persons' Interests in the Purchased Property pursuant to Section 363(f)(2) of the Bankruptcy Code; and (ii) Persons with Interests in or with respect to the Purchased Property who objected to the Motion and did not withdraw any such objection (a) are the holders of Interests subject to *bona fide* dispute under Bankruptcy Code Section 363(f)(4) and/or (b) can be compelled to accept a monetary satisfaction of their Interests within the meaning of Section 363(f)(5) of the Bankruptcy Code.

R. If the sale of the Purchased Property were not free and clear of Interests, or if the Underwriter Entities would, or in the future could, be liable for any of the Interests, the Underwriter

Case 2-19-20905-PRW,   Doc 3293,   Filed 07/23/25,   Entered 07/24/25 00:40:23,   Description: Imaged Certificate of Notice, Page 17 of 24

Entities would not have entered into the Agreement or pay the Settlement Amount, thus adversely affecting the Diocese, its estate, and its creditors (including the Abuse Claimants), and the DOR Signatories.

S.    Issuing an injunction under Section 105(a) of the Bankruptcy Code is essential to give effect to the sale of the Purchased Property to the Underwriters and this Order's approval of such sale free and clear of Interests pursuant to Section 363(f) of the Bankruptcy Code.  The Settling Insurer Injunction set forth in Paragraph 19 below not only is a necessary prerequisite for the Underwriters' assent to the terms and conditions of the Agreement, such that the Underwriters would not consummate the Sale Transaction or pay the Settlement Amount in the absence of such an injunction from this Court, but also is warranted to ensure compliance with this Order.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

### General Provisions

1.    The Motion is granted and approved as set forth herein.

2.    The findings of fact set forth above and conclusions of law stated herein, in addition to any findings of fact and conclusions of law stated by the Court at the Sale Hearing, shall constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the Motion pursuant to Bankruptcy Rule 9014.  To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

3.    Any and all objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are hereby overruled on the merits with prejudice, and in each case the Person asserting the objection or reservation of rights is enjoined from taking any action against the Underwriter Entities to recover any Claim which such objecting Person has against the Diocese, its estate, or any DOR Signatory.  Those Persons who did not object or who withdrew their objections to the Motion are deemed to have consented to the relief granted herein, pursuant to Section 363(f)(2) of the Bankruptcy Code.  For the avoidance of doubt, nothing in this Paragraph **Error! Reference source not found.** shall be interpreted to enjoin any party's right, if any, to appeal this Order or to object to confirmation of any chapter 11 plan; and, for the further avoidance of doubt, nothing in this Order addresses or resolves The Continental Insurance Company's objections to (i) §§ 8.9.2(e), 8.9.3, and 12.5.1 of the Plan and/or (ii) the absence from the Plan of a "trust backstop" (as such objections are set forth in § B. and pages 12-15, respectively, of Dkt. No. 3171), and such objections are preserved for assertion in connection with the proceedings on confirmation of the Plan.

### Approval of the Agreements

4.    The Agreement is approved in its entirety, pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.  The settlement and mutual release of Claims set forth in the Agreement is hereby approved pursuant to Bankruptcy Rule 9019.  All factors set forth in *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007), either weigh in favor of the Agreement or do not apply.

21952910.v1

5.    Pursuant to Section 363(b) of the Bankruptcy Code, the Diocese is authorized to perform its obligations under and in accordance with the terms and conditions of the Agreement, and the Diocese shall always act in accordance with the terms thereof.

6.    The Parties are authorized to execute and deliver, and empowered to perform under, consummate, and implement the Agreement, together with all additional instruments and documents that may be reasonably necessary, convenient, or desirable to implement the Agreement and effectuate the provisions of this Order and the transactions approved hereby, and to take all further actions as may be requested by the Underwriters for the purpose of assigning, transferring, granting, conveying, and conferring to the Underwriters or reducing to the Underwriters' possession, the Purchased Property, or as may be necessary or appropriate to the perform the obligations contemplated by the Agreement.

7.    The Underwriters are authorized and directed to pay the Settlement Amount to the Trust under and subject to the terms and conditions of the Agreement.

8.    The Settlement Amount provided by the Underwriters for the Purchased Property constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and under the laws of the United States, any state, territory, possession, or the District of Columbia.

9.    None of the Underwriter Entities shall be required to seek or obtain relief from the automatic stay under Section 362 of the Bankruptcy Code to enforce any of its or their rights or remedies under the Agreement or any other document related to the Agreement. The automatic stay imposed by Section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence and the other provisions of this Order; *provided*, *however*, that this Court shall retain jurisdiction over all disputes with respect thereto.

