UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In Re

    The Diocese of Rochester,

              Debtor

Case No. 19-20905
Chapter 11

---

**Pre-Trial Statement Filed On Behalf of
The Sisters of Saint Joseph of Rochester, Inc.
For Confirmation Hearing Starting on July 29, 2025**

The Sisters of Saint Joseph of Rochester, Inc. ("SSJ") for its pre-trial statement states:

Statement of contested legal issues:

    1.    Is the Plan so free from ambiguity as to the rights, remedies, and defenses available to Class 5 creditors that no New York court hearing a CVA claim involving a Class 5 creditor could find that the plan impairs or limits any right that a Class 5 creditor would have under non-bankruptcy law applying the principles of plan and contract construction and interpretation discussed in the SSJ reservation of rights and objection to confirmation ("Objection") and meet the specificity requirements set forth in <u>In Re Joint Eastern and Southern District Asbestos Litigation</u>, 982 F2d 721, 740-1 (2nd Cir. 1992)?

    2.    Are the rights under non-bankruptcy law, specifically New York General Obligations Law §15-108 impaired or limited by a failure of the Plan to A) specify the value of insurance rights given up by each Participating Party and/or Debtor applicable to each CVA action in exchange for the settlement and/or b) specify the amount paid by each Participating Party to attain its release?

3. Does <u>Harrington v Purdue Pharma, L.P.</u>, 603 US 204 (2024) and other applicable law allow this Court to confirm a plan which, among other things, limits or may be claimed to limit the rights of Class 5 creditors to:

a) Make claims against insurance policies, especially the Debtor's CNA policies, insuring the Diocese, Participating Parties, and their employees if, as, and when permitted by non-bankruptcy law consistently with New York Insurance Law 3420 in a manner which violates rules concerning property rights established by <u>Butner v United States</u>, 440 US 48, 55 (1979);

b) Make Protected Parties parties to CVA actions as long as the action does not seek to recover a money judgment against the Debtor or Debtor's property;

c) Prevent the SSJ from contending in non-bankruptcy CVA proceedings that the Debtor and/or Participating Parties should be deemed in default and be held to admit all allegations against them in actions in which the Debtor and/or Participating Parties were named as parties but never filed an answer;

d) Obtain discovery of documents, information in any form, and access to Debtor personnel relevant to CVA claims involving and/or relating to Debtor or its personnel in which a Class 5 creditor is an alleged joint tortfeasor or in which the Debtor could be named as a defendant and otherwise permit the Debtor to evade its duty of full disclosure concerning claims against it under bankruptcy and New York law as discussed in the Objection starting at p. 35; and

4. Is the SSJ a creditor with standing to object to confirmation of the Plan?

5. Do the unchallenged facts set forth in the Objection, including particularly Point III, preclude the Court from finding that the Plan has been proposed in good faith as required by §1129(a)(3).

[031308-000087/6526642/1]                     2

Case 2-19-20905-PRW, Doc 3303, Filed 07/25/25, Entered 07/25/25 12:10:15, Description: Main Document , Page 2 of 7

6. May the Court find the plan was proposed in good faith when, for example, consents of creditors to the release Participating Parties were obtained through the hammer of the draconian plan treatment provided for rejecting creditors?

7. Whether the Plan Proponents have waived all responses to the SSJ's Objection not specifically addressed in the responses filed by them and/or violated the SSJ's rights to due notice and due process to the facts and/or issues the SSJ should prepare to address at the confirmation hearing?

8. Whether any fact, principle of law or procedural step may be received or waived by stipulation when the SSJ was not asked to stipulate to anything by anyone?

Evidentiary Issues Relating to the SSJ Objections:

1. The Plan Proponents have a duty of proving each applicable subsection of §1129(a) and (b), including, but not limited to, supplying proof of the meaning and application of each Plan provision to which the SSJ has heretofore voiced an objection and to demonstrate that there are no Plan terms which could be misinterpreted or misconstrued by a non-bankruptcy judge in a CVA case involving a Class 5 creditor. Evidentiary objections: The SSJ will object to any testimony as to any oral testimony or documentary submissions concerning what the Plan is intended to mean. Upon information and belief, the Plan is intended to be a fully integrated document which must be read and construed in whole without reference to prior or contemporaneous statements, negotiations, and explanations and by controlling case law should be unambiguous and clear.

2. The good faith of the Plan Proponents in proposing the Plan must be established by satisfactory proof. Specifically, Plan Proponents must establish that they conducted good faith negotiations and did not refuse to negotiate when requested by the SSJ as set forth in the Objection and/or make unwarranted objections and claims to avoid addressing the substance of SSJ concerns

and/or explain why the SSJ's points of law were misguided as a reason for failing to address SSJ concerns as set forth in the Objection. Also, Plan Proponents must establish their good faith in initially proposing plan terms that appeared to have no purpose except to injure Class 5 creditors and hinder them in defending against CVA creditors. Also, Plan Proponents must establish their good faith in continuing to propose terms that have no apparent purpose but to confuse and mislead personal injury trial court, regardless of the Committee's conclusory claim in its Response to that, "The Joint Plan goes to great lengths to avoid limiting any rights of non-settling parties." (Committee Response ¶8) and Debtor's conclusory statement in its response: "**SSJ's rights are effectively preserved under the Plan**" (Debtor Response, p. 16, caption (i). Evidentiary objections: The Plan Proponents have not contested the vast bulk of the factual statements made by the SSJ in its Objection and, thereby, have waived any right to present evidence. The SSJ asserts that the best evidence and the only evidence of the Plan's intent is set forth in the Plan's language construed and interpreted as a whole as discussed in the Objection.

