# **EXHIBIT A**

Proposed Order

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

THE DIOCESE OF ROCHESTER,           Case No. 19-20905
                                                                                            Chapter 11 Case

                 Reorganized Debtor.

## ORDER DISALLOWING AND EXPUNGING
## PROOF OF CLAIM NO. 26

Upon the objection (the "Objection")[1] filed by The Diocese of Rochester (the "Diocese"), seeking entry of an order (this "Order") pursuant to sections 502 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.,* and Rule 3007 of the Federal Rules of Bankruptcy Procedure disallowing and expunging Proof of Claim No. 26 in its entirety; and upon the *Declaration of Lisa Passero Pursuant to 28 U.S.C. § 1746 in Support of Claim Objections* [Docket No. __]; and the Court having found that: (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (iv) the relief requested in the Objection is in the best interests of the Diocese, the Diocese's estate, creditors and other parties in interest; and the Court having found that the Diocese provided appropriate notice of the Objection and the opportunity for a hearing on the Objection; and the Court having reviewed the Objection and determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon the record herein and after due deliberation and cause appearing therefor,

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

2

22543881.v2
Case 2-19-20905-PRW, Doc 3441, Filed 11/04/25, Entered 11/04/25 16:31:52, Description: Main Document, Page 2 of 13

**IT IS HEREBY ORDERED THAT:**

1. The Objection is GRANTED, as set forth herein.

2. Any objections or responses to the relief requested in the Objection which have not otherwise been withdrawn, resolved, or settled are hereby overruled on the merits.

3. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, POC 26, filed by ACE American Insurance Company, a copy of which is attached hereto as *Exhibit 1*, is hereby disallowed and expunged in its entirety.

4. Nothing in this Order shall be deemed a waiver or release by the Diocese of its rights to object to POC 26 on any other grounds not stated in the Objection or to object to any other claims filed in this Chapter 11 Case, except with respect to Consenting Class 4 Claims which are dealt with exclusively through the Joint Plan.

5. This Order is immediately effective and enforceable upon its entry.

6. The Diocese and Stretto are authorized to modify the claims register to comport with the entry of this Order.

7. The Diocese is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: _____, 2025
      Rochester, New York

                                              Hon. Paul R. Warren
                                              United States Bankruptcy Judge

# **EXHIBIT 1**

Proof of Claim

**Fill in this information to identify the case:**

# The Diocese of Rochester
# Case Number: 19-20905

**United States Bankruptcy Court for the Western District of New York**

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

ACE American Insurance Company
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Wendy M. Simkulak
Name

Duane Morris LLP
30 S. 17th Street

Street Address

Philadelphia, PA 19103
City            State           ZIP Code

Contact phone  215-979-1547

Contact email  WMSimkulak@duanemorris.com

Where should payments to the creditor be sent? (if different)

*and to Claimant per attached
Name

Street Address

City            State           ZIP Code

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) _____
Filed on ___/___/_____ MM/DD/YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☒ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?** $ See attached. . **Does this amount include interest or other charges?**
☒ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Insurance policies and related agreements, see attached.

**9. Is all or part of the claim secured?**

☒ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property**: $ _____
**Amount of the claim that is secured:** $ _____

**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☒ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☐ No
☒ Yes. Identify the property: See attached.

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☒ No

☐ Yes. *Check all that apply:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  8/12/2020
MM / DD / YYYY

DocuSigned by:
*Catherine Heitzenrater*
Signature
029DDEC0E7CC4BE...

**Print the name of the person who is completing and signing this claim:**

Name: Catherine Heitzenrater
First name / Middle name / Last name

Title: 

Company: Duane Morris LLP
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 30 S 17th Street
Number Street
Philadelphia, PA 19103
City State ZIP Code

Contact phone: Email:

**Supporting Documents**

I will upload a PDF document supporting my claim (please redact all confidential information)

## ADDENDUM TO PROOF OF CLAIM OF
## ACE AMERICAN INSURANCE COMPANY

1. This Addendum is attached to and a part of the proof of claim (the "Proof of Claim") filed by ACE American Insurance Company (together with its U.S.-based affiliates and successors, the "Claimant" or the "ACE Companies")[1] against The Diocese of Rochester (the "Debtor") in its bankruptcy case. As the documents supporting this claim are voluminous and contain confidential, personal and/or commercial information, Claimant has not attached them to Claimant's Proof of Claim. Copies of such documents are or should be, upon information and belief, in the possession of the Debtor. Claimant will provide copies of such documents to other parties upon request provided that appropriate steps can be taken to ensure their confidentiality, as necessary or appropriate.