10.    This Order and the Agreement shall be binding in all respects upon: (a) the Diocese and the DOR Signatories; (b) the Diocese's estate; (c) all Claimants; (d) all holders of Interests whether known or unknown (including any Non-Settling Insurers) in, to, or against all or any portion of the Purchased Property; (e) the Underwriter Entities; (f) the Purchased Property; (g) the Unknown Claimant Representative; (h) any trustee that may be appointed in the Bankruptcy Case, whether pursuant to any plan of reorganization or liquidation (including the Trustee), under Section 1104 of the Bankruptcy Code, or upon a conversion of this Bankruptcy Case under Chapter 7 of the Bankruptcy Code; and (i) all Persons receiving notice (or deemed to have received notice pursuant to this Order) of the Motion or the Sale Hearing.

**Transfer of the Assets**

11.    The conditions of Section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Diocese may sell the Purchased Property free and clear of any Interests.

12.    Pursuant to Sections 105 and 363(b) and (f) of the Bankruptcy Code, Bankruptcy Rule 9019, applicable New York State law, the Declaration of James Murray in support of the Diocese's Motion *for Entry of Orders Pursuant to Sections 363 and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving Settlement Agreements and Policy Buy-Backs with Certain Insurers and Granting Related Relief* (Dkt. No. 3205),  the *Declaration of Lisa M. Passero in*

6

*Support of the Diocese's Motion for Entry of Orders Pursuant to Sections 363 and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving Settlement Agreements and Policy Buy-Backs with Certain Insurers and Granting Related Relief* (Dkt. No. 3206), and the record of the Sale Hearing, the Diocese has set forth the factual predicates, and the legal authority, necessary to support this Court's findings and conclusions herein.

13. Pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, the Purchased Property and the Diocese's and the DOR Signatories' rights, title, and interest therein shall upon the Full Payment Date be transferred to the Underwriters, free and clear of all Interests, and all such Interests in, to, and against the Purchased Property are unconditionally and forever released and extinguished. The sale of the Purchased Property under the Agreement shall be free and clear of all Interests of all Persons, including Abuse Claims, Barred Claims, Coverage Claims, Inbound Contribution Claims, Insurer Contribution Claims, Medicare Claims, Related Insurance Claims, Direct Action Claims, and any other Claims arising from or related in any way to an Abuse Claim or any portion of the Purchased Property.

14. Upon the Settlement Payment Date, all Persons (and their respective successors and assigns), holding Interests of any type or nature whatsoever against, in, or with respect to the Purchased Property, including such Interests arising or accruing under or out of, in connection with, or in any way relating to the transfer of the Purchased Property to the Underwriters, hereby are forever barred, estopped, and permanently enjoined from asserting such Interests against the Purchased Property, or the Underwriter Entities. Effective upon the Full Payment Date none of the Underwriter Entities shall have any liability relating to or arising out of the Abuse Claims and Related Insurance Claims (a) against the Diocese, its estate, or any of the DOR Signatories; or (b) in respect of the Purchased Property.

15. The transfer of the Purchased Property to the Underwriters pursuant to the Agreement constitutes a legal, valid, and effective transfer of the Purchased Property, and shall vest the Underwriters with all right, title, and interest of the Diocese and the DOR Signatories in and to the Purchased Property. Contemporaneous with the Settlement Payment Date and payment of the Settlement Amount, the Subject Insurance Policies shall be amended to include the Cancellation Endorsement; immediately thereafter, the Sexual Misconduct Liability Coverages in the Subject Insurance Policies shall be terminated and no longer in force or effect, exhausted as to all coverages, and all Interests in the Purchased Property, that the Diocese or any other Person may have had, presently have, or in the future have, are released and extinguished, and all such Persons hereby are forever barred, estopped, and permanently enjoined from asserting any such Interest against the Purchased Property, or the Underwriter Entities. The Underwriters payment of the Settlement Amount constitutes full and complete performance of any and all obligations under the Purchased Property, including any performance owed to the Diocese and the DOR Signatories, and exhausts all limits of liability of the Purchased Property. For the avoidance of doubt, neither the amendatory endorsements nor the termination and exhaustion of coverage described in this Paragraph **Error! Reference source not found.** shall prevent Continental Insurance Company from asserting against the Trust (and only against the Trust) any Insurer Contribution Claim that, in the absence of such amendatory endorsements, termination, and exhaustion of coverage, would otherwise exist under applicable law.