3. Plan Proponents must present proof that the Participating Parties have complied with the mandatory requirements of §1129(a)(16).

4. The Plan Proponents must present evidence of good faith to prove that the consents to non-debtor releases under the Plan comply with the consensual and non-coercive standard as explained in the SSJ Objection. Evidentiary objections: The Plan's language demonstrates that the treatment terms for rejecting/non-releasing creditors were intended, giving those terms a fair, reasonable reading, to be so draconian as to deter anyone of reasonable intelligence from rejecting or withholding a release. The high percentage acceptance by voting Class 4 creditors is not proof of non-coercive approval, but also create an inference that Plan's terms were sufficiently alarming to extract a release even if the creditor wished to reject and not release a Participating Party. The

Plan speaks for itself. It should be interpreted as written with reasonable inferences Plan Proponents' rhetoric about plan solicitation is not a substitute for coercive alternative terms presented to Class 4.

5. The Plan Proponents must present evidence that in the course of CVA litigation involving Class 5 Creditors Debtor will fairly, promptly, and fully make disclosure that is commensurate with the Debtor's duties as a debtor in a bankruptcy case to make full, fair disclosure concerning claims against it mandated by the Code, Rules, and practices followed in this Court, for example, consistent with procedures and practices under Federal Rules of Bankruptcy Procedure 2004 so that concerns surrounding the Plan provision reserving Debtor's rights to object to disclosure are obviated. Evidentiary objections: The SSJ asserts that oral testimony that the Debtor will fully and fairly make disclosure and will not seek to hinder access to relevant facts, records and personnel with information in their possession, custody and control is contradicted by Debtor insistence on preserving each and every right to object to disclosure in discussions under the Plan with the SSJ makes such oral assurances as inherently suspect and unworthy of belief. Class 5 creditors have reason to suspect Debtor's good faith in limiting its objections to matters such as attorney client privilege if a discovery demand unknowingly intrudes on such privilege. The SSJ invites the Court's attention to ¶30 of Prof. Baker's report attached to the CNA motion in limine concerning that witness. Prof. Baker explains the "hold up problem" in contractual drafting as one in which a party which may be dependent on the future reasonable conduct of the other party and could be subject to hold up tactics by the other ". . . will engage in expensive self-protection (to avoid that position of vulnerability) . . . " These concerns explain why generalizations from the Debtor about future good conduct should be discounted. The SSJ's Objection and papers included by reference show the Plan Proponents have been uncooperative,

[031308-000087/6526642/1]    5

Case 2-19-20905-PRW,    Doc 3303,    Filed 07/25/25,    Entered 07/25/25 12:10:15, Description: Main Document , Page 5 of 7

prone to extreme legalism, and fall squarely in the scope of the "hold up problem" discussed by Prof. Baker. [The SSJ denies that this portion of Prof. Baker's report is "expert opinion," but a common sense confirmation and explanation of the SSJ's concerns about the Plan terms impacting it in any respect, but especially in respect to future state court discovery.]

6. The Plan Proponents must demonstrate that the value of the property transferred by Participating Parties pursuant to the Plan and proposed transfers are in all respects fair to creditors of the Participating Parties who will not benefit from the application of the sums transferred, that is the "left behind" parties discussed in the SSJ's Objection; that the transfers are for fair and equivalent consideration value to the "left behind" creditors; that the transfers are free from the "badges of fraud" both those applied under 11 USC 548, but also the statutory factors provided by New York law; that the Participating Parties will be left with adequate assets to meet their obligations; and that the transfers are free from any knowledge or belief that the transfers could be viewed as fraudulent. Evidentiary objections: The Court's orders approving compromises with Settling Insurers precludes any proof that the transfers involving the surrender of insurance property (including coverage available to Participating Parties) which specifically refer to the purported absence of a fraudulent transfer were not made with knowledge that the transactions could be viewed as wrongful fraudulent transfers.

7. In the event that the Plan Proponents intend to show that the Plan (and any other plan that could be proposed) will fail unless Class 5 creditors are deprived of the rights the SSJ seeks to preserve, the Plan Proponents must offer proof that the Plan (and any other plan that could be proposed) will fail. Evidentiary objection: The SSJ will object that such proof is irrelevant and not material because <u>Harrington</u> (and other law cited in the SSJ Objection) deprives the Court of authority to interfere with state law rights between non-debtors.

Witnesses:

The SSJ does not intend to call any witness as part of an affirmative case but may call rebuttal witnesses to counter proof offered by other parties.

The SSJ reserves its right to fully cross examine all witnesses called by other parties.

Estimated length of trial:

Because the SSJ will not call any witnesses, it is unable to reliably predict the length of the trial.

Unique circumstances:

The SSJ anticipates that the Plan Proponents will appeal to the Court's sympathy and concern for CVA creditors to confirm the proposed Plan regardless of rules determined and explained in <u>Harrington</u> which altered the legal landscape for mass tort cases at least in the Second Circuit. <u>Harrington</u>, as explained in the SSJ Objection, disparaged resort to "roving commissions" to do good and stretching of §105 and §1123 beyond their intended boundaries. The Supreme Court referred mass tort cases to Congress to solve.

DATED: Rochester, New York
July 25, 2025

_____
Lacy Katzen LLP
David D. MacKnight, Esq. of counsel
Attorneys for the SSJ
600 Bausch & Lomb Place
Rochester, New York 14604
Tele: 585-454-5650