2. On September 12, 2019 (the "Petition Date"), the Debtor filed its voluntary petition for bankruptcy relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of New York (the "Court").

3. Prior to the Petition Date, the ACE Companies issued certain insurance policies (as renewed, amended, modified, endorsed or supplemented from time to time, collectively, the "Policies") to the Debtor as named insured.

4. Under the Policies and any agreements related thereto (collectively, the "ACE Insurance Program"),[2] the ACE Companies provide, *inter alia*, international casualty and certain

---

[1] For purposes of this Proof of Claim, the ACE Companies shall refer to those U.S.-based entities related to ACE American Insurance Company prior to January 14, 2016 (the date on which the ACE Companies completed an acquisition of the Chubb group of companies).

[2] The ACE Insurance Program includes insurance policies issued to non-Debtors to the extent that they provide coverage to the Debtor, and any agreements related thereto.

other insurance for specified policy periods subject to certain limits, deductibles, retentions, exclusions, terms and conditions, as more particularly described therein; and the insureds, including the Debtor, is required to pay to the ACE Companies certain amounts including, but not limited to, insurance premiums (including audit premiums), deductibles, funded deductibles, expenses, taxes, assessments and surcharges, as more particularly described in the ACE Insurance Program (collectively, the "Obligations").[3]

5.  To the extent that the Debtor is an insured under the ACE Insurance Program and has in the past or the present received, or in the future receives, any benefit – directly or indirectly – under the ACE Insurance Program including, but not limited to, any payment by any of the ACE Companies to or on behalf of the Debtor with respect to a claim made under the ACE Insurance Program, then the Debtor is jointly and severally liable with other insureds for the Obligations arising with respect to such claim under the ACE Insurance Program.

6.  As of the date of this Proof of Claim, the Debtor is liable to the ACE Companies in a contingent and unliquidated amount (the "Claim") for the Obligations. The Claim is currently contingent, unliquidated, and subject to further and future adjustments and estimations by the Claimant, from time to time, in accordance with the terms of the Chubb Insurance Program including, without limitation, additional amounts that may become due for premium, deductibles, expenses, taxes, assessments and surcharges.

---

[3] For the avoidance of doubt, the Obligations shall include any non-monetary obligations that the insureds, including the Debtor, may have. The ACE Companies specifically reserve and preserve all rights with respect to such non-monetary obligations including, but not limited to, the right to amend this Proof of Claim to assert a claim for amounts incurred by the ACE Companies based on any failure of the insureds to satisfy such non-monetary obligations.

7. The Claim is evidenced by the ACE Insurance Program, including, without limitation, those Policies listed on Exhibit "A" hereto.[4]

8. A portion of the Claim is or may be entitled to administrative expense priority under 11 U.S.C. §§ 503(b) and 507(a)(2).

9. The Claim may be secured by letters of credit, trusts, escrows, surety bonds, cash collateral, paid loss deposit funds, or other amounts.

10. The Claimant reserves and preserves the right: (a) to file and seek payment of additional claims for (i) administrative expenses, (ii) attorneys' fees and costs, and (iii) cure amounts or rejection damages; (b) to estimate contingent claims and assert additional claims if contingent claims are estimated or liquidated; and (c) to assert any other claims the Claimant may have against the Debtor relating to or incidental to the Obligations and the documents referenced herein. The Claimant reserves and preserves all rights to assert any and all defense, setoff and/or recoupment against the Debtor. The Claimant reserves the right to amend and/or further supplement this Proof of Claim to, *inter alia*, (a) adjust the amount of the Claim to reflect an updated actuarial review and/or financial analysis and/or (b) include additional collateral required as a result thereof. In light of the COVID-19 outbreak, Claimant further reserves and preserves its rights with respect to the foregoing and any adjustments, modifications, revisions or other changes that may arise with respect to this Proof of Claim made necessary by financial, actuarial or other administrative complications occurring as a result of the outbreak.