16. Upon occurrence of the Settlement Payment Date:

21952910.v1

(a) all Interests the Diocese or the DOR Signatories may have had, presently have, or in the future have in the Purchased Property, as applicable, are released pursuant to the terms of the Agreement; and

(b) the Diocese and the DOR Signatories accept the Settlement Amount in full and complete satisfaction of the Underwriters' past, present, and future obligations, including any obligations under such Purchased Property or arising therefrom, as to any and all Coverage Claims or policy benefits, of any nature whatsoever, arising out of or related in any way to the Purchased Property and any Extra-Contractual Claims, of any type or nature whatsoever.

**No Successor Liability**

17. The transfer of the Purchased Property to the Underwriters shall not result in any Underwriter Entity, or the Purchased Property having any of the following: (a) any liability or responsibility for Interests in or Claims against the Diocese or against an insider of the Diocese; (b) liability whatsoever with respect to or be required to satisfy in any manner any Claims or Interests; or (c) any liability or responsibility to the Diocese except as is expressly set forth in the Agreement.

18. None of the Underwriter Entities shall have any successor or vicarious liabilities of any kind or character, whether known or unknown as of the Settlement Payment Date.

19. **Settling Insurer Injunction**

Pursuant to sections 105(a), and 363 of the Bankruptcy Code, and in consideration of the undertakings of the Underwriters pursuant to the Agreement, including the Underwriters' purchase of the Sexual Misconduct Liability Coverages in the Subject Insurance Policies free and clear of all Claims and Interests pursuant to Section 363(f) of the Bankruptcy Code, any and all Persons who have held, now hold, or who may in the future hold any Claims or Interests (including, all debt holders, all equity holders, governmental, tax and regulatory authorities, lenders, trade and other creditors, Abuse Claimants, holders of unknown claims, perpetrators, Non-Settling Insurers, the Diocese, the Participating Parties, and all others holding Interests of any kind or nature whatsoever, including those Claims released or to be released pursuant to the Agreement) against any of the Protected Parties, which Claims arise under or relate to (directly or indirectly) any of the Subject Insurance Policies, including (a) Abuse Claims, Coverage Claims, Inbound Contribution Claims, Insurer Contribution Claims, Related Insurance Claims, Direct Action Claims, Tort Actions, and all other Channeled Claims; (b) the payment of any of the Claims identified previously including Medicare Claims; and (c) Extra-Contractual Claims, are, to the maximum extent permitted by law, hereby permanently stayed, enjoined, barred, and restrained from taking any action, directly or indirectly, to assert, enforce or attempt to assert or enforce any such Claim or Interest against the Underwriter Entities, any of the Underwriter Entities' assets, or property, or any of the Subject Insurance Policies, including by:

21952910.v1

**(I)** Commencing or continuing in any manner any action or other proceeding of any kind against any of the Underwriter Entities or against the Purchased Property of the Underwriter Entities;

**(II)** Enforcing, attaching, collecting, or recovering, or seeking to accomplish any of the preceding, by any manner or means, any judgment, award, decree, or order against any of the Underwriter Entities or the property of any of the Underwriter Entities;

**(III)** Creating, perfecting, or enforcing, or seeking to accomplish any of the preceding, any lien of any kind against any of the Underwriter Entities, or the property of the Underwriter Entities;

**(IV)** Asserting, implementing, or effectuating any such Claim of any kind against:

> **(A)** Any obligation due any of the Underwriter Entities;

> **(B)** Any of the Underwriter Entities; or

> **(C)** The property of any of the Underwriter Entities.

**(V)** Taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Agreement; and

**(VI)** Asserting or accomplishing any setoff, right of indemnity, subrogation, contribution, or recoupment of any kind against an obligation due to any of the Underwriter Entities, or the property of any of the Underwriter Entities.

The Settling Insurer Injunction will be effective with respect to the Underwriter Entities only as of the Settlement Payment Date, pursuant to the terms of the Agreement. The Settling Insurer Injunction bars pursuit of the above-referenced Claims and/or Interests against the Underwriter Entities, and the Subject Insurance Policies, but against no other Person or thing; *provided, however*, nothing in this Settling Insurer Injunction shall limit, or be deemed or otherwise interpreted to limit, the scope of the discharge or Channeling Injunction in favor of the Protected Parties.

The foregoing injunctive provisions are an integral part of the Plan and are essential to its implementation. The Settling Insurer Injunction shall not apply to a Non-Settling Insurer.