---

[4] Exhibit A is non-exhaustive and may include Policies under which amounts are not yet nor ever may become due and owing. However, because the Policies are part of the ACE Insurance Program, the ACE Companies have included them herein and reserve all rights with respect thereto including, but not limited to, amending this Proof of Claim to assert any amounts that may become due thereunder.

11.  The filing of this Proof of Claim is not intended to be, and should not be construed as (a) an election of remedies; (b) a waiver of any past, present or future default or event of default; (c) a waiver or limitation of the Claimant's rights or defenses; (d) a waiver of the Claimant's claims against the Debtor or any of its subsidiaries or affiliates; (e) a waiver of the Claimant's right to draw on any collateral or security; (f) a waiver of the Claimant's claims against any other parties liable to it (whether under the ACE Insurance Program or otherwise); (g) a determination as to coverage or entitlements to benefits as to coverage under the ACE Insurance Program or a submission to the jurisdiction of this Court for the determination of any coverage issues; (h) a waiver of the ACE Companies' rights under the ACE Insurance Program, including the right to require arbitration; (i) a consent to jurisdiction of this Court with respect to proceedings, if any, commenced involving the Proof of Claim or the Claimant; (j) waiver or release of the right to request withdrawal of the reference with respect to the subject matter of the Proof of Claim, any objection thereto, any other proceeding commenced with respect thereto, or any other proceeding that may be commenced in this case against or otherwise involving the Claimant; (k) a waiver or release of the ACE Companies' right to trial by jury in this Court or any other court or forum as to any and all matter so triable herein, whether or not the same be designated legal or private rights or in any case, controversy or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether or not such jury trial right is under a statute or the United States Constitution; or (l) a waiver or release of the ACE Companies' right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge.

12. All notices to the Claimant relating to this Proof of Claim should be sent to the Claimant as follows:

> c/o Chubb f/k/a ACE
> 436 Walnut Street
> Philadelphia, PA 19106
> Attention: Collateral Manager

With a copy to counsel for the Claimant:

> Wendy M. Simkulak, Esquire
> DUANE MORRIS LLP
> 30 S. 17th Street
> Philadelphia, PA 19103

13. This Proof of Claim is filed as a separate claim from other claims that may be filed by or on behalf of the Claimant or any of its affiliates against the Debtor, and does not replace or supersede such other claims.

5

# EXHIBIT A

The ACE Companies' Claim is evidence by, without limitation, the Policies, and includes, without limitation, the following and all other documents, instruments, agreements, or policies, and any and all endorsements, addenda, amendments, renewals, supplements and modifications to any of the following:

**Policies include, but are not limited to:**

| Policy Number | Policy Period | Insurer | Type of Coverage |
|---|---|---|---|
| D37517537 | 7/1/2012 – 7/1/2013 | ACE American Insurance Company | International Casualty |
| D37517537 | 7/1/2011 – 7/1/2012 | ACE American Insurance Company | International Casualty |
| D37517537 | 7/1/2010 – 7/1/2011 | ACE American Insurance Company | International Casualty |
| D38398738 | 7/1/2019 – 7/1/2020 | ACE American Insurance Company | International Casualty |
| D38398738 | 7/1/2018 – 7/1/2019 | ACE American Insurance Company | International Casualty |
| D38398738 | 7/1/2017 – 7/1/2018 | ACE American Insurance Company | International Casualty |
| D38398738 | 7/1/2016 – 7/1/2017 | ACE American Insurance Company | International Casualty |
| D38398738 | 7/1/2015 – 7/1/2016 | ACE American Insurance Company | International Casualty |
| D38398738 | 7/1/2014 – 7/1/2015 | ACE American Insurance Company | International Casualty |
| D38398738 | 7/1/2013 – 7/1/2014 | ACE American Insurance Company | International Casualty |

**Reservation of Rights**

The brief summary of the Policies contained herein is for descriptive purposes only and is not intended to be binding on the ACE Companies or constitute their position with respect to the proper interpretation and meaning thereof. For a complete and accurate explanation of the terms and conditions of the Policies, reference should be made to the actual Policies.