The actions described in this Paragraph **Error! Reference source not found.** are "**Enjoined Actions**," and the injunction set forth herein is the "**Settling Insurer Injunction**." The Settling Insurer Injunction shall be a permanent injunction against the Enjoined Actions and may not be modified, dissolved, or terminated.

20. The Settling Insurer Injunction bars pursuit of the above referenced Claims and/or Interests against the Underwriter Entities, or the property or assets of each (including the Purchased Property), but against no other Person or thing. In a successful action to enforce this Settling

21952910.v1

Insurer Injunction in response to a willful violation thereof, the moving party may seek an award of costs (including reasonable attorneys' fees) against the non-moving party, and such other legal or equitable remedies as are just and proper, after notice and a hearing.

21.     The Settling Insurer Injunction shall not enjoin (a) the right of any Person against the Trust or a Non-Settling Insurer; or (b) the Trustee from enforcing the Trust Documents.

## Additional Provisions

22.     From and after the date hereof, no Person shall take or cause to be taken any action that would adversely affect or interfere with the transfer of the Purchased Property to the Underwriter in accordance with the terms of the Agreement and this Order.

23.     This Court hereby retains jurisdiction, regardless of whether a Chapter 11 plan has been confirmed in the Bankruptcy Case and consummated and irrespective of the provisions of any such plan or order confirming such plan, to enforce and implement the terms and provisions of the Agreement, all amendments thereto, any waivers and consents thereunder, and of any agreement(s) executed in connection therewith in all respects, including retaining jurisdiction to: (a) compel delivery of the Purchased Property to the Underwriters in accordance with the terms of the Agreement; (b) resolve any dispute, controversy, or Claim arising under or related to the Agreement, or the breach thereof; and (c) interpret, implement, and enforce the provisions of this Order and resolve any disputes related thereto.

24.     Nothing contained in any plan confirmed in the Bankruptcy Case or any order of this Court confirming such plan shall conflict with or derogate from the provisions of the Agreement or the terms of this Order.

25.     This Order shall not limit or preclude the entry or effectiveness of any additional releases or injunctions that may be granted protecting the Underwriter Entities in connection with, or as part of, any order confirming a Chapter 11 plan.

26.     The transactions contemplated by the Agreement are undertaken by the Underwriters in good faith, as that term is used in Section 363(m) of the Bankruptcy Code. The Underwriters are good faith purchasers of the Purchased Property and are entitled to all the protections afforded by Section 363(m) of the Bankruptcy Code. Accordingly, any reversal or modification on appeal of the authorization provided herein to consummate the Agreement shall not affect the validity of the Agreement.

27.     The Underwriter are giving substantial consideration under the Agreement for the benefit of the Diocese, its estate, and creditors, and the DOR Signatories. Such consideration given by the Underwriter constitutes valid and valuable consideration for the Purchased Property and the releases set forth in the Agreement, including the extinguishment and release of all Interests pursuant to this Order. The consideration provided by the Underwriters for the Purchased Property under the Agreement is fair and reasonable; accordingly, the purchase may not be avoided under Section 363(n) of the Bankruptcy Code.

28.     The terms and provisions of the Agreement and this Order shall be binding notwithstanding any subsequent appointment of any Trustee(s), examiner(s), or receiver(s) under

21952910.v1

any Chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such Trustee(s), examiner(s), and receiver(s) and shall not be subject to rejection or avoidance by the Diocese, its estate, its creditors, or any Trustee(s), examiner(s), or receiver(s).

29.     The failure specifically to include any particular provision of the Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Agreement and the Parties' performance thereof be authorized and approved in its entirety.

30.     Pursuant to the provisions of the Agreement, each of the Underwriters and the Diocese shall be authorized to take, or cause to be taken, all appropriate action to do, or cause to be done, all things necessary, proper, or advisable under applicable law or otherwise to consummate and make effective the transactions contemplated by the Agreement.

31.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

32.     All obligations of the Diocese under the Agreement shall be deemed administrative expenses of the estate under Sections 503(b) and 507(a)(1) of the Bankruptcy Code.

33.     Each and every federal, state, and local governmental agency or department is hereby directed to accept this Order in lieu of any document necessary to consummate the transactions contemplated by the Agreement and this Order.

34.     The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the Parties, in a writing signed by the applicable Parties, and in accordance with the terms thereof, without further order of this Court; *provided* that such modification, amendment, or supplement does not constitute a material change to the relief sought in the Motion and approved by this Order.

**IT IS SO ORDERED.**

Dated:  July 21, 2025                                      /s/
        Rochester, New York                 HON. PAUL R. WARREN
                                            United States Bankruptcy Judge

21952910.